1  Kevin Collins (SBN 165828)
2  Nathan D. Sinning (SBN 232810)
   **ALSTON & BIRD LLP**
3  333 South Hope Street, 16th Floor
   Los Angeles, CA  90071-1410
4  Ph:   (213) 576-1000
   Fax:  (213) 576-1100
5  Email:  kevin.collins@alston.com
           nathan.sinning@alston.com
6
7  Attorneys for Plaintiffs
   **UPS SUPPLY CHAIN SOLUTIONS, INC., and**
8  **UPS OCEAN FREIGHT SERVICES, INC.**
9
10              **UNITED STATES DISTRICT COURT**
11         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
12  UPS SUPPLY CHAIN SOLUTIONS, INC.    Case No. CV13-04950-Mmm/(Ex)
    and UPS OCEAN FREIGHT SERVICES,
13  INC.,
                   Plaintiffs,          **COMPLAINT FOR:**
14
       v.                               **1) BREACH OF CONTRACT –**
15                                          **SHIPPING SERVICES;**
    DDR INTERNATIONAL RECYCLING
16  LLC a/k/a DDR RECYCLING USA; DDR    **2) BREACH OF CONTRACT –**
    RECYCLING, LTD.; SOUNDS OF LOS         **CHARGES ASSOCIATED WITH**
17  ANGELES d/b/a SOLA; DONALD             **STORAGE AND DISPOSAL OF**
    McCORQUODALE; MORRISON                 **GOODS;**
18  COWAN; RICHARD COOK; GERRY
    GALLAGHER; VICTORIA GALLAGHER;     **3) BREACH OF CONTRACT – THE**
19  ANTHONY CHAVARRI; and DOES 1          **JTR CONTAINER;**
    Through 10, Inclusive,
20                                       **4) RESTITUTION; AND**
                   Defendants.
21                                       **5) FRAUD**
22
23
24
25
26
27
28

                              1
LEGAL02/34257083v1

Plaintiffs UPS Supply Chain Solutions, Inc. ("UPS Supply") and UPS Ocean Freight Services, Inc. ("UPS Ocean") (collectively "UPS") hereby allege as follows:

## THE PARTIES

1.     UPS Supply is qualified to do business in California and is a corporation organized and existing under the laws of the state of Delaware.   UPS Supply is engaged in the business of providing logistics services to its customers.   Among its activities, UPS Supply provides national and international intermodal freight forwarding services to its customers.   UPS Supply is a wholly owned subsidiary of United Parcel Service, Inc.

2.     UPS Ocean is qualified to do business in California and is a corporation organizing and existing under the laws of the state of California.   UPS Ocean is engaged in the business of providing international ocean transportation services to its customers.    Among its activities, UPS Ocean provides international freight forwarding services and is a non-vessel operating common carrier (NVOCC).   UPS Ocean is a wholly owned subsidiary of UPS Supply.

3.     Defendant DDR International Recycling LLC a/k/a DDR Recycling USA ("DDR USA") is a limited liability company organized and existing under the laws of the state of California.   Upon information and belief, its principal members and/or operators are Defendant Gerry Gallagher and Defendant Victoria Gallagher.

4.     Upon information and belief, Defendant Sounds of Los Angeles a/k/a SOLA ("SOLA") is a partnership or other unincorporated association owned and/or operated in whole or in part by Defendant Gerry Gallagher and Defendant Victoria Gallagher.   Defendant Gerry Gallagher is also the "Director of International Ops" for SOLA.

5.     Upon information and belief, Defendant DDR Recycling, Ltd. ("DDR UK") is a trading company organized and existing under the laws of the United Kingdom.   Upon information and belief, it is owned and/or operated in whole or in part by Defendant Donald McCorquodale.

LEGAL02/34257083v1

6.     Upon information and belief, Defendant Donald McCorquodale is a resident of Glasgow, Scotland.

7.     Upon information and belief, Defendant Morrison Cowan is a resident of Glasgow, Scotland and an employee of DDR UK.

8.     Upon information and belief, Defendant Richard Cook is a resident of Glasgow, Scotland and an employee of DDR UK.

9.     Defendant Gerry Gallagher is a resident of the state of California who, upon information and belief, resides at 24520 Dry Canyon Cold Creek Road, Calabasas, CA 91302.

10.    Upon information and belief, Defendant Victoria Gallagher is a resident of the state of California who, upon information and belief, resides at 24520 Dry Canyon Cold Creek Road, Calabasas, CA 91302.

11.    Upon information and belief, Defendant Anthony Chavarri is a resident of the state of California and an employee of DDR USA.

12.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants Does 1 through 10 are presently unknown to UPS who therefore sues said defendants by such fictitious names. The term "Defendants" shall include Does 1 through 10. UPS is informed and believes, and on that basis alleges, that Does 1 through 10 are in some manner responsible for the damages suffered by UPS as alleged herein. UPS will seek leave of Court to amend this Complaint to identify the true names and capacities of the fictitiously named defendants when the same have been ascertained. Furthermore, UPS is informed and believes and, on that basis, alleges that each of the fictitiously-named defendants acted as an agent, employee, servant, principal, partner, shareholder, co-conspirator, aider or abettor, or is otherwise responsible for the acts and omissions alleged in this Complaint. Doe defendants 1 through 10 named herein are other individuals or entities that UPS believes joined with defendant(s) in engaging in the wrongful conduct described herein, and acted as agents and servants of the other defendants, acted within the

LEGAL02/34257083v1

1   scope of their authority as such agents and services of the other defendants, acted in

2   concert with the other defendants with a design and for the purposes of injuring UPS

3   and unlawfully benefiting some or all of the defendants, or, in the alternative,

4   approved and ratified acts and omissions of the other defendants.

5       13.   Upon information and belief and through its representations to UPS,

6   DDR USA, DDR UK, SOLA, and DOES 1 through 10, have a common ownership

7   and/or interest and/or one entity is a parent entity of the others such that all the

8   entities are referred to collectively herein as "DDR," except as specifically noted

9   otherwise.   Furthermore, UPS is informed and believes, and thereupon alleges, that

10  there is, and at all times relevant hereto was, such a unity of interest and ownership

11  among DDR, that any individuality or separateness has ceased to exist and each said

12  defendant has become the alter ego of the other said defendants, such that the

13  adherence to the fiction of the separate existence of each said defendant would, under

14  the circumstances, sanction a fraud, promote injustice, and permit an inequitable

15  result.

16                          **JURISDICTION AND VENUE**

17      14.   Jurisdiction in this Court is proper under 28 U.S.C. §1333(1) as to all

18  Defendants because the subject matter of the Complaint arises from the breach of

19  maritime contracts by the Defendants individually or through their alter ego entities.

20      15.   Venue in this Court is proper as to all Defendants because the Defendants

21  agreed to venue in this Court by entering the maritime contracts with the Plaintiffs,

22  individually or through their alter ego entities, which contracts fix venue for any

23  litigation arising from a dispute among the parties in this Court. (*See* Conditions, as

24  defined herein, Ex. C, Cl. 28).

25                          **GENERAL ALLEGATIONS**

26                          **The Parties' Relationship**

27      16.   UPS is engaged in the business of international freight forwarding

28  services and coordinating shipments of goods for businesses. UPS provides national

                                    4
                                COMPLAINT

and international shipping services, including arranging shipments by air, rail, truck, and ocean freight.

17.   Upon information and belief, DDR buys and sells recyclable material, including used tires. As part of that business, DDR ships used tires to South Korea to be processed.

18.   On or about October 9, 2012, DDR and UPS entered into an agreement pursuant to which UPS would coordinate shipment of cargo on behalf of DDR to South Korea. Defendants requested that UPS provide these services on credit. True and complete copies of the credit applications for DDR USA and DDR UK (the "Credit Applications") are attached hereto as Exhibit A and Exhibit B and are incorporated herein by reference.

19.   Defendant Morrison Cowan, in his capacity as DDR's Finance Director, submitted the Credit Applications with the intent of inducing UPS to provide shipping services to DDR on credit.

20.   The corresponding Waybill for each Shipment, including the terms and conditions on the reverse side thereof, makes up the terms of the parties agreement with respect to each Shipment and are referred to herein as the "Contracts of Carriage."

21.   From October 2012 through March 2013, UPS provided Port to Port shipping services to DDR pursuant to the Contracts of Carriage.

22.   Defendants Donald McCorquodale, Morrison Cowan, Richard Cook, Gerry Gallagher, Victoria Gallagher, and Anthony Chavarri each held themselves out as representatives of DDR and UPS relied on their representations.

## The Shipments

23.   Pursuant to the Contracts of Carriage, UPS coordinated Port to Port shipments of containers of recycled tires (referred to herein as the "Goods") on behalf of DDR from various ports, including Fresno, California, Los Angeles, California, San Juan, Puerto Rico, Fort Lauderdale, Florida, and Guam to South Korea (referred

LEGAL02/34257083v1

1    to herein as the "Shipments").

2        24.    For each Shipment coordinated on behalf of Defendants, UPS issued

3    Waybills for those services and provided them to DDR as part of the Contracts of

4    Carriage, for which services the Defendants agreed to pay. Each Waybill sets forth

5    the terms and conditions of the Shipment on its reverse side, styled as the

6    "Multimodal Transport or Port to Port Shipment Conditions" (referred to herein as

7    the "Conditions"). A true and complete copy of the Conditions is attached hereto as

8    Exhibit C and is incorporated herein by reference.

9        25.    Pursuant to the Conditions, "[f]ull freight to the place of delivery named

10   [on the Waybill] and all advance charges against the Goods shall be considered

11   completely earned on receipt of the Goods by Carrier or by its Subcontractor."

12   (Conditions, Ex. C, cl. 17.2).

13       26.    The Shipper/Exporter for each Shipment was identified as either SOLA,

14   DDR Recycling USA, or DDR International Recycling LLC.

15       27.    True and complete copies of all Waybills issued to SOLA are attached

16   hereto as Exhibit D and are incorporated herein by reference.

17       28.    True and complete copies of all Waybills issued to DDR Recycling USA

18   are attached hereto as Exhibit E and are incorporated herein by reference.

19       29.    True and complete copies of all Waybills issued to DDR International

20   Recycling LLC are attached hereto as Exhibit F and are incorporated herein by

21   reference.

22       30.    For each shipment, DDR designated either Gangim Enr. Co., Ltd. or

23   Ssangyong Ecotec Co., Ltd., both of South Korea, as consignees (referred to herein as

24   the "Consignees").

25       31.    Early on, Defendants remitted payment for 3 Shipments that were

26   accepted by the Consignees (referred to herein as the "Completed Shipments"),

27   totaling $10,995.32. (Ex. D, (SOLA Waybills) Shipment No. 7780090725; Ex. F,

28   (DDR International Recycling LLC Waybills) Shipment Nos. 7780197766,

LEGAL02/34257083v1

1   7780255186).

2   32.   DDR UK paid $3,315.32 by wire transfer.  Defendant Cook caused the

3   wire transfer to be made to UPS.  Defendant Cook caused this payment to be made

4   on or about November 13, 2012, and such payment was for the purpose of inducing

5   UPS to provide additional shipping services to DDR.

6   33.   DDR USA paid $7,680.00 through two checks.  Defendant Victoria

7   Gallagher caused the checks to be drawn payable to UPS.  Defendant Victoria

8   Gallagher caused this payment to be made on or about January 8, 2013, and such

9   payment was for the purpose of inducing UPS to provide additional shipping services

10   to DDR.

11   34.   UPS does not allege that DDR owes any money with respect to services

12   rendered for the Completed Shipments, but DDR used payment for the Completed

13   Shipments to induce UPS to provide additional shipping services to DDR, as outlined

14   below, for which it had no intention of paying.

15   35.   With respect to the remaining Shipments, initially the Consignees

16   accepted some Shipments (referred to herein as the "Accepted Shipments").  (Ex. D

17   (SOLA Waybills), Shipment Nos. 7780172235, 7780412486; Ex. E (DDR Recycling

18   USA Waybills), Shipment Nos. 778024334T, 7780340898, 7780544772; and Ex. F

19   (DDR International Recycling LLC Waybills), Shipment Nos. 7780162390,

20   7780298779, 7780298768, 7780387813, 7780713534).

21   36.   DDR received shipping services valued at $169,434.01 from UPS for the

22   Accepted Shipments for which it was accordingly invoiced.

23   37.   True and complete copies of all invoices generated by UPS with respect

24   to the Accepted Shipments (referred to herein as the "Accepted Shipments Invoices")

25   are attached hereto as Exhibit G and are incorporated herein by reference.

26   38.   Defendants have remitted no payment to UPS for the Accepted

27   Shipments.

28   39.   The Consignees rejected every remaining Shipment upon its delivery in

7
COMPLAINT

South Korea (referred to herein as the "Abandoned Shipments"). (*See* Waybills for SOLA, Ex. D, DDR Recycling USA, Ex. E, and International Recycling LLC, Ex. F).

40.   DDR received shipping services valued at $281,010.06 from UPS for the Abandoned Shipments for which it was accordingly invoiced.

41.   True and complete copies of all invoices generated by UPS with respect to the Abandoned Shipments, exclusive of those invoices generated for demurrage and other storage fees as set forth below (referred to herein as the "Abandoned Shipments Invoices"), are attached hereto as <u>Exhibit H</u> and are incorporated herein by reference.

42.   Defendants have remitted no payment to UPS for the Abandoned Shipments.

43.   During the provision of shipping services by UPS to DDR for the Accepted Shipments and the Abandoned Shipments, Defendant Gerry Gallagher sent multiple emails on behalf of DDR and copying Defendant McCorquodale and Defendant Victoria Gallagher stating DDR's intention to pay UPS.   True and complete copies of certain January 17, 2013 emails between UPS and Defendant Gerry Gallagher are attached hereto as <u>Exhibit I</u>.

44.   The above referenced representations and others were made while Defendants continued to use UPS's shipping services.  These representations induced UPS to provide shipping services.

45.   Payment for both the Accepted Shipments and the Abandoned Shipments was due, "without any offset, claim or deduction." (Conditions, Ex. C, cl. 17.2).

46.   UPS has satisfied all conditions precedent to payment by Defendants to UPS under the Contracts of Carriage.

47.   Combined, DDR has received shipping services valued at $450,444.07 from UPS for the Accepted Shipments and the Abandoned Shipments for which it has been invoiced and for which Defendants have not remitted any payment to UPS.

48.   To date, no party has remitted any payment to UPS with respect to the

LEGAL02/34257083v1

shipping services provided to the Defendants for the Accepted Shipments and the Abandoned Shipments.

### Demurrage and Storage Fees and Disposition of the Goods

49.   Because the Consignees rejected the Abandoned Shipments, the Abandoned Shipments began incurring storage and demurrage fees in South Korea, which UPS paid but for which Defendants are ultimately liable.

50.   Specifically, the Conditions provide that DDR is required to pay UPS "for the payment of all freight, demurrage, General Average, salvage and other charges, including but not limited to court costs, expenses and reasonable attorneys' fees incurred in collecting sums due" to UPS.  (Ex. C, cl. 17.5).

51.   Pursuant to Clause 18 of the Conditions, and after proper notification to all parties, UPS exercised its lien rights with respect to the Goods and began to sell the Goods to recover its costs and expenses.  (*See* Conditions, Ex. C, cl. 18.2).  Such action was necessary to mitigate the storage and demurrage charges which would continue to accrue otherwise.

52.   UPS completed its sale of the Goods on or about June 25, 2013.

53.   UPS has not been fully paid for it sale of the Goods but expects to receive approximately $52,440.00 for its sale of the Goods.

54.   The aforementioned fees, exclusive of attorneys' fees, total $880,395.30.  UPS has generated invoices for these amounts and transmitted them to DDR.  True and complete copies of the invoices are attached as Exhibit J and are incorporated herein by reference.

55.   Accordingly, UPS will not be able to recover the full amounts owed by DDR and the associated storage and demurrage fees incurred on behalf of DDR through the sale of the Goods by UPS.

56.   DDR is thus liable for the difference between the sale proceeds and the storage, demurrage, and disposal costs of the Goods incurred on behalf of DDR by UPS.  (Conditions, Ex. C, cl. 18.1).

LEGAL02/34257083v1

57.   DDR is indebted to UPS in the sum of $827,955.30, which reflects the storage and demurrage charges and fees and costs of sale incurred through the storage and subsequent sale of the Goods on behalf of DDR by UPS, less the sales proceeds, plus applicable interest, exclusive of attorneys' fees incurred in this litigation.

58.   To date, UPS has not been paid any portion of the sums it has incurred on behalf of Defendants for demurrage, storage, and costs of the sale of the Abandoned Shipments.

59.   Defendants have not indicated that they are willing to pay UPS for these costs, despite such charges being due and payable immediately.   (*See* Credit Applications, Ex. A, p. 2; Ex. B, p. 2 ("In the event that the applicant fails to make any payment hereunder when due, all amounts owed by the applicant to SCS shall immediately become due and payable.")).

60.   Upon information and belief, DDR has received payment from other parties with respect to the Goods, including businesses, entities, or individuals for the Accepted Shipments and the Abandoned Shipments.

61.   Upon information and belief, DDR has received payment from the Consignees with respect to the Accepted Shipments.

**The JTR Container**

62.   Defendant Gerry Gallagher, acting on behalf of DDR, arranged for one booking of multiple containers of Goods on or about December 24, 2012 and UPS issued booking number LAX121011 to DDR.   On or about December 27, 2012, Defendant Gerry Gallagher instructed UPS to split this booking into two separate bookings.

63.   Defendant Gerry Gallagher used booking number LAX121011 to ship containers from McClanahan Tire Recycling under Shipment No. 7780387587.

64.   Defendant Gerry Gallagher incorrectly provided booking number LAX121011 to JTR Recycling for one container.   JTR Recycling filled the container attempting to use booking number LAX121011 (referred to herein as the "JTR

1     Container").

2        65.   UPS notified Defendant Gerry Gallagher of his mistake, that the

3 container would not ship as planned, and that DDR would be liable for any charges

4 accrued on its behalf with respect to the JTR Container. Attached as <u>Exhibit K</u> is a

5 true copy of certain correspondence between UPS and Defendant Gerry Gallagher

6 with respect to the JTR Container and the same is incorporated herein by reference.

7        66.   UPS issued Shipment No. 7166200041 to bill charges on the JTR

8 Container, including additional freight and storage expenses incurred by UPS on

9 behalf of the Defendants as a result of Defendant Gerry Gallagher's mistake. UPS

10 has submitted invoices with respect to the JTR Container to DDR. True and

11 complete copies of the invoices are attached as <u>Exhibit L</u> and are incorporated herein

12 by reference.

13        67.   UPS eventually determined that JTR Recycling was the proper owner of

14 the Goods in the JTR Container, and JTR Recycling accepted the Goods from UPS.

15        68.   UPS incurred and has paid fees and charges totaling $6,204.36 on behalf

16 of DDR with respect to the JTR Container for which no payment has been made to

17 UPS by any of the Defendants or any third party.

18                               **<u>Attorneys' Fees</u>**

19        69.   Due to Defendants' breach of the Contracts of Carriage by failing to pay

20 UPS for services rendered, UPS has been forced to seek legal counsel and undertake

21 litigation to recover the amounts owed.

22        70.   The Contracts of Carriage specifically provides for UPS to recover

23 reasonable attorneys' fees for "collecting sums due" to UPS from DDR "arising from

24 the Goods." (Conditions, Ex. C, cl. 17.5).

25        71.   The Credit Applications also provides for UPS to recover reasonable

26 attorneys' fees for costs of collection from Defendants for "failure to make any

27 payment…when due." (Credit Applications, Ex. A, p. 2-3; Ex. B, p. 2-3)

28        72.   UPS is therefore entitled to recover reasonable attorneys' fees from

LEGAL02/34257083v1

Defendants incurred by UPS for collection of sums due to UPS, including undertaking this Action, in an amount to be determined by this Court.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract-Shipping Services against all Defendants
### and DOES 1 Through 10)

73.   The allegations of paragraphs 1 through 72 above are incorporated by reference as though fully set forth herein.

74.   UPS has fully performed all of its requirements and obligations pursuant to the Contracts of Carriage for each of the Accepted Shipments and the Abandoned Shipments.

75.   Defendants have breached the Contracts of Carriage, individually or through their alter ego entities, by failing to remit payment to UPS for freight forwarding and shipping related services rendered on their behalf by UPS, and for expenses incurred by UPS for the benefit and account of the Defendants from October 2012 through the present, despite having been invoiced therefore by UPS.

76.   Defendants are jointly and severally liable with each other with respect to this cause of action because Defendants all shipped via and represented to UPS that they were a part of the same enterprise and each individual defendant operated DDR as their alter ego and otherwise abused the corporate form such that it would be a grave inequity were Defendants to avoid their just liability to UPS through the misuse of their alter ego entities.

77.   As a proximate result of Defendants' breach, UPS has been damaged in an amount to be determined at trial, but in no event less than $450,444.07 plus interest, costs, attorneys' fees, and such other relief as this Court may deem just and proper.

///

///

///

LEGAL02/34257083v1

## SECOND CLAIM FOR RELIEF

### (Breach of Contract-Charges Associated with Storage and Disposal of
### Goods against all Defendants and DOES 1 Through 10)

78.   The allegations of paragraphs 1 through 77 above are incorporated by reference as though fully set forth herein.

79.   UPS has fully performed all of its requirements and obligations pursuant to the Contracts of Carriage.

80.   Defendants are responsible for all freight, demurrage, and other charges incurred by UPS with regard to the Abandoned Shipments under the agreed conditions entered by UPS and the Defendants, individually and through their alter egos. (Conditions, Ex. C, cl. 17.5).

81.   Defendants are also responsible for UPS's expenses incurred in disposing of the Goods in the Abandoned Shipments. (*Id.* Ex. C, cl. 18.1).

82.   Defendants are jointly and severally liable with each other with respect to this cause of action because Defendants all shipped via and represented to UPS that they were a part of the same enterprise and each individual defendant operated DDR as their alter ego and otherwise abused the corporate form such that it would be a grave inequity were Defendants to avoid their just liability to UPS through the misuse of their alter ego entities.

83.   As a proximate result of Defendants' breach, UPS has incurred damages by paying various charges and/or incurring liability for charges and bearing various expenses from the demurrage, storage, and disposal of the Goods in the Abandoned Shipments stemming from Defendants' breach of the Contracts of Carriage, for which UPS has not been compensated by Defendants, in an amount to be determined at trial, but in no event less than $827,955.30 plus interest, costs, attorneys' fees, and such other relief as this Court may deem just and proper.

///

///

LEGAL02/34257083v1

## THIRD CLAIM FOR RELIEF

### (Breach of Contract-The JTR Container against all Defendants and DOES 1 Through 10)

84.   The allegations of paragraphs 1 through 83 above are incorporated by reference as though fully set forth herein.

85.   Defendant Gerry Gallagher, on behalf of DDR, requested Freight Forwarding Services from UPS with respect to the JTR Container.

86.   UPS agreed to provide Freight Forwarding Services to DDR with respect to the JTR Container.

87.   The consideration for providing such services to DDR was the understanding that DDR would reimburse UPS for services rendered and expenses incurred by UPS related thereto.   However, UPS has not been paid for its services and expenses incurred related to the JTR Container.

88.   Defendants are jointly and severally liable with each other with respect to this cause of action because Defendants all shipped via and represented to UPS that they were a part of the same enterprise and each individual defendant operated DDR as their alter ego and otherwise abused the corporate form such that it would be a grave inequity were Defendants to avoid their just liability to UPS through the misuse of their alter ego entities.

89.   UPS is therefore entitled to recover $6,204.36 in compensatory damages plus any applicable pre-judgment interest as against Defendants, plus interest, costs, attorneys' fees, and such other relief as this Court may deem just and proper.

## FOURTH CLAIM FOR RELIEF

### (Restitution against all Defendants and DOES 1 Through 10)

90.   The allegations of paragraphs 1 through 89 above are incorporated by reference as though fully set forth herein.

91.   To its detriment, UPS provided Defendants with shipping and related services for which it has not been compensated.   Defendants knowingly and

LEGAL02/34257083v1

1    voluntarily accepted UPS's services.

2        92.   Defendants benefited from the services provided by UPS in an amount to

3    be determined at trial but in no event less than $1,284,603.73.

4        93.   Under the circumstances, it is inequitable for Defendants to accept and

5    retain the benefits of these services without providing restitution to UPS in the form

6    of compensation to UPS for the value thereof.

7        94.   Defendants are jointly and severally liable with each other with respect to

8    this cause of action because Defendants all shipped via and represented to UPS that

9    they were a part of the same enterprise and each individual defendant operated DDR

10   as their alter ego and otherwise abused the corporate form such that it would be a

11   grave inequity were Defendants to avoid their just liability to UPS through the misuse

12   of their alter ego entities.

13       95.   UPS is therefore entitled to recover $1,284,603.73 in compensatory

14   damages plus any applicable pre-judgment interest as against Defendants, plus

15   interest, costs, attorneys' fees, and such other relief as this Court may deem just and

16   proper.

17                          **FIFTH CLAIM FOR RELIEF**

18              **(Fraud against all Defendants and DOES 1 Through 10)**

19       96.   The allegations of paragraphs 1 through 95 above are incorporated by

20   reference as though fully set forth herein.

21       97.   Defendants caused DDR to pay to UPS the invoices for the Completed

22   Shipments in order to induce UPS to extend a line of credit to DDR.  In doing so,

23   Defendants   Donald   McCorquodale,   Gerry   Gallagher,   and   Morrison   Cowan

24   represented to UPS that their alter ego entities were credit-worthy and would pay for

25   the services rendered by UPS to the Defendants.

26       98.   Based on said conduct and the misrepresentations of the Defendants,

27   UPS granted a line of credit to the DDR entities and provided shipping and related

28   services for the Goods, allowing the Defendants to use the said line of credit.  At all

LEGAL02/34257083v1

times, the Defendants and each of them knew that their representations that they would pay UPS for the ocean freight and other services were false and untrue, as the Defendants and each of them had no intention of reimbursing or paying UPS for the services rendered or for the credit advanced to the Defendants by UPS. (*See* Credit Applications, Ex. A & Ex. B).

99.   UPS arranged for the transport of the Goods at Defendants' request with the reasonable expectation of compensation as reflected by the Waybills, Invoices, and the representations of the Defendants. (*See, e.g.* Waybills for SOLA, Ex. D, DDR Recycling USA, Ex. E, and International Recycling LLC, Ex. F).

100.   UPS would not have transported the Goods if it had known that Defendants did not intend to pay for its services.

101.   Through Defendants' payment for the Completed Shipments, their Credit Applications, and statements made by Defendants prior to and during the provision of shipping services to DDR, UPS justifiably relied on the representations by the Defendants that they would make payments to UPS for services rendered on each of the shipments reflected in the Waybills and as set forth on the invoices for the shipment of the Goods. (*Id.*).

102.   UPS has suffered detriment due to its reasonable reliance on the false representations by the Defendants, as UPS rendered services for the Defendants without being compensated by the Defendants for the services and was induced to continue rendering services to Defendants by the representations of the Defendants and each of them.

103.   Defendants are jointly and severally liable with each other with respect to this cause of action because the Defendants individually or through their alter ego entities represented to UPS that their entities were credit-worthy and that if granted credit by UPS they would pay for the services provided by UPS on credit as aforesaid. Further, the Defendants and each of them represented to UPS and were, in fact, a part of the same enterprise and each individual defendant operated DDR as

LEGAL02/34257083v1

their alter ego and/or operated DDR for the purpose of engaging in fraudulent business practices as alleged above and otherwise abused the corporate form such that it would be a grave inequity were Defendants to avoid their just liability to UPS through the misuse of their alter ego entities. Where the aforesaid representations were not made by any of the Defendants herein, said Defendants ratified, adopted, or authorized the said representations by their continued operation of their alter ego entities.

104. UPS has suffered damages in an amount to be determined at trial, but in no event less than $1,284,603.73, representing the amounts charged to DDR for UPS's services and the storage and disposal expenses incurred by UPS, plus appropriate punitive damages in an amount appropriate to punish the Defendants and for the sake of example should be awarded to UPS, plus interest, costs, attorneys' fees, and such other relief as this Court may deem just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, UPS prays for judgment against Defendants, and each of them, as follows:

1. That UPS have judgment against DDR for damages arising out of breach of the Contracts of Carriage, in an amount according to proof, but not less than $450,444.07 and interest thereon calculated at the applicable statutory rate;

2. That UPS have judgment against DDR for damages arising from its storage and disposal of the Goods, in an amount according to proof, but not less than $827,953.30 and interest thereon calculated at the applicable statutory rate;

3. That UPS have judgment against DDR for damages arising out of breach of Contract, in an amount according to proof, but not less than $6,204.36 and interest thereon calculated at the applicable statutory rate;

4. That UPS have judgment against Defendants for damages arising from Defendants' conduct that led to its unjust enrichment in an amount according to proof, but not less than $1,284,603.73;

LEGAL02/34257083v1

1       5.    That UPS have judgment against Defendants for damages arising from

2  Defendants' fraudulent conduct in an amount according to proof, but not less than

3  $1,284,603.73;

4       6.    That UPS have judgment against Defendants for punitive damages in an

5  amount appropriate to punish the Defendants and for the sake of example;

6       7.    That UPS recover reasonable attorneys' fees incurred in collecting the

7  sums due to UPS, including such fees incurred by UPS in pursuing this Action; and

8       8.    That UPS recover the costs of the suit incurred herein and such other and

9  further relief as the Court deems appropriate.

10

11  DATED: July 10, 2013         KEVIN COLLINS

12                          NATHAN D. SINNING

13                          **ALSTON & BIRD LLP**

14

15                                    Nathan Sinning

16                        Attorneys for Plaintiffs

                            **UPS SUPPLY CHAIN SOLUTIONS, INC. &**

17                        **UPS OCEAN FREIGHT SERVICES, INC.**

18

19

20

21

22

23

24

25

26

27

28

LEGAL02/34257083v1

# EXHIBIT A

**UPS Supply Chain Solutions℠**

# Application for Credit
Unless the applicant is a public corporation, please attach the applicant's most recent financial statements to expedite credit approval.

| | |
|---|---|
| Please complete this form, read and initial each page and return the completed Application for Credit (5 pages) to your Account Executive. | Federal Tax ID # **EIN 27-2191523** <br> Employer ID# _____ <br> Jurisdiction of Organization and Corporate ID# _____ <br> Credit Amount Requested: $ **100** |

**Internal Use Only - REQUIRED**
Account Executive: _____
Credit Analyst: _____
CNAM: _____ Link To: _____
Station No: _____

**NOTE: Signed original application must be on file to activate your account.**

| | |
|---|---|
| **Company:** DDR Recycling Ltd | Duns #: |
| **Address:** 24520 DRY CANYON COLD CREEK RD | |
| **City / State / Zip:** Calabasas, CA, 91302 | **Ownership:** |
| **Phone:** 818 303 4748 | Fax: 818 591 1471 | Other: |
| **E-mail:** | Type of business / Years in business / # of employees / SIC code: recycling   4   6 |

Public Corporation, Symbol: _____
Partnership, SS#: _____
Private Corporation: _____ X

| **Parent Company (if applicable):** | Duns #: | List other subsidiaries to be covered by this application: |
|---|---|---|
| **Address:** | | |
| **City / State / Zip:** | | |
| **Phone:** | Fax: | Other: |
| **E-mail:** | Type of business / Years in business / # of employees / SIC code: | |

| **Vendor Reference:** | City / State / Zip: | Phone: | Fax: |
|---|---|---|---|
| **Vendor Reference:** | City / State / Zip: | Phone: | Fax: |
| **Vendor Reference:** | City / State / Zip: | Phone: | Fax: |

| **Bank Reference:** Barclays | City / State / Zip: Glasgow, UK  G2 7JT | Phone: | Fax: |
|---|---|---|---|
| Account #: 72609922 | Bank Contact: Lesley Dunbar | Contact Phone: +44(0) 141 207 3077 | |
| ACH / Debit Authorization | Bank Name: | Account # (attach voided check): | |
| Credit Card Authorization / Name on card (for amounts under $1000): | | Account #: | Expiration Date: |

| **Accounts Payable Mailing Address:** | City / State / Zip: as per company address above |
|---|---|
| Accounts Payable Contact Name: Morrison Cowan | Phone: + 44 141 202 0713 | Fax: + 44 141 202 0174 | E-mail: morrisonc@ddrrecycling.com |

The undersigned applicant hereby represents and warrants, and agrees as follows:

> The financial statements, if any, included with this application are true, complete, and reflect the current financial condition of the applicant.

> The transaction described in this Application and the amounts due hereunder shall constitute a "commercial account" as defined in O.C.G.A. Section 7-4-16.

> UPS Supply Chain Solutions, Inc. ("SCS") is hereby authorized to obtain credit information about the applicant from any source SCS deems necessary or appropriate, including but not limited to reporting agencies, banks, suppliers, and vendors.

> This Application, including the attached Credit Terms and Conditions which is incorporated herein by reference , (collectively, this "Application") sets forth the entire understanding and agreement of the applicant and SCS and supersedes any and all prior or contemporaneous agreements or understandings, written or oral, between the applicant and SCS as to the subject matter of this Application.

By: _~signature~_
Applicant Signature
Phone: + 44 141 202 0713
Fax:
Date: October 9, 2012

Print Name: Morrison Cowan
Fax: + 44 141 202 0714

Title: Finance Director
E-mail: morrisonc@ddrrecycling.com

Exhibit A page 19

## UPS Supply Chain Solutions[SM]

Unless and until SCS notifies the applicant that it has approved this Application and has established a credit account for the applicant, which approval may be granted or denied in the sole discretion of SCS, or unless SCS otherwise agrees in writing or if any such credit account shall be terminated, the applicant agrees to the following payment terms:

- All accounts with SCS are on a prepaid, cash only basis. Acceptable types of cash are cashier's checks, money orders and electronic fund transfers as well as, with prior approval, credit cards and checks sent to an SCS lockbox, as identified in the "remit to" address on SCS invoices.
- Applicant must pay any duties, taxes, interest and other charges due on imported merchandise either (a) directly to the United States Bureau of Customs and Border Protection ("US Customs") in accordance with the acceptable methods of payment of such duties, taxes, interest and other charges through a check to US Customs or US Customs' Automated Clearinghouse (ACH), in each case, in accordance with 19 CFR §§ 24.1 and 111.29, or (b) to SCS. In all cases, payment of any required duties, fees, taxes, interest and other charges due on imported merchandise must be received within ten (10) days of the commencement of the entry process. If the applicant does not make such payment timely, then the applicant is liable for any penalties, violations and any other damages that may arise as a result and agrees to indemnify and hold harmless SCS for the foregoing. In the case of a check made payable to SCS, funds are deemed received on the day that the check clears and the funds are credited to SCS.
- Applicant must pay any collect charges directly to the applicable transportation carrier or other third party supplier.

By approving this Application and establishing a credit account for the applicant, SCS shall be under no obligation to incur any expense, guarantee payment, or advance money to, or on behalf of, the applicant.

## Credit Terms and Conditions

If SCS, in its sole discretion, approves this Application and makes a payment or advance or agrees to guarantee any amount, on behalf of the applicant, the applicant agrees that it will make each payment when due in accordance with the following payment terms, unless otherwise agreed by SCS in writing:

- For all warehousing services, including related ancillary services provided in or around the relevant warehouse facility, payment shall be due and payable by the applicant to SCS within thirty (30) days from the invoice date.
- For all other services, payment shall be due and payable by the applicant to SCS within ten (10) days from the invoice date.
- For duties, taxes, interest and other charges due on imported merchandise and ocean freight charges advanced by SCS on behalf of the applicant, payment shall due and payable by the applicant to SCS within the 10th day from the later of (a) the date the entry was released by US Customs and (b) the arrival date.
- A one-time servicing fee with respect to each invoice equal to the greater of (a) $10 and (b) a fee, set forth in the UPS-SCS schedule of fees applicable for all monies (including but not limited to any Customs charges and Ocean/Air freight charges) advanced by SCS on behalf of applicant during each period for which such invoice is issued, will be charged to and due and payable by applicant within the invoice payment due date, which shall be for administrative services and not for the use of money, and which shall be fully earned when billed and non-refundable when paid.

In the event that the applicant fails to make any payment hereunder when due, all amounts owed by the applicant to SCS shall immediately become due and payable. The

Initial: _[signature]_
Date: October 9, 2012

**UPS Supply Chain Solutions**<sup>SM</sup>

applicant shall also indemnify SCS for any costs of collection, including, without limitation, reasonable attorney fees, and shall pay SCS one and one half percent (1.5%) interest per month for amounts which have been due and payable for thirty (30) days or more, calculated from the due date thereof. Notwithstanding anything to the contrary contained herein, in no event shall the interest rate or rates payable under the terms hereof (including any amounts payable hereunder as fees) exceed the highest rate permissible under any applicable law, and SCS and applicant hereby agree that they intend legally to agree upon the rate of interest and manner of payment but if said rate of interest or manner of payment exceeds the maximum allowable under applicable law, then the applicant shall only be liable for the maximum amount permitted by applicable law and any payment received by SCS in excess of such amount shall be applied to reduce the principal balance due hereunder to the extent of such excess and the remainder, if any, shall be returned to the applicant

SCS will render invoices periodically for all amounts advanced during the period covered by each such invoice and such invoice shall constitute an account stated and shall be conclusive and binding upon applicant, except for any specific matter disputed by applicant in a written notice giving details of such dispute within ten (10) business days after receipt of the applicable invoice. Applicant shall pay such disputed amounts but shall have the right to a refund in the event and to the extent that such dispute is resolved in favor of applicant.

Except for payments by the applicant directly to US Customs (e.g., via US Customs' ACH) for any current or future duties, fees, taxes, interest or other charges due on imported merchandise, SCS has the right to offset any amounts owed by the applicant to SCS against any amounts owed by SCS to the applicant, including, without limitation, unidentified payments and credits in the applicant's favor, duplicate payments

**Credit Terms and Conditions**

by the applicant, and accounts payable to the applicant.

As security for the prompt and complete payment and performance when due (whether at stated maturity, by acceleration or otherwise) of all debts, liabilities and obligations of the applicant to SCS, whether now existing or hereafter arising, including claims for charges, expenses, or advances incurred or made by SCS in connection with any shipment or transaction of the applicant, the applicant hereby grants to SCS a continuing lien and security interest in any and all goods and other tangible personal property of the applicant and in all documents of title with respect to goods as to which services are being provided by SCS in each case which are now or hereafter in the possession, custody, or control of SCS, together with all proceeds thereof (the "Collateral"). The applicant hereby authorizes SCS to file any and all financing or continuation statements, or amendments thereto, in all jurisdictions and in all filing offices as SCS may determine, in its sole discretion, are necessary or advisable to perfect the security interest granted to SCS herein. This lien and security interest shall be in addition to any other rights SCS has or may acquire under other agreements and/or applicable law, and shall survive the delivery or release of any item of the Collateral.

The applicant hereby represents and warrants that (i) it (A) is a corporation, partnership or limited liability company duly organized or formed, validly existing and in good standing under the laws of the jurisdiction of its incorporation or organization; and (B) has all requisite power and authority and all governmental licenses, authorizations, consents and approvals to (x) own its assets and carry on its business and (y) execute, deliver and perform its obligations hereunder; (ii) the execution, delivery and performance by applicant hereunder have been duly authorized by all necessary corporate or other organizational action, (iii) this Application will constitute, a legal, valid and binding obligation of

Initial: _[signature]_
Date: _October 9,_ 2012

## UPS Supply Chain Solutions℠

## Credit Terms and Conditions

applicant, enforceable against it in accordance with its terms, except to the extent that the enforceability thereof may be limited by applicable bankruptcy, insolvency, reorganization, moratorium and other laws affecting creditor's rights generally and by equitable principles; (iv) its legal name and its jurisdiction of organization are set forth correctly on the face page of this Application; and (v) it owns the Collateral purported to be owned by it or otherwise has the rights it purports to have in each item of Collateral and, as to all Collateral whether now existing or hereafter acquired, will continue to own or have such rights in each item of the Collateral, in each case free and clear of any and all liens, rights or claims of all other persons. The applicant covenants and agrees that it shall not change its name, organizational structure, or jurisdiction of organization unless it shall have (a) notified SCS in writing within ten (10) days prior to any such change, specifying any new name, organizational structure, or jurisdiction of organization and providing such other information in connection therewith as SCS may reasonably request, and (b) taken all actions necessary or advisable to maintain the continuous validity, perfection and the same or better priority of SCS's security interest in the Collateral intended to be granted and agreed to hereby.

If any amounts owed by the applicant to SCS remain unpaid after the date when due, in addition to any other rights it has under other agreements and/or applicable law, SCS may exercise any or all of the rights of a secured party under the Uniform Commercial Code. The applicant shall pay SCS any deficiency arising after sale or disposition of the Collateral to the extent allowed by law. The proceeds of any sale may be applied by SCS to the payment of any and all amounts owed by the applicant to SCS and any other obligation of applicant to SCS, whether arising pursuant to this Application or otherwise, including, without limitation, any expenses of holding, preparing for sale and selling the Collateral,

and reasonable attorneys' fees and legal expenses relating thereto.

Any credit account established under this Application may be terminated by SCS at any time in its sole discretion and the amount of any credit approval for such account shall be subject to change at the sole discretion of SCS.

Any credit account established hereunder shall be immediately terminated without notice or further action and all amounts due hereunder shall become immediately due and payable in the event that applicant files a petition in bankruptcy or seeks relief under similar laws or in the event that any involuntary petition in bankruptcy is filed against applicant.

In no event shall the applicant assign this Application, or any of the applicant's rights or obligations hereunder, without the prior written consent of SCS. Any purported assignment, transfer, or delegation of this Application (or any rights or obligations of the applicant hereunder), except as permitted herein, shall be null and void. Subject to the foregoing, this application shall be binding upon and shall inure to the benefit of the parties and their respective successors and permitted assigns.

If any provision or the application of any provision of this Application to any particular fact or circumstance shall for any reason be held to be invalid, illegal, or unenforceable by a court, arbitrator, or other tribunal of competent jurisdiction, then (a) the validity, legality, and enforceability of such provision as applied to any other particular fact or circumstance, and any other provision of this Application, shall not in any way be affected or impaired thereby, and (b) such provision shall be enforced to the maximum extent possible so as to effect the intent of the parties.

The waiver by SCS of a breach of or a default under any provision of this Application shall not be effective unless in writing and shall not be construed as a

Initial: _~~~_

Date: October 9, 2012

**UPS Supply Chain Solutions**[SM]                    **Credit Terms and Conditions**

waiver of any subsequent breach of or default under the same or any other provision of this Application, nor shall any delay or omission on the part of SCS to exercise or avail itself of any right or remedy that it has or may have hereunder operate as a waiver of any right or remedy.

This Application has been negotiated by the applicant and SCS and shall be interpreted fairly in accordance with its terms and without any construction in favor of or against either the applicant or SCS.

THE APPLICANT AGREES THAT THIS APPLICATION SHALL BE INTERPRETED, CONSTRUED, AND ENFORCED ACCORDING TO THE LAWS OF THE STATE OF GEORGIA, WITHOUT GIVING CONSIDERATION TO GEORGIA LAW REGARDING CONFLICTS OF LAW. THE APPLICANT CONSENTS TO THE NON-EXCLUSIVE JURISDICTION OF THE STATE AND SUPERIOR COURTS OF FULTON COUNTY, GEORGIA AS REGARDS ANY CLAIM OR MATTER ARISING UNDER THIS APPLICATION. APPLICANT AND SCS EACH WAIVE ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING RELATING TO TRANSACTIONS UNDER THIS APPLICATION.

SCS reserves the right to change the terms and conditions of this Application at any time by providing fifteen 15 days prior written notice to the applicant and any amounts advanced thereafter at the request and for the account of the applicant shall be subject to such changed terms and conditions.

Initial: _Juston_
Date: _October 9, 2012_

Credit Application
Page 5 of 5

UPS Supply Chain Solutions[SM]
7/2005

Exhibit A page 23

# EXHIBIT  B

UPS Supply Chain Solutions℠

# Application for Credit
Unless the applicant is a public corporation, please attach the applicant's most recent financial statements to expedite credit approval.

| Please complete this form, read and initial each page and return the completed Application for Credit (5 pages) to your Account Executive. | Federal Tax ID # **EIN 27-2191523**<br>Employer ID#<br>Jurisdiction of Organization and Corporate ID#<br>Credit Amount Requested: $ 100 | Internal Use Only - REQUIRED<br>Account Executive: _____<br>Credit Analyst: _____<br>CNAM: _____ Link To: _____<br>Station No: _____ |
|---|---|---|

**NOTE: Signed original application must be on file to activate your account.**

| Company: DDR Recycling Ltd | Duns #: | | | Ownership: |
|---|---|---|---|---|
| Address: Baltic Chambers, Suite 435, 50 Wellington Street | | | | Public Corporation, Symbol: _____ |
| City / State / Zip: Glasgow, G2 6HJ, UK | | | | Partnership, SS#: _____ |
| Phone: + 44 141 202 0713 | Fax: + 44 141 202 0714 | Other: | | Private Corporation: _____ X _____ |
| E-mail: | Type of business / Years in business / # of employees / SIC code: recycling   4   6 | | | |

| Parent Company (if applicable): | Duns #: | | List other subsidiaries to be covered by this application: |
|---|---|---|---|
| Address: | | | |
| City / State / Zip: | | | |
| Phone: | Fax: | Other: | |
| E-mail: | Type of business / Years in business / # of employees / SIC code: | | |

| Vendor Reference: | City / State / Zip: | Phone: | Fax: |
|---|---|---|---|
| Vendor Reference: | City / State / Zip: | Phone: | Fax: |
| Vendor Reference: | City / State / Zip: | Phone: | Fax: |

| Bank Reference: Barclays | City / State / Zip: Glasgow, UK  G2 7JT | Phone: | Fax: |
|---|---|---|---|
| Account #: 72609922 | Bank Contact: Lesley Dunbar | Contact Phone: +44(0) 141 207 3077 | |
| ACH / Debit Authorization: | Bank Name: | Account # (attach voided check): | |
| Credit Card Authorization / Name on card (for amounts under $1000): | | Account #: | Expiration Date: |

| Accounts Payable Mailing Address: | City / State / Zip: as per company address above | |
|---|---|---|
| Accounts Payable Contact Name: Morrison Cowan | Phone: + 44 141 202 0713 | Fax: + 44 141 202 0174 | E-mail: morrisonc@ddrrecycling.com |

The undersigned applicant hereby represents and warrants, and agrees as follows:

> The financial statements, if any, included with this application are true, complete, and reflect the current financial condition of the applicant.

> The transaction described in this Application and the amounts due hereunder shall constitute a "commercial account" as defined in O.C.G.A. Section 7-4-16.

> UPS Supply Chain Solutions, Inc. ("SCS") is hereby authorized to obtain credit information about the applicant from any source SCS deems necessary or appropriate, including but not limited to reporting agencies, banks, suppliers, and vendors.

> This Application, including the attached Credit Terms and Conditions which is incorporated herein by reference , (collectively, this "Application") sets forth the entire understanding and agreement of the applicant and SCS and supersedes any and all prior or contemporaneous agreements or understandings, written or oral, between the applicant and SCS as to the subject matter of this Application.

| By: _(signature)_ | Morrison Cowan | Finance Director |
|---|---|---|
| Applicant Signature | Print Name | Title |
| Phone: + 44 141 202 0713 | Fax: + 44 141 202 0714 | E-mail: morrisonc@ddrrecycling.com |
| Date: October 9, 2012 | | |

Exhibit B page 24

## UPS Supply Chain Solutions[SM]

Unless and until SCS notifies the applicant that it has approved this Application and has established a credit account for the applicant, which approval may be granted or denied in the sole discretion of SCS, or unless SCS otherwise agrees in writing or if any such credit account shall be terminated, the applicant agrees to the following payment terms:

- All accounts with SCS are on a prepaid, cash only basis.  Acceptable types of cash are cashier's checks, money orders and electronic fund transfers as well as, with prior approval, credit cards and checks sent to an SCS lockbox, as identified in the "remit to" address on SCS invoices.
- Applicant must pay any duties, taxes, interest and other charges due on imported merchandise either (a) directly to the United States Bureau of Customs and Border Protection ("US Customs") in accordance with the acceptable methods of payment of such duties, taxes, interest and other charges through a check to US Customs or US Customs' Automated Clearinghouse (ACH), in each case, in accordance with 19 CFR §§ 24.1 and 111.29, or (b) to SCS. In all cases, payment of any required duties, fees, taxes, interest and other charges due on imported merchandise must be received within ten (10) days of the commencement of the entry process. If the applicant does not make such payment timely, then the applicant is liable for any penalties, violations and any other damages that may arise as a result and agrees to indemnify and hold harmless SCS for the foregoing.  In the case of a check made payable to SCS, funds are deemed received on the day that the check clears and the funds are credited to SCS.
- Applicant must pay any collect charges directly to the applicable transportation carrier or other third party supplier.

By approving this Application and establishing a credit account for the applicant, SCS shall be under no obligation to incur any expense, guarantee payment, or

## Credit Terms and Conditions

advance money to, or on behalf of, the applicant.

If SCS, in its sole discretion, approves this Application and makes a payment or advance or agrees to guarantee any amount, on behalf of the applicant, the applicant agrees that it will make each payment when due in accordance with the following payment terms, unless otherwise agreed by SCS in writing:

- For all warehousing services, including related ancillary services provided in or around the relevant warehouse facility, payment shall be due and payable by the applicant to SCS within thirty (30) days from the invoice date.
- For all other services, payment shall be due and payable by the applicant to SCS within ten (10) days from the invoice date.
- For duties, taxes, interest and other charges due on imported merchandise and ocean freight charges advanced by SCS on behalf of the applicant, payment shall due and payable by the applicant to SCS within the 10th day from the later of (a) the date the entry was released by US Customs and (b) the arrival date.
- A one-time servicing fee with respect to each invoice equal to the greater of (a) $10 and (b) a fee, set forth in the UPS-SCS schedule of fees applicable for all monies (including but not limited to any Customs charges and Ocean/Air freight charges) advanced by SCS on behalf of applicant during each period for which such invoice is issued, will be charged to and due and payable by applicant within the invoice payment due date, which shall be for administrative services and not for the use of money, and which shall be fully earned when billed and non-refundable when paid.

In the event that the applicant fails to make any payment hereunder when due, all amounts owed by the applicant to SCS shall immediately become due and payable.  The

Initial: _꜀꜀꜀꜀_

Date: October 9, 2012

## UPS Supply Chain Solutions℠

applicant shall also indemnify SCS for any costs of collection, including, without limitation, reasonable attorney fees, and shall pay SCS one and one half percent (1.5%) interest per month for amounts which have been due and payable for thirty (30) days or more, calculated from the due date thereof. Notwithstanding anything to the contrary contained herein, in no event shall the interest rate or rates payable under the terms hereof (including any amounts payable hereunder as fees) exceed the highest rate permissible under any applicable law, and SCS and applicant hereby agree that they intend legally to agree upon the rate of interest and manner of payment but if said rate of interest or manner of payment exceeds the maximum allowable under applicable law, then the applicant shall only be liable for the maximum amount permitted by applicable law and any payment received by SCS in excess of such amount shall be applied to reduce the principal balance due hereunder to the extent of such excess and the remainder, if any, shall be returned to the applicant

SCS will render invoices periodically for all amounts advanced during the period covered by each such invoice and such invoice shall constitute an account stated and shall be conclusive and binding upon applicant, except for any specific matter disputed by applicant in a written notice giving details of such dispute within ten (10) business days after receipt of the applicable invoice. Applicant shall pay such disputed amounts but shall have the right to a refund in the event and to the extent that such dispute is resolved in favor of applicant.

Except for payments by the applicant directly to US Customs (e.g., via US Customs' ACH) for any current or future duties, fees, taxes, interest or other charges due on imported merchandise, SCS has the right to offset any amounts owed by the applicant to SCS against any amounts owed by SCS to the applicant, including, without limitation, unidentified payments and credits in the applicant's favor, duplicate payments

## Credit Terms and Conditions

by the applicant, and accounts payable to the applicant.

As security for the prompt and complete payment and performance when due (whether at stated maturity, by acceleration or otherwise) of all debts, liabilities and obligations of the applicant to SCS, whether now existing or hereafter arising, including claims for charges, expenses, or advances incurred or made by SCS in connection with any shipment or transaction of the applicant, the applicant hereby grants to SCS a continuing lien and security interest in any and all goods and other tangible personal property of the applicant and in all documents of title with respect to goods as to which services are being provided by SCS in each case which are now or hereafter in the possession, custody, or control of SCS, together with all proceeds thereof (the "Collateral"). The applicant hereby authorizes SCS to file any and all financing or continuation statements, or amendments thereto, in all jurisdictions and in all filing offices as SCS may determine, in its sole discretion, are necessary or advisable to perfect the security interest granted to SCS herein. This lien and security interest shall be in addition to any other rights SCS has or may acquire under other agreements and/or applicable law, and shall survive the delivery or release of any item of the Collateral.

The applicant hereby represents and warrants that (i) it (A) is a corporation, partnership or limited liability company duly organized or formed, validly existing and in good standing under the laws of the jurisdiction of its incorporation or organization; and (B) has all requisite power and authority and all governmental licenses, authorizations, consents and approvals to (x) own its assets and carry on its business and (y) execute, deliver and perform its obligations hereunder; (ii) the execution, delivery and performance by applicant hereunder have been duly authorized by all necessary corporate or other organizational action, (iii) this Application will constitute, a legal, valid and binding obligation of

Initial: _Judson_
Date: October 9, 2012

## UPS Supply Chain Solutions℠

applicant, enforceable against it in accordance with its terms, except to the extent that the enforceability thereof may be limited by applicable bankruptcy, insolvency, reorganization, moratorium and other laws affecting creditor's rights generally and by equitable principles; (iv) its legal name and its jurisdiction of organization are set forth correctly on the face page of this Application; and (v) it owns the Collateral purported to be owned by it or otherwise has the rights it purports to have in each item of Collateral and, as to all Collateral whether now existing or hereafter acquired, will continue to own or have such rights in each item of the Collateral, in each case free and clear of any and all liens, rights or claims of all other persons. The applicant covenants and agrees that it shall not change its name, organizational structure, or jurisdiction of organization unless it shall have (a) notified SCS in writing within ten (10) days prior to any such change, specifying any new name, organizational structure, or jurisdiction of organization and providing such other information in connection therewith as SCS may reasonably request, and (b) taken all actions necessary or advisable to maintain the continuous validity, perfection and the same or better priority of SCS's security interest in the Collateral intended to be granted and agreed to hereby.

If any amounts owed by the applicant to SCS remain unpaid after the date when due, in addition to any other rights it has under other agreements and/or applicable law, SCS may exercise any or all of the rights of a secured party under the Uniform Commercial Code. The applicant shall pay SCS any deficiency arising after sale or disposition of the Collateral to the extent allowed by law. The proceeds of any sale may be applied by SCS to the payment of any and all amounts owed by the applicant to SCS and any other obligation of applicant to SCS, whether arising pursuant to this Application or otherwise, including, without limitation, any expenses of holding, preparing for sale and selling the Collateral,

## Credit Terms and Conditions

and reasonable attorneys' fees and legal expenses relating thereto.

Any credit account established under this Application may be terminated by SCS at any time in its sole discretion and the amount of any credit approval for such account shall be subject to change at the sole discretion of SCS.

Any credit account established hereunder shall be immediately terminated without notice or further action and all amounts due hereunder shall become immediately due and payable in the event that applicant files a petition in bankruptcy or seeks relief under similar laws or in the event that any involuntary petition in bankruptcy is filed against applicant.

In no event shall the applicant assign this Application, or any of the applicant's rights or obligations hereunder, without the prior written consent of SCS. Any purported assignment, transfer, or delegation of this Application (or any rights or obligations of the applicant hereunder), except as permitted herein, shall be null and void. Subject to the foregoing, this application shall be binding upon and shall inure to the benefit of the parties and their respective successors and permitted assigns.

If any provision or the application of any provision of this Application to any particular fact or circumstance shall for any reason be held to be invalid, illegal, or unenforceable by a court, arbitrator, or other tribunal of competent jurisdiction, then (a) the validity, legality, and enforceability of such provision as applied to any other particular fact or circumstance, and any other provision of this Application, shall not in any way be affected or impaired thereby, and (b) such provision shall be enforced to the maximum extent possible so as to effect the intent of the parties.

The waiver by SCS of a breach of or a default under any provision of this Application shall not be effective unless in writing and shall not be construed as a

Initial: _Jurgen_
Date: October 9, 2012

Exhibit B page 27

**UPS Supply Chain Solutions**[SM]                    **Credit Terms and Conditions**

waiver of any subsequent breach of or
default under the same or any other
provision of this Application, nor shall any
delay or omission on the part of SCS to
exercise or avail itself of any right or
remedy that it has or may have hereunder
operate as a waiver of any right or remedy.

This Application has been negotiated by the
applicant and SCS and shall be interpreted
fairly in accordance with its terms and
without any construction in favor of or
against either the applicant or SCS.

THE APPLICANT AGREES THAT THIS
APPLICATION        SHALL        BE
INTERPRETED, CONSTRUED, AND
ENFORCED ACCORDING TO THE
LAWS OF THE STATE OF GEORGIA,
WITHOUT GIVING CONSIDERATION
TO   GEORGIA   LAW   REGARDING
CONFLICTS OF LAW. THE APPLICANT
CONSENTS TO THE NON-EXCLUSIVE
JURISDICTION OF THE STATE AND
SUPERIOR   COURTS   OF   FULTON
COUNTY, GEORGIA AS REGARDS
ANY CLAIM OR MATTER ARISING
UNDER       THIS       APPLICATION.
APPLICANT AND SCS EACH WAIVE
ALL RIGHTS TO A TRIAL BY JURY IN
ANY   ACTION   OR   PROCEEDING
RELATING      TO      TRANSACTIONS
UNDER THIS APPLICATION.

SCS reserves the right to change the terms
and conditions of this Application at any
time by providing fifteen 15 days prior
written notice to the applicant and any
amounts advanced thereafter at the request
and for the account of the applicant shall be
subject   to   such   changed   terms   and
conditions.

Initial: _꒐꒐꒐꒐_
Date: _October 9, 2012_

# EXHIBIT  C

## MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT CONDITIONS

### 1. DEFINITIONS

"Carriage"                means the whole or any part of the operations and services described by this document as undertaken by Carrier in respect of the Goods.

"Carrier"                 means the party on whose behalf this negotiable bill of lading or non-negotiable waybill has been issued as indicated on the face hereof. If the Goods are lost, damaged, or delayed on the sea portion of the Carriage, and the vessel owner or demise charterer seeks to limit its liability pursuant to 46 U.S. Code §§ 181 et seq. or pursuant to a similar global limitation regime of another nation, only the owner or demise charterer will be the "Carrier."

"Container"               includes any container, trailer, transportable tank, flat or pallet or any similar article used for the transportation of the Goods.

"Dangerous Goods"         means any Goods that may present or are reasonably believed to present a danger to any means of transportation or place of handling or storage, whether the Goods are identified as dangerous by any authority or are not so identified. Dangerous Goods include, but are not limited to, Goods listed as dangerous in any statute, regulation or the International Maritime Dangerous Goods Code of the International Maritime Organization.

"Goods"                   means the cargo described on the face hereof or on an attached or referenced manifest, whether packed in Containers or not, and includes any Container not supplied by or on behalf of Carrier.

"Merchant"                includes the consignor, shipper, consignee, the receiver of the Goods, any person, including any corporation, company or other legal entity having any interest in the Goods, or anyone acting on behalf of any such person.

"Package"                 means the object referred to in the "No. of Pkgs." column on the face of this document and in the absence of designation in such column shall be deemed the Container.

"Special Carriage"        means ventilated, heated, or refrigerated Carriage or any other Carriage requiring special care.

"Subcontractor"           shall include direct and indirect agents, subcontractors, and their respective servants and agents.

"Vessel"                  includes any vessel, ship, craft, lighter, vehicle and other means of transport used to perform the Carriage or upon which the Goods are loaded for any purpose.

### 2. MULTIMODAL TRANSPORT OR PORT TO PORT NEGOTIABLE BILL OF LADING

If only the Bill of Lading box on the face hereof is checked, this document will constitute a multimodal transport or port to port negotiable bill of lading, provided, this Bill of Lading shall only be a negotiable document of title if consigned "to order," or order of a named consignee. If negotiable, an original bill of lading, properly endorsed, must be surrendered when the Goods are delivered. Subject to applicable law, if the person receiving the Goods wishes to take delivery without surrender of an original endorsed bill of lading, and if Carrier agrees in its sole discretion to deliver the Goods without such surrender, the person

Exhibit C page 29

receiving the Goods agrees to indemnify Carrier against all damages which Carrier may be liable to pay as a result of delivering the Goods without such surrender. Upon surrender of one original bill of lading, all other original bills of lading will be immediately void. Negotiable bills of lading will in all events become void six months after date of issuance, provided Carrier shall continue to be entitled to all rights and limitations of liability herein.

### 3. MULTIMODAL TRANSPORT OR PORT TO PORT NON-NEGOTIABLE WAYBILL

This document shall constitute a non-negotiable waybill if consigned directly to a nominated person or entity and not consigned "to order," or order of a named consignee; such a non-negotiable waybill should also be marked with a check in the Waybill box on the face hereof. Delivery of the Goods under a non-negotiable bill of lading or waybill may be made, at the sole discretion of the Carrier, to the nominated consignee without surrender of an original counterpart; such delivery shall constitute due delivery hereunder; Carrier may but is under no obligation to demand the surrender of this document before delivering the Goods. If no box is checked or if both boxes are checked, or in the event of any ambiguity, this document will constitute a non-negotiable waybill, and Carrier may, but is not required to, demand its original surrender before release of the Goods. The consignee receiving the Goods in all events represents their entitlement to such receipt and as such agrees to indemnify Carrier against all damages which Carrier may be liable to pay as a result of releasing the Goods to the consignee's custody.

### 4. THIS DOCUMENT AND CARRIER'S TARIFF

This document is binding upon the parties, and supersedes any prior agreement or arrangement. The Carriage of the Goods is subject to all of the terms and provisions of Carrier's tariffs on file or published or required to be filed or published, as the case may be, with or by the Federal Maritime Commission or other regulatory body that may govern particular portions of the Carriage ("the Tariff"). The terms of the Tariff, including but not limited to applicable provisions of the Tariff relating to freight and other compensation due from Merchant, are incorporated herein. The relevant provisions of the applicable Tariff are obtainable from Carrier or its representatives upon request. In case of inconsistency between this document and the applicable Tariff, this document shall prevail except as otherwise required by law.

### 5. WARRANTY OF OWNERSHIP / RIGHT OF POSSESSION / AUTHORITY OF SHIPPER

In agreeing and accepting the terms of this document, the shipper acts for itself and on behalf of each Merchant. The shipper warrants it has the authority of each Merchant and so binds each Merchant to this document.

### 6. SUBCONTRACTING, CONSOLIDATION AND PARTIES AGAINST WHOM CLAIMS MAY BE BROUGHT

6.1 The parties agree that part of the Carriage or all the Carriage or related services may be performed by Subcontractors. Carrier may engage any carrier in accordance with the terms and conditions of such carrier's standard form bill of lading, which shall be binding upon Merchant.

6.2 Carrier shall be entitled to consolidate the Goods with other cargo and to procure the performance of the whole or any part of the Carriage by contracting with any person on any terms for the movement of a consolidated shipment that includes the whole or any part of the Goods.

6.3 In the event the Goods are lost, damaged, or delayed while onboard a Vessel and the Vessel owner or demise charterer initiates limitation proceedings as referred to in the definition of Carrier in Clause 1 of this document, claims or suits may only be brought against that Vessel owner or demise charterer. In all other cases, claims or suits may be brought only against Carrier. In the event a claim or suit is brought against anyone participating in the performance of the Carriage other than Carrier, that party is entitled to all exceptions, exemptions, defenses, immunities, limitations of liability, privileges and conditions granted or provided by this document, any applicable Tariff, and any law governing it or incorporated by reference into it as if the protected party were a party to this document. These protected parties include, but are not

Exhibit C page 30

limited to, Subcontractors, stevedores, terminals, watching services, participating land, air, or sea carriers and their direct or indirect subcontractors. Each of these parties is a third party beneficiary of this document.

## 7. LIMITED CLAUSE PARAMOUNT AND RESPONSIBILITY OF CARRIER

7.1 Limited Clause Paramount. The contract of Carriage evidenced by this document is governed with the force of law during any sea Carriage by the United States Carriage of Goods by Sea Act (COGSA), 46 U.S.C. § 30701 (Note), which shall be deemed to be incorporated herein, and nothing contained herein shall be deemed a surrender by Carrier of any of its rights or immunities or an increase of any of its responsibilities under COGSA. Except with respect to air Carriage and as specifically provided in Clauses 7.1, 7.2, and 9.4 herein, COGSA is also incorporated by reference as terms of the contract of Carriage whether the Goods are carried on or under deck, whether or not the Carriage is in U.S. foreign trade, between U.S. ports, or between non-U.S. ports, before the Goods are loaded on and/or after the Goods are discharged from the Vessel, and throughout the entire time the Goods are in the custody or are the responsibility of Carrier in performing the Carriage hereunder, whether acting as carrier, bailee, stevedore, or terminal operator. 46 U.S.C. §§ 30701 (3)(6, 8) and (4)(5) of COGSA, addressing minimum time for suit and liability of the Carrier, are excluded from incorporation by reference and shall only apply when required by force of law. COGSA shall not be incorporated by reference into the contract of Carriage which is governed by force of law by the Convention for the Unification of Certain Rules Relating to International Carriage by Air, signed at Warsaw 12 October 1929 ("Warsaw Convention"), and any amendments thereto or superseding Conventions that apply with the force of law. All the rights, privileges, defenses, immunities from and limitations of liability provided in this document shall apply in any action against Carrier for loss of for damage to the goods, or otherwise in connection with the Goods, whether such action be founded in contract, tort, or otherwise.

7.2 Limitation of Liability. Unless the shipper declares a higher value as provided below, and subject to the actual value of the Goods, Carrier's liability shall be limited as follows: (a) for loss or damage occurring during international air carriage, Carrier's liability shall be limited in accordance with applicable international convention governing by force of law, which limitation(s) are in no event increased or otherwise waived notwithstanding any language herein to the contrary ; (b) for loss or damage occurring during any portion of the Carriage governed by COGSA by force of law, Carrier's liability shall be limited to $500 per Package, or for Goods not shipped in packages, per customary freight unit; (c) for loss or damage occurring during surface transportation in Mexico, Carrier's liability shall not exceed $0.10 per pound of the portion of Goods adversely affected; and (d) for loss or damage occurring during any portion of the Carriage when the foregoing limitation provisions are inapplicable, including periods of surface transportation in other regions and any portion of the Carriage where COGSA is otherwise incorporated herein but is not applicable by force of law, Carrier's liability shall be limited to the lesser of $500 per package or $0.50 per pound of the Portion of Goods adversely affected. When it cannot be ascertained at what stage of the Carriage the loss or damage occurred, it shall be presumed to have occurred during periods of surface transportation. The liability of Carrier and its affiliates arising from agency (non-carrier) services, including, but not limited to, export/import-related services and with respect any fines or penalties imposed, is limited to circumstances of sole independent negligence and to $50 per entry or shipment. Carrier shall also be entitled to full benefits of the laws and regulations of any country and the provisions of the contracts of any Subcontractor that may be applicable to the Goods before loading or after discharge of the vessel, including all defenses and exclusions set forth therein and any limitations that are lower that those set forth herein.

The shipper or Merchant may avoid these limitations, or any other limitation imposed by applicable law to the extent permitted thereby, by declaring a higher value per kilogram, package, customary freight unit or entire shipment, as the case may be, by inserting such higher value on the face of this document, and paying a higher freight. In any event, Carrier shall not be liable for special, incidental or consequential damages, lost profits or revenues or loss of merchantability of the Goods, whether or not Carrier had

Exhibit C page 31

knowledge that such may occur.  Merchant shall indemnify Carrier against any third-party claim which imposes or attempts to impose upon Carrier any liability in connection with the Goods other than as provided herein, whether or not arising from negligence of Carrier.

7.3 Delay. Carrier does not undertake to deliver the Goods at the port of discharge or place of delivery at any particular time or to meet any particular market or use.  Notwithstanding Clause 7.2, Carrier shall have no liability for any direct or consequential damages arising from delay or failure to notify Merchant as to the actual arrival and/or delivery date of the Goods.

 7.4 Exceptions.  Carrier shall not be liable for any loss, damage, delay or failure in performance hereunder occurring at any time, including before loading on or after discharge from the Vessel or during any Carriage, arising or resulting from the happening and/or threat and/or effects of one or more of the following: act of God, act of war, terrorism, force majeure, quarantine restrictions, embargo, acts of public enemies, thieves, pirates, assailing thieves, arrest or restraint of princes, rulers or people, seizure under legal process, act or omission of Merchant, its agent or representative, strikes or lockouts, or stoppage or restraint of labor from whatever cause, partial or general, riots or civil commotions, act, neglect or fault of the master, mariner, pilots or the servants of Carrier in the navigation or management of the Vessel, barratry, ice, explosion, collision, stranding, perils, dangers or accidents of the sea or other navigable waters, wastage in bulk or weight, or any other loss or damage arising from inherent defect, quality, or vice of the Goods, insufficiency of packing, insufficiency or inadequacy of marks, bursting of boilers, breakage of shafts or any latent defect in hull, equipment, machinery, hawsers or lines, unseaworthiness unless caused by want of due diligence by Carrier to make the Vessel seaworthy or to have her properly manned, equipped and supplied, and to make the holds, refrigerating and cooling chambers and all of other parts of the Vessel fit and safe for the reception, Carriage and preservation of the Goods, saving or attempting to save life or property at sea or any deviation in rendering such service, loss of or material damage to the Vessel, or any similar or dissimilar cause beyond the control of Carrier.

7.5 Assignment and Subrogation.  Merchant agrees that in consideration for any payment to Merchant by Carrier for any lost, damaged, or delayed Goods, Merchant will be deemed to have assigned its entire claim and cause of action to Carrier and Carrier will be assigned and subrogated to Merchant's rights.  Merchant agrees to execute papers required by Carrier to proceed as assignee and/or subrogee against third parties and to cooperate fully in any action brought by Carrier against other parties.

7.6 Ad Valorem.  In the event the Merchant declares a value higher than the limitation amount as provided herein, any partial loss or damage to the Goods shall be adjusted pro rata on the basis of such declared value. Such value shall not exceed the actual value.

## 8. EVIDENCE OF DELIVERY IN GOOD CONDITION

Receipt by or delivery to the person entitled hereunder to delivery of the Goods without complaint or notice of loss or damage, in the manner and within the time periods as applicable and set forth below, shall be *prima facie* evidence the Goods have been delivered in good condition and in accordance with this document.

## 9. COMPLAINT AND NOTICE OF LOSS OR DAMAGE, AND STATUTES OF LIMITATION

9.1 The place at which claims or other notices upon the Carrier must be served is set forth below in Clause 28.  Merchant shall give timely notice of claim to Carrier and responsible third parties as set forth in this Clause 9.  Merchant will indemnify Carrier against any damages Carrier may suffer as a result of Merchant's failure to give timely notice or other failure to preserve a timely cause of action against a responsible third party.

9.2 If arising from international air carriage, complaint and legal action must be made within the respective time parameters provided by applicable international convention governing by force of law, none of which time parameters are extended or otherwise waived notwithstanding any language herein to the contrary.

Exhibit C page 32

9.3. If arising from Carriage governed by COGSA by force of law, any claim shall be made exclusively by giving written notice to Carrier or its agent which includes the nature of the loss or damage. If loss or damage is apparent, said notice must be given before or at the time of delivery on the receipt for the Goods; if loss or damage is not apparent, said notice must be given within three (3) consecutive days of delivery. In any event, any right to damages against Carrier shall be extinguished if such notice is not provided and an action is not brought within (1) year from the date the Goods were delivered or should have been delivered.

9.4 With respect to all other Carriage, including Carriage where COGSA does not apply by force of law, any claim must be served on Carrier within one-hundred and eighty (180) days from the date the Goods were delivered or should have been delivered Any right to damages against Carrier shall be extinguished if such notice is not provided and an action is not brought within one (1) year from the date the Goods were delivered or should have been delivered.

## 10. FIRE

Carrier shall not be liable for any loss or damage to the Goods arising or resulting from fire occurring at any time or at any place unless caused by the actual fault or privity of Carrier or any servant, agent or Subcontractor thereof.

## 11. CONTAINERS NOT PACKED BY CARRIER

If a Container has not been packed or filled, or the Goods, whether or not in a container, have not been prepared or packaged for transportation by or on behalf of Carrier, the provisions of this Clause shall apply. Carrier shall not be liable for loss of or damage to the contents and Merchant shall indemnify Carrier against any loss, damage, liability or expense incurred by Carrier if such loss, damage, liability or expense has been caused by: (a) the manner in which the Container has been packed or filled; or (b) the unsuitability of the Goods for Carriage in Containers or for importation or delivery at destination; or (c) the unsuitability or defective condition of any Container supplied by or on behalf of Carrier, (i) arising without any want of due diligence on the part of Carrier to make the Container reasonably fit for the purpose for which it is required, or (ii) which would have been apparent on a reasonable inspection by Merchant at or prior to the time when the Container was packed or filled; or (d) the unsuitability or defective condition of any Container not supplied by or on behalf of Carrier; or (e) the lack of proper description or preparation or packing of the Goods for transportation.

## 12. OPTIONAL STOWAGE

Goods may be packed by Carrier in Containers or in similar articles of transport used to consolidate Goods. Goods in enclosed Containers, including but not limited to Containers with a tarpaulin top, whether packed by the Shipper or Carrier, may be carried on deck. The stowage position on a vessel of Containers and Goods is decided by Carrier or persons other than Merchant. Stowage position of Containers may not, therefore, be indicated on this document. COGSA will govern Container deck cargo as if the Goods were carried under deck. Goods not packed in enclosed Containers may be stowed in any covered, but not necessarily enclosed, space commonly used for the Carriage of Goods and such Goods so carried shall be deemed for all purposes to be stowed under deck. Goods not packed in Containers may be stowed on deck if such stowage of the Goods is customary or is mandated by any authority. If deck stowage is not customary for the Goods, the Goods may be stowed on deck with Merchant's agreement. In that event, the face of this document will be claused to indicate the on deck stowage. All defenses and limitations of COGSA, including but not limited to the per-package liability limitation, are incorporated by reference herein as to deck cargo. The burden of proof rules attributed to COGSA will not apply to such deck Carriage. The person claiming damages for loss, damage, or delay to Goods must prove the specific breach of the contract that caused the loss, damage, or delay.

Exhibit C page 33

## 13. SPECIAL CONTAINERS OR CARRIAGE

13.1 Special Containers. Merchant warrants that, unless Special Carriage is requested and paid for, the Goods are fit to be carried in an unventilated, unheated, unrefrigerated Container or other stowage space. Carrier shall not, unless agreed in writing and in consideration for a higher freight rate, undertake to carry the Goods in refrigerated, heated, insulated, ventilated or any other special Container(s) or other stowage space(s), or to carry special Container(s) packed by or on behalf of Merchant. Carrier will treat such Goods or Container(s) only as ordinary Goods or dry Container(s) respectively, unless special arrangements are noted on the face of this document and all special freight has been paid. Carrier shall not be liable for any loss or damage to the Goods caused by latent defects in the special Container or its equipment, and does not warrant the suitability or performance thereof. Carrier shall not be responsible for the control and care of the operating equipment of such Container(s) when not in the actual possession of Carrier. If the particular temperature range requested by Merchant is inserted in this document, Carrier will set the thermostatic controls with the requested temperature range. The parties agree the temperature will vary when a refrigerated Container or other refrigerated space is defrosted and when moved from and to various means of transportation or storage locations, and the temperature of heated Containers may vary when moved from and to various means of transportation or storage locations. If contents have been packed by or on behalf of Merchant, Merchant shall pre-cool or pre-heat the Goods and to stow them properly and to set the thermostatic controls properly. Carrier shall not be liable for loss of or damage to the Goods due to Merchant's failure in such obligations.

13.2 Live Animals. Live animals are carried at the sole risk of Merchant. Carrier shall be under no liability for any injury, illness, death, delay or destruction howsoever arising, even if it were caused or contributed to by the act, neglect or default of Carrier or by the unseaworthiness or unfitness of any Vessel, Container or other means of transportation or storage. In the event the Master or other person in charge of a Vessel, Container or other means of transportation or storage, in his or her sole discretion, considers any animal potentially injurious to the health of any other animal or any person on board or to cause the Carriage to be delayed or impeded, such animal may be destroyed without any liability attaching to Carrier. Merchant shall indemnify Carrier against the cost of veterinary services and of providing forage for any period during which the Carriage is delayed for any reason whatsoever, and of complying with the regulations of any authority of any country whatsoever.

## 14. INSPECTION OF GOODS

Carrier shall be entitled, but under no obligation, to open any Package or Container at any time and to inspect the contents. If it appears contents or any part thereof cannot safely or properly be carried or carried further, either at all or without incurring any additional expense or taking any measures in relation to such Package or Container or its contents or any part thereof, Carrier may abandon the transportation thereof and/or take any measures and/or incur any reasonable additional expense to cooper the Goods, carry or to continue the Carriage or to store the Goods ashore or afloat under cover or in the open, at any place, which storage shall be deemed to constitute due delivery under this document. Merchant shall indemnify Carrier against any reasonable additional expense so incurred. Carrier in exercising the liberties contained in this Clause shall not be under any obligation to take any particular measures and Carrier shall not be liable for any loss, damage or delay howsoever arising from any action or lack of action under this Clause. The authority of Carrier to inspect the Goods and/or any inspection of the Goods by Carrier does not lessen Merchant's warranties set forth in Clauses 16, 21, 22 and 24 hereunder. Carrier relies solely on Merchant not to ship any Dangerous Goods. Unless expressly agreed, Carrier has no obligation to verify or report to Merchant any information regarding the Goods, including weight, count, condition, quality or conformity with any contractual or regulatory requirements.

## 15. DESCRIPTION OF GOODS

This document constitutes a receipt only for the external condition of the Packages or other units delivered to Carrier and the number of Packages or other units visible to Carrier. It does not act as a receipt for the number of Packages or items not readily and reasonably visible to Carrier at the time of delivery to Carrier.

Exhibit C page 34

## 16. MERCHANT'S WARRANTY AND RESPONSIBILITY

Merchant, not Carrier, has furnished the description of the Goods and the name and address of the shipper/exporter and consignee on the face of this document. Merchant warrants the description and the marks, numbers, quantities, weight of the Goods or their packages, and the name and address of the shipper/exporter and consignee, are accurate and that they comply with all regulations of relevant authorities, including but not limited to dangerous or hazardous cargo descriptions and advance manifests required by various authorities such as the U.S. Bureau of Customs & Border Protection ("CBP.") Merchant warrants it will provide this information to Carrier at least seventy-two (72) hours prior to Vessel loading and acknowledges that Carrier may refuse to load any of the Goods for which the information: (i) does not comply with all such regulations of relevant authorities; or (ii) is not provided to Carrier at least seventy-two (72) hours prior to Vessel loading. Merchant agrees to indemnify Carrier for any and all costs (including, but not limited to, inspection, storage and/or delivery costs) incurred by Carrier with respect to any of the Goods not loaded as a consequence of: (i) Merchant's failure to provide information that complies with all such regulations of relevant authorities; (ii) Merchant's failure to provide the information to Carrier at least seventy-two (72) hours prior to Vessel loading; or (iii) the instructions of CBP, or other relevant authority (regardless of whether the information complies with applicable regulations or is furnished seventy-two (72) hours prior to Vessel loading). Merchant furthermore agrees to indemnify Carrier completely for any other damage (including any penalties, liquidated damages or other sanctions imposed by CBP or other relevant authority) caused in whole or part by any breach of this warranty and responsibility.

## 17. FREIGHT AND CHARGES

17.1 Freight shall be payable, at Carrier's option, on any applicable rate as set forth in Carrier's applicable Tariff. Freight may be calculated on the basis of the description of the Goods furnished by Merchant, but Carrier may at any time, weigh, measure and value the Goods and open Packages to examine contents in case Merchant's description is found to be erroneous and additional freight is payable. Merchant and the Goods shall be liable for any additional freight and expense incurred in examining, weighing, measuring, fumigating and valuing the Goods. If Carrier agrees to "Freight Collect" terms, and so marks this document, Carrier acts as agent for shipper with respect to collection of freight and charges, costs of collection are for Merchant's account, Carrier assumes no risk of collection and shipper remains obligated to pay all freight and charges if Carrier is not able to collect the same from any party upon request, without necessity of resort to legal process.

17.2 Full freight to the place of delivery named herein and all advance charges against the Goods shall be considered completely earned on receipt of the Goods by Carrier or by its Subcontractor, whether the freight or charges be prepaid or be stated or intended to be prepaid or to be collected at port of discharge or destination or subsequently, and Carrier shall be entitled absolutely to all freight and charges, whether actually paid or not, and to receive and retain them under all circumstances whatsoever, the Goods lost or not lost, or the voyage changed, broken up, frustrated or abandoned. Full freight shall be paid whether the Goods be damaged or lost, or Packages or customary freight units be empty or partly empty. Merchant shall be responsible for all freight and costs of returning Goods to point of origin or disposition and/or destruction of Goods if Goods are refused entry or unclaimed at destination.

17.3 All freight and charges shall be paid in full and without any offset, counterclaim or deduction, in the currency named in this document or, at Carrier's option, in its equivalent in local currency. Any error in freight or in charges or in the classification herein of the Goods is subject to correction, and if, on correction, the freight or charges are higher, Carrier may collect the additional amount and the expenses of determining the correct classification of the Goods, correcting the freight rate and collecting the correct freight. Payment to any forwarder, broker or other third party, other than carrier's agent, shall not be deemed payment to Carrier.

17.4 Surcharges may be imposed by Carrier as set forth in Carrier's Tariff, including, but not limited to, bunker adjustment factor, currency adjustment factor, peak season, and port congestion surcharges.

Exhibit C page 35

17.5 Merchant and the Goods *in rem* shall be jointly and severally liable to Carrier for the payment of all freight, demurrage, General Average, salvage and other charges, including but not limited to court costs, expenses and reasonable attorneys' fees incurred in collecting sums due Carrier and/or its corporate affiliates from Merchant arising from the Goods, a prior shipment(s), and/or both. Merchant agrees to pay any payment on account that is requested by a General Average Adjuster without regard to Merchant's view of Carrier's entitlement to General Average. Payment of ocean freight and charges to a freight forwarder, broker or anyone other than Carrier or its authorized agent, shall not be deemed payment to Carrier and shall be made at payer's sole risk.

## 18. LIEN, ABANDONED CARGO, CARRIER'S RIGHT TO HOLD OR SELL GOODS

18.1 Carrier shall have a general and continuing lien on the Goods, which shall survive delivery, for all freight, dead freight, demurrage, damage, loss, costs and charges, General Average contributions to whosoever due, expenses and any other sums whatsoever payable by or chargeable to or for the account of Merchant under this document and any contract preliminary hereto and any sums owed to Carrier and/or its corporate affiliates by the Merchant on prior accounts or delivered shipments, whether or not related to the Goods or carried under a different document, and the cost and expenses of recovering the same, and may hold the Goods until all such charges and costs are fully settled, or sell the Goods privately or by public auction without notice to Merchant. If sale proceeds fail to cover the amount due and expenses incurred, Merchant shall remain responsible for the deficit.

18.2 If the Goods are unclaimed after a reasonable time not to exceed fourteen (14) days after notice of arrival, or the time set forth in any applicable warehouse receipt, waybill or bill of lading, or whenever in Carrier's opinion the Goods will become deteriorated, decayed or worthless, Carrier may, at its discretion and subject to its lien and without any responsibility attaching to Carrier, sell, abandon or otherwise dispose of such Goods at the exclusive risk and expense of Merchant.

## 19. RUST, MOLD, CONDENSATION, ETC.

Superficial rust, mold, oxidation or condensation inside the Container or any like condition due to moisture is inherent and therefore not a liability of Carrier.. Superficial rust, mold, oxidation, condensation, or moisture on steel or lumber constitutes good order and condition for which Carrier shall have no liability.

## 20. LIBERTIES, METHODS AND ROUTE OF TRANSPORTATION

The Goods may be transshipped and will likely be subject to several modes of transportation. Merchant agrees the Carrier may, without notice to the Merchant: use any route, direct or indirect; use any means to perform the Carriage, including, but not limited to, one or more vessels, trucks, trains and/or airplanes; freely interrupt Carriage and use substitute modes, means, vessels, and routes of transportation from that which is noted on the face hereof; and/or destroy, abandon or discharge the Goods at any place and declare the Goods delivered if circumstances so justify in Carrier's reasonable discretion at Merchant's cost. Merchant further agrees any vessel used hereunder may proceed with liberty to sail without pilots and at any speed, to proceed return to and stay at any ports whatsoever in any order or out of the route or in a contrary direction to or beyond the port of destination once or more often for whatever reason.

## 21. DANGEROUS, HAZARDOUS OR NOXIOUS CARGO

Goods of a flammable, explosive, corrosive, radioactive, noxious, hazardous, unstable or dangerous nature will be properly identified, packaged and otherwise prepared for transportation by Merchant. Carrier may accept or reject at its option any dangerous Goods offered for transportation. Merchant shall give Carrier proper and timely written warning that such Goods will be shipped and give Carrier instructions for the proper handling and care of such Goods. Any such Goods shipped without full disclosure in writing to Carrier as to their nature and character, may at any time be landed at any place, thrown overboard, destroyed or rendered innocuous without liability on the part of Carrier or other shippers or consignees. Even if such disclosure is made, the same disposition of such Goods is warranted if Carrier, in its sole discretion, considers they may be or become dangerous or noxious to the Vessel or other means of

Exhibit C page 36

transportation or other cargo, or persons. Merchant shall indemnify Carrier for all costs, losses, damages, liabilities, fines, civil penalties and expenses (including attorneys' fees) incurred by Carrier, arising in connection with or caused in whole or in part by the Goods. Merchant agrees to so indemnify Carrier even if Merchant did not know nor had reason to know of the dangerous propensity of the Goods shipped.

## 22. REGULATIONS RELATING TO GOODS

Merchant shall comply with all regulations or requirements of customs, port and other authorities and shall bear and pay all duties, taxes, fines, imposts, expenses or losses, whether imposed on the Goods or any Vessel or other conveyance carrying the Goods, incurred or suffered by reason thereof or by reason of any illegal, incorrect or insufficient description, marking, numbering or addressing of Goods, and shall indemnify Carrier in respect thereof.

## 23. NOTIFICATION AND DELIVERY

Carrier will notify the party identified as the notify party or the consignee on the face hereof or the attached manifest when the Goods are ready for delivery.

## 24. CARRIER'S CONTAINERS

Merchant shall assume full responsibility for and shall indemnify Carrier against any loss of or damage to Carrier's Container(s) and other equipment which occurs while in the possession or control of Merchant, its agents or any carrier (other than Carrier) which is engaged by or on behalf of Merchant. Merchant will promptly return empty Containers to Carrier or its Subcontractor. Carrier shall in no event be liable for and Merchant shall indemnify and hold Carrier harmless from and against any loss of or damage to property of other persons or injuries to other persons caused by Carrier's container(s) or the contents thereof during handling by, or while in the possession or control of, Merchant, its agents or any carrier (other than Carrier) which is engaged by or on behalf of Merchant.

## 25. BOTH-TO-BLAME COLLISION

If a Vessel on which the Goods are being carried collides with another vessel as the result of the negligence or fault of both vessels, and Merchant collects payment for loss or damage to the Goods from the other vessel, and the other vessel obtains a contribution toward that damage payment from Carrier, Merchant will reimburse Carrier for that contribution.

## 26. GENERAL AVERAGE

General Average shall be adjusted, stated and settled, according to York/Antwerp Rules, 1994, except Rule XXII thereof, at such port or place in the United States as may be selected by Carrier, and as to matters not provided for by said Rules, according to the laws and usages at a port designated by Carrier. In connection with such adjustment, disbursements in foreign currencies shall be exchanged into legal tender of the United States at the rate prevailing on the dates made and allowances for loss of or damage to cargo claimed in foreign currency shall be converted at the rate prevailing on the last day of discharge at the port or place of final discharge of such damaged cargo from the ship. Average agreement or bond and such additional security as may be required by Carrier must be furnished before delivery of the Goods. Such cash deposit as Carrier may deem sufficient as additional security for the contribution of the Goods and for any salvage and special charges thereon, shall, without prejudice to the ultimate liability of the parties, be made by the Goods, the shipper or the consignee to Carrier before delivery. Merchant agrees to pay any and all requests by the General Average Adjuster for payments on account. Such deposits shall, at the option of Carrier, be payable in legal tender of the United States. In the event of accident, danger, damage, or disaster before or after commencement of the voyage resulting from any cause whatsoever, whether due to Carrier's or its Subcontractor's negligence or not, for which, or for the consequence of which, Carrier is not responsible to the Goods, the shipper or the consignee by statute, contract, or otherwise, the Goods, the shipper and consignee shall contribute with Carrier in General Average to the payment of any sacrifices, losses, or expenses of a General Average nature that may be made or incurred and shall pay salvage,

Exhibit C page 37

general and special charges incurred in respect of the Goods. If a salving ship is owned and operated by Carrier or another water carrier transporting the Goods, salvage shall be paid as fully as if such salving ship belonged to strangers. Merchant appoints Carrier to act on behalf of the Goods in any salvage proceeding, unless Merchant arranges for separate representation.

## 27. ENTIRE AGREEMENT, VARIATION OF THE CONTRACT, ETC.

This document constitutes the entire agreement of the parties. No servant or agent of Carrier shall have power to terminate, waive or vary any term of this document unless such termination, waiver or variation is in writing and is specifically authorized or ratified in writing signed by Carrier. If any part of this document is rendered void by any law, the remainder of this document will remain in force.

## 28. LAW AND JURISDICTION

This document shall be governed by the federal law of the United States, or, if federal law is not applicable, by the law of the State of California, notwithstanding that law's choice of law rules, provided, if this document is held to be subject to the laws of any other jurisdiction, then except to the extent barred by or inconsistent with such laws, the terms and conditions hereof shall continue to apply. All claims or disputes or questions arising from this document, including those relating to limitation of liability, shall be determined in the United States District Court for the Central District of California, which shall have exclusive jurisdiction over all disputes arising from this document to the exclusion of the jurisdiction of any and all other courts. If the United States District Court for the Central District of California does not have subject matter jurisdiction over the dispute, the dispute will be determined in a Superior Court of California, County of Los Angeles. All claims hereunder must be filed against Carrier care of UPS Cargo Claims Dept.,, 35 Glenlake Parkway, Suite 320, Atlanta, GA  30328. Service of process for suits must be served upon Carrier care of, and will be deemed served upon receipt at, Corporation Service Company - CSC Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA  95833.

Exhibit C page 38

# EXHIBIT D

UPS Supply Chain Solutions™  **UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No. 016971N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**
☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| SOLA | NAM1472992 | 7780172235 |
| 24520 DR COUNTY COLD CREEK RD | **EXPORT REFERENCES** | |
| STE 100 | | |
| CALABASAS, CA. 91302 USA | | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYONG ECOTEC CO, LTD | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F |
| SSANGYOONG BLDG 24-1 2 GA | 19701 HAMILTON AVENUE |
| SEO DONG JUNG GU | TORRANCE CA 90502 US |
| TEL 82112847265 | **POINT AND COUNTRY OF ORIGIN** |
| SEOUL KR 100748 | MIAMI FL US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC | UPS SCS KOREA LIMITED |
| 2010 CJ 534, 6-DONG | 1-5F HANYOUNG BLDG |
| EMAIL: JWASAN@CHOL.COM | 77-66 MULLAE-DONG 3 GA |
| ANYANG KR | SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| MIAMI | FCL |

| EXPORTING CARRIER (Vessel) Name or Designation of | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| vehicle used for transportation | MIAMI, FL, US | OCEAN PORT To OCEAN PORT |
| CMA CGM WHITE SHARK PG766W | | |
| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
| BUSAN, KR | BUSAN | | |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: ECMU9450536 | 1 | 40' HIGH CUBE CONTAINER 1 FREIGHT SAID TO CONTAIN 25 PIECES TIRES, N.O.S. | 26,545.000 KG 58,521.690 LB | |
| CTRNO: ECMU9575934 | 1 | 40' HIGH CUBE CONTAINER 1 FREIGHT SAID TO CONTAIN 25 PIECES TIRES, N.O.S. | 26,545.000 KG 58,521.690 LB | |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT
ADMINISTRATION REGULATIONS.  DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT
FREIGHT PREPAID
SHIPPED ON BOARD: 27-OCT-2012

No EEI FTR 30.37(a)

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION COVERED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND, AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one).  FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | **CHARGES** | **PREPAID** | **COLLECT** |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be. | | | |
| The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, _0_ originals are signed. When one original is accomplished, the other(s) will be void. | | | |

| LOS ANGELES | 27-Oct-2012 |
|---|---|
| ISSUED AT | DATE |
| UPS OCEAN FREIGHT SERVICES, INC. | |

Exhibit D page 39

ID:4118356357   User:eksatogiwa  TIF  SN:7780412486   Print GMT:4/30/2013 8:04:27 PM pg:1

| UPS Supply Chain Solutions℠ | **UPS OCEAN FREIGHT SERVICES, INC.**<br>OTI License No. 015871N<br>MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | **Waybill** ☒ *Waybill   ☐ *Bill of Lading |
|---|---|---|

| SHIPPER/EXPORTER<br>SOLA<br>24520 DR COUNTY COLD CREEK RD<br>STE 100<br>CALABASAS CA 91302 US | DOCUMENT NO.<br>NAM1490113 | BILL NUMBER<br>7780412486 |
|---|---|---|
| | EXPORT REFERENCES<br>AWB 7780412486 | |

| CONSIGNEE<br>SSANGYOUNG ECOTEC CO LTD<br>SSANGYOUNG BLDG. 24-1,2-GA JEO DONG J<br>SEOUL 100748 KR | FORWARDING AGENT-REFERENCES<br>UPS SUPPLY CHAIN SOLUTIONS, FMC #275F<br>550-3 ECCLES AVE.<br>SOUTH SAN FRANCISCO CA 94080 US |
|---|---|
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |
| NOTIFY PARTY<br>SSANGYOUNG ECOTEC CO LTD<br>SSANGYOUNG BLDG. 24-1,2-GA JEO DONG J<br>SEOUL 100748 KR | DELIVERY AGENT<br>UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |
| PLACE OF RECEIPT<br>OAKLAND | FCL |

| EXPORTING CARRIER (Vessel) Name or Designation of other means of transportation)<br>MSC ANGELA UN268W | SEA/AIR PORT OF LOADING<br>OAKLAND, CA, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT | |
|---|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-18 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| | 280 | BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 126,044.140 KG<br>277,880.000 LB | |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT ADMINISTRATION REGULATIONS. DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING OR TELEX RELEASE REQUIRED
SHIPPER'S LOAD, STOW, AND COUNT
FREIGHT PREPAID
SHIPPED ON BOARD: 24 NOV-2013

AES X20121119055750

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDEMNIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ____0____ originals are signed. When one original is accomplished, the other (s) will be void.<br><br>SAN FRANCISCO -<br>OES<br>_____<br>ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC.<br>Carrier<br>X | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| 22-Nov-2012<br>DATE | | | |

If only the Bill of Lading box is checked [ ... ] (the rest illegible)

23UOFS101 REV 04/2012

ID:4121894064  User:eksatogiwa  TIF  SN:7780498858  MAWB:MOSSFO62783438  Print GMT:4/30/2013 8:07:17 PM pg:1

**UPS Supply Chain Solutions™**

**UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No. 015277N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**
☒ *Waybill    ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | B/L NUMBER |
|---|---|---|
| SOLA<br>24520 DR COUNTY COLD CREEK RD<br>STE 100<br>CALABASAS CA 91302 US | NAM1500273 | 7780498858 |

EXPORT REFERENCES

| CONSIGNEE | FORWARDING AGENT REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC LTD<br>SSANGYOUNG BLDG 24-1,2-GA JEO DONG J<br>50 WELLINGTON STREET<br>SEOUL KR 100748 | UPS SUPPLY CHAIN SOLUTIONS,  FMC #275F<br>550-3  ECCLES AVE.<br>SOUTH SAN FRANCISCO CA 94080 US |

POINT AND COUNTRY OF ORIGIN
CALABASAS CA US

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC LTD<br>SSANGYOUNG BLDG 24-1,2-GA JEO DONG J<br>50 WELLINGTON STREET<br>SEOUL KR 100748 | UPS SUPPLY CHAIN SOLUTIONS (UK) LTD<br>AS AGENTS FOR UPS EUROPE SA<br>UNIT 1, AIR CARGO CENTRE<br>GLASGOW PA3 2AY GB |

| PLACE OF RECEIPT | |
|---|---|
| OAKLAND | FCL |

| EXPORTING CARRIER (Vessel Name or Transporter of | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| SL COMET V UN270W | OAKLAND, CA, US | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 12, 13 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: CAXU9232557<br>SEALCODE1: 2889499 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,242.000 KG<br>55,649.070 LB | |
| CTRNO: CMAU5487048<br>SEALCODE1: 8323063 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,242.000 KG<br>55,649.070 LB | |
| CTRNO: CMAU5641383<br>SEALCODE1: 2301377 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,242.000 KG<br>55,649.070 LB | |
| CTRNO: CMAU5646277<br>SEALCODE1: 0687763 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,242.000 KG<br>55,649.070 LB | |
| CTRNO: CMAU5725412<br>SEALCODE1: 2301373 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,242.000 KG<br>55,649.070 LB | |
| CTRNO: CMAU5767638<br>SEALCODE1: 2301371 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,242.000 KG<br>55,649.070 LB | |
| CTRNO: DFSU5697370 | 1 | 40' HIGH CUBE CONTAINER 28 BALES | 25,242.000 KG | |

**NOTE:** THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION;  DURING ANY TRANSPORTATION CONTEMPLATED WITHIN THE PLACE OF LAW §7 FOR U.S. CARRIAGE OF GOODS BY SEA ACT. TO §500 PER PACKAGE OR FOR CARGO NOT PACKAGED §500 PER CUSTOMARY FREIGHT UNIT;  DURING TRANSPORTATION WITHIN MEXICO, TO §0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO §500 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE, AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).  PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt of (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery or the Sea/Air Port of Discharge, as the case may be. | | | |

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading,  0  originals are signed. When one original is accomplished, the other (s) will be void.

| SAN FRANCISCO - | 08-Dec-2012 |
|---|---|
| ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC. | DATE |

UPS Supply Chain Solutions™     UPS

**UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No. 0463118
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

Waybill
☒ *Waybill   ☐ *Bill of Lading

| | |
|---|---|
| SHIPPER/EXPORTER<br>SOLA<br>24520 DR COUNTY COLD CREEK RD<br>STE 100<br>CALABASAS CA 91302 US | DOCUMENT NO.<br>NAM11500273      B/L NUMBER<br>7780498858<br><br>EXPORT REFERENCES |
| CONSIGNEE<br>SSANGYOUNG ECOTEC LTD<br>SSANGYOUNG BLDG 24-1,2-GA JEO DONG J<br>50 WELLINGTON STREET<br>SEOUL KR 100748 | FORWARDING AGENT-REFERENCES<br>UPS SUPPLY CHAIN SOLUTIONS, FMC #275F<br>650-3  ECCLES AVE.<br>SOUTH SAN FRANCISCO CA 84080 US<br>POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |
| NOTIFY PARTY<br>SSANGYOUNG ECOTEC LTD<br>SSANGYOUNG BLDG 24-1,2-GA JEO DONG J<br>50 WELLINGTON STREET<br>SEOUL KR 100748 | DELIVERY AGENT<br>UPS SUPPLY CHAIN SOLUTIONS (UK) LTD<br>AS AGENTS FOR UPS EUROPE SA<br>UNIT 1, AIR CARGO CENTRE<br>GLASGOW PA3 2AY GB |
| PLACE OF RECEIPT<br>        OAKLAND | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| SL COMET V UN270W | OAKLAND, CA, US | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE CARRIAGE BY | PLACE OF RECEIPT BY PRE CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Particulars on clause 16-28 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| SEALCODE1: 2301325 | | SAID TO CONTAIN<br>TIRES, N.O.S. | 55,649.070 LB | |
| CTRNO: DRYU9000745<br>SEALCODE1: 2301375 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,242.000 KG<br>55,649.070 LB | |
| CTRNO: ECMU9258198<br>SEALCODE1: 8323224 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,242.000 KG<br>55,649.070 LB | |
| CTRNO: ECMU9374760<br>SEALCODE1: 2301795 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,242.000 KG<br>55,649.070 LB | |
| CTRNO: ECMU8900738<br>SEALCODE1: 2301376 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,242.000 KG<br>55,649.070 LB | |
| CTRNO: GESU4550062<br>SEALCODE1: 2301374 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,242.000 KG<br>55,649.070 LB | |
| CTRNO: GESU5132767<br>SEALCODE1: 2301332 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN | 25,242.000 KG<br>55,649.070 LB | |

NOTE: THE CARRIER'S LIABILITY SHALL BE LIMITED AS FOLLOWS:  DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION;  DURING ANY TRANSPORTATION GOVERNED WITH THE PLACE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE (OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT;  DURING TRANSPORTATION WITHIN MEXICO, TO $0.40 PER POUND, AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $500 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE FOR EACH  PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE)
$ _____ 0 _____  PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one).  FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order  and condition, except  as  otherwise  noted,  the  packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading,  ____0____  originals are signed. When one original is accomplished, the other (s) will be void.<br><br>SAN FRANCISCO -  _____  08-Dec-2012<br>       PLACE                 DATE<br>ISSUED BY<br>UPS OCEAN FREIGHT SERVICES, INC.<br>CARRIER<br>X | | | |

23UOFS101 REV 04/2012

Exhibit D page 42

ID:4121894064  User:eksatogiwa  TIF  SN:7780498858  MAWB:MOSSFO62783438  Print GMT:4/30/2013 8:07:17 PM pg:3

| | | |
|---|---|---|
| UPS Supply Chain Solutions™ | **UPS OCEAN FREIGHT SERVICES, INC.**<br>OTI License No. 018371B<br>MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | **Waybill**<br>☒ *Waybill  ☐ *Bill of Lading |

| | |
|---|---|
| SHIPPER/EXPORTER<br>SOLA<br>24520 DR COUNTY COLD CREEK RD<br>STE 100<br>CALABASAS CA 91302 US | DOCUMENT NO.<br>NAM1500273 — BILL NUMBER 7780498858<br>EXPORT REFERENCES |
| CONSIGNEE<br>SSANGYOUNG ECOTEC LTD<br>SSANGYOUNG BLDG 24-1,2-GA JEO DONG J<br>50 WELLINGTON STREET<br>SEOUL KR 100748 | FORWARDING AGENT-REFERENCES<br>UPS SUPPLY CHAIN SOLUTIONS, FMC #275F<br>560-3 ECCLES AVE.<br>SOUTH SAN FRANCISCO CA 94080 US<br>POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |
| NOTIFY PARTY<br>SSANGYOUNG ECOTEC LTD<br>SSANGYOUNG BLDG 24-1,2-GA JEO DONG J<br>50 WELLINGTON STREET<br>SEOUL KR 100748 | DELIVERY AGENT<br>UPS SUPPLY CHAIN SOLUTIONS (UK) LTD<br>AS AGENTS FOR UPS EUROPE SA<br>UNIT 1, AIR CARGO CENTRE<br>GLASGOW PA3 2AY GB |

| PLACE OF RECEIPT | | |
|---|---|---|
| OAKLAND | FCL | |

| EXPORTING CARRIER (Vessel Name or Designation of) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| SL COMET V UN270W | OAKLAND, CA, US | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS: | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: TCNU9347491<br>SEALCODE1: 2301372 | 1 | TIRES, N.O.S.<br>40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN | 25,242.000 KG<br>55,649.070 LB | |
| CTRNO: TGHU7546520<br>SEALCODE1: 2301793 | 1 | TIRES, N.O.S.<br>40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN | 25,242.000 KG<br>55,649.070 LB | |
| CTRNO: TGHU8705894<br>SEALCODE1: 2889479 | 1 | TIRES, N.O.S.<br>40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN | 25,242.000 KG<br>55,649.070 LB | |
| CTRNO: TGHU8850219<br>SEALCODE1: 8323201 | 1 | TIRES, N.O.S.<br>40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN | 25,242.000 KG<br>55,649.070 LB | |
| CTRNO: TGHU9521373<br>SEALCODE1: 0779523 | 1 | TIRES, N.O.S.<br>40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN | 25,242.000 KG<br>55,649.070 LB | |
| CTRNO: TRLU7432976<br>SEALCODE1: 2301334 | 1 | TIRES, N.O.S.<br>40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,242.000 KG<br>55,649.070 LB | |

NOTE:  THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTIONS; DURING ANY TRANSPORTATION CONFINED WITHIN THE U.S. (FOR OR BY) THE U.S. CARRIAGE OF GOODS, BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND, AND DURING ALL OTHER TRANSPORTATION EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.10 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.3 ON THE REVERSE SIDE).    PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one).  FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ___ originals are signed. When one original is accomplished the other (s) will be void. | | | |
| SAN FRANCISCO • _____  08-Dec-2012 | | | |
| ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC.<br>BY/FOR<br>X | DATE | | |

73UOF810I REV 04/2012

ID:4121894064 User:eksatogiwa TIF SN:7780498858 MAWB:MOSSFO62783438 Print GMT:4/30/2013 8:07:17 PM pg:4

| UPS Supply Chain Solutions™ | (UPS) | **UPS OCEAN FREIGHT SERVICES, INC.**<br>OTI License No.015371N<br>MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | **Waybill**<br>☒ *Waybill ☐ *Bill of Lading |
|---|---|---|---|

| SHIPPER/EXPORTER<br>SOLA<br>24520 DR COUNTY COLD CREEK RD<br>STE 100<br>CALABASAS CA 91302 US | | DOCUMENT NO.<br>NAM1500273 | BILL NUMBER<br>7780498858 |
|---|---|---|---|

EXPORT REFERENCES

| CONSIGNEE<br>SSANGYOUNG ECOTEC LTD<br>SSANGYOUNG BLDG 24-1,2-GA JEO DONG J<br>50 WELLINGTON STREET<br>SEOUL KR 100748 | FORWARDING AGENT-REFERENCES<br>UPS SUPPLY CHAIN SOLUTIONS, FMC #275F<br>550-3 ECCLES AVE.<br>SOUTH SAN FRANCISCO CA 94080 US |
|---|---|
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |
| NOTIFY PARTY<br>SSANGYOUNG ECOTEC LTD<br>SSANGYOUNG BLDG 24-1,2-GA JEO DONG J<br>50 WELLINGTON STREET<br>SEOUL KR 100748 | DELIVERY AGENT<br>UPS SUPPLY CHAIN SOLUTIONS (UK) LTD<br>AS AGENTS FOR UPS EUROPE SA<br>UNIT 1, AIR CARGO CENTRE<br>GLASGOW PA3 2AY GB |
| PLACE OF RECEIPT<br>                    OAKLAND | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of<br>Other Means of Transportation)<br>SL COMET V UN270W | SEA/AIR PORT OF LOADING<br>OAKLAND, CA, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT | |
|---|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraph 15 of on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: TTNU9024584<br>SEALCODE1: 2301794 | 1 | 40' HIGH CUBE CONTAINER 26 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,242.000 KG<br>55,649.070 LB | |
| | | THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT<br>ADMINISTRATION REGULATIONS. DIVERSION CONTRARY TO U.S. LAW PROHIBITED.<br>EXPRESS BILL OF LADING OR TELEX RELEASE REQUIRED<br>FREIGHT PREPAID<br><br>AES X20121203047110 | | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION, DURING ANY TRANSPORTATION COVERED WITH THE TERMS OF LAW 9719 U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT. DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND AND DURING ALL OTHER TRANSPORTATION EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT. THE FOLLOWING SPACE AND PAYING A HIGHER CHARGE (SEE CLAUSE 7.2 ON THE REVERSE SIDE). PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (CHECK ONE). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ONCARRIAGE.

| RECEIVED at the Place of Receipt (or (where this is a Port to Port shipment) at the Sea/Air Port of Loading) in apparent external good order and condition, except as otherwise noted, the packages and/or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, _____ originals are issued. When one original is accomplished, the other (s) will be void. | **CHARGES** | **PREPAID** | **COLLECT** |
|---|---|---|---|
| SAN FRANCISCO -<br>8FO<br>ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | 08-Dec-2012<br>DATE | | |

PRUOF 510h REV 04/2013

| UPS Supply Chain Solutions™   (UPS) | **UPS OCEAN FREIGHT SERVICES, INC.**<br>OTI License No. 018871N<br>MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | **Waybill** |
|---|---|---|

☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER<br>SOLA<br>24520 DR COUNTY COLD CREEK RD<br>STE 100<br>CALABASAS CA 91302 US | DOCUMENT NO.<br>NAM1509404 | BILL NUMBER<br>7780628218 |
|---|---|---|
| | EXPORT REFERENCES | |

| CONSIGNEE<br>SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | FORWARDING AGENT-REFERENCES<br>UPS SUPPLY CHAIN SOLUTIONS,  FMC #275F<br>550-3 ECCLES AVE.<br>SOUTH SAN FRANCISCO CA 94080 US |
|---|---|
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |

| NOTIFY PARTY<br>SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | DELIVERY AGENT<br>UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-86 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |
|---|---|

| PLACE OF RECEIPT | OAKLAND | FCL |
|---|---|---|

| EXPORTING CARRIER (Vessel) Name or Designation of<br>SEA-LAND CHARGER UN276W | SEA/AIR PORT OF LOADING<br>OAKLAND, CA, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (See Paragraphs 16-19 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: CRXU9873040<br>SEALCODE1: 8323215 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,242.000 KG<br>55,649.070 LB | |
| CTRNO: GESU6467888<br>SEALCODE1: 8323228 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,242.000 KG<br>55,649.070 LB | |
| CTRNO: TRLU8264959<br>SEALCODE1: 832390 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,242.000 KG<br>55,649.070 LB | |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT
ADMINISTRATION REGULATIONS.  DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING OR TELEX RELEASE REQUIRED
FREIGHT PREPAID

AES X20121217056086

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW AT THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT [SEE CLAUSE 7.2 ON THE REVERSE SIDE].
_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one).  FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS A CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ____0____ originals are signed. When one original is accomplished, the other (s) will be void. | | | |
| SAN FRANCISCO -<br>CFS<br>ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | 20-Dec-2012<br>DATE | | |

* If only the Bill of Lading box is checked , fill ... ... (text illegible)

23UOFS101 REV 04/2012

# EXHIBIT E

ID:4118356229  User:eksatogiwa  TIF  SN:778024334T  MAWB:MOSSJU62731335  Print GMT:4/30/2013 8:01:16 PM pg:1

| UPS Supply Chain Solutions℠ | **UPS OCEAN FREIGHT SERVICES, INC.**<br>OTI License No. 016871N<br>MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | Waybill |
|---|---|---|

☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA<br>24520 DRY CANYON COLD CREEK RD<br>CALABASAS, CA 91302 SJU BOOK<br>CAROLINA PR 00979 US | 26005060303 | 778024334T |

**EXPORT REFERENCES**
AWB 778024334T

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |

**POINT AND COUNTRY OF ORIGIN**
CAROLINA PR US

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| | SAN JUAN | FCL |

| EXPORTING CARRIER (Vessel) Name or Designation of other means of transportation)<br>ZENIT 029 | SEA/AIR PORT OF LOADING<br>SAN JUAN, PR | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| | 420 | PALLETS<br>SAID TO CONTAIN 28 BALES<br>TIRES, USED, N.O.S. | 394,843.000 KG<br>870,038.640 LB | 40.000 M3<br>1,412.400 F3 |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT
ADMINISTRATION REGULATIONS. DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT
FREIGHT PREPAID
SHIPED ON BOARD: 03-NOV-2103

No EEI FTR 30.37(a)

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, the _0_ originals are signed. When one original is accomplished, the other (s) will be void. | | | |

SAN JUAN                              08-Nov-2012

| ISSUED AT | DATE |
|---|---|
| UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | |

If (1) the Bill of Lading box is checked, OR (2) "continued" in "Rider" this document shall constitute a negotiable Bill of Lading, which must be surrendered before the Goods may be released. If (1) the Waybill box is checked, this document shall constitute a non-negotiable sea waybill, which, in Carrier's sole discretion, may not be required to be surrendered to obtain release of the Goods.

23U/OFS101 REV 04/2012

ID:4118356302  User:eksatogiwa TIF SN:7780340898 MAWB:MOSSJU62742972  Print GMT:4/30/2013 8:02:25 PM pg:1

| UPS Supply Chain Solutions℠ | **UPS OCEAN FREIGHT SERVICES, INC.**<br>OTI License No. 016871N<br>MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | Waybill | |
|---|---|---|---|
| | | ☒ *Waybill | ☐ *Bill of Lading |

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA<br>24520 DRY CANYON COLD CREEK RD<br>CALABASAS, CA 91302 SJU BOOK<br>CAROLINA PR 00979 US | 26005084049 | 7780340898 |

**EXPORT REFERENCES**
AWB 7780340898

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |

POINT AND COUNTRY OF ORIGIN
CAROLINA PR US

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | SAN JUAN, PR | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| CONTI ELEKTRA 030 | SAN JUAN, PR | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN, KR | | |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| | 25 | BALES<br>SAID TO CONTAIN<br>USED TIRES | 26,308.000 KG<br>57,999.200 LB | 1.000 M3<br>35.310 F3 |
| | 25 | BALES<br>SAID TO CONTAIN<br>USED TIRES | 26,308.000 KG<br>57,999.200 LB | 1.000 M3<br>35.310 F3 |
| | 25 | BALES<br>SAID TO CONTAIN<br>USED TIRES | 26,308.000 KG<br>57,999.200 LB | 1.000 M3<br>35.310 F3 |
| | 25 | BALES<br>SAID TO CONTAIN<br>USED TIRES | 26,308.000 KG<br>57,999.200 LB | 1.000 M3<br>35.310 F3 |
| | 25 | BALES<br>SAID TO CONTAIN<br>USED TIRES | 26,308.000 KG<br>57,999.200 LB | 1.000 M3<br>35.310 F3 |
| | 25 | BALES<br>SAID TO CONTAIN<br>USED TIRES | 26,308.000 KG<br>57,999.200 LB | 1.000 M3<br>35.310 F3 |
| | 25 | BALES | 26,308.000 KG | 1.000 M3 |

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO \$500 PER PACKAGE OR FOR CARGO NOT PACKAGED \$500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO \$0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO \$0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
$_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT TO PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ___0___ originals are signed. When one original is accomplished, the other (s) will be void.<br><br>**SAN JUAN**          09-Nov-2012 | | | |

PLACE and DATE

ISSUED AT
UPS OCEAN FREIGHT SERVICES, INC.
carrier
X

23/UOFS101 REV 04/2012

ID:4118356302  User:eksalogiwa  TIF  SN:7780340898  MAWB:MOSSJU62742972  Print GMT:4/30/2013 8:02:25 PM pg:2

UPS Supply Chain Solutions™   **UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No.018871N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**
☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA<br>24520 DRY CANYON COLD CREEK RD<br>CALABASAS, CA 91302 SJU BOOK<br>CAROLINA PR 00979 US | 26005084049 | 7780340898 |
| | EXPORT REFERENCES<br>AWB 7780340898 | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |
| | PORT AND COUNTRY OF ORIGIN<br>CAROLINA PR US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| SAN JUAN, PR | FCL | |

| EXPORTING CARRIER (Vessel Name or Designation of other means of Transportation)<br>CONTI ELEKTRA 030 | SEA/AIR PORT OF LOADING<br>SAN JUAN, PR | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT | |
|---|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN, KR | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| | | SAID TO CONTAIN<br>USED TIRES | 57,999.200 LB | 35.310 F3 |
| | 25 | BALES<br>SAID TO CONTAIN<br>USED TIRES | 26,308.000 KG<br>57,999.200 LB | 1.000 M3<br>35.310 F3 |
| | 25 | BALES<br>SAID TO CONTAIN<br>USED TIRES | 26,308.000 KG<br>57,999.200 LB | 1.000 M3<br>35.310 F3 |
| | 25 | BALES<br>SAID TO CONTAIN<br>USED TIRES | 26,308.000 KG<br>57,999.200 LB | 1.000 M3<br>35.310 F3 |
| | 25 | BALES<br>SAID TO CONTAIN<br>USED TIRES | 26,308.000 KG<br>57,999.200 LB | 1.000 M3<br>35.310 F3 |
| | 25 | BALES<br>SAID TO CONTAIN<br>USED TIRES | 26,308.000 KG<br>57,999.200 LB | 1.000 M3<br>35.310 F3 |
| | 25 | BALES<br>SAID TO CONTAIN | 26,308.000 KG<br>57,999.200 LB | 1.000 M3<br>35.310 F3 |

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITHIN THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $2.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
_____PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one).  FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ___0___ originals are signed. When one original is accomplished, the other (s) will be void.<br><br>**SAN JUAN**     **09-Nov-2012** | | | |
| ISSUED AT    DATE<br>UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | | | |

23UOFS101 REV 04/2012

ID:4118356302  User:eksatogiwa  TIF  SN:7780340898  MAWB:MOSSJU62742972  Print GMT:4/30/2013 8:02:25 PM pg:3

UPS Supply Chain Solutions℠

**UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No.018871N
**MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT**

Waybill
☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA<br>24520 DRY CANYON COLD CREEK RD<br>CALABASAS, CA 91302 SJU BOOK<br>CAROLINA PR 00979 US | 26005084049 | 7780340898 |
| | EXPORT REFERENCES<br>AWB 7780340898 | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |
| | POINT AND COUNTRY OF ORIGIN<br>CAROLINA PR US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| SAN JUAN, PR | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| CONTI ELEKTRA 030 | SAN JUAN, PR | OCEAN PORT To OCEAN PORT |
| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
| BUSAN, KR | BUSAN, KR | | |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| | 25 | USED TIRES<br>BALES<br>SAID TO CONTAIN<br>USED TIRES | 26,308.000 KG<br>57,999.200 LB | 1.000 M3<br>35.310 F3 |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT ADMINISTRATION REGULATIONS.  DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT
FREIGHT PREPAID
SHIPPED ON BOARD: 10-NOV-2013

No EEI FTR 30.37(a)

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
$___0____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one).  FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ___0___ originals are signed. When one original is accomplished, the other (s) will be void. | | | |

SAN JUAN                          09-Nov-2012
ISSUED AT                         DATE
UPS OCEAN FREIGHT SERVICES, INC.
carrier
X

23UOFS101 REV 04/2012

Exhibit E page 49

ID:4122688762  User:eksatogiwa  TIF  SN:7780353625  MAWB:MOSMIA62744560  Print GMT:4/30/2013 8:02:59 PM pg:1

| UPS Supply Chain Solutions℠ | **UPS OCEAN FREIGHT SERVICES, INC.** OTI License No. 015871 N **MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT** | **Waybill** ☒ *Waybill   ☐ *Bill of Lading |

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| UPS OCEAN FREIGHT SERVICES, INC 3400 NW 74TH AVENUE STE 5 & 6 MIAMI FLORIDA 33122 | NAM1472993 | 7780353625 |

| | EXPORT REFERENCES |
|---|---|
| | AWB 7780353625 |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD 90 SADORI GUNBUK MYUN HAMAN GUN GYEONGNAM TEL 82112847265 SEOUL KR 100748 | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F 3400 NW 74TH AVE MIAMI FL 33172 US |

| | POINT AND COUNTRY OF ORIGIN |
|---|---|
| | CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC 2010 CJ  534, 6-DONG EMAIL: JWASAN@CHOL.COM ANYANG KR | UPS SCS KOREA LIMITED 1-5F HANYOUNG BLDG 77-66 MULLAE-DONG 3 GA SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| MIAMI | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| CMA CGM VIRGINIA PG772W | MIAMI, FL, US | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-18 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| | 25 | BALES SAID TO CONTAIN TIRES N.O.S. | 25,242.000 KG 55,649.070 LB | 50.639 M3 1,788.063 F3 |
| | 25 | HS3 4004000000 BALES SAID TO CONTAIN TIRES N.O.S. | 25,397.000 KG 55,990.780 LB | 50.639 M3 1,788.063 F3 |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT ADMINISTRATION REGULATIONS.  DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
FREIGHT PREPAID

No EEI FTR 30.37(a)

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING AIR TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT;  DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND;  AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE). _____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at this Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading,  0  originals are signed. When one original is accomplished, the other (s) will be void. | | | |
| **MIAMI** | **12-Nov-2012** | | |
| ISSUED AT DATE UPS OCEAN FREIGHT SERVICES, INC. carrier X | | | |

If the B/L/Lading box is checked, "IOR", if "consigned" "To Order", this document will constitute a negotiable bill of lading, which must be surrendered before the Goods may be released. If only the waybill box at the top, this document will constitute a non-negotiable sea waybill, which, in Carrier's sole discretion, may not be required to be surrendered to obtain release of the Goods.

23UOFS101 REV 04/2012

Exhibit E page 50

ID:4121694268   User:eksatogiwa  TIF  SN:7780444452  Print GMT:4/30/2013 8:05:01 PM pg:1

UPS Supply Chain Solutions™   **UPS OCEAN FREIGHT SERVICES, INC.**   Waybill
UPS License No. 016871N
**MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT**   ☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | B/L NUMBER |
|---|---|---|
| UPS OCEAN FREIGHT SERVICES INC<br>FMC#016871N<br>STATE RD 175 KM 0.4<br>RIO CANAS WARD<br>CAGUAS PR 00725 | 26005187973 | 7780444452 |

EXPORT REFERENCES

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GS CORPORATION<br>91-1, GUNJA-DONG,GWANGJIN-GU<br>SEOUL,143-838 KOREA | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #276F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |

POINT AND COUNTRY OF ORIGIN
CALABASAS CA US

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| GS CORPORATION<br>91-1, GUNJA-DONG,GWANGJIN-GU<br>SEOUL,143-838 KOREA | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| SAN JUAN, PR | FCL |

| EXPORTING CARRIER (Vessel/Name or Designation of | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| CONTI ELEKTRA 031 | SAN JUAN, PR | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|
| BUSAN, KR | BUSAN, KR | |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 13-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: CAIU8116262<br>SEALCODE1: 2080481 | 1 | 40' HIGH CUBE CONTAINER 30 PALLETS<br>SAID TO CONTAIN<br>USED TIRES | 26,307.450 KG<br>57,997.980 LB | 2.667 M3<br>94.160 F3 |
| CTRNO: CAIU8116265<br>SEALCODE1: 2080483 | 1 | 40' HIGH CUBE CONTAINER 30 PALLETS<br>SAID TO CONTAIN<br>USED TIRES | 26,307.450 KG<br>57,997.980 LB | 2.667 M3<br>94.160 F3 |
| CTRNO: FCIU8792753<br>SEALCODE1: 2080487 | 1 | 40' HIGH CUBE CONTAINER 30 PALLETS<br>SAID TO CONTAIN<br>USED TIRES | 26,307.450 KG<br>57,997.980 LB | 2.667 M3<br>94.160 F3 |
| CTRNO: GESU6119943<br>SEALCODE1: 2080489 | 1 | 40' HIGH CUBE CONTAINER 30 PALLETS<br>SAID TO CONTAIN<br>USED TIRES | 26,307.450 KG<br>57,997.980 LB | 2.667 M3<br>94.160 F3 |
| CTRNO: MOTU0214620<br>SEALCODE1: 2080488 | 1 | 40' HIGH CUBE CONTAINER 30 PALLETS<br>SAID TO CONTAIN<br>USED TIRES | 26,307.450 KG<br>57,997.980 LB | 2.667 M3<br>94.160 F3 |
| CTRNO: MOTU0410334<br>SEALCODE1: 2080491 | 1 | 40' HIGH CUBE CONTAINER 30 PALLETS<br>SAID TO CONTAIN<br>USED TIRES | 26,307.450 KG<br>57,997.980 LB | 2.667 M3<br>94.160 F3 |
| CTRNO: MOTU0807160 | | 40' HIGH CUBE CONTAINER 30 PALLETS | 26,307.450 KG | 2.687 M3 |

NOTE:

RECEIVED at the Place of Receipt or person this is a Port to Port shipment, or the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and/or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request if this document is a Bill of Lading. 0 originals are signed. When one original is accomplished, the other (s) will be void.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| OCEAN 40' HC | | | |
| | TOTAL | | |

LOS ANGELES                    23-Nov-2012
ISSUED AT                           DATE
UPS OCEAN FREIGHT SERVICES, INC.
as agent
X

23UOF8101 REV 042012

Exhibit E page 51

ID:4121694268   User:eksatogiwa TIF SN:7780444452  Print GMT:4/30/2013 8:05:01 PM pg:2

UPS Supply Chain Solutions™    (UPS)

**UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No. 015871N
**MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT**

Waybill
☒ *Waybill       ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| UPS OCEAN FREIGHT SERVICES INC<br>FMC#015871N<br>STATE RD 175 KM 0.4<br>RIO CANAS WARD<br>CAGUAS PR 00725 | 26005157973 | 7780444452 |

EXPORT REFERENCES

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GS CORPORATION<br>91-1, GUNJA-DONG,GWANGJIN-GU<br>SEOUL,143-838 KOREA | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |

| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |
|---|---|

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| GS CORPORATION<br>91-1, GUNJA-DONG,GWANGJIN-GU<br>SEOUL,143-838 KOREA | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| SAN JUAN, PR | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| CONTI ELEKTRA 031 | SAN JUAN, PR | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN, KR | | |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-19 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| SEALCODE1: 2080484 | | SAID TO CONTAIN<br>USED TIRES | 57,997.980 LB | 94.160 F3 |
| CTRNO: MOTU0716643<br>SEALCODE1: 208482 | 1 | 40' HIGH CUBE CONTAINER 30 PALLETS<br>SAID TO CONTAIN<br>USED TIRES | 26,307.450 KG<br>57,997.980 LB | 2.667 M3<br>94.160 F3 |
| CTRNO: TCLU5350289<br>SEALCODE1: 2080492 | 1 | 40' HIGH CUBE CONTAINER 30 PALLETS<br>SAID TO CONTAIN<br>USED TIRES | 26,307.450 KG<br>57,997.980 LB | 2.667 M3<br>94.160 F3 |
| CTRNO: TCLU8883131<br>SEALCODE1: 2080484 | 1 | 40' HIGH CUBE CONTAINER 30 PALLETS<br>SAID TO CONTAIN<br>USED TIRES | 26,307.450 KG<br>57,997.980 LB | 2.667 M3<br>94.160 F3 |
| CTRNO: TCNU8003022<br>SEALCODE1: 2080486 | 1 | 40' HIGH CUBE CONTAINER 30 PALLETS<br>SAID TO CONTAIN<br>USED TIRES | 26,307.450 KG<br>57,997.980 LB | 2.667 M3<br>94.160 F3 |
| CTRNO: TCNU8008712<br>SEALCODE1: 2080453 | 1 | 40' HIGH CUBE CONTAINER 30 PALLETS<br>SAID TO CONTAIN<br>USED TIRES | 26,307.450 KG<br>57,997.980 LB | 2.667 M3<br>94.160 F3 |
| CTRNO: TGHU5167570<br>SEALCODE1: 2080490 | 1 | 40' HIGH CUBE CONTAINER 30 PALLETS<br>SAID TO CONTAIN | 26,307.450 KG<br>57,997.980 LB | 2.667 M3<br>94.160 F3 |

NOTE: THE SHIPPER'S LIABILITY SHALL BE LIMITED AS FOLLOWS: (1) FOR ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION, EUROPEAN TRANSPORTATION GOVERNED UNDER THE FORCE OF LAW IN THE US. CARRIAGE...

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where) this is a Port to Port Shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and/or goods (or, if the goods are in containers, the containers) described below for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side, it is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, the originals are signed. When one original is accomplished, the other list will be void. | | | |

LOS ANGELES    23-Nov-2012
DATE

ISSUED AT
UPS OCEAN FREIGHT SERVICES, INC.
Carrier
X

ID:4121694268   User:eksatogiwa  TIF  SN:7780444452   Print GMT:4/30/2013 8:05:01 PM pg:3

UPS Supply Chain Solutions℠          **UPS OCEAN FREIGHT SERVICES, INC.**          Waybill
                                     OTI License No. 016871N                         ☒ *Waybill      ☐ *Bill of Lading
                                     MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| UPS OCEAN FREIGHT SERVICES INC<br>FMC#016871N<br>STATE RD 175 KM 0.4<br>RIO CANAS WARD<br>CAGUAS PR 00725 | 26005157973 | 7780444452 |
| | IMPORT REFERENCE | |

| CONSIGNEE | FORWARDING AGENT REFERENCES |
|---|---|
| GS CORPORATION<br>91-1, GUNJA-DONG,GWANGJIN-GU<br>SEOUL,143-838 KOREA | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| GS CORPORATION<br>91-1, GUNJA-DONG,GWANGJIN-GU<br>SEOUL,143-838 KOREA | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-86 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | SAN JUAN, PR | FCL |
| EXPORTING CARRIER (Vessel Name or Designation of<br>Means of Transportation)<br>CONTI ELEKTRA 031 | SEA/AIR PORT OF LOADING<br>SAN JUAN, PR | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN, KR | PRE-CARRIAGE BY |  PLACE OF RECEIPT BY PRE-CARRIER |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-19 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO:TGHU8057036<br>SEALCODE1: 2080485 | 1 | USED TIRES<br>40' HIGH CUBE CONTAINER 30 PALLETS<br>SAID TO CONTAIN<br>USED TIRES | 26,307.450 KG<br>57,997.980 LB | 2.667 M3<br>94.160 F3 |
| CTRNO:TGHU8007804<br>SEALCODE1: 2080470 | 1 | 40' HIGH CUBE CONTAINER 30 PALLETS<br>SAID TO CONTAIN<br>USED TIRES | 26,307.450 KG<br>57,997.980 LB | 2.667 M3<br>94.160 F3 |
| EXPRESS BILL OF LADING/NO ORIGINALS ISSUED<br>FREIGHT PREPAID<br><br>No EEI FTR 30.37(e) | | | | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY PORT PACKAGE AND TRANSPORTATION AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION, DURING ANY TRANSPORTATION COVERED WITHIN THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $2.50 PER POUND  AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS TO $500 PER PKG. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER PKG PACKAGE. CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.3 ON THE REVERSE SIDE)
PER KG. PACKAGE, CUSTOMARY FREIGHT UNIT OR ENTIRE SHIPMENT (Circle one) FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MAY, BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER UNITES 3 BL OF LADING IS ISSUED BY A UPS COMPANY INDICATES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE

RECEIVED in the Place of Receipt or before the a Port to Port shipment at the SEA/AP Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods for, if the goods are in containers, the container(s) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.

This contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side it is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, _____0_____ originals are signed. When one original is accomplished, the other (s) will be void.

| CHARGES | PREPAID | COLLECT |
|---|---|---|
| | | |

| ISSUED AT | DATE |
|---|---|
| LOS ANGELES | 23-Nov-2012 |

ISSUED BY
UPS OCEAN FREIGHT SERVICES, INC.
X

29-UOFS101 REV 04/2013

ID:4118356101  User:eksatoglwa  TIF  SN:7780544772  MAWB:MOSSJU62771319  Print GMT:4/30/2013 8:06:09 PM pg:1

UPS Supply Chain Solutions℠   **UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No.016871N
**MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT**

Waybill
☒ *Waybill    ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA<br>24520 DRY CANYON COLD CREEK RD<br>CALABASAS, CA 91302 SJU BOOK<br>CAROLINA PR 00979 US | 865334382 | 7780544772 |
| | EXPORT REFERENCES<br>AWB 7780544772 | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |
| | POINT AND COUNTRY OF ORIGIN<br>CAROLINA PR US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | SAN JUAN | FCL |

| EXPORTING CARRIER (Vessel/Name or Designation of other means of Transportation)<br>MAERSKWALVIS BAY 1238 | SEA/AIR PORT OF LOADING<br>SAN JUAN, PR | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT | |
|---|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

| **PARTICULARS FURNISHED BY SHIPPER** | | | | |
|---|---|---|---|---|
| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
| CTRNO: APMU8054249<br>SEALCODE1: UL2084806 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MAEU8282607<br>SEALCODE1: 20804803 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU2028628<br>SEALCODE1: UL2084812 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU2067075<br>SEALCODE1: UL2084805 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU2080210<br>SEALCODE1: 2084847 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU2808199<br>SEALCODE1: UL2084807 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU2937257 | 1 | 40' HIGH CUBE CONTAINER 28 BALES | 27,331.250 KG | 40.000 M3 |

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
_____0_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one).  FOR PORT TO PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>This contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a BII of Lading, __0__ originals are signed. When one original is accomplished, the other (s) will be void. | | | |
| SAN JUAN<br><br>ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | 06-Dec-2012<br><br>DATE | | |

23.UOFS.I.01 REV 06/2012

Exhibit E page 54

ID:4118356101  User:eksatogiwa TIF  SN:7780544772  MAWB:MOSSJU62771319  Print GMT:4/30/2013 8:06:09 PM pg:2

UPS Supply Chain Solutions℠     **UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No.016871N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

Waybill
☒ *Waybill     ☐ *Bill of Lading

| SHIPPER/EXPORTER | | DOCUMENT NO. | | BILL NUMBER |
|---|---|---|---|---|
| DDR RECYCLING USA<br>24520 DRY CANYON COLD CREEK RD<br>CALABASAS, CA 91302 SJU BOOK<br>CAROLINA PR 00979 US | | 865334382 | | 7780544772 |

| CONSIGNEE | | FORWARDING AGENT-REFERENCES |
|---|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |

EXPORT REFERENCES
AWB 7780544772

POINT AND COUNTRY OF ORIGIN
CAROLINA PR US

| NOTIFY PARTY | | DELIVERY AGENT |
|---|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | SAN JUAN | FCL |

| EXPORTING CARRIER (Vessel) Name or Designation of<br>other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| MAERSKWALVIS BAY 1238 | SAN JUAN, PR | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-18 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| SEALCODE1: 2084808 | | SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 60,255.080 LB | 1,412.400 F3 |
| CTRNO: MRKU3124170<br>SEALCODE1: UL2084815 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU3624154<br>SEALCODE1: 2084800 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU3786730<br>SEALCODE1: UL2084804 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU4117787<br>SEALCODE1: UL2084801 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU4270836<br>SEALCODE1: UL2081483 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU4273835<br>SEALCODE1: UL2084814 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | | PREPAID | COLLECT |
|---|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the container(s) described above) for transportation to the Place of Delivery or the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, _0_ originals are signed. When one original is accomplished, the other (s) will be void. | | | | |

SAN JUAN
ISSUED AT
UPS OCEAN FREIGHT SERVICES, INC.
carrier
X

06-Dec-2012
DATE

23UOFS101 REV 04/2012

ID:4118356101  User:eksatogiwa  TIF  SN:7780544772  MAWB:MOSSJU62771319  Print GMT:4/30/2013 8:06:09 PM pg:3

**UPS Supply Chain Solutions™**

**UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No. 016871N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**
☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA<br>24520 DRY CANYON COLD CREEK RD<br>CALABASAS, CA 91302 SJU BOOK<br>CAROLINA PR 00979 US | 865334382 | 7780544772 |
| | EXPORT REFERENCES<br>AWB 7780544772 | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |
| | POINT AND COUNTRY OF ORIGIN<br>CAROLINA PR US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| SAN JUAN | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation)<br>MAERSK WALVIS BAY 1238 | SEA/AIR PORT OF LOADING<br>SAN JUAN, PR | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT | |
|---|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: MRKU4276310<br>SEALCODE1: UL2084849 | 1 | TIRES, USED, N.O.S.<br>40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MSKU0357694<br>SEALCODE1: 20894810 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MSKU0556633<br>SEALCODE1: 2369 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MSKU0674791<br>SEALCODE1: UL2084820 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MSKU0751516<br>SEALCODE1: UL2084816 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MSKU0846928<br>SEALCODE1: UL2084817 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |

**NOTE:** THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
$_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, 0 originals are signed. When one original is accomplished, the other (s) will be void. | | | |
| SAN JUAN | 06-Dec-2012 | | |
| ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | DATE | | |

73UOFS101 REV 04/2012

Exhibit E page 56

ID:4118356101  User:eksatogiwa  TIF  SN:7780544772  MAWB:MOSSJU82771319  Print GMT:4/30/2013 8:06:09 PM pg:4

UPS Supply Chain Solutions℠

## UPS OCEAN FREIGHT SERVICES, INC.
OTI License No. 016971N
### MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**
☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA<br>24520 DRY CANYON COLD CREEK RD<br>CALABASAS, CA 91302 SJU BOOK<br>CAROLINA PR 00979 US | 865334382 | 7780544772 |

**EXPORT REFERENCES**
AWB 7780544772

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |

**POINT AND COUNTRY OF ORIGIN**
CAROLINA PR US

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

**PLACE OF RECEIPT**
SAN JUAN

FCL

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| MAERSK WALVIS BAY 1238 | SAN JUAN, PR | OCEAN PORT To OCEAN PORT |
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: MSKU1528493<br>SEALCODE1: UL2084832 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MSKU1691108<br>SEALCODE1: 2084838 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MSKU8388599<br>SEALCODE1: UL2084809 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MSKU8755797<br>SEALCODE1: 2084811 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MSKU8766960<br>SEALCODE1: 2084833 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MSKU8921711<br>SEALCODE1: UL2084818 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MSKU9085869 | 1 | 40' HIGH CUBE CONTAINER 28 BALES | 27,331.250 KG | 40.000 M3 |

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO 10.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $500 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
$ ____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ____0____ originals are signed. When one original is accomplished, the other (s) will be void. | | | |

SAN JUAN                    06-Dec-2012
ISSUED AT                    DATE
UPS OCEAN FREIGHT SERVICES, INC.
carrier
X

23 UOFS101 REV 04/2012

Exhibit E page 57

ID:4118356101  User:eksatogiwa TIF  SN:7780544772  MAWB:MOSSJU62771319  Print GMT:4/30/2013 8:06:09 PM pg:5

| UPS Supply Chain Solutions℠  (UPS) | **UPS OCEAN FREIGHT SERVICES, INC.**  OTI License No.016871N  **MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT** | Waybill | ☒ \*Waybill ☐ \*Bill of Lading |

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA<br>24520 DRY CANYON COLD CREEK RD<br>CALABASAS, CA 91302 SJU BOOK<br>CAROLINA PR 00979 US | 865334382 | 7780544772 |
| | EXPORT REFERENCES | |
| | AWB 7780544772 | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |
| | POINT AND COUNTRY OF ORIGIN |
| | CAROLINA PR US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | SAN JUAN | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of<br>other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| MAERSKWALVIS BAY 1238 | SAN JUAN, PR | OCEAN PORT To OCEAN PORT |
| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
| BUSAN, KR | BUSAN | | |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-19 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| SEALCODE1: 2084819 | | SAID TO CONTAIN | 60,255.080 LB | 1,412.400 F3 |
| CTRNO: MSKU9105693<br>SEALCODE1: 4788300 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MSKU9404760<br>SEALCODE1: UL2084826 | 1 | TIRES, USED, N.O.S.<br>40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MSKU9551720<br>SEALCODE1: 4788299 | 1 | TIRES, USED, N.O.S.<br>40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MSKU9714365<br>SEALCODE1: 2084836 | 1 | TIRES, USED, N.O.S.<br>40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MSKU9806440<br>SEALCODE1: UL2084848 | 1 | TIRES, USED, N.O.S.<br>40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MVIU0001194<br>SEALCODE1: UL2084821 | 1 | TIRES, USED, N.O.S.<br>40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED BY THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).

_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request, if this document is a Bill of Lading ___0___ originals are signed. When one original is accomplished, the other (s) will be void. | | | |
| SAN JUAN         06-Dec-2012 | | | |
| ISSUED AT                 DATE | | | |
| UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | | | |

Exhibit E page 58

ID:4118356101  User:eksalogiwa  TIF  SN:7780544772  MAWB:MOSSJU62771319   Print GMT:4/30/2013 8:06:09 PM:pg:6

| UPS Supply Chain Solutions™ | **UPS OCEAN FREIGHT SERVICES, INC.**<br>OTI License No. 016971N<br>MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | **Waybill** |
|---|---|---|
| | | ☒ *Waybill   ☐ *Bill of Lading |

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA<br>24520 DRY CANYON COLD CREEK RD<br>CALABASAS, CA 91302 SJU BOOK<br>CAROLINA PR 00979 US | 865334382 | 7780544772 |
| | EXPORT REFERENCES<br>AWB 7780544772 | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |
| | POINT AND COUNTRY OF ORIGIN<br>CAROLINA PR US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| SAN JUAN | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of<br>other means of Transportation)<br>MAERSKWALVIS BAY 1238 | SEA/AIR PORT OF LOADING<br>SAN JUAN, PR | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

| PARTICULARS FURNISHED BY SHIPPER | | | | |
|---|---|---|---|---|
| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
| | | TIRES, USED, N.O.S. | | |
| CTRNO: PONU1856620<br>SEALCODE1: UL2084829 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: PONU7105360<br>SEALCODE1: 2084835 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: PONU7332131<br>SEALCODE1: UL2084834 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: PONU7643473<br>SEALCODE1: UL2084840 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: PONU7946510<br>SEALCODE1: UL2084831 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: PONU8133788<br>SEALCODE1: UL2084837 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITHIN THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND, AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7 ON THE REVERSE SIDE).
$ ____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY OR ON SHIPMENT IN THE CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or before this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be. | | | |
| The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ____0____ originals are signed. When one original is accomplished, the other (s) will be void. | | | |
| SAN JUAN | 06-Dec-2012 | | |
| ISSUED AT | DATE | | |
| UPS OCEAN FREIGHT SERVICES, INC.<br>X | | | |

* If either the Bill of Lading box is checked, _no_ . (Company) "No Order", this document will constitute a negotiable Bill of Lading, which must be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable waybill...   723/OFS101 REV 04/2012

Exhibit E page 59

ID:4118356101  User:eksatogiwa  TIF  SN:7780544772  MAWB:MOSSJU62771319  Print GMT:4/30/2013 8:06:09 PM pg:7

**UPS** UPS Supply Chain Solutions℠

# UPS OCEAN FREIGHT SERVICES, INC.
OTI License No. 016871N
## MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**
☒ *Waybill    ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA<br>24520 DRY CANYON COLD CREEK RD<br>CALABASAS, CA 91302 SJU BOOK<br>CAROLINA PR 00979 US | 865334382 | 7780544772 |
|  | EXPORT REFERENCES<br>AWB 7780544772 | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |
|  | POINT AND COUNTRY OF ORIGIN<br>CAROLINA PR US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | SAN JUAN | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation)<br>MAERSKWALVIS BAY 1238 | SEA/AIR PORT OF LOADING<br>SAN JUAN, PR | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: TCLU5296233<br>SEALCODE1: UL2084841 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: TGHU7895667<br>SEALCODE1: UL2084813 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 27,331.250 KG<br>60,255.080 LB | 40.000 M3<br>1,412.400 F3 |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT
ADMINISTRATION REGULATIONS.  DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT
FREIGHT PREPAID
SHIPPED ON BOARD: 06-DEC-2012

No EEI FTR 30.37(a)

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO \$500 PER PACKAGE OR FOR CARGO NOT PACKAGED \$500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO \$0.10 PER POUND, AND DURING ALL OTHER TRANSPORTATION EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO \$0.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
\$_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one).  FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, __0__ originals are signed. When one original is accomplished, the other (s) will be void.<br><br>SAN JUAN | | | |

| ISSUED AT | DATE |
|---|---|
| SAN JUAN | 06-Dec-2012 |
| UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | |

* If only the Bill of Lading box is checked, this document will constitute a negotiable Bill of Lading, which must be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable waybill receipt, which in Carrier's sole discretion, may not be required to be surrendered to obtain release of the Goods.

23/OFS101 REV 04/2012

ID:4117058601  User:eksatogiwa  TIF  SN:7780931554  MAWB:MOSSJU62826398  Print GMT:5/2/2013 12:28:13 AM pg:1

UPS Supply Chain Solutions℠

# UPS OCEAN FREIGHT SERVICES, INC.
OTI License No. 016871N
## MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**
☒ *Waybill    ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA<br>24520 DRY CANYON COLD CREEK RD<br>CALABASAS, CA 91302 SJU BOOK<br>CAROLINA PR 00979 US | 865099462 | 7780931554 |

| | EXPORT REFERENCES |
|---|---|
| | CUST BOOKING REF: 865099462 CONS<br>CUST BOOKING REF: 865099462 |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |

| | POINT AND COUNTRY OF ORIGIN |
|---|---|
| | CAROLINA PR US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | SAN JUAN | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| MEARSK WALVIS BAY 1304 | SAN JUAN, PR | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-18 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: MIEU0031406<br>SEALCODE1: 2084910 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 26,308.630 KG<br>58,000.580 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU2234552<br>SEALCODE1: 2084908 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 26,308.630 KG<br>58,000.580 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU2591020<br>SEALCODE1: 4788297 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 26,308.630 KG<br>58,000.580 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU3536650<br>SEALCODE1: 2084907 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 26,308.630 KG<br>58,000.580 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU4270707<br>SEALCODE1: 2084909 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 26,308.630 KG<br>58,000.580 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU4333111<br>SEALCODE1: 4788293 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 26,308.630 KG<br>58,000.580 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU4385877 | 1 | 40' HIGH CUBE CONTAINER 28 BALES | 26,308.630 KG | 40.000 M3 |

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION COVERED WITHIN THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND, AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE) $_____ 0 _____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and/or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be. | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| | OCEAN 40' HC | | 15,750.00 USD |
| | TOTAL | | 15,750.00 USD |
| The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, __0__ originals are signed. When one original is accomplished, the other (s) will be void. | TL1 - 4014660007.9700 | | |

| SAN JUAN | 25-Jan-2013 |
|---|---|
| ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | DATE |

* Cert if the Bill of Lading box is checked, BOL if concerned "G Order", the document will constitute a negotiable bill of lading, which must be surrendered before the Goods may be arranged. If on the Waybill box is checked the document will constitute a non-negotiable sea waybill, which does not have to be surrendered to obtain release of the Goods. If neither box is checked, or both boxes are checked, the document will be a non-negotiable sea waybill, which, in Carrier's sole discretion, may not be required to be surrendered to obtain release of the Goods.

23JOFS101 REV 04/2012

**UPS Supply Chain Solutions™**

**UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No.015871N
**MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT**

**Waybill**
☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA<br>24520 DRY CANYON COLD CREEK RD<br>CALABASAS, CA 91302 SJU BOOK<br>CAROLINA PR 00979 US | 558916624 | 7780773957 |

| | EXPORT REFERENCES |
|---|---|
| | AWB 7780773957 |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |

| | POINT AND COUNTRY OF ORIGIN |
|---|---|
| | CAROLINA PR US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| SAN JUAN | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| MAERSK KENDAL 1302 | SAN JUAN, PR | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-18 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: GESU5936717<br>SEALCODE1: 1341378 | 1 | 40' HIGH CUBE CONTAINER 30 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 26,308.000 KG<br>57,999.200 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU3156496<br>SEALCODE1: 1341388 | 1 | 40' HIGH CUBE CONTAINER 30 BALES<br>SAID TO CONTAIN<br>USED TIRES | 26,308.000 KG<br>57,999.200 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU3515030<br>SEALCODE1: 2080451 | 1 | 40' HIGH CUBE CONTAINER 30 BALES<br>SAID TO CONTAIN<br>USED TIRES | 26,308.000 KG<br>57,999.200 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU4115254<br>SEALCODE1: 1341375 | 1 | 40' HIGH CUBE CONTAINER 30 BALES<br>SAID TO CONTAIN<br>USED TIRES | 26,308.000 KG<br>57,999.200 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU4262403<br>SEALCODE1: 1341389 | 1 | 40' HIGH CUBE CONTAINER 30 BALES<br>SAID TO CONTAIN<br>USED TIRES | 26,308.000 KG<br>57,999.200 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU4262595<br>SEALCODE1: 1341393 | 1 | 40' HIGH CUBE CONTAINER 30 BALES<br>SAID TO CONTAIN<br>USED TIRES | 26,308.000 KG<br>57,999.200 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MSKU0569991 | 1 | 40' HIGH CUBE CONTAINER 30 BALES | 26,308.000 KG | 40.000 M3 |

**NOTE:** THE CARRIERS' LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE). $_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO PORT SHIPMENTS, ARRANGEMENTS FOR ON CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND $_____ TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ____0____ originals are signed. When one original is accomplished, the other (s) will be void. | | | |

SAN JUAN                                    14-Jan-2013
ISSUED AT                                    DATE
UPS OCEAN FREIGHT SERVICES, INC.
carrier
X _____

23UOFS101 REV 04/2012

ID:4118354986   User:eksatogiwa  TIF  SN:7780773957  MAWB:MOSSJU62817373  Print GMT:5/2/2013 12:30:45 AM pg:2

UPS Supply Chain Solutions℠

# UPS OCEAN FREIGHT SERVICES, INC.
### MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT
OTI License No. 016871N

**Waybill**

☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA<br>24520 DRY CANYON COLD CREEK RD<br>CALABASAS, CA 91302 SJU BOOK<br>CAROLINA PR 00979 US | 558916624 | 7780773957 |
| | EXPORT REFERENCES<br>AWB 7780773957 | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |
| | POINT AND COUNTRY OF ORIGIN<br>CAROLINA PR US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | SAN JUAN | FCL |

| EXPORTING CARRIER (Vessel) Name or Designation of other means of Transportation<br>MAERSK KENDAL 1302 | SEA/AIR PORT OF LOADING<br>SAN JUAN, PR | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| SEALCODE1: 1341390 | | SAID TO CONTAIN<br>USED TIRES | 57,999.200 LB | 1,412.400 F3 |
| CTRNO: PONU7434684<br>SEALCODE1: 1341376 | 1 | 40' HIGH CUBE CONTAINER 30 BALES<br>SAID TO CONTAIN<br>USED TIRES | 26,308.000 KG<br>57,999.200 LB | 40.000 M3<br>1,412.400 F3 |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT ADMINISTRATION REGULATIONS. DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT
FREIGHT PREPAID
SHIPPED ON BOARD: 20-NOV-2012

No EEI FTR 30.37(a)

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE (OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
$ _____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ___0___ originals are signed. When one original is accomplished, the other (s) will be void.<br><br>SAN JUAN _____     14-Jan-2013<br>ISSUED AT         DATE<br>UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X _____ | | | |

ID:4118356069  User:eksatogiwa TIF SN:7780751418 MAWB:MOSSJU62801653  Print GMT:5/2/2013 12:34:13 AM pg:1

UPS Supply Chain Solutions™

## UPS OCEAN FREIGHT SERVICES, INC.
OTI License No.016871N
**MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT**

**Waybill**
☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA<br>24520DR<br>CAROLINA PR 00979 US | 865715565 | 7780751418 |

EXPORT REFERENCES
AWB 7780751418
CUST W/E12/28

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |

POINT AND COUNTRY OF ORIGIN
CAROLINA PR US

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | SAN JUAN | FCL |

| EXPORTING CARRIER (Vessel) Name or Designation of other means of transportation)<br>MAERSK WISMAR 1304 | SEA/AIR PORT OF LOADING<br>SAN JUAN, PR | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT M3 |
|---|---|---|---|---|
| CTRNO: CAIU8335229<br>SEALCODE1: UL2084882 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 30,835.710 KG<br>67,981.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU2047680<br>SEALCODE1: UL2084863 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 30,835.710 KG<br>67,981.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU2564071<br>SEALCODE1: UL2084873 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 30,835.710 KG<br>67,981.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU3091306<br>SEALCODE1: UL2084883 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 30,835.710 KG<br>67,981.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU3349561<br>SEALCODE1: UL2084877 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 30,835.710 KG<br>67,981.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU3383571<br>SEALCODE1: UL2084888 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 30,835.710 KG<br>67,981.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: MRKU3866271 | 1 | 40' HIGH CUBE CONTAINER 28 BALES | 30,835.710 KG | 40.000 M3 |

**NOTE:** THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION COVERED BY THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $2.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
$___0___ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one).  FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, __0__ originals are signed. When one original is accomplished, the other(s) will be void.<br><br>**SAN JUAN**<br>ISSUED AT<br>**UPS OCEAN FREIGHT SERVICES, INC.**<br>carrier<br>X | | | |

14-Jan-2013
DATE

If only the Bill of Lading box is checked above, if a standard "Air Cube" (this document will constitute a negotiable bill of lading, which must be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable seawaybill, which is neither a document of title nor a document of possession. If both boxes are checked above, the document will as a non-negotiable seawaybill, which in Carrier's sole discretion, may not be required to be surrendered to obtain release of the Goods.

23U/OFS101 REV 09/2012

Exhibit E page 64

ID:4118356069  User:eksatogiwa TIF SN:7780751418 MAWB:MOSSJU62801653  Print GMT:5/2/2013 12:34:13 AM pg:2

| UPS Supply Chain Solutions℠ | **UPS OCEAN FREIGHT SERVICES, INC.** OTI License No.016871N | Waybill | |
|---|---|---|---|
| | **MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT** | ☒ *Waybill  ☐ *Bill of Lading | |

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA 24520DR CAROLINA PR 00979 US | 865715565 | 7780751418 |

| | EXPORT REFERENCES |
|---|---|
| | AWB 7780751418 CUST W/E12/28 |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD SSANGYOONG BLDG 24-1 2 GA , GEO DONG JUNG GU ,KOREA SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N LOT 1-5A SABANA GARDENS INDUSTRIAL PARK CAROLINA PR 00950 US |

| | POINT AND COUNTRY OF ORIGIN |
|---|---|
| | CAROLINA PR US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD SSANGYOONG BLDG 24-1 2 GA , GEO DONG JUNG GU ,KOREA SEOUL KR 100748 | UPS SCS KOREA LIMITED 1-5F HANYOUNG BLDG 77-66 MULLAE-DONG 3 GA SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | SAN JUAN | FCL |

| EXPORTING CARRIER (Vessel) Name or Designation of other means of Transportation | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| MAERSK WISMAR 1304 | SAN JUAN, PR | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| SEALCODE1: UL2084892 | | SAID TO CONTAIN TIRES, USED, N.O.S. | 67,981.080 LB | 1,412.400 F3 |
| CTRNO: MRKU4341101 SEALCODE1: UL2084889 | 1 | 40' HIGH CUBE CONTAINER 28 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 30,835.710 KG 67,981.080 LB | 40.000 M3 1,412.400 F3 |
| CTRNO: MRKU4377207 SEALCODE1: UL2084870 | 1 | 40' HIGH CUBE CONTAINER 28 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 30,835.710 KG 67,981.080 LB | 40.000 M3 1,412.400 F3 |
| CTRNO: MRKU4377634 SEALCODE1: UL2084882 | 1 | 40' HIGH CUBE CONTAINER 28 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 30,835.710 KG 67,981.080 LB | 40.000 M3 1,412.400 F3 |
| CTRNO: MRKU4388942 SEALCODE1: UL2084879 | 1 | 40' HIGH CUBE CONTAINER 28 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 30,835.710 KG 67,981.080 LB | 40.000 M3 1,412.400 F3 |
| CTRNO: MRKU4407261 SEALCODE1: UL2084885 | 1 | 40' HIGH CUBE CONTAINER 28 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 30,835.710 KG 67,981.080 LB | 40.000 M3 1,412.400 F3 |
| CTRNO: MSKU0218868 SEALCODE1: UL2084891 | 1 | 40' HIGH CUBE CONTAINER 28 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 30,835.710 KG 67,981.080 LB | 40.000 M3 1,412.400 F3 |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE US. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT;  DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $2.00 PER LBS. TO $2.00 PER PROUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE). _____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one).  FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDEMNIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be. The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading    6    originals are signed. When one original is accomplished, the other (s) will be void. | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| | | | |

| SAN JUAN | 14-Jan-2013 |
|---|---|
| ISSUED AT | DATE |

UPS OCEAN FREIGHT SERVICES, INC.
X _____

*if only the Bill of Lading box is checked ; **if only the Waybill box is checked . . .*

23/OFS101 REV 04/2012

ID:4118356069  User:eksatogiwa  TIF  SN:7780751418  MAWB:MOSSJU62801653  Print GMT:5/2/2013 12:34:13 AM pg:3

UPS Supply Chain Solutions℠ | (UPS) | **UPS OCEAN FREIGHT SERVICES, INC.** | Waybill
| | OTI License No.016871N | ☒ *Waybill    ☐ *Bill of Lading
| | **MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT** |

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA 24520DR CAROLINA PR 00979 US | 865715565 | 7780751418 |

EXPORT REFERENCES
AWB 7780751418
CUST W/E12/28

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD SSANGYOONG BLDG 24-1 2 GA , GEO DONG JUNG GU ,KOREA SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N LOT 1-5A SABANA GARDENS INDUSTRIAL PARK CAROLINA PR 00950 US |

POINT AND COUNTRY OF ORIGIN
CAROLINA PR US

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD SSANGYOONG BLDG 24-1 2 GA , GEO DONG JUNG GU ,KOREA SEOUL KR 100748 | UPS SCS KOREA LIMITED 1-5F HANYOUNG BLDG 77-66 MULLAE-DONG 3 GA SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| SAN JUAN | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| MAERSK WISMAR 1304 | SAN JUAN, PR | OCEAN PORT To OCEAN PORT |
| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
| BUSAN, KR | BUSAN | | |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: MSKU0243536 SEALCODE1: UL2084876 | 1 | TIRES, USED, N.O.S. 40' HIGH CUBE CONTAINER 28 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 30,835.710 KG 67,981.080 LB | 40.000 M3 1,412.400 F3 |
| CTRNO: MSKU0257139 SEALCODE1: UL2084872 | 1 | 40' HIGH CUBE CONTAINER 28 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 30,835.710 KG 67,981.080 LB | 40.000 M3 1,412.400 F3 |
| CTRNO: MSKU1446142 SEALCODE1: UL2084878 | 1 | 40' HIGH CUBE CONTAINER 28 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 30,835.710 KG 67,981.080 LB | 40.000 M3 1,412.400 F3 |
| CTRNO: MSKU1682132 SEALCODE1: UL2084864 | 1 | 40' HIGH CUBE CONTAINER 28 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 30,835.710 KG 67,981.080 LB | 40.000 M3 1,412.400 F3 |
| CTRNO: MSKU1982762 SEALCODE1: UL2084869 | 1 | 40' HIGH CUBE CONTAINER 28 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 30,835.710 KG 67,981.080 LB | 40.000 M3 1,412.400 F3 |
| CTRNO: MSKU8042775 SEALCODE1: UL2084884 | 1 | 40' HIGH CUBE CONTAINER 28 BALES SAID TO CONTAIN | 30,835.710 KG 67,981.080 LB | 40.000 M3 1,412.400 F3 |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS:  DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION, DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT;  DURING TRANSPORTATION WITHIN MEXICO, TO $0.50 PER POUND;  AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
$___ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one).  FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be. The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, __0__ originals are signed. When one original is accomplished, the other (s) will be void. | | | |
| SAN JUAN          14-Jan-2013 | | | |
| ISSUED AT   DATE UPS OCEAN FREIGHT SERVICES, INC. as carrier X | | | |

*If this Bill of Lading box is checked, "B/L" (print word "B/L") this document shall constitute a negotiable bill of lading, which must be surrendered before the goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable sea/air waybill, which shall not have to be surrendered to obtain release of the goods. If neither box is checked, or both boxes are checked, this document will be a non-negotiable sea/air waybill, which, in Carrier's sole discretion, may not be required to be surrendered to obtain release of the goods.

23U/OFS101 REV 04/2012

ID:4118356069 User:eksatoglwa TIF SN:7780751418 MAWB:MOSSJU62801653 Print GMT:5/2/2013 12:34:13 AM pg:4

| UPS Supply Chain Solutions℠ | **UPS OCEAN FREIGHT SERVICES, INC.** OTI License No.015871N **MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT** | Waybill ☒ *Waybill ☐ *Bill of Lading |
|---|---|---|

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA 24520DR CAROLINA PR 00979 US | 865715565 | 7780751418 |

EXPORT REFERENCES
AWB 7780751418
CUST W/E12/28

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD SSANGYOONG BLDG 24-1 2 GA , GEO DONG JUNG GU ,KOREA SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N LOT 1-5A SABANA GARDENS INDUSTRIAL PARK CAROLINA PR 00950 US |

POINT AND COUNTRY OF ORIGIN
CAROLINA PR US

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD SSANGYOONG BLDG 24-1 2 GA , GEO DONG JUNG GU ,KOREA SEOUL KR 100748 | UPS SCS KOREA LIMITED 1-5F HANYOUNG BLDG 77-66 MULLAE-DONG 3 GA SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| SAN JUAN | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| MAERSK WISMAR 1304 | SAN JUAN, PR | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: MSKU8090217 SEALCODE1: UL2084891 | 1 | 40' HIGH CUBE CONTAINER 28 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 30,835.710 KG 67,981.080 LB | 40.000 M3 1,412.400 F3 |
| CTRNO: MSKU8139087 SEALCODE1: UL2084862 | 1 | 40' HIGH CUBE CONTAINER 28 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 30,835.710 KG 67,981.080 LB | 40.000 M3 1,412.400 F3 |
| CTRNO: MSKU8855902 SEALCODE1: UL2084868 | 1 | 40' HIGH CUBE CONTAINER 28 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 30,835.710 KG 67,981.080 LB | 40.000 M3 1,412.400 F3 |
| CTRNO: MSKU9120430 SEALCODE1: UL2084858 | 1 | 40' HIGH CUBE CONTAINER 28 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 30,835.710 KG 67,981.080 LB | 40.000 M3 1,412.400 F3 |
| CTRNO: MSKU9406228 SEALCODE1: UL2084871 | 1 | 40' HIGH CUBE CONTAINER 28 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 30,835.710 KG 67,981.080 LB | 40.000 M3 1,412.400 F3 |
| CTRNO: MSKU9992690 SEALCODE1: UL2084856 | 1 | 40' HIGH CUBE CONTAINER 28 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 30,835.710 KG 67,981.080 LB | 40.000 M3 1,412.400 F3 |
| CTRNO: MSKU9998620 | 1 | 40' HIGH CUBE CONTAINER 28 BALES | 30,835.710 KG | 40.000 M3 |

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.40 PER POUND; AND DURING ALL OTHER TRANSPORTATION EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE). _____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a B/I of Lading ___0___ originals are signed. When one original is accomplished, the other (s) will be void. | | | |
| SAN JUAN                 14-Jan-2013 | | | |
| ISSUED AT                DATE UPS OCEAN FREIGHT SERVICES, INC. carrier X | | | |

23UOFS101 REV 04/2012

Exhibit E page 67

ID:4118356069  User:eksatogiwa  TIF  SN:7780751418  MAWB:MOSSJU62801653  Print GMT:5/2/2013 12:34:13 AM pg:5

**UPS Supply Chain Solutions™**

**UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No. 016871N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**
☒ *Waybill    ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA<br>24520DR<br>CAROLINA PR 00979 US | 865715565 | 7780751418 |

| | EXPORT REFERENCES |
|---|---|
| | AWB 7780751418<br>CUST W/E12/28 |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |
| | POINT AND COUNTRY OF ORIGIN<br>CAROLINA PR US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | SAN JUAN | FCL |

| EXPORTING CARRIER (Vessel) Name or Designation of other means of Transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| MAERSK WISMAR 1304 | SAN JUAN, PR | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| SEALCODE1: UL2084866 | | SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 67,981.080 LB | 1,412.400 F3 |
| CTRNO: PONU7409568<br>SEALCODE1: UL2084860 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 30,835.710 KG<br>67,981.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: PONU7474440<br>SEALCODE1: UL2084865 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 30,835.710 KG<br>67,981.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: PONU7957540<br>SEALCODE1: UL2084880 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 30,835.710 KG<br>67,981.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: PONU8114160<br>SEALCODE1: UL2084866 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 30,835.710 KG<br>67,981.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: TGHU8023484<br>SEALCODE1: UL2084871 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 30,835.710 KG<br>67,981.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: TRLU6897768<br>SEALCODE1: UL2084867 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN | 30,835.710 KG<br>67,981.080 LB | 40.000 M3<br>1,412.400 F3 |

**NOTE:** THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
$_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one).  FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ___0___ originals are signed. When one original is accomplished, the other (s) will be void.<br><br>**SAN JUAN**          **14-Jan-2013**<br>ISSUED AT                    DATE<br>**UPS OCEAN FREIGHT SERVICES, INC.**<br>Carrier<br>X | | | |

*To verify that cargo has been checked, "X" if "checked", "O" to "Order", this document shall constitute a negotiable bill of lading, which must be surrendered before the Goods may be released. If on the blank for one to be checked, this document will constitute a non-negotiable sea air waybill, which does not have to be surrendered to obtain release of the Goods. If neither box is checked, or both boxes are checked, this document will be a non-negotiable sea air waybill, which, in Carrier's sole discretion, may not be required to be surrendered to obtain release of the Goods.*

23U OFS101 REV 04/2012

ID:4118356069  User:eksatogiwa  TIF  SN:7780751418  MAWB:MOSSJU62801653  Print GMT:5/2/2013 12:34:13 AM pg:6

| UPS Supply Chain Solutions℠ | UPS | **UPS OCEAN FREIGHT SERVICES, INC.**<br>OTI License No. 016871N<br>MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | Waybill |
|---|---|---|---|

☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA<br>24520DR<br>CAROLINA PR 00979 US | 865715565 | 7780751418 |

| | EXPORT REFERENCES |
|---|---|
| | AWB 7780751418<br>CUST W/E12/28 |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |

| | POINT AND COUNTRY OF ORIGIN |
|---|---|
| | CAROLINA PR US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | SAN JUAN | FCL |

| EXPORTING CARRIER (Vessel) Name or Designation of other means of Transportation)<br>MAERSK WISMAR 1304 | SEA/AIR PORT OF LOADING<br>SAN JUAN, PR | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-18 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: TTNU9094333<br>SEALCODE1: UL2084887 | 1 | TIRES, USED, N.O.S.<br>40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 30,835.710 KG<br>67,981.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: TTNU9775379<br>SEALCODE1: UL2084853 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 30,835.710 KG<br>67,981.080 LB | 40.000 M3<br>1,412.400 F3 |
| CTRNO: UESU4675799<br>SEALCODE1: UL2084861 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 30,835.710 KG<br>67,981.080 LB | 40.000 M3<br>1,412.400 F3 |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT
ADMINISTRATION REGULATIONS.  DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT
FREIGHT PREPAID
SHIPPED ON BOARD: 10 JAN-2013

No EEI FTR 30.37(a)

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $2.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
$____0____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one).  FOR PORT-TO PORT SHIPMENTS, ARRANGEMENTS FOR ON CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading ____0____ originals are signed. When one original is accomplished, the other (s) will be void.<br><br>SAN JUAN<br>ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | 14-Jan-2013<br>DATE | | |

23JOFS101 REV 04/2012

ID:4118356315  User:eksatogiwa  TIF  SN:7780444452  MAWB:MOSSJU62757063  Print GMT:5/2/2013 12:47:07 AM pg:1

UPS Supply Chain Solutions℠                    **UPS OCEAN FREIGHT SERVICES, INC.**
                                               OTI License No.018871N
                                               MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**
☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR RECYCLING USA<br>24520 DRY CANYON COLD CREEK RD<br>CALABASAS, CA 91302 SJU BOOK<br>CAROLINA PR 00979 US | 26005157973 | 7780444452 |

| | EXPORT REFERENCES |
|---|---|
| | AWB 7780444452 |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |

| | POINT AND COUNTRY OF ORIGIN |
|---|---|
| | CAROLINA PR US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| SAN JUAN, PR | FCL |

| EXPORTING CARRIER (Vessel) Name or Designation of other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| CONTI ELEKTRA 031 | SAN JUAN, PR | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN, KR | | |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 16-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| | 450 | BALES<br>SAID TO CONTAIN<br>USED TIRES | 394,612.000 KG<br>869,970.300 LB | 40.000 M3<br>1,412.400 F3 |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT ADMINISTRATION REGULATIONS. DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT
FREIGHT PREPAID
SHIPPED ON BOARD: 24 NOV-2012

No EEI FTR 30.37(a)

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION. DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
_____PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, __0__ originals are signed.  When one original is accomplished, the other (s) will be void.<br><br>**SAN JUAN**         23-Nov-2012 | | | |

| ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | DATE |
|---|---|

23UOFS101 REV 04/2012

# EXHIBIT  F

UPS Supply Chain Solutions℠

# UPS OCEAN FREIGHT SERVICES, INC.
OTI License No. 016871N
## MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**
☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | NAM1495079 | 7780827890 |

EXPORT REFERENCES

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>3400 NW 74TH AVE<br>MIAMI FL 33172 US |
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| MIAMI | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation)<br>WHITE SHARK PG790W | SEA/AIR PORT OF LOADING<br>MIAMI, FL, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT | |
|---|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: GESU6930550<br>SEALCODE1: 1230969 | 1 | 40' HIGH CUBE CONTAINER 29 BALES<br>SAID TO CONTAIN<br>TIRES N.O.S.<br><br>HS # 4004.00.0000 | 25,552.650 KG<br>56,334.000 LB | |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT ADMINISTRATION REGULATIONS.  DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
FREIGHT PREPAID

No EEI FTR 30.37(a)

**NOTE:** THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE). PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading     0     originals are signed. When one original is accomplished, the other (s) will be void. | ISPS NVO OCEAN FREIGHT | 13.00 USD | |
| | OCEAN 40' HC | 1,150.00 USD | |
| | BILL OF LADING | 50.00 USD | |
| | TERMINAL SECURITY FEE - ORIG | 6.00 USD | |
| | TOTAL | 1,219.00 USD | |

| MIAMI TEMP MIA | 14-Jan-2013 |
|---|---|
| ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC. | DATE |

carrier

23UOFS101 REV 04/2012

UPS Supply Chain Solutions℠

**UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No. 016473N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

Waybill

☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX120355 | 7780162390 |

| | EXPORT REFERENCES |
|---|---|
| | AWB 7780162390 |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90.SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |

| | POINT AND COUNTRY OF ORIGIN |
|---|---|
| | CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of Transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| ZIM BARCELONA 38/W | LOS ANGELES, CA, US | OCEAN PORT To OCEAN PORT |

| AIR/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-18 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: TCNU8543967<br>SEALCODE1: 0628752 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,310.000 KG<br>55,798.980 LB | |
| CTRNO: TGHU7442167<br>SEALCODE1: 0628751 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,246.000 KG<br>55,657.890 LB | |
| CTRNO: TGHU8449037<br>SEALCODE1: 0628796 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,282.000 KG<br>55,737.250 LB | |
| CTRNO: ZCSU8544695<br>SEALCODE1: 0628753 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,375.000 KG<br>55,942.280 LB | |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT
ADMINISTRATION REGULATIONS. DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT
FREIGHT COLLECT
SHIPPED ON BOARD: 26-OCT-2012

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.18 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
$_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY INDEMNIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.
TRANSPORTATION BROKER. UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY, ANY ARRANGEMENTS FOR ON-CARRIAGE ARE MADE IN CAPACITY AS AGENT AND

| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery or the Sea/Air Port of Discharge, as the case may be. | | CHARGES | | PREPAID | COLLECT |
|---|---|---|---|---|---|
| | | | | | |

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, _____ originals are signed. When one original is accomplished, the other(s) will be void.

| LOS ANGELES | 26-Oct-2012 |
|---|---|
| ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC.<br>as carrier | DATE |

23JUOFB101 REV 04/2012

ID:4120976253   User:eksatogiwa  TIF  SN:7780162390   Print GMT:4/30/2013 7:59:29 PM pg:2

| PS Supply Chain Solutions℠  (UPS) | **UPS OCEAN FREIGHT SERVICES, INC.**<br>OTI License No. 015371N<br>MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | **Waybill** |
|---|---|---|
| | | ☒ *Waybill    ☐ *Bill of Lading |

| SHIPPER/EXPORTER<br>DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | DOCUMENT NO.<br>LAX120355 | BILL NUMBER<br>7780162390 |
|---|---|---|
| | EXPORT REFERENCES<br>AWB 7780162390 | |
| CONSIGNEE<br>GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>SEOUL KR | FORWARDING AGENT-REFERENCES<br>UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US | |
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US | |
| NOTIFY PARTY<br>JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | DELIVERY AGENT<br>UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 | |
| PLACE OF RECEIPT<br>                    LOS ANGELES | FCL | |

| EXPORTING CARRIER (Vessel Name or Designation of<br>other means of transportation)<br>JM BARCELONA 38/W | SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY           PLACE OF RECEIPT BY PRE-CARRIER |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS<br>No EEI FTR 30.37(a) | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 16-18 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| | | | | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION. DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT ON THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).

_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| RECEIVED at the Place of Receipt (or where this is a Port to Port shipment at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and for goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be. | **CHARGES** | | **PREPAID** | **COLLECT** |
|---|---|---|---|---|
| | | | | |

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading,  0  originals are signed. When one original is accomplished, the other(s) will be void.

| LOS ANGELES | 26-Oct-2012 |
|---|---|
| ISSUED AT | DATE |

UPS OCEAN FREIGHT SERVICES, INC.
Carrier

If only the Bill of Lading box is checked, N/A. If only the "To Order," this document will constitute a negotiable bill of lading, which must be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable ocean waybill, which, in further value each case, may not be required to be surrendered to obtain release of the Goods.                    23UO/FS101 REV 04/2012

ID:4120977020   User:eksatogiwa  TIF  SN:7780298779   Print GMT:4/30/2013 8:00:03 PM pg:1

Supply Chain Solutions ™   **ups**

# UPS OCEAN FREIGHT SERVICES, INC.

OTI License No. 018871N

**MULTIMODAL TANSPORT OR PORT TO PORT SHIPMENT**

WAYBILL

| | | |
|---|---|---|
| **SHIPPER/EXPORTER**<br>ODR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | **DOCUMENT**<br>LAX120361 | **B/L NUMBER**<br>7780298779 |
| | **EXPORT REFERENCES** | |
| **CONSIGNEE**<br>SANGIM ENR CO LTD<br>10 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | **FORWARDING AGENT-REFERENCES**<br>UPS SUPPLY CHAIN SOLUTIONS, INC. FMC#275F<br>19701 HAMILTON AVENUE<br>TORRANCE, CA  90502 US | |
| | **POINT AND COUNTRY OF ORIGIN**<br>CALABASAS  CA  US | |
| **NOTIFY PARTY**<br>IWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL:821058247265<br>ANYANG KR | **DELIVERY AGENT**<br>UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLVD<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 | |
| **PLACE OF RECEIPT**<br>LOS ANGELES, CA | | |
| **INITIAL CARRIER (Please Name or Designation of means of transportation)**<br>M MEDITERRANEAN 44/W | **SEA/AIR PORT OF LOADING**<br>LOS ANGELES, CA, US | **FCL** |
| **AIR PORT OF DISCHARGE**<br>BUSAN, KR | **PLACE OF DELIVERY**<br>BUSAN | **FINAL DESTINATION**<br>OCEAN PORT TO OCEAN PORT |
| | | **PLACE OF RECEIPT BY THE CARRIER** |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO OF PKGS | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| RNO: CRSU9052806<br>SEALCODE1: 0628790 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,100.000 KG<br>57,540.000 LB | |
| RNO: DFSU6494708<br>SEALCODE1: 0628788 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,100.000 KG<br>57,540.000 LB | |
| RNO: DFSU6534922<br>SEALCODE1: 5467825 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,100.000 KG<br>57,540.000 LB | |
| RNO: DFSU6539396<br>SEALCODE1: 0628764 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,100.000 KG<br>57,540.000 LB | |
| RNO: FCIU9041171<br>SEALCODE1: 5467839 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,100.000 KG<br>57,540.000 LB | |
| RNO: FSCU8766820<br>SEALCODE1: 5467828 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,100.000 KG<br>57,540.000 LB | |
| RNO: TCNU8668434<br>SEALCODE1: 5467842 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,100.000 KG<br>57,540.000 LB | |

NOTE:

THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY AIR TRANSPORTATION GOVERNED BY THE WARSAW CONVENTION, TO 250.00 PER KG (OR) IF BY THE WARSAW CONVENTION AMENDED BY THE MONTREAL PROTOCOL, TO IT SDR'S PER KG; DURING ANY SEA AND OTHER TRANSPORTATION GOVERNED UNDER THE TERMS HEREOF BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE, OR FOR CARGO NOT PACKAGED, $500 PER CUSTOMARY FREIGHT UNIT; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.3 ON THE REVERSE SIDE)  $_____ PER KG,<br>PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one)

RECEIVED at the Place of Receipt or (where this is a Port to Port form) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods the goods are in containers, the containers) described above for carriage to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading _____ 0 _____ originals are issued. When one original is accomplished, the other(s) will be void.

**AT**  LANGELES, CA       **DATE**  01-DEC-2012<br>OCEAN FREIGHT SERVICES, INC.

**CHARGES**

| | | PREPAID | COLLECT |
|---|---|---|---|

If the Bill of Lading box is checked, this document will constitute a negotiable bill of lading, which must be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable sea/air waybill, which does not to be surrendered to obtain release of the Goods. If neither box is checked, or both boxes are checked, this document will be a non-negotiable sea/air waybill, but the Carrier may demand its surrender.   22UGFS101 REV 04/2012

Exhibit E page 74

ID:4120977020  User:eksatogiwa  TIF  SN:7780298779  Print GMT:4/30/2013 8:00:03 PM pg:2

**UPS OCEAN FREIGHT SERVICES, INC.**

OTI License No. 015871M

MULTIMODAL TANSPORT OR PORT TO PORT SHIPMENT

WAYBILL

☑ Waybill   ☐ Bill of Lading

| PER/EXPORTER | DOCUMENT | BILL NUMBER |
|---|---|---|
| DR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX120381 | 7780298779 |
| | EXPORT REFERENCES | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SANGIM ENR CO LTD<br>00 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321 FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC#275F<br>19701 HAMILTON AVENUE<br>TORRANCE, CA 90502 US |
| | POINT AND COUNTRY OF ORIGIN |
| FY PARTY | CALABASAS CA US |
| IWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL:821058247285<br>ANYANG KR | DELIVERY AGENT<br>UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLVD<br>77-68 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| LOS ANGELES, CA | | |
| OCEAN CARRIER (Vessel Name or Designation of means of transportation) | OCEAN PORT OF LOADING | FINAL DESTINATION |
| MEDITERRANEAN 44/W | LOS ANGELES, CA, US | FCL |
| AIR PORT OF DISCHARGE | PLACE OF DELIVERY | OCEAN PORT TO OCEAN PORT |
| BUSAN, KR | BUSAN | PLACE OF RECEIPT BY PRE-CARRIER |

PARTICULARS FURNISHED BY SHIPPER

| RNO: TGHU8405884<br>ALCODE1: 414630 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,312.000 KG<br>58,008.000 LB |
|---|---|---|---|
| RNO: TGHU9362625<br>ALCODE1: 0628789 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,312.000 KG<br>58,008.000 LB |
| RNO: TRLU8764148<br>ALCODE1: 5467826 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,312.000 KG<br>58,008.000 LB |
| RNO: UESU4611576<br>ALCODE1: 0628787 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,312.000 KG<br>58,008.000 LB |
| RNO: UESU5197333<br>ALCODE1: 0628777 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,312.000 KG<br>58,008.000 LB |
| RNO: XINU8130892<br>ALCODE1: 5467824 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,312.000 KG<br>58,008.000 LB |
| RNO: ZCSU8176172<br>ALCODE1: 0628785 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,140.000 KG<br>55,424.000 LB |
| RNO: ZCSU8246372<br>ALCODE1: 0628785 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,140.000 KG<br>55,424.000 LB |

NOTE:

THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY AIR TRANSPORTATION GOVERNED BY THE WARSAW CONVENTION, TO $20.00 PER KG (OR $9.07 BY THE WARSAW CONVENTION AMENDED BY THE MONTREAL PROTOCOL, TO 17 SDR'S PER KG), DURING ANY SEA AND OTHER TRANSPORTATION GOVERNED UNDER THE TERMS HEREOF BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE, OR FOR CARGO NOT PACKAGED, $500 PER CUSTOMARY FREIGHT UNIT; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $500 PER PACKAGE. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.3 ON THE REVERSE SIDE)  $_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one)

RECEIVED in the Place of Receipt (or where this is a Port to Port ment) in the Sea/Air Port of Loading in apparent external good order condition, except as otherwise noted, the packages and/or pieces f the goods are in containers, the containers) described above for oration to the Place of Delivery of the Sea/Air Port of Discharge, as also may be:

contract of carriage evidenced by this document is subject to all the s and conditions set forth on this side and the reverse side. It is subject to all laws and other provisions incorporated by reference this document. Copies of all terms and conditions are available on est. If this document is a Bill of Lading, _____ originals are d. When one original is accomplished, the other(s) will be void.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|

LANGELES, CA   01-DEC-2012
ID AT                DATE
OCEAN FREIGHT SERVICES, INC.

If the Bill of Lading box is checked, this document will constitute a negotiable bill of lading, which must be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable seawaybill, which does not to be surrendered to obtain release of the Goods. If neither box is checked, or both boxes are checked, this document will be a nonnegotiable seawaybill, but the Carrier may demand its surrender.  33U07B101 REV 04/2012

ID:4120977020  User:eksatogiwa TIF  SN:7780298779  Print GMT:4/30/2013 8:00:03 PM pg:3

Supply Chain Solutions ™                    **UPS OCEAN FREIGHT SERVICES, INC.**                    **WAYBILL**
                                            OTI License No. 015871N                                  ☑ Waybill   ☐ Bill of Lading
                            **MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT**

| | |
|---|---|
| **PER/EXPORTER**<br>DR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | **DOCUMENT**<br>LAX120361    **BILL NUMBER** 7780298779 |
| | **EXPORT REFERENCES** |
| **CONSIGNEE**<br>BANGIM ENR CO LTD<br>0 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | **FORWARDING AGENT-REFERENCES**<br>UPS SUPPLY CHAIN SOLUTIONS, INC. FMC#275F<br>19701 HAMILTON AVENUE<br>TORRANCE, CA  90502 US |
| | **POINT AND COUNTRY OF ORIGIN**<br>CALABASAS CA  US |
| **FY PARTY**<br>IWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL:821058247265<br>ANYANG KR | **DELIVERY AGENT**<br>UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLVD<br>77-68 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| B OF RECEIPT | | | |
|---|---|---|---|
| LOS ANGELES, CA | | | |
| **CARRYING CARRIER** (Vessel Name or Designation of<br>means of transportation)<br>MEDITERRANEAN 44/W | **OCEAN PORT OF LOADING**<br>LOS ANGELES, CA, US | FCL<br>**FINAL DESTINATION**<br>OCEAN PORT TO OCEAN PORT | |
| **PORT OF DISCHARGE**<br>BUSAN, KR | **PLACE OF DELIVERY**<br>BUSAN | **PRE-CARRIAGE BY** | **PLACE OF RECEIPT BY PRE-CARRIER** |

**PARTICULARS FURNISHED BY SHIPPER**

| | NO. OF PKGS | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| RNO: ZCSU8332505<br>ALCODE1: 0528786 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,140.000 KG<br>55,424.000 LB | |
| RNO: ZCSU8369103<br>ALCODE1: 0628783 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,140.000 KG<br>55,424.000 LB | |
| RNO: ZCSU8435102<br>ALCODE1: 0647175 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,140.000 KG<br>55,424.000 LB | |
| RNO: ZCSU8488922<br>ALCODE1: 0628782 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,140.000 KG<br>55,424.000 LB | |
| RNO: ZCSU8497974<br>ALCODE1: 0628779 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,420.000 KG<br>56,041.000 LB | |
| RNO: ZCSU8680892<br>ALCODE1: 0628781 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,420.000 KG<br>56,041.000 LB | |
| RNO: ZCSU8694802<br>ALCODE1: 0628778 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,420.000 KG<br>56,041.000 LB | |
| RNO: ZCS8725380<br>ALCODE1: 5467841 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,420.000 KG<br>56,041.000 LB | |

NOTE:

THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY AIR TRANSPORTATION COVERED BY THE WARSAW CONVENTION, TO THE 20 PER KG (OR $9.07 BY THE WARSAW CONVENTION AMENDED BY THE MONTREAL PROTOCOL, TO 17 SDRS PER KG; DURING ANY SEA AND OTHER TRANSPORTATION COVERED UNDER THE TERMS HEREOF BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE, OR FOR CARGO NOT DECLARED A HIGHER VALUE PER KG. PACKAGE, CUSTOMARY FREIGHT UNIT AND DURING ALL OTHER TRANSPORTATION EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one)

RECEIVED at the Place of Receipt (or where this is a Port to Port
ment) at the Sea/Air Port of Loading in apparent external good order
condition, except as otherwise noted, the packages and/or goods
(the goods are in containers, the containers) described above for
portation to the Place of Delivery or the Sea/Air Port of Discharge, as
case may be.

contract of carriage evidenced by this document is subject to all the
s and conditions set forth on this side and the reverse side. It is
subject to all laws and other provisions incorporated by reference in
this document. Copies of all terms and conditions are available on
est. If this document is a Bill of Lading, _____0_____ originals are
ed. When one original is accomplished, the other(s) will be void.

| | FREIGHT & CHARGES | OCEAN | PREPAID | COLLECT |
|---|---|---|---|---|

**L ANGELES, CA**                    01 DEC 2012
ISSUED AT                            DATE
OCEAN FREIGHT SERVICES, INC.

If the Bill of Lading box is checked, this document will constitute a negotiable bill of lading, which must be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable sea/air waybill, which does not need to be surrendered to obtain release of the Goods. If either box is checked, or both boxes are checked, this document will be a non-negotiable sea/air waybill, but the Carrier may demand its surrender.    S3UOF5101 REV 04/2012

ID:4120977020   User:eksatogiwa  TIF  SN:7780298779  Print GMT:4/30/2013 8:00:03 PM pg:4

Supply Chain Solutions℠ (UPS)

# UPS OCEAN FREIGHT SERVICES, INC.
OTI License No. 015871H

**WAYBILL**

☑ Waybill  ☐ Bill of Lading

MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

| SHIPPER/EXPORTER | DOCUMENT | BILL NUMBER |
|---|---|---|
| DOR INTL RECYCLING LLC | LAX120361 | 7780298779 |
| 24620 DRY CANYON COLD CREEK RD | | |
| STE 200 | EXPORT REFERENCES | |
| CALABASAS CA 91302 US | | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SANGIM ENR CO LTD | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC#275F |
| 50 SADORI GUNBUK MYUN HAMAN GUN | 19701 HAMILTON AVENUE |
| GYEONGNAM | TORRANCE, CA  90502 US |
| TEL 0555845321  FAX 0555845320 | |
| SEOUL KR | POINT AND COUNTRY OF ORIGIN |
| | CALABASAS  CA  US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| HWASAN INTL INC | UPS SCS KOREA LIMITED |
| 5010 CJ, 534, 8-DONG | 1-5F HANYOUNG BLVD |
| TEL:821058247265 | 77-66 MULLAE-DONG 3 GA |
| ANYANG KR | SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| LOS ANGELES, CA | | |
| EXPORTING CARRIER (Vessel Name & Designation of means of transportation) | OCEAN PORT OF LOADING | FCL |
| I MEDITERRANEAN 44/W | LOS ANGELES, CA, US | FINAL DESTINATION |
| AIR PORT OF DISCHARGE | PLACE OF DELIVERY | OCEAN PORT TO OCEAN PORT |
| BUSAN, KR | BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO OF PKGS | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| RNO: ZCSU8755929 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS | | |
| ALCODE1: 0647162 | | SAID TO CONTAIN | 25,420.000 KG | |
| | | TIRES, N.O.S. | 56,041.000 LB | |
| RNO: ZCSU8839320 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS | | |
| ALCODE1: 0647179 | | SAID TO CONTAIN | 25,420.000 KG | |
| | | TIRES, N.O.S. | 56,041.000 LB | |
| RNO: ZCSU8890322 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS | | |
| ALCODE1: 5487835 | | SAID TO CONTAIN | 25,420.000 KG | |
| | | TIRES, N.O.S. | 56,041.000 LB | |
| RNO: ZCSU8902783 | 1 | 40' HIGH CUBE CONTAINER 25 PALLETS | | |
| ALCODE1: 5487843 | | SAID TO CONTAIN | 25,420.000 KG | |
| | | TIRES, N.O.S. | 56,041.000 LB | |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT ADMINISTRATION REGULATIONS. DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT
SHIPPED ON BOARD: 01-DEC-2012

IS X20121127069435

NOTE:  THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY AIR TRANSPORTATION COVERED BY THE WARSAW CONVENTION, TO $20.00 PER KG (OR IF BY THE WARSAW CONVENTION AMENDED BY THE MONTREAL PROTOCOL, TO 17 SDRS PER KG); DURING ANY SEA AND OTHER TRANSPORTATION COVERED UNDER THE TERMS HEREOF BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE, OR FOR CARGO NOT PACKAGED, $500 PER CUSTOMARY FREIGHT UNIT; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $2.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (See Clause 7.7 ON THE REVERSE SIDE). $_____ PER KG.

RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and/or goods (the goods are in containers, the containers) described above for transportation to the Place of Delivery at the Sea/Air Port of Discharge, as the case may be.

**CHARGES**

| | PREPAID | COLLECT |
|---|---|---|

The terms of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is subject to all laws and other provisions incorporated by reference in this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, _____ originals are issued. When one original is accomplished, the other(s) will be void.

| | |
|---|---|
| LOS ANGELES, CA | 01-DEC-2012 |
| ISSUED AT | DATE |
| OCEAN FREIGHT SERVICES, INC. | |

If the Bill of Lading box is checked, this document will constitute a negotiable Bill of Lading, which must be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable sea/air waybill, which does not to be surrendered to obtain release of the Goods. If neither box is checked, or both boxes are checked, this document will be a Nonnegotiable sea/air waybill, but the Carrier may demand its surrender.   32UOFS191 REV 04/2012

Exhibit E page 77

ID:4120977200  User:eksatogiwa TIF SN:7780298768  Print GMT:4/30/2013 8:03:35 PM pg:1

Supply Chain Solutions ℠  **UPS**

# UPS OCEAN FREIGHT SERVICES, INC.

OTI License No. 018871R

**WAYBILL**

MULTIMODAL TANSPORT OR PORT TO PORT SHIPMENT

☑ Waybill  ☐ Bill of Lading

| | |
|---|---|
| **EXPORTER**<br>DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | **DOCUMENT**<br>LAX120360     **BILL NUMBER**<br>7780298768<br><br>**EXPORT REFERENCES** |
| **CNEE**<br>GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | **FORWARDING AGENT-REFERENCES**<br>UPS SUPPLY CHAIN SOLUTIONS, INC. FMC#275F<br>19701 HAMILTON AVENUE<br>TORRANCE, CA  90502 US |
| | **POINT AND COUNTRY OF ORIGIN**<br>    CALABASAS  CA  US |
| **NOTIFY PARTY**<br>JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL:821058247265<br>ANYANG KR | **DELIVERY AGENT**<br>UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLVD<br>77-68 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| **PLACE OF RECEIPT**<br>LOS ANGELES, CA | | |
|---|---|---|
| **EXPORTING CARRIER (Vessel Name or Designation of**<br>means of transportation)<br>HL PUSAN 84/W | **SEAWAY PORT OF LOADING**<br>LOS ANGELES, CA, US | **FCL**<br>**FINAL DESTINATION** |
| **PORT OF DISCHARGE**<br>BUSAN, KR | **PLACE OF DELIVERY**<br>BUSAN | OCEAN PORT TO OCEAN PORT<br><br>**PRE-CARRIAGE BY**     **PLACE OF RECEIPT BY PRE-CARRIER** |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CNO: BMOU4519296<br>SEALCODE1: 0647146 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,072.000 KG<br>57,478.853 LB | |
| CNO: FCIU8636898<br>SEALCODE1: 191170 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 21,654.000 KG<br>47,738.841 LB | |
| CNO: FSCU6738346<br>SEALCODE1: 0628788 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,089.000 KG<br>55,311.760 LB | |
| CNO: TCLU5270521<br>SEALCODE1: 5467844 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,743.000 KG<br>58,958.153 LB | |
| CNO: ZCSU7003151<br>SEALCODE1: 0647191 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,263.000 KG<br>57,899.935 LB | |
| CNO: ZCSU8297805<br>SEALCODE1: 0628775 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 22,992.000 KG<br>50,688.670 LB | |
| CNO: ZCSU8343048<br>SEALCODE1: 0628769 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,307.000 KG<br>55,792.370 LB | |
| CNO: ZCSU8370254<br>SEALCODE1: 0647192 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 27,515.000 KG<br>60,660.119 LB | |

**NOTE:** THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY AIR TRANSPORTATION COVERED BY THE WARSAW CONVENTION, TO $20.00 PER KG (OR IF BY THE WARSAW CONVENTION AS AMENDED BY THE MONTREAL PROTOCOL, TO 17 SDRS PER KG); DURING ANY SEA AND OTHER TRANSPORTATION GOVERNED UNDER THE TERMS HEREOF BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE, OR FOR CARGO NOT DECLARING A HIGHER VALUE PER KG. PACKAGE; DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG. PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Check one)   PACKAGE, CUSTOMARY FREIGHT UNIT, IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.3 ON THE REVERSE SIDE):  $\_\_\_\_$  PER KG.

RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Seaside Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and/or goods of the goods are in containers, the container(s) described above for transportation to the Place of Delivery of the Seaside Port of Discharge, as the case may be.

the contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is subject to all laws and other provisions incorporated by reference in this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading  $\_\_\_0\_\_\_$  originals are issued. When one original is accomplished, the other(s) will be void.

**CHARGES**  ☐ **PREPAID**  ☐ **COLLECT**

LOS ANGELES, CA   20-NOV-2012
ISSUED AT     DATE
UPS OCEAN FREIGHT SERVICES, INC.
BY

If the Bill of Lading box is checked, this document will constitute a negotiable bill of lading, which must be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable seaside waybill which does not to be surrendered to obtain release of the Goods. If neither box is checked, or both boxes are checked, this document will be a non-negotiable seaside waybill, but the Carrier may demand its surrender.   330UP8101 REV 04/2013

Scanner

Supply Chain Solutions ℠    UPS

# UPS OCEAN FREIGHT SERVICES, INC.

OTI License No. 015871N

**WAYBILL**

MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

| | |
|---|---|
| SHIPPER/EXPORTER<br>DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | DOCUMENT<br>LAX120360 |
| | BILL NUMBER<br>7780298768 |
| | EXPORT REFERENCES |

| | |
|---|---|
| CONSIGNEE<br>GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | FORWARDING AGENT-REFERENCES<br>UPS SUPPLY CHAIN SOLUTIONS, INC. FMC#275F<br>19701 HAMILTON AVENUE<br>TORRANCE, CA 90502 US |
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS  CA  US |

| | |
|---|---|
| NOTIFY PARTY<br>JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL:621058247265<br>ANYANG KR | DELIVERY AGENT<br>UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLVD<br>77-68 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| LOS ANGELES, CA | | |
| PRECARRIAGE BY (Vessel Name or Designation of<br>means or transportation)<br>CL PUSAN 84/W | SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION<br>OCEAN PORT TO OCEAN PORT |
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

**PARTICULARS FURNISHED BY SHIPPER**

| CONTAINER AND SEAL NUMBER | NO. OF PACKAGES | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENTS |
|---|---|---|---|---|
| RNO: ZCSU8388335<br>SEALCODE1: 0628773 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 22,973.000 KG<br>50,646.760 LB | |
| RNO: ZCSU8398420<br>SEALCODE1: 0628770 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,148.000 KG<br>55,441.830 LB | |
| RNO: ZCSU8432058<br>SEALCODE1: 0647160 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,882.000 KG<br>59,220.502 LB | |
| RNO: ZCSU8522320<br>SEALCODE1: 0628767 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,228.000 KG<br>55,613.780 LB | |
| RNO: ZCSU8543730<br>SEALCODE1: 0628774 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 22,839.000 KG<br>50,351.360 LB | |
| RNO: ZCSU8572574<br>SEALCODE1: 0628772 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 24,724.000 KG<br>54,507.070 LB | |
| RNO: ZCSU8645177<br>SEALCODE1: 0628771 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,301.000 KG<br>55,779.140 LB | |
| RNO: ZCSU8725544<br>SEALCODE1: 0628780 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 22,909.000 KG<br>50,505.690 LB | |

NOTE:

THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY AIR TRANSPORTATION GOVERNED BY THE WARSAW CONVENTION, TO $20.00 PER KG (OR IF BY THE WARSAW CONVENTION AMENDED BY THE MONTREAL PROTOCOL, TO 17 SDRS PER KG) DURING ANY SEA AND OTHER TRANSPORTATION GOVERNED UNDER THE TERMS HEREOF BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE, OR FOR CARGO NOT PACKAGED, $500 PER CUSTOMARY FREIGHT UNIT; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.3 ON THE REVERSE SIDE)  $____0____  PER KG,
PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (circle one)

RECEIVED at the Place of Receipt or where this is a Port to Port (others) at the Sea/Air Port of Loading in apparent external good order condition, except as otherwise noted, the packages and/or goods of the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, the case may be.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| | | | |

e contract of carriage evidenced by this document is subject to all the ns and conditions set forth on this side and the reverse side. It is subject to all laws and other provisions incorporated by reference this document. Copies of all terms and conditions are available on uest. If this document is a Bill of Lading, ____0____ originals are ed. When one original is accomplished, the other(s) will be void.

| | | |
|---|---|---|
| ISSUED AT<br>LOS ANGELES, CA | DATE<br>28-NOV-2012 | |
| UPS OCEAN FREIGHT SERVICES, INC. | | |

Only the Bill of Lading box is checked, this document will constitute a negotiable bill of lading, which must be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable sea/air waybill, but the Carrier may demand its surrender. to be surrendered to obtain release of the Goods. If neither box is checked, or both boxes are checked, this document will be a non-negotiable sea/air waybill, but the Carrier may demand its surrender.   33UOFS101 REV 04/2012

Supply Chain Solutions℠  **UPS**

## UPS OCEAN FREIGHT SERVICES, INC.

OTI License No. 016571N

WAYBILL

**MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT**          ☑ Waybill   ☐ Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX120380 | 7780298768 |

EXPORT REFERENCES

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321 FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC#275F<br>19701 HAMILTON AVENUE<br>TORRANCE, CA 90502 US |

POINT AND COUNTRY OF ORIGIN

CALABASAS  CA  US

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL:821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLVD<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

PLACE OF RECEIPT

LOS ANGELES, CA

| INITIAL CARRIER (Vessel Name or Designation of<br>means of transportation) | OCEAN PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| CL PUSAN 94/W | LOS ANGELES, CA, US | OCEAN PORT TO OCEAN PORT |
| AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
| BUSAN, KR | BUSAN | | |

FCL

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO OF PACKAGES | DESCRIPTION OF PACKAGES AND GOODS (See Paragraphs 13-16 on reverse side) | GROSS WEIGHT (KGS/LBS) | MEASUREMENT |
|---|---|---|---|---|
| RNO: 2CSU8764427<br>ALCODE1: 0628776 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 22,915.000 KG<br>50,518.910 LB | |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT
ADMINISTRATION REFULATIONS.  DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/ NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT
FREIGHT PREPAID
SHIPPED ON BOARD:

EEI FTR 30.37 (a)

NOTE:  THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY AIR TRANSPORTATION COVERED BY THE WARSAW CONVENTION, TO $20.00 PER KG (OR # BY THE WARSAW CONVENTION AMENDED BY THE MONTREAL PROTOCOL, TO 17 SDR'S PER KG), DURING ANY SEA AND OTHER TRANSPORTATION COVERED UNDER THE TERMS HEREOF BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE, OR FOR CARGO NOT PACKAGED, $500 PER CUSTOMARY FREIGHT UNIT; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one)  $_____ PER KG,  $_____ PER PACKAGE, CUSTOMARY FREIGHT UNIT, OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.3 ON THE REVERSE SIDE). $_____ $_____

**CHARGES**        **PREPAID**        **COLLECT**

RECEIVED at the Place of Receipt or (where this is a Port to Port
shipment) at the Sea/Air Port of Loading in apparent external good order
& condition, except as otherwise noted, the packages and /or goods
described or the goods are in containers, the container(s) described above for
transportation to the Place of Delivery of the Sea/Air Port of Discharge,
as the case may be.

This contract of carriage evidenced by this document is subject to all the
terms and conditions set forth on this side and the reverse side.  It is
also subject to all laws and other provisions incorporated by reference in
this document.  Copies of all terms and conditions are available on
request.  If this document is a Bill of Lading, _____0_____ originals are
issued.  When one original is accomplished, the other(s) will be void.

| | |
|---|---|
| LOS ANGELES, CA | 20-NOV-2012 |
| ISSUED AT | DATE |

UPS OCEAN FREIGHT SERVICES, INC.

If only the Bill of Lading box is checked, this document will constitute a negotiable bill of lading, which must be surrendered before the Goods may be released.  If only the Waybill box is checked, this document will constitute a non-negotiable sea/air waybill, which does not have to be surrendered to obtain release of the Goods.  If neither box is checked, or both boxes are checked, this document will be a non-negotiable sea/air waybill, but the Carrier may demand its surrender.   37/USF3101 REV 04/2012

UPS Supply Chain Solutions™   **UPS**

## UPS OCEAN FREIGHT SERVICES, INC.
OTI License No. 015971N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**
[X] *Waybill   [ ] *Bill of Lading

| | |
|---|---|
| SHIPPER/EXPORTER<br>DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | DOCUMENT NO.<br>LAX120360 — BILL NUMBER 7780298768<br>EXPORT REFERENCES |
| CONSIGNEE<br>GANGIM ENR CO LTO<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321 FAX 0555845320<br>SEOUL KR | FORWARDING AGENT-REFERENCES<br>UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US<br><br>POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |
| NOTIFY PARTY<br>JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | DELIVERY AGENT<br>UPS SCS KOREA LIMITED<br>1:5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |
| PLACE OF RECEIPT | |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation)<br>CSCL PUSAN 84/W | SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT | |
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

PLACE OF RECEIPT: LOS ANGELES    FCL

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: BMOU4519296<br>SEALCODE1: 0647146 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,000.000 KG<br>55,115.550 LB | |
| CTRNO: FCIU8638898<br>SEALCODE1: 191170 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,000.000 KG<br>55,115.550 LB | |
| CTRNO: FSCU6738346<br>SEALCODE1: 0628766 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,089.000 KG<br>55,311.760 LB | |
| CTRNO: TCLU5270521<br>SEALCODE1: 5467844 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,000.000 KG<br>55,115.550 LB | |
| CTRNO: ZCSU7003151<br>SEALCODE1: 0647191 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,000.000 KG<br>55,115.550 LB | |
| CTRNO: ZCSU8297805<br>SEALCODE1: 0628775 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 22,992.000 KG<br>50,688.670 LB | |
| CTRNO: ZCSU8343046 | 1 | 40' HIGH CUBE CONTAINER 25 BALES | 25,307.000 KG | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.3 ON THE REVERSE SIDE)
$_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt (or where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ___0___ originals are signed. When one original is accomplished, the other (s) will be void. | | | |
| LOS ANGELES          20-Nov-2012<br>ISSUED AT            DATE<br>UPS OCEAN FREIGHT SERVICES, INC.<br>Carrier<br>X | | | |

Z3UOF8101 REV 04/2012

ID:4120977200   User:eksatogiwa TIF  SN:7780298768   Print GMT:4/30/2013 8:03:35 PM pg:5

UPS Supply Chain Solutions™   **UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No. 015371N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**
[X] *Waybill   [ ] *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX120360 | 7780298768 |

| | EXPORT REFERENCES |
|---|---|

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321 FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| CSCL PUSAN 84/W | LOS ANGELES, CA, US | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN .3 | | |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-18 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| SEALCODE1: 0628769 | | SAID TO CONTAIN<br>TIRES, N.O.S. | 55,792.370 LB | |
| CTRNO: ZCSU8370254<br>SEALCODE1: 0647192 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,000.000 KG<br>55,115.550 LB | |
| CTRNO: ZCSU8388335<br>SEALCODE1: 0628773 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 22,973.000 KG<br>50,646.780 LB | |
| CTRNO: ZCSU8398420<br>SEALCODE1: 0628770 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,148.000 KG<br>55,441.830 LB | |
| CTRNO: ZCSU8432058<br>SEALCODE1: 0647160 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 22,915.000 KG<br>50,518.910 LB | |
| CTRNO: ZCSU8522320<br>SEALCODE1: 0628767 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,226.000 KG<br>55,613.790 LB | |
| CTRNO: ZCSU8543730<br>SEALCODE1: 0628774 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN | 22,839.000 KG<br>50,351.360 LB | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION.  DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.3 ON THE REVERSE SIDE).<br>_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one)  FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND<br>TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY UNDERTAKES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | | PREPAID | COLLECT |
|---|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be. | | | | |

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a BB of Lading, _9_ originals are signed. When one original is accomplished, the other (s) will be void.

| | |
|---|---|
| LOS ANGELES | 20-Nov-2012 |
| ISSUED AT | DATE |
| UPS OCEAN FREIGHT SERVICES, INC.<br>carrier | |
| X | |

23UOF8109 REV 04/2012

ID:4120977200  User:eksatogiwa  TIF  SN:7780298768  Print GMT:4/30/2013 8:03:35 PM pg:6

UPS Supply Chain Solutions™ | UPS

## UPS OCEAN FREIGHT SERVICES, INC.
OTI License No. 016271N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**
[X] *Waybill    [ ] *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX120360 | 7780298768 |

EXPORT REFERENCES

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321 FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>18701 HAMILTON AVENUE<br>TORRANCE CA 90502 US<br>POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| CSCL PUSAN 84/W | LOS ANGELES, CA, US | OCEAN PORT To Ocean Port |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 16-18 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: ZCSU8572574<br>SEALCODE1: 0628772 | 1 | TIRES, N.O.S.<br>40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 24,724.000 KG<br>54,507.070 LB | |
| CTRNO: ZCSU8645177<br>SEALCODE1: 0628771 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,301.000 KG<br>55,779.140 LB | |
| CTRNO: ZCSU8725544<br>SEALCODE1: 0628780 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 22,908.000 KG<br>50,505.690 LB | |
| CTRNO: ZCSU8764427<br>SEALCODE1: 0628776 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 22,915.000 KG<br>50,518.910 LB | |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT
ADMINISTRATION REGULATIONS. DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT
FREIGHT PREPAID
SHIPPED ON BOARD: 20-NOV-2012

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION, DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND, AND DURING ALL OTHER TRANSPORTATION PAYING A HIGHER PACKAGE LIMIT [SEE CLAUSE 7.2 ON THE REVERSE SIDE]. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND ... PER KG PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT [Circle one]   FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDEMNIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, 0 originals are signed. When one original is accomplished, the other (s) will be void. | | | |

| LOS ANGELES | 20-Nov-2012 |
|---|---|
| ISSUED AT | DATE |
| UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | |

73UOFS101 REV 04/2012

UPS Supply Chain Solutions℠

**UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No. 016571N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

Waybill
[X] *Waybill   [ ] *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX120360 | 7780298768 |

| CONSIGNEE | EXPORT REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>80 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321 FAX 0555845320<br>SEOUL KR | |

| | FORWARDING AGENT-REFERENCES |
|---|---|
| | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |

| NOTIFY PARTY | POINT AND COUNTRY OF ORIGIN |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | CALABASAS CA US |

| | DELIVERY AGENT |
|---|---|
| | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of means of transportation)<br>CSCL PUSAN 84/W | SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY |
| | | PLACE OF RECEIPT BY PRE-CARRIER |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| | | No EEI FTR 30.37(a) | | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED BY THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE). THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND $_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ___0___ originals are signed. When one original is accomplished, the other (s) will be void. | | | |

| LOS ANGELES | 20-Nov-2012 |
|---|---|
| ISSUED AT | DATE |
| UPS OCEAN FREIGHT SERVICES, INC.<br>carrier | |
| X | |

ID:4122265404  User:eksatogiwa TIF  SN:7780422727  Print GMT:4/30/2013 8:05:36 PM pg:1

| UPS Supply Chain Solutions℠ | **UPS OCEAN FREIGHT SERVICES, INC.**<br>OTI License No.016871N<br>MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | **Waybill**<br>☒ *Waybill    ☐ *Bill of Lading |

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTERNATIONAL RECYCLING LLC<br>CALABASA, CA SJU BOOKING<br>STE 200<br>CAROLINA PR 00979 US | 865238213 | 7780422727 |
| | EXPORT REFERENCES<br>AWB 7780422727 | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS OCEAN FREIGHT SERVICES INC. FMC#16871N<br>LOT 1-5A SABANA GARDENS INDUSTRIAL PARK<br>CAROLINA PR 00950 US |
| | POINT AND COUNTRY OF ORIGIN<br>CAROLINA PR US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| SAN JUAN | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of Transportation)<br>MAERSK WALVIS BAY 1236 | SEA/AIR PORT OF LOADING<br>SAN JUAN, PR | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| | 960 | BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 105,232.000 KG<br>231,996.780 LB | 40.000 M3<br>1,412.400 F3 |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT ADMINISTRATION REGULATIONS. DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT
FREIGHT PREPAID

No EEI FTR 30.37(a)

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE) $_____. PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be. | **CHARGES** | **PREPAID** | **COLLECT** |
|---|---|---|---|
| | OCEAN 40' HC @ 0.00/LS | | 51,975.00 USD |
| The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading ___0___ originals are signed. When one original is accomplished, the other (s) will be void. | TOTAL | | 51,975.00 USD |
| | TLI - 4014660007.9700 | | |

| SAN JUAN | 23-Nov-2012 |
|---|---|
| ISSUED AT | DATE |
| UPS OCEAN FREIGHT SERVICES, INC.<br>carrier | |

Exhibit F page 85

ID:4120978654  User:eksatogiwa  TIF  SN:7780387813  Print GMT:4/30/2013 8:10:56 PM pg:1

UPS Supply Chain Solutions™

**UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No. 016471N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**
☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX121009 | 7780387813 |

EXPORT REFERENCES

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |

| | POINT AND COUNTRY OF ORIGIN |
|---|---|
| | CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of<br>other means of Transportation)<br>ZIM SHENZHEN 35/W | SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-19 on the reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: FSCU9191170<br>SEALCODE1: 0623412 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,983.000 KG<br>57,282.690 LB | |
| CTRNO: JXLU8207102<br>SEALCODE1: 0047226 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,983.000 KG<br>57,282.690 LB | |
| CTRNO: TGHU9355170<br>SEALCODE1: 55860 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,983.000 KG<br>57,282.690 LB | |
| CTRNO: TRLU5431311<br>SEALCODE1: 0623411 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 26,020.000 KG<br>57,364.260 LB | |
| CTRNO: ZCSU7040197<br>SEALCODE1: 0623408 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 26,020.000 KG<br>57,364.260 LB | |
| CTRNO: ZCSU8248098<br>SEALCODE1: 0623408 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 26,020.000 KG<br>57,364.280 LB | |
| CTRNO: ZCSU8263385 | 1 | 40' HIGH CUBE CONTAINER 25 BALES | 25,983.000 KG | |

NOTE: THE CARRIER'S LIABILITY SHALL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION COVERED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT), TO $500 PER PACKAGE OR FOR CARGO (NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT); DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND, AND DURING ALL OTHER TRANSPORTATION, PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE). EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE). $_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| CHARGES | PREPAID | COLLECT |
|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be. | | |

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a BB of Lading, ___0___ originals are signed. When one original is accomplished, the other (s) will be void.

| LOS ANGELES | 14-Dec-2012 |
|---|---|
| | DATE |

ISSUED AT
UPS OCEAN FREIGHT SERVICES, INC.
carrier
X

23UOFS101 REV 04/2012

ID:4120978654 User:eksatogiwa TIF SN:7780387813 Print GMT:4/30/2013 8:10:56 PM pg:2

| UPS Supply Chain Solutions℠ | (UPS) | **UPS OCEAN FREIGHT SERVICES, INC.**<br>OTI License No.015311N<br>MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | Waybill |
|---|---|---|---|

☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX121009 | 7780387813 |

EXPORT REFERENCES

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |

| | POINT AND COUNTRY OF ORIGIN |
|---|---|
| | CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation)<br>ZIM SHENZHEN 35/W | SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| SEALCODE1: 1734292 | | SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 57,282.690 LB | |
| CTRNO: ZCSU8333097 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 26,020.000 KG<br>57,364.260 LB | |
| CTRNO: ZCSU8333409<br>SEALCODE1: 0623407 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 26,020.000 KG<br>57,364.260 LB | |
| CTRNO: ZCSU8377217<br>SEALCODE1: 0623491 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 26,020.000 KG<br>57,364.260 LB | |
| CTRNO: ZCSU8404652<br>SEALCODE1: 0623500 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,983.000 KG<br>57,282.690 LB | |
| CTRNO: ZCSU8430142<br>SEALCODE1: 0623489 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,983.000 KG<br>57,282.690 LB | |
| CTRNO: ZCSU8435400<br>SEALCODE1: 0647182 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN | 26,020.000 KG<br>57,364.260 LB | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION COVERED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT;  DURING TRANSPORTATION WHICH MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $2.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER AMOUNT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).

_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one).  FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY INDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE. TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY AS AGENT AND

RECEIVED at the Place of Receipt (or) where this is a Port to Port shipment) at the Sea/Air Port of Loading the apparent external good order and condition, except as otherwise noted, the packages and or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.

| CHARGES | PREPAID | COLLECT |
|---|---|---|
| | | |

This contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, _0_ originals are signed. When one original is accomplished, the other (s) will be void.

| LOS ANGELES | 14-Dec-2012 |
|---|---|
| ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC.<br>Carrier<br>X | DATE |

23U0F5103 REV 04/2012

ID:4120978654 User:eksatogiwa TIF SN:7780387813 Print GMT:4/30/2013 8:10:56 PM pg:3

UPS Supply Chain Solutions℠ **(UPS)**

# UPS OCEAN FREIGHT SERVICES, INC.
OTI License No. 016571N
**MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT**

**Waybill**
[X] *Waybill*    [ ] *Bill of Lading*

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC 24520 DRY CANYON COLD CREEK RD STE 200 CALABASAS CA 91302 US | LAX121009 | 7780387813 |

EXPORT REFERENCES

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD 90 SADORI GUNBUK MYUN HAMAN GUN GYEONGNAM TEL 0555845321 FAX 0555845320 SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F 19701 HAMILTON AVENUE TORRANCE CA 90502 US |

POINT AND COUNTRY OF ORIGIN
CALABASAS CA US

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC 2010 CJ, 534, 8-DONG TEL: 821058247265 ANYANG KR | UPS SCS KOREA LIMITED 1-5F HANYOUNG BLDG 77-66 MULLAE-DONG 3 GA SEOUL KR 158 070 |

PLACE OF RECEIPT

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| ZIM SHENZHEN 35/W | LOS ANGELES, CA, US | OCEAN PORT To OCEAN PORT |

LOS ANGELES    FCL

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15/16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| | | TIRES, USED, N.O.S. | | |
| CTRNO: ZCSU8462303 SEALCODE1: 5467809 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 25,983.000 KG 57,282.690 LB | |
| CTRNO: ZCSU8482146 SEALCODE1: 0647186 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 25,983.000 KG 57,282.690 LB | |
| CTRNO: ZCSU8502746 SEALCODE1: 0623487 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 25,983.000 KG 57,282.690 LB | |
| CTRNO: ZCSU8541402 SEALCODE1: 0447227 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 25,983.000 KG 57,282.690 LB | |
| CTRNO: ZCSU8564250 SEALCODE1: 5467814 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 26,020.000 KG 57,364.260 LB | |
| CTRNO: ZCSU8587300 SEALCODE1: 5467813 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 26,020.000 KG 57,364.260 LB | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION COVERED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.39 PER POUND AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.3 ON THE REVERSE SIDE). _____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENT FOR ON-CARRIAGE MADE BY UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND PAYING A HIGHER FREIGHT, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | | PREPAID | COLLECT |
|---|---|---|---|---|
| RECEIVED at the Place of Receipt (or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be. | | | | |

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, 0 originals are signed. When one original is accomplished, the other (s) will be void.

| LOS ANGELES | 14-Dec-2012 |
|---|---|
| **ISSUED AT** | **DATE** |

UPS OCEAN FREIGHT SERVICES, INC.
carrier

Exhibit F page 88

ID:4120978654  User:eksatogiwa  TIF  SN:7780387813  Print GMT:4/30/2013 8:10:56 PM pg:4

| UPS Supply Chain Solutions™ (UPS) | **UPS OCEAN FREIGHT SERVICES, INC.** OTI License No. 015877N MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | **Waybill** ☒ "Waybill"   ☐ Bill of Lading |
|---|---|---|

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC 24520 DRY CANYON COLD CREEK RD STE 200 CALABASAS CA 91302 US | LAX121009 | 7780387813 |
| | EXPORT REFERENCES | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD 90 SADORI GUNBUK MYUN HAMAN GUN GYEONGNAM TEL 0555845321  FAX 0555845320 SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F 19701 HAMILTON AVENUE TORRANCE CA 90502 US |
| | POINT AND COUNTRY OF ORIGIN |
| | CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC 2010 CJ, 534, 6-DONG TEL: 821058247265 ANYANG KR | UPS SCS KOREA LIMITED 1-5F HANYOUNG BLDG 77-66 MULLAE-DONG 3 GA SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation) ZIM SHENZHEN 35/W | SEA/AIR PORT OF LOADING LOS ANGELES, CA, US | FINAL DESTINATION OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE BUSAN, KR | PLACE OF DELIVERY BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | N°. OF PKGS | DESCRIPTION OF PACKAGES AND GOODS (See Paragraphs 16-19 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: ZCSU8640935 SEALCODE1: 0623490 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 26,020.000 KG 57,364.260 LB | |
| CTRNO: ZCSU8688800 SEALCODE1: 5467812 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 26,020.000 KG 57,364.260 LB | |
| CTRNO: ZCSU8701455 SEALCODE1: 5467807 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 26,020.000 KG 57,364.260 LB | |
| CTRNO: ZCSU8866440 SEALCODE1: 0623404 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 26,020.000 KG 57,364.260 LB | |
| CTRNO: ZCSU8966120 SEALCODE1: 5467811 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 26,020.000 KG 57,364.260 LB | |
| CTRNO: ZCSU8990147 SEALCODE1: 0623405 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 25,983.000 KG 57,282.690 LB | |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTIONS; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).  _____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one).  FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the container) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be. | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, __0__ originals are signed. When one original is accomplished, the other (s) will be void. | | | |

| LOS ANGELES | 14-Dec-2012 |
|---|---|
| ISSUED AT UPS OCEAN FREIGHT SERVICES, INC. center X | DATE |

23UOFS191 REV 04/2012

ID:4120978654  User:eksatogiwa  TIF  SN:7780387813  Print GMT:4/30/2013 8:10:56 PM pg:5

| UPS Supply Chain Solutions™ | **UPS OCEAN FREIGHT SERVICES, INC.**<br>OTI License No. 018471N<br>MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | Waybill | |
|---|---|---|---|
| | | ☒ *Waybill  ☐ *Bill of Lading | |

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX121009 | 7780387813 |
| | EXPORT REFERENCES | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321 FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ. 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| ZIM SHENZHEN 35/W | LOS ANGELES, CA, US | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

| PARTICULARS FURNISHED BY SHIPPER | | | | |
|---|---|---|---|---|
| *MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 16-18 on reverse side) | *GROSS WEIGHT | MEASUREMENT |
| ADMINISTRATION REGULATIONS. DIVERSION CONTRARY TO U.S. LAW PROHIBITED.<br>EXPRESS BILL OF LADING/NO ORIGINALS ISSUED<br>SHIPPER'S LOAD, STOW, AND COUNT<br>FREIGHT COLLECT<br>SHIPPED ON BOARD: 14 DEC-2012<br><br>AES X20121211034271 | | | | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT. DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND, AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND BY PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
........... PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be. | | | |
| The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, _____0_____ originals are signed. When one original is accomplished, the other (s) will be void. | | | |

| LOS ANGELES | 14-Dec-2012 |
|---|---|
| ISSUED AT | DATE |
| UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | |

ID:4122832040  User:eksatogiwa TIF SN:7166200019 MAWB:MOSGUM06423871  Print GMT:4/30/2013 8:11:29 PM pg:1

| UPS Supply Chain Solutions℠ | **UPS ASIA GROUP PTE. LTD.**  MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | Waybill  ☒ *Waybill   ☐ *Bill of Lading |
|---|---|---|

| SHIPPER/EXPORTER  DDR INTL. RECYCLING LLC  24520 DRY CANYON COLD CREEK ROAD  CALABASAS CA 91302 CA | DOCUMENT NO.  6423871 | BILL NUMBER  7166200019 |
|---|---|---|
| | EXPORT REFERENCES  NVOSA . | |
| CONSIGNEE  GAMGIN ENR CO LTD  90 SADORI GUNBUK-MYUN HAMAN-GUN  GYEONGNAM, KOREA KR | FORWARDING AGENT-REFERENCES  BAKER INTERNATIONAL INC.  131 JL BAKER ST HARMON INDUSTRIAL PARK 19  HARMON GU 96913 | |
| | POINT AND COUNTRY OF ORIGIN  CALABASAS CA CA | |
| NOTIFY PARTY  GAMGIN ENR CO LTD  90 SADORI GUNBUK-MYUN HAMAN-GUN  GYEONGNAM, KOREA KR | DELIVERY AGENT  UPS SCS KOREA LIMITED  1-5F HANYOUNG BLDG  77-66 MULLAE-DONG 3 GA  SEOUL KR 158 070 | |
| PLACE OF RECEIPT  GUAM, GU | FCL | |
| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation)  MAUNALEI 066W | SEA/AIR PORT OF LOADING  GUAM, GU | FINAL DESTINATION  OCEAN PORT To OCEAN PORT |
| SEA/AIR PORT OF DISCHARGE  BUSAN, KR | PLACE OF DELIVERY  BUSAN, KR | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

| PARTICULARS FURNISHED BY SHIPPER | | | | |
|---|---|---|---|---|
| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
| | 25 | BALES  SAID TO CONTAIN  2 X 40' HC STC: USED SCRAP TIRES | 25,193.000 KG  55,541.040 LB | |
| | 25 | BALES  SAID TO CONTAIN  2 X 40' HC STC: USED SCRAP TIRES | 25,466.000 KG  56,142.900 LB | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO 1500 PER PACKAGE OR FOR CARGO NOT PACKAGED 1500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO 10.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO 10.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).  $____0____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading __0__ originals are signed. When one original is accomplished, the other (s) will be void.

| | | CHARGES | PREPAID | COLLECT |
|---|---|---|---|---|
| GUAM | 26-Dec-2012 | | | |
| ISSUED AT  UPS ASIA GROUP PTE. LTD.  center | DATE | Exhibit F page 91 | | |

ID:4120976433   User:eksatogiwa  TIF SN:7780713534  MAWB:MOSLAX62796003  Print GMT:4/30/2013 8:13:20 PM pg:1

PS Supply Chain Solutions ℠   **UPS OCEAN FREIGHT SERVICES, INC.**   **WAYBILL**
OTI License No. 015871H
**MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT**   ☑Waybill   ☐Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX121010 | 7780713534 |

EXPORT REFERENCES

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC#276F<br>19701 HAMILTON AVENUE<br>TORRANCE, CA 90502 US |

POINT AND COUNTRY OF ORIGIN
CALABASAS  CA  US

| NTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL:821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLVD<br>77-68 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

ACE OF RECEIPT
LOS ANGELES, CA                FCL

| PORTING CARRIER (Vessel Name or Designation of<br>her means of transportation)<br>IM BEIJING  34W | OCEAN PORT TO OCEAN PORT |
|---|---|
| SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION |
| WATER PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

**PARTICULARS FURNISHED BY SHIPPER**

| | NO. OF PKGS | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT |
|---|---|---|---|
| TRNO: DFSU6257073<br>EALCODE1: 8866587 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,500.000 KG<br>58,421.250 LB |
| TRNO: ZCSU8432314<br>EALCODE1: 8866588 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,900.000 KG<br>59,303.740 LB |
| TRNO: ZCSU8710204<br>EALCODE1: 8866588 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,900.000 KG<br>5,933.760 LB |
| TRNO: ZCSU8904046<br>EALCODE1: 8866590 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,900.000 KG<br>59,303.820 LB |
| TRNO: ZCSU8978917<br>EALCODE1: 8866589 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,500.000 KG<br>58,421.240 LB |

HESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT
DMINISTRATION REGULATIONS.  DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
XPRESS BILL OF LADING/NO ORIGINALS ISSUED
HIPPER'S LOAD, STOW, AND COUNT
REIGHT PREPAID

HIPPED ON BOARD: 28-DEC-2012

o EEI FTR 30.37 (a)

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING AIR TRANSPORTATION COVERED BY THE WARSAW CONVENTION TO $20.00 PER KG (OR) BY THE WARSAW CONVENTION AMENDED BY THE MONTREAL PROTOCOL, TO 17 SDR'S PER KG; DURING ANY SEA AND OTHER TRANSPORTATION COVERED UNDER THE TERMS HEREOF BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE, OR FOR CARGO NOT PACKAGED, $500 PER CUSTOMARY FREIGHT UNIT; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 12 ON THE REVERSE SIDE)  $_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one)

| | | CHARGES | | PREPAID | COLLECT |
|---|---|---|---|---|---|
| ECEIVED (the Place of Receipt or before this is a Port to Port<br>ipment) at the Sea/Air Port of Loading in apparent external good order<br>d condition, except as otherwise noted, the packages and /or goods<br>. If the goods are in containers, the container(s) described above for<br>nsportation to the Place of Delivery of the Sea/Air Port of Discharge, as<br>e case may be.<br><br>e contract of carriage evidenced by this document is subject to all the<br>ms and conditions set forth on this side and the reverse side. It is<br>so subject to all laws and other provisions incorporated by reference<br>to this document.  Copies of all terms and conditions are available on<br>quest. If this document is a Bill of Lading, _____0_____ original/s are<br>ssued. When one original is accomplished, the other(s) will be void. | | | | | |

OS ANGELES, CA              28-DEC-2012
SSUED AT                    DATE
PS OCEAN FREIGHT SERVICES, INC.
rrier

Only the Bill of Lading box is checked, this document will constitute a negotiable bill of lading, which must be surrendered before the Goods may be released.  If only the Waybill box is checked, this document will constitute a non-negotiable seaair waybill, which does not
re to be surrendered to obtain release of the Goods.  If neither box is checked, or both boxes are checked, this document will be a non-negotiable seaair waybill, but the Carrier may demand its surrender.   2300F8101 REV 04/2013

ID:4122832440  User:eksatogiwa TIF SN:7166200030  MAWB:MOSGUM07101138  Print GMT:4/30/2013 8:21:42 PM pg:1

| UPS Supply Chain Solutions℠ | **UPS ASIA GROUP PTE. LTD.**<br>MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | ☐ *Waybill | ☐ *Bill of Lading |

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL. RECYCLING INC.<br>24520 DRY CANYON COLD CREEK ROAD<br>BARRIGADA GU 96913 | 7101138 | 7166200030 |

| | EXPORT REFERENCES |
|---|---|
| | NVOSA . |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GAMGIN ENR CO LTD<br>90 SADORI GUNBUK-MYUN HAMAN-GUN<br>GYEONGNAM, KIREA KR | BAKER INTERNATIONAL INC.<br>131 JL BAKER ST HARMON INDUSTRIAL PARK 19<br>HARMON GU 96913 |

| | POINT AND COUNTRY OF ORIGIN<br>BARRIGADA  GU |
|---|---|

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| GAMGIN ENR CO LTD<br>90 SADORI GUNBUK-MYUN HAMAN-GUN<br>GYEONGNAM, KIREA KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT |  |
|---|---|
| BARRIGADA, GU | FCL |

| EXPORTING CARRIER (Vessel) Name or Designation of<br>other means of transportation)<br>MAUNAWILI 108W | SEA/AIR PORT OF LOADING<br>GUAM, GU | FINAL DESTINATION<br>CY To CY | |
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN, KR | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

| PARTICULARS FURNISHED BY SHIPPER | | | | |
|---|---|---|---|---|
| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
| CTRNO: MATU253373-0<br>SEALCODE1: 004461 | 1 | 40' HIGH CUBE CONTAINER 25 FREIGHT<br>SAID TO CONTAIN<br>2 40'HC STC SCRAP TIRES IN BALES | 26,157.000 KG<br>57,666.300 LB | 20.000 M3<br>706.200 F3 |
| CTRNO: MATU255330-9<br>SEALCODE1: 004455 | 1 | 40' HIGH CUBE CONTAINER 25 FREIGHT<br>SAID TO CONTAIN<br>2 40'HC STC SCRAP TIRES IN BALES | 56.630 KG<br>124.850 LB | 20.000 M3<br>706.200 F3 |

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7 2 ON THE REVERSE SIDE).

$__0_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and for goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a B/a of Lading, __0__ originals are signed. When one original is accomplished, the other (s) will be void. | | | |
| GUAM | 17-Jan-2013 | | |
| ISSUED AT<br>UPS ASIA GROUP PTE. LTD.<br>carrier | DATE | Exhibit F page 93 | |

ID:4116479929  User:eksatogiwa  TIF  SN:7780839935  MAWB:MOSLAX62814139  Print GMT:5/2/2013 12:28:49 AM pg:1

**UPS Supply Chain Solutions** ℠

## UPS OCEAN FREIGHT SERVICES, INC.

OTI License No.016671N

**MULTIMODAL TANSPORT OR PORT TO PORT SHIPMENT**

**WAYBILL**

☑ Waybill  ☐ Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX122299A | 7780839935 |

**EXPORT REFERENCES**

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC#275F<br>19701 HAMILTON AVENUE<br>TORRANCE, CA 90502 US |

**POINT AND COUNTRY OF ORIGIN**

CALABASAS  CA  US

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL:821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLVD<br>77-68 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| LOS ANGELES, CA | FCL | |
| EXPORTING CARRIER (Vessel Name or Destination of other means of transportation)<br>ZIM NEW YORK 49 | OCEAN PORT TO OCEAN PORT | |
| SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION | |
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: TCNU8394478<br>SEALCODE: 8557805 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,320.000 KG<br>55,821,580 LB | |
| CTRNO: ZCSU8267272<br>SEALCODE: 8559133 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,250.250 KG<br>55,667.260 LB | |
| CTRNO: ZCSU8745941<br>SEALCODE: 8559101 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,120.250 KG<br>66,380.660 LB | |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT
ADMINISTRATION REGULATIONS.  DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT
FREIGHT PREPAID

SHIPPED ON BOARD: 20-JAN-2013

**NOTE:**

THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY AIR TRANSPORTATION GOVERNED BY THE WARSAW CONVENTION, TO $20.00 PER KG (OR IF BY THE WARSAW CONVENTION AMENDED BY THE MONTREAL PROTOCOL, TO 17 SDR'S PER KG); DURING ANY SEA OR OTHER TRANSPORTATION GOVERNED UNDER THE TERMS HEREOF BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE, OR FOR CARGO NOT PACKAGED, $500 PER CUSTOMARY FREIGHT UNIT; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $2.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE): $_____0_____ PER KG.

| CHARGES | PREPAID | COLLECT |
|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge as the case may be. | | |

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side.  It is also subject to all laws and other provisions incorporated by reference into this document.  Copies of all terms and conditions are available on request.  If this document is a Bill of Lading, _____0_____ originals are signed.  When one original is accomplished, the other(s) will be void.

| ISSUED AT<br>LOS ANGELES, CA | DATE<br>20-DEC-2012 |
|---|---|

UPS OCEAN FREIGHT SERVICES, INC.

* If only the Bill of Lading box is checked, this document will constitute a negotiable bill of lading, which must be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable sea/air waybill, which does not have to be surrendered to obtain release of the Goods. If neither box is checked, or both boxes are checked, this document will be a non-negotiable sea/air waybill, but the Carrier may demand its surrender.   23/OFS101 REV 04/29/12

Exhibit F page 94

UPS Supply Chain Solutions ℠

## UPS OCEAN FREIGHT SERVICES, INC.
OTI License No. 015871N

**WAYBILL**

☑ Waybill  ☐ Bill of Lading

**MULTIMODAL TANSPORT OR PORT TO PORT SHIPMENT**

| | | |
|---|---|---|
| **SHIPPER/EXPORTER**<br>DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | **DOCUMENT**<br>LAX122408A | **BILL NUMBER**<br>7780839759 |
| | **EXPORT REFERENCES** | |

| | |
|---|---|
| **CONSIGNEE**<br>SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA,<br>GEO DONG JUNG GU, KOREA<br>SEOUL KR 100748 | **FORWARDING AGENT-REFERENCES**<br>UPS SUPPLY CHAIN SOLUTIONS, INC. FMC#275F<br>19701 HAMILTON AVENUE<br>TORRANCE, CA 90502 US |
| | **POINT AND COUNTRY OF ORIGIN**<br>CALABASAS  CA  US |
| **NOTIFY PARTY**<br>JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL:821058247265<br>ANYANG KR | **DELIVERY AGENT**<br>UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLVD<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| **PLACE OF RECEIPT**<br>LOS ANGELES, CA | | |
|---|---|---|
| **EXPORTING CARRIER** (Vessel Name or Destination of other means or transportation)<br>ZIM NEW HORK 49W | **SEA/AIR PORT OF LOADING**<br>LOS ANGELES, CA, US | **FINAL DESTINATION**<br>OCEAN PORT TO OCEAN PORT |
| **SEA/AIR PORT OF DISCHARGE**<br>BUSAN, KR | **PLACE OF DELIVERY**<br>BUSAN | **PRE-CARRIAGE BY** | **PLACE OF RECEIPT BY PRE-CARRIER** |
| | | | FCL |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: CRSU9061030<br>SEALCODE1: 886563 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,900.000 KG<br>59,303.690 LB | |
| CTRNO: DFOU8030417<br>SEALCODE1: 8866559 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,900.000 KG<br>59,303.770 LB | |
| CTRNO: TCNU8890312<br>SEALCODE1: 886558 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,900.000 KG<br>59,303.700 LB | |
| CTRNO: ZCSU8386190<br>SEALCODE1: 8866564 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,900.000 KG<br>59,303.710 LB | |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT ADMINISTRATION REGULATIONS. DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT
FREIGHT PREPAID

SHIPPED ON BOARD: 20-JAN-2013

No EEI FTR 30.37 (a)

**NOTE:** THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS; DURING ANY AIR TRANSPORTATION GOVERNED BY THE WARSAW CONVENTION, TO $20.00 PER KG (OR IF BY THE WARSAW CONVENTION AMENDED BY THE MONTREAL PROTOCOL, TO 17 SDR'S PER KG); DURING ANY SEA AND OTHER TRANSPORTATION GOVERNED UNDER THE TERMS HEREOF BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE, OR FOR CARGO NOT PACKAGED, $500 PER CUSTOMARY FREIGHT UNIT; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $2.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE) $____, ____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one)

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and the goods (or, if the goods are in containers, the containers described above for transportation to the Place of Delivery at the Sea/Air Port of Discharge, as the case may be. | | | |

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ____0____ originals are signed. When one original is accomplished, the other(s) will be void.

| LOS ANGELES, CA | 20-JAN-2013 |
|---|---|
| **ISSUED AT** | **DATE** |
| UPS OCEAN FREIGHT SERVICES, INC. | |
| carrier | |
| X | |

If only the Bill of Lading box is checked, this document will constitute a negotiable Bill of Lading, which must be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable sea/air waybill, which does not have to be surrendered to obtain release of the Goods. If neither box is checked, or both boxes are checked, this document will be a non-negotiable sea/air waybill, but the Carrier may demand its surrender.  23UOFS101 REV 04/2012

ID:4117088538  User:eksatogiwa  TIF  SN:778071348T  MAWB:MOSLAX62805373  Print GMT:5/2/2013 12:31:23 AM pg:1

UPS Supply Chain Solutions ℠

# UPS OCEAN FREIGHT SERVICES, INC.

OTI License No. 015671N

## MULTIMODAL TANSPORT OR PORT TO PORT SHIPMENT

**WAYBILL**

☑ Waybill  ☐ Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24620 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | 26005393433A | 778071348T |

EXPORT REFERENCES

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC#275F<br>19701 HAMILTON AVENUE<br>TORRANCE, CA  90502 US |
| | POINT AND COUNTRY OF ORIGIN |
| | CALABASAS  CA  US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL:821058247266<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLVD<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| LOS ANGELES, CA | FCL |

| EXPORTING CARRIER (Vessel Name or Destination of<br>other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| HYUNDAI HONGKONG 057W | LOS ANGELES, CA, US | OCEAN PORT TO OCEAN PORT |
| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
| BUSAN, KR | BUSAN | | |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS | DESCRIPTION OF PACKAGES AND GOODS (excess value to be inserted) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: CAXU8023412<br>SEALCODE1: 0647176<br>SEALCODE2: 836589 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,500.000 KG<br>58,421.210 LB | |
| CTRNO: XCDU1739510<br>SEALCODE1: 0647183 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,900.000 KG<br>59,303.740 LB | |
| CTRNO: MOTU0207570<br>SEALCODE1: 0647140 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,900.000 KG<br>59,303.740 LB | |
| CTRNO: TCLU8537118<br>SEALCODE1: 647174 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,500.000 KG<br>58,421.210 LB | |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT
ADMINISTRATION REGULATIONS.  DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT
FREIGHT PREPAID

SHIPPED ON BOARD: 13-JAN-2013

No EEI FTR 30.37 (a)

NOTE:  THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY AIR TRANSPORTATION GOVERNED BY THE WARSAW CONVENTION, TO $20.00 PER KG (OR IF BY THE WARSAW CONVENTION AMENDED BY THE MONTREAL PROTOCOL, TO 17 SDR'S PER KG; DURING ANY SEA AND OTHER TRANSPORTATION GOVERNED UNDER THE TERMS HEREOF BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE, OR FOR CARGO NOT PACKAGED, $500 PER CUSTOMARY FREIGHT UNIT, AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE FOR KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE # 7 ON THE REVERSE SIDE): $____0____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one)

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and/or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side.  It is also subject to all laws and other provisions incorporated by reference into this document.  Copies of all terms and conditions are available on request.  If this document is a Bill of Lading, ____0____ originals are signed.  When one original is accomplished, the other(s) will be void. | | | |
| LOS ANGELES, CA | 20-DEC-2012 | | |
| ISSUED AT | DATE | | |
| UPS OCEAN FREIGHT SERVICES, INC. | | | |
| Carrier | | | |

If only the Bill of Lading box is checked, this document will constitute a negotiable bill of lading, which must be surrendered before the Goods may be released.  If only the Waybill box is checked, this document will constitute a non-negotiable sea/air waybill, which does not have to be surrendered to obtain release of the Goods.  If neither box is checked, or both boxes are checked, this document will be a non-negotiable sea/air waybill, but the Carrier may demand its surrender.  2300F5101 REV 04/2012

ID:4115889009  User:eksatogiwa  TIF  SN:7780713468  MAWB:MOSLAX62801745  Print GMT:5/2/2013 12:32:23 AM pg:2

UPS Supply Chain Solutions™  (UPS logo)

# UPS OCEAN FREIGHT SERVICES, INC.
OTI License No.018871N
### MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**  ☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX122299 | 7780713468 |

| EXPORT REFERENCES |
|---|

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation)<br>ZIM PUSAN 35W | SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| SEALCODE1: 0623431 | | SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 55,620.000 LB | |
| CTRNO: ZCSU8416587<br>SEALCODE1: 8557870 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,319.960 KG<br>55,821.000 LB | |
| CTRNO: ZCSU8480396<br>SEALCODE1: 0623439 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,193.410 KG<br>55,542.000 LB | |
| CTRNO: ZCSU8704813<br>SEALCODE1: 0623419 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,044.630 KG<br>55,214.000 LB | |
| CTRNO: ZCSU8790555<br>SEALCODE1: 0623437 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,077.290 KG<br>55,286.000 LB | |
| CTRNO: ZCSU8796851<br>SEALCODE1: 0623440 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,096.340 KG<br>55,328.000 LB | |
| CTRNO: ZCSU8831612<br>SEALCODE1: 0447233 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN | 24,947.560 KG<br>55,000.000 LB | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.50 PER POUND; AND DURING ALL OTHER TRANSPORTATION, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).

_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading ___0___ originals are signed. When one original is accomplished, the other (s) will be void. | | | |

**LOS ANGELES**

| ISSUED AT | 12-Jan-2013 |
|---|---|
| UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | DATE |

If only the Bill of Lading box is checked.  BL  If "Consigned "To Order" this document will constitute a negotiable bill of lading, which must be surrendered before the Goods may be released...

23UOFS101 REV 04/2012

Exhibit F page 97

ID:4115889009   User:eksatogiwa  TIF  SN:7780713468   MAWB:MOSLAX62801745   Print GMT:5/2/2013 12:32:23 AM pg:3

| UPS Supply Chain Solutions℠ | **UPS OCEAN FREIGHT SERVICES, INC.**<br>OTI License No.018871N<br>MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | | Waybill<br>☒ *Waybill ☐ *Bill of Lading |

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX122299 | 7780713468 |
| | EXPORT REFERENCES | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation)<br>ZIM PUSAN 35W | SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION<br>OCEAN PORT To Ocean Port | |
|---|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

| **PARTICULARS FURNISHED BY SHIPPER** | | | | |
|---|---|---|---|---|
| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-18 on reverse side) | GROSS WEIGHT | MEASUREMENT |
| CTRNO: ZCSU8894333<br>SEALCODE1: 8557854 | 1 | TIRES, USED, N.O.S.<br>40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,119.920 KG<br>55,380.000 LB | |
| CTRNO: ZCSU8943079<br>SEALCODE1: 8559126 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 24,947.560 KG<br>55,000.000 LB | |
| CTRNO: ZCSU8966310<br>SEALCODE1: 8559112 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 24,947.560 KG<br>55,000.000 LB | |
| SHIPPED ON BOARD: 12 JAN-2013 | | | | |
| No EEI FTR 30.37(a) | | | | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.19 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE). $_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, _0_ originals are signed. When one original is accomplished, the other (s) will be void. | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| LOS ANGELES | | | |
| ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | | | |

| | 12-Jan-2013 |
|---|---|
| | DATE |

*If this is a Bill of Lading (one check box checked), this document is (and constitutes) a negotiable Bill of Lading, which may be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable sea waybill, which does not have to be surrendered to obtain release of the Goods. If neither box is checked, or both boxes are checked, this document will be a non-negotiable sea waybill, which, in Carrier's sole discretion, may not be required to be surrendered to obtain release of the Goods.

23UOFS101 REV 04/2012

Exhibit F page 98

ID:4115781379  User:eksatogiwa TIF SN:7780752210 MAWB:MOSLAX62801748  Print GMT:5/2/2013 12:33:04 AM pg:1

| UPS Supply Chain Solutions™ | **UPS OCEAN FREIGHT SERVICES, INC.**<br>OTI License No.:015871N<br>**MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT** | Waybill | ☒ *Waybill  ☐ *Bill of Lading |

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX122408 | 7780752210 |
| | EXPORT REFERENCES | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821056247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation)<br>ZIM PUSAN 35W | SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

| PARTICULARS FURNISHED BY SHIPPER | | | | |
|---|---|---|---|---|
| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
| CTRNO: CRSU9032751<br>SEALCODE1: 8866568 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 38,918.190 KG<br>85,800.000 LB | |
| CTRNO: DFSU6301730<br>SEALCODE1: 8866567 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 39,453.430 KG<br>86,980.000 LB | |
| CTRNO: ZCSU8472153<br>SEALCODE1: 8866566 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 39,516.940 KG<br>87,120.000 LB | |
| CTRNO: ZCSU8607069<br>SEALCODE1: 8866577 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 38,192.450 KG<br>84,200.000 LB | |
| CTRNO: ZCSU8637340<br>SEALCODE1: 8866565 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 39,662.080 KG<br>87,440.000 LB | |
| CTRNO: ZCSU8699126<br>SEALCODE1: 866569 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 39,036.130 KG<br>86,060.000 LB | |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR PER CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT ON SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE). _____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, _0_ originals are signed. When one original is accomplished, the other (s) will be void. | | | |
| LOS ANGELES | | | |
| ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | 12-Jan-2013<br>DATE | | |

*If only the Bill of Lading box is checked, and Conditioned "To Order", this document will constitute a negotiable bill of lading, which may be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable sea-waybill, and does not have to be surrendered to obtain release of the Goods. If neither box is checked, or both boxes are checked, this document will be a non-negotiable sea-waybill, which, in Carrier's sole discretion, may not be required to be surrendered to obtain release of the Goods.

23JOFS101 REV 04/2012

ID:4115781379  User:eksatogiwa  TIF  SN:7780752210  MAWB:MOSLAX62801748  Print GMT:5/2/2013 12:33:04 AM pg:2

UPS Supply Chain Solutions™    UPS

**UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No.0169TIN
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**
☒ *Waybill    ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX122408 | 7780752210 |
| | EXPORT REFERENCES | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel) Name or Designation of Other means of Transportation<br>ZIM PUSAN 35W | SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT | |
|---|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| ADMINISTRATION REGULATIONS.  DIVERSION CONTRARY TO U.S. LAW PROHIBITED.<br>EXPRESS BILL OF LADING/NO ORIGINALS ISSUED<br>SHIPPER'S LOAD, STOW, AND COUNT<br>FREIGHT COLLECT<br>SHIPPED ON BOARD: 12 JAN-2013<br><br>No EEI FTR 30.37(a) | | | | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $8.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).

_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one).  FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDEMNIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading __0__ originals are signed. When one original is accomplished, the other (s) will be void. | | | |

LOS ANGELES                    12-Jan-2013

ISSUED AT                         DATE
UPS OCEAN FREIGHT SERVICES, INC.
X

23JUOFS101 REV 04/2012

ID:4117339519  User:eksatogiwa  TIF  SN:7780785584  MAWB:MOSSFO62806553  Print GMT:5/2/2013 12:39:03 AM pg:1

UPS Supply Chain Solutions℠

## UPS OCEAN FREIGHT SERVICES, INC.
OTI License No. 018811N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**
☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTERNATIONAL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | NAM1524240 | 7780785584 |

EXPORT REFERENCES

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOUNG BLDG 24-1,2-GA JEO DONG J<br>50 WELLINGTON STREET<br>SEOUL KR 100748 | UPS SUPPLY CHAIN SOLUTIONS, FMC #275F<br>550-3 ECCLES AVE.<br>SOUTH SAN FRANCISCO CA 94080 US |

POINT AND COUNTRY OF ORIGIN
CALABASAS CA US

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOUNG BLDG 24-1,2-GA JEO DONG J<br>50 WELLINGTON STREET<br>SEOUL KR 100748 | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | OAKLAND | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of Short means of transportation)<br>SL COMET UN282W | SEA/AIR PORT OF LOADING<br>OAKLAND, CA, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO OF PKGS | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| AES X20130107048608 | | | | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS. DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION COVERED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.40 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN ITS CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A B/L OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| CHARGES | PREPAID | COLLECT |
|---|---|---|

RECEIVED at the Place of Receipt (or (where it) is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, __0__ originals are signed. When one original is accomplished, the other (s) will be void.

| SAN FRANCISCO -<br>OFO | 11-Jan-2013 |
|---|---|
| ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC.<br>CARRIER | DATE |

X

UPS Supply Chain Solutions ℠

# UPS OCEAN FREIGHT SERVICES, INC.

OTI License No.015671N

## MULTIMODAL TANSPORT OR PORT TO PORT SHIPMENT

**WAYBILL**

☒ Waybill   ☐ Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX121011 | 7780387857 |

EXPORT REFERENCES

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA,<br>GEO DONG JUNG GU, KOREA<br>SEOUL KR 100748 | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC#275F<br>19701 HAMILTON AVENUE<br>TORRANCE, CA 90502 US |

POINT AND COUNTRY OF ORIGIN
CALABASAS  CA  US

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL:821058247285<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLVD<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| LOS ANGELES, CA | FCL | |
| EXPORTING CARRIER (Vessel Name or Designation of other Means or transportation)<br>ZIM BARCELONA  39W | SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION<br>OCEAN PORT TO OCEAN PORT |
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PLACE OF RECEIPT BY PRE-CARRIER |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NUMBER OF PACKAGES | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: AMFU8657058<br>SEALCODE1: 886581 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,500.000 KG<br>58,421.210 LB | |
| CTRNO: GVCU5328330<br>SEALCODE1: 8886580 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,900.000 KG<br>59,303.740 LB | |
| CTRNO: TCLU5196379<br>SEALCODE1: 886579 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,500.000 KG<br>58,420.800 LB | |
| CTRNO: UESU4508209<br>SEALCODE1: 8886570 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,500.000 KG<br>58,421.010 LB | |
| CTRNO: ZCSU7034846<br>SEALCODE1: 8886574 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,900.000 KG<br>59,303.700 LB | |
| CTRNO: ZCSU8162604<br>SEALCODE1: 8886585 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,900.000 KG<br>59,302.990 LB | |
| CTRNO: ZCSU8194237<br>SEALCODE1: 886571 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,900.000 KG<br>59,303.720 LB | |
| CTRNO: ZCSU8204130<br>SEALCODE1: 886576 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,900.000 KG<br>59,303.700 LB | |

**NOTE:** THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY AIR TRANSPORTATION GOVERNED BY THE WARSAW CONVENTION, TO $20.00 PER KG (OR IF BY THE WARSAW CONVENTION AMENDED BY THE MONTREAL PROTOCOL, TO 17 SDR'S PER KG); DURING ANY SEA AND OTHER TRANSPORTATION GOVERNED UNDER THE TERMS HEREOF BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE, OR FOR CARGO NOT PACKAGED, $500 PER CUSTOMARY FREIGHT UNIT; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7 ? ON THE REVERSE SIDE): $_____ 0_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one)

| | CHARGES | | PREPAID | COLLECT |
|---|---|---|---|---|
| RECEIVED at the Place of Receipt (or where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery or the Sea/Air Port of Discharge as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side.  It is also subject to all laws and other provisions incorporated by reference into this document.  Copies of all terms and conditions are available on request.  If this document is a Bill of Lading, _____0_____ originals are signed.  When one original is accomplished, the other(s) will be void.<br><br>LOS ANGELES, CA ISSUED AT<br>08-JAN-2013 DATE<br>UPS OCEAN FREIGHT SERVICES, INC.<br>carrier | | | | |

If only the Bill of Lading box is checked, this document will constitute a negotiable bill of Lading, which must be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable sea/air waybill, which does not have to be surrendered to obtain release of the Goods. If neither box is checked, or both boxes are checked, this document will be a non-negotiable sea/air waybill, but the Carrier may demand its surrender.   2200FS1015REV 04/2012

ID:4117551063  User:eksatogiwa  TIF  SN:7780387857  MAWB:MOSLAX62795995  Print GMT:5/2/2013 12:39:40 AM pg:2

UPS Supply Chain Solutions ℠

## UPS OCEAN FREIGHT SERVICES, INC.
OTI License No.015671N
### MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**WAYBILL**

☑ Waybill   ☐ Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX121011 | 7780387857 |

**EXPORT REFERENCES**

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA,<br>GEO DONG JUNG GU, KOREA<br>SEOUL KR 100748 | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC#275F<br>19701 HAMILTON AVENUE<br>TORRANCE, CA 90502 US |

**POINT AND COUNTRY OF ORIGIN**
CALABASAS  CA US

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL:821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLVD<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

**PLACE OF RECEIPT**
LOS ANGELES, CA

| EXPORTING CARRIER (Vessel Name or Designation of other means or transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| ZIM BARCELONA 39W | LOS ANGELES, CA, US | FCL<br>OCEAN PORT TO OCEAN PORT |
| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE RECEIPT BY PRE-CARRIER |
| BUSAN, KR | BUSAN | | |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO OF PKGS | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT |
|---|---|---|---|
| CTRNO: ZCSU8416421<br>SEALCODE1: 886576 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,500.000 KG<br>58,420.990 LB |
| CTRNO: ZCSU8427869<br>SEALCODE1: 8866575 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,900.000 KG<br>59,303.770 LB |
| CTRNO: ZCSU8523646<br>SEALCODE1: 8866578 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,900.000 KG<br>59,303.790 LB |
| CTRNO: ZCSU8709712<br>SEALCODE1: 8866584 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 26,500.000 KG<br>58,420.990 LB |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT
ADMINISTRATION REGULATIONS. DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT
FREIGHT PREPAID
SHIPPED ON BOARD: 08-JAN-2013

No EEI FTR 30.37 (a)

**NOTE:** THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY AIR TRANSPORTATION GOVERNED BY THE WARSAW CONVENTION, TO $20.00 PER KG (OR IF BY THE WARSAW CONVENTION AMENDED BY THE MONTREAL PROTOCOL, TO 17 SDR'S PER KG); DURING ANY SEA AND OTHER TRANSPORTATION GOVERNED UNDER THE TERMS HEREOF BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE, OR FOR CARGO NOT PACKAGED, $500 PER CUSTOMARY FREIGHT UNIT; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE # 2 ON THE REVERSE SIDE): $_____0_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (circle one)

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and/or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery or the Sea/Air Port of Discharge as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, _____0_____ originals are signed. When one original is accomplished, the other(s) will be void. | | | |

LOS ANGELES, CA          08-JAN-2013
ISSUED AT                      DATE
UPS OCEAN FREIGHT SERVICES, INC.
x_____
Carrier

If only the B/L of Lading box is checked, this document will constitute a negotiable bill of lading, which must be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable sea waybill, which does not have to be surrendered to obtain release of the Goods. If neither box is checked, or both boxes are checked, this document will be a non-negotiable sea/air waybill, but the Carrier may demand its surrender. 22UOFS101 REV 84/2012

ID:4117814553  User:eksatogiwa  TIF  SN:7780387835  MAWB:MOSMIA62788415  Print GMT:5/2/2013 12:42:59 AM pg:1

UPS Supply Chain Solutions℠

**UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No. 018871N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

Waybill
☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | NAM1472993B | 7780387835 |
| | EXPORT REFERENCES | |
| | AWB 7780387835 | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>3400 NW 74TH AVE<br>MIAMI FL 33172 US |
| | POINT AND COUNTRY OF ORIGIN |
| | CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| MIAMI | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of Transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| CMA CGM TARPON PG780W | MIAMI, FL, US | OCEAN PORT To OCEAN PORT |
| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
| BUSAN, KR | BUSAN | | |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: CARU9611077<br>SEALCODE1: 0289696 | 1 | 40' HIGH CUBE CONTAINER 29 PACKAGE<br>SAID TO CONTAIN<br>TIRES, N.O.S. - | 26,165.910 KG<br>57,686.000 LB | |
| CTRNO: CMAU5257995<br>SEALCODE1: 253322 | 1 | 40' HIGH CUBE CONTAINER 29 PACKAGE<br>SAID TO CONTAIN<br>TIRES, N.O.S. - | 25,557.190 KG<br>56,344.000 LB | |
| CTRNO: ECMU9800320<br>SEALCODE1: 253323 | 1 | 40' HIGH CUBE CONTAINER 29 PACKAGE<br>SAID TO CONTAIN<br>TIRES, N.O.S. - | 22,118.510 KG<br>48,763.000 LB | |
| CTRNO: SEGU4013582<br>SEALCODE1: 1231035 | 1 | 40' HIGH CUBE CONTAINER 29 PACKAGE<br>SAID TO CONTAIN<br>TIRES, N.O.S. - | 10,463.910 KG<br>23,069.000 LB | |
| CTRNO: TRLU5542589<br>SEALCODE1: 291223 | 1 | 40' HIGH CUBE CONTAINER 29 PACKAGE<br>SAID TO CONTAIN<br>TIRES, N.O.S. - | 10,463.910 KG<br>23,069.000 LB | |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT ADMINISTRATION REGULATIONS. DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
$0.0____PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ____0____ originals are signed. When one original is accomplished, the other (s) will be void.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| | ISPS NVO OCEAN FREIGHT | 13.00 USD | |
| | OCEAN 40' HC | 5,750.00 USD | |
| | BILL OF LADING | 50.00 USD | |
| | TERMINAL SECURITY FEE - ORIG | 6.00 USD | |
| | TOTAL | 5,819.00 USD | |
| | TLI - 4012213284.9699 | | |

| MIAMI TEMP MIA | 21-Dec-2012 |
|---|---|
| ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | DATE |

* If the Bill of Lading box is checked, any "If contained "in "Sea", the document will constitute a negotiable bill of Lading, which must be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable sea waybill, which does not have to be surrendered for obtain release of the Goods. If neither box is checked, or if both boxes are checked, this document will be a non-negotiable sea waybill, which, in Carrier's sole discretion, may not be required to be surrendered to obtain release of the Goods.

73UOFS101 REV 04/2012

ID:4117814553  User:eksatogiwa  TIF  SN:7780387835  MAWB:MOSMIA62788415  Print GMT:5/2/2013 12:42:59 AM pg:2

UPS Supply Chain Solutions™

**UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No.018371N
**MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT**

Waybill
☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | NAM1472993B | 7780387835 |

| | EXPORT REFERENCES |
|---|---|
| | AWB 7780387835 |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>3400 NW 74TH AVE<br>MIAMI FL 33172 US |

| | POINT AND COUNTRY OF ORIGIN |
|---|---|
| | CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | MIAMI | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of<br>other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| CMA CGM TARPON PG780W | MIAMI, FL, US | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-18 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| FREIGHT COLLECT<br><br>No EEI FTR 30.37(a) | | | | |

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.60 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 72 ON THE REVERSE SIDE).
PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading  0  originals are signed. When one original is accomplished, the other (s) will be void. | | | |

MIAMI TEMP MIA          21-Dec-2012

ISSUED AT          DATE
UPS OCEAN FREIGHT SERVICES, INC.
carrier
X

If only the Bill of Lading book checked, OR..., I Contract "i.a Code", this document will constitute a negotiable bill of lading, which must be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable sea waybill, which if Carrier's sole discretion, may not be required to be surrendered to obtain release of the Goods.

23 UOFS101 REV 04/2012

Exhibit F page 105

ID:4115229630  User:eksatogiwa  TIF  SN:7780687794  MAWB:MOSSFO62792324  Print GMT:5/2/2013 12:43:36 AM pg:1

| UPS Supply Chain Solutions℠ | **UPS OCEAN FREIGHT SERVICES, INC.** | Waybill | |
|---|---|---|---|
| | OTI License No.016871N | ☒ *Waybill | ☐ *Bill of Lading |
| | **MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT** | | |

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| SOLA<br>24520 DR COUNTY COLD CREEK RD<br>STE 100<br>CALABASAS CA 91302 US | NAM1511666 | 7780687794 |
| | EXPORT REFERENCES | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYONG BLDG 24--1,2-GA JEO DONG J<br>50 WELLINGTON STREET<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, FMC #275F<br>550-3  ECCLES AVE.<br>SOUTH SAN FRANCISCO CA 94080 US |
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYONG BLDG 24--1,2-GA JEO DONG J<br>50 WELLINGTON STREET<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS (UK) LTD<br>AS AGENTS FOR UPS EUROPE SA<br>UNIT 1, AIR CARGO CENTRE<br>GLASGOW PA3 2AY GB |

| PLACE OF RECEIPT | |
|---|---|
| OAKLAND | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| SL CHARGER UN276W | OAKLAND, CA, US | OCEAN PORT To OCEAN PORT |
| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
| BUSAN, KR | BUSAN | | |

| PARTICULARS FURNISHED BY SHIPPER | | | | |
|---|---|---|---|---|
| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
| CTRNO: TRLU7193531 | 1 | 40' HIGH CUBE CONTAINER 28 BALES<br>SAID TO CONTAIN<br>TIRES, N.O.S. | 25,242.000 KG<br>55,649.070 LB | |
| No EEI FTR 30.37(a) | | | | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE). $0 PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, _0_ originals are signed. When one original is accomplished, the other (s) will be void. | | | |

| SAN FRANCISCO - CA | 21-Dec-2012 | | |
|---|---|---|---|
| ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC.<br>carrier | DATE | | |

Exhibit F page 106

ID:4120979322  User:eksatogiwa  TIF  SN:7780701863  MAWB:MOSLAX62794493  Print GMT:5/2/2013 12:44:22 AM pg:1

I115202317  User:jpestrada  TIF  SN:7780701863  MAWB:MOSLAX62794493  Print GMT:2/15/2013 12:18:04 PM pg:1

**UPS Supply Chain Solutions®**

# UPS OCEAN FREIGHT SERVICES, INC.
OTI License No.018871N
**MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT**

Waybill

☒ *Waybill*   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX122246 | 7780701863 |
|  | EXPORT REFERENCES | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |
| NOTIFY PARTY | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | DELIVERY AGENT<br>UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |
| PLACE OF RECEIPT<br><br>          LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel) Name or Designation of<br>ZIM CALIFORNIA 42W | SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY |  | PLACE OF RECEIPT BY PRE-CARRIER |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: BSIU9118347<br>SEALCODE1: 623414 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 24,954.000 KG<br>55,036.180 LB | |
| CTRNO: CLHU8547589<br>SEALCODE1: 0447245 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,000.000 KG<br>55,115.550 LB | |
| CTRNO: DFSU6257793<br>SEALCODE1: 8557865 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,200.000 KG<br>55,556.470 LB | |
| CTRNO: DFSU6298180<br>SEALCODE1: 0000924 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,230.000 KG<br>55,622.610 LB | |
| CTRNO: TCLU5188943<br>SEALCODE1: 0647164 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 31,920.000 KG<br>70,371.530 LB | |
| CTRNO: TCLU5257999<br>SEALCODE1: 623417 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 24,977.000 KG<br>55,064.840 LB | |
| CTRNO: TCNU8543859 |  | 40' HIGH CUBE CONTAINER 25 BALES | 25,310.000 KG | |

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAW, TO $50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE): _____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY AND THE TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery or the Sea/Air Port of Discharge, as the case may be.

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, __0__ originals are signed. When one original is accomplished, the other(s) will be void.

| CHARGES | PREPAID | COLLECT |
|---|---|---|
|  |  |  |

LOS ANGELES                    21-Dec-2012
PLACE OF ISSUE                    DATE

ISSUED AT
UPS OCEAN FREIGHT SERVICES, INC.
CARRIER
X

73/OFS101 REV 04/2012

ID:4120979322  User:eksatogiwa TIF  SN:7780701863  MAWB:MOSLAX62794493  Print GMT:5/2/2013 12:44:22 AM pg:2

-115202317  User:jpestrada TIF  SN:7780701863  MAWB:MOSLAX62794493  Print GMT:2/15/2013 12:18:04 PM pg:2

| UPS Supply Chain Solutions™   UPS | UPS OCEAN FREIGHT SERVICES, INC. OTI/License No. 018971N MULTIMODAL TRANSPORT PORT TO PORT SHIPMENT | Waybill |
|---|---|---|

☒ *Waybill    ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC 24520 DRY CANYON COLD CREEK RD STE 200 CALABASAS CA 91302 US | LAX122246 | 7780701863 |

EXPORT REFERENCES

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD 90 SADORI GUNBUK MYUN HAMAN GUN GYEONGNAM TEL 0555845321 FAX 0555845320 SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F 19701 HAMILTON AVENUE TORRANCE CA 90502 US |

POINT AND COUNTRY OF ORIGIN
CALABASAS CA US

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC 2010 CJ, 534, 6-DONG TEL: 821058247265 ANYANG KR | UPS SCS KOREA LIMITED 1-5F HANYOUNG BLDG 77-66 MULLAE-DONG 3 GA SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of Transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| ZIM CALIFORNIA 42W | LOS ANGELES, CA, US | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-18 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| SEALCODE: 8557880 | | SAID TO CONTAIN TIRES, USED, N.O.S. | 55,798.980 LB | |
| CTRNO: TCNU8935490 SEALCODE1: 191732 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 25,000.000 KG 55,115.550 LB | |
| CTRNO: TCNU8598218 SEALCODE1: 623415 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 25,046.000 KG 55,216.860 LB | |
| CTRNO: UESU5198427 SEALCODE1: 0647165 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 31,420.000 KG 69,269.220 LB | |
| CTRNO: UESU5210878 SEALCODE1: 623420 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 25,200.000 KG 55,556.470 LB | |
| CTRNO: ZCSU7007138 SEALCODE1: 0447244 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 25,000.000 KG 55,115.550 LB | |
| CTRNO: ZCSU8291957 SEALCODE1: 0447242 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN | 25,340.000 KG 55,865.120 LB | |

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED BY THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO \$500 PER PACKAGE OR FOR CARGO NOT PACKAGED \$500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO \$0.10 PER POUND, AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO \$0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 73 ON THE REVERSE SIDE): ___ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT TO PORT SHIPMENTS, ARRANGEMENTS FOR ON CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where that is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and/or goods (or, if the goods are in containers, the containers) described above for Transportation to the Place of Delivery of this Sea/Air Port of Discharge, as the case may be. | | | |

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, originals are signed. When one original is accomplished, the other(s) will be void.

| ISSUED AT | DATE |
|---|---|
| LOS ANGELES | 21-Dec-2012 |

UPS OCEAN FREIGHT SERVICES, INC.
Carrier
X

73UOFS101 REV 04/2012

ID:4120979322   User:eksatogiwa  TIF  SN:7780701863  MAWB:MOSLAX62794493  Print GMT:5/2/2013 12:44:22 AM pg:3

-115202317   User:jpestrada  TIF  SN:7780701863  MAWB:MOSLAX62794493  Print GMT:2/15/2013 12:18:04 PM pg:3

UPS Supply Chain Solutions℠

## UPS OCEAN FREIGHT SERVICES, INC.
OTI License No.015071N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

Waybill

☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX122246 | 7780701863 |

| CONSIGNEE | | |
|---|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | **EXPORT REFERENCES** | |

| NOTIFY PARTY | FORWARDING AGENT-REFERENCES |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |

| PLACE OF RECEIPT | DELIVERY AGENT |
|---|---|
| LOS ANGELES | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| EXPORTING CARRIER (Vessel Name or Designation of | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| ZIM CALIFORNIA 42W | LOS ANGELES, CA, US | OCEAN PORT To OCEAN PORT |
| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
| BUSAN, KR | BUSAN | | |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-19 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: ZCSU8360580<br>SEALCODE1: 8557862 | 1 | TIRES, USED, N.O.S.<br>40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN | 25,000.000 KG<br>55,115.550 LB | |
| CTRNO: ZCSU8407733<br>SEALCODE1: 623485 | 1 | TIRES, USED, N.O.S.<br>40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN | 24,972.000 KG<br>55,053.820 LB | |
| CTRNO: ZCSU8414780<br>SEALCODE1: 623412 | 1 | TIRES, USED, N.O.S.<br>40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN | 24,968.000 KG<br>55,045.000 LB | |
| CTRNO: ZCSU8447612<br>SEALCODE1: 0447241 | 1 | TIRES, USED, N.O.S.<br>40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN | 25,120.000 KG<br>55,380.100 LB | |
| CTRNO: ZCSU8456996<br>SEALCODE1: 0047240 | 1 | TIRES, USED, N.O.S.<br>40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN | 25,200.000 KG<br>55,556.470 LB | |
| CTRNO: ZCSU8543977<br>SEALCODE1: 0000923 | 1 | TIRES, USED, N.O.S.<br>40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN | 25,000.000 KG<br>55,115.550 LB | |

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO \$500 PER PACKAGE OR FOR GOODS NOT PACKAGED \$500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO \$0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO \$0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE) _____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Clear one). FOR PORT TO PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE ARE MADE BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE. TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (as if the goods are in containers, the containers) described above for transportation to the Place of Delivery or the Sea/Air Port of Discharge, as the case may be.

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ____0____ originals are signed. When one original is accomplished, the other (s) will be void.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| | | | |

LOS ANGELES                    21-Dec-2012

ISSUED AT                          DATE
UPS OCEAN FREIGHT SERVICES, INC.
Carrier
X

73/OFS101 REV 04/2012

ID:4120979322  User:eksatogiwa  TIF  SN:7780701863  MAWB:MOSLAX62794493  Print GMT:5/2/2013 12:44:22 AM pg:4

115202317  User:jpestrada  TIF  SN:7780701863  MAWB:MOSLAX62794493  Print GMT:2/15/2013 12:18:04 PM pg:4

**UPS Supply Chain Solutions™**

# UPS OCEAN FREIGHT SERVICES, INC.
OTI License No. 019371N
### MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**
☒ *Waybill    ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | B/L NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX122246 | 7780701863 |
| | EXPORT REFERENCES | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel) Name or Designation of<br>other means of Transportation | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| ZIM CALIFORNIA 42W | LOS ANGELES, CA, US | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-19 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: ZCSU8617051<br>SEALCODE1: 623416 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,241.000 KG<br>55,648.860 LB | |
| CTRNO: ZCSU8636658<br>SEALCODE1: 623486 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 24,994.000 KG<br>55,102.320 LB | |
| CTRNO: ZCSU8775524<br>SEALCODE1: 623413 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,180.000 KG<br>55,512.380 LB | |
| SHIPPED ON BOARD: 21 DEC-2012 | | | | |
| No EEI FTR 30.37(a) | | | | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING AIR TRANSPORTATION CONTAINED WITHIN THE PLACE OF LIABILITY OF U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $500 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 2 ON THE REVERSE SIDE)                                              PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one)  FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY OF A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON CARRIAGE.
TRANSPORTATION BROKER UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON CARRIAGE.

RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ____0____ originals are signed. When one original is accomplished the other(s) will be void.

| CHARGES | PREPAID | COLLECT |
|---|---|---|
| | | |

LOS ANGELES                                      21-Dec-2012

ISSUED AT
UPS OCEAN FREIGHT SERVICES, INC.
carrier
X _____

23UOFS101 REV 04/2012

ID:4120979510 User:eksatogiwa TIF SN:7780535026 MAWB:MOSLAX62769975 Print GMT:5/2/2013 12:45:41 AM pg:1

):4115894858 User:jpestrada TIF SN:7780535026 MAWB:MOSLAX62769975 Print GMT:2/15/2013 12:17:30 PM pg:1

UPS Supply Chain Solutions™

# UPS OCEAN FREIGHT SERVICES, INC.
CFI License No.018978M
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**

☒ *Waybill  ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX121754 | 7780535026 |
| | EXPORT REFERENCES | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA ,<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>.19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |
| | POINT AND COUNTRY OF ORIGIN |
| | CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 156 070 |

| PLACE OF RECEIPT | |
|---|---|
| LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of<br>other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| ZIM CALIFORNIA 42/W | LOS ANGELES, CA, US | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: BMOU4522113<br>SEALCODE1: 8866599 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 39,372.220 KG<br>86,800.860 LB | |
| CTRNO: DFSU6483698<br>SEALCODE1: 8866598 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 38,991.200 KG<br>85,960.860 LB | |
| CTRNO: DFSU6748288<br>SEALCODE1: 8866591 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 38,555.750 KG<br>85,000.850 LB | |
| CTRNO: FCIU868316<br>SEALCODE1: 8866596 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 39,535.520 KG<br>87,160.880 LB | |
| CTRNO: FSCU6595707<br>SEALCODE1: 8866594 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 39,335.930 KG<br>86,720.860 LB | |
| CTRNO: FSCU6787593<br>SEALCODE1: 8866592 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 38,555.750 KG<br>85,000.850 LB | |
| CTRNO: TCNU8706679 | 1 | 40' HIGH CUBE CONTAINER 25 BALES | 37,521.550 KG | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED BY THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $.50 PER POUND, AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAW, TO $.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
__0__ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or before this is a Port to Port shipment at the Sea/Air Port of Loading an apparent external good order and condition, except to otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/AirPort of Decharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side, is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, __0__ originals are signed. When one original is accomplished, the other (s) will be void. | | | |
| LOS ANGELES | 21-Dec-2012 | | |
| ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC.<br>CARRIER<br>X | DATE | | |

22/OFS101 REV 01/2012

ID:4120979510  User:eksatogiwa  TIF  SN:7780535026  MAWB:MOSLAX62769975  Print GMT:5/2/2013 12:45:41 AM pg:2

J:4115894858  User:jpestrada  TIF  SN:7780535026  MAWB:MOSLAX62769975  Print GMT:2/15/2013 12:17:30 PM pg:2

| UPS Supply Chain Solutions™ (UPS) | **UPS OCEAN FREIGHT SERVICES, INC.** CTI License No. 016871H MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | | Waybill ☒ *Waybill   ☐ *Bill of Lading |
|---|---|---|---|
| **SHIPPER/EXPORTER** DDR INTL RECYCLING LLC 24520 DRY CANYON COLD CREEK RD STE 200 CALABASAS CA 91302 US | **DOCUMENT NO.** LAX121754 | | **BILL NUMBER** 7780535026 |
| | **EXPORT REFERENCES** | | |
| **CONSIGNEE** SSANGYOUNG ECOTEC CO LTD SSANGYOONG BLDG 24-1 2 GA , GEO DONG JUNG GU ,KOREA SEOUL KR 100748 | **FORWARDING AGENT-REFERENCES** UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F 19701 HAMILTON AVENUE TORRANCE CA 90502 US | | |
| | **POINT AND COUNTRY OF ORIGIN** CALABASAS CA US | | |
| **NOTIFY PARTY** JWASAN INTL INC 2010 CJ, 534, 6-DONG TEL: 821058247265 ANYANG KR | **DELIVERY AGENT** UPS SCS KOREA LIMITED 1-5F HANYOUNG BLDG 77-66 MULLAE-DONG 3 GA SEOUL KR 158 070 | | |
| **PLACE OF RECEIPT** LOS ANGELES | | FCL | |
| **EXPORTING CARRIER (Vessel Name or Designation of the means of transportation)** ZIM CALIFORNIA 42/W | **SEA/AIR PORT OF LOADING** LOS ANGELES, CA, US | **FINAL DESTINATION** OCEAN PORT To OCEAN PORT | |
| **SEA/AIR PORT OF DISCHARGE** BUSAN, KR | **PLACE OF DELIVERY** BUSAN | **PRE-CARRIAGE BY** | **PLACE OF RECEIPT BY PRE-CARRIER** |

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| SEALCODE1: 8866595 | | SAID TO CONTAIN TIRES, USED, N.O.S. | 82,720.830 LB | |
| CTRNO: ZCSU8322955 SEALCODE1: 5467805 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 37,920.710 KG 83,600.830 LB | |
| CTRNO: ZCSU8352570 SEALCODE1: 8866593 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 38,555.750 KG 85,000.850 LB | |
| CTRNO: ZCSU8563314 SEALCODE1: 5467603 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 38,555.750 KG 85,000.850 LB | |
| CTRNO: ZCSU8577621 SEALCODE1: 5467606 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 41,268.260 KG 90,980.910 LB | |
| CTRNO: ZCSU8679808 SEALCODE1: 5467801 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN TIRES, USED, N.O.S. | 38,510.390 KG 84,900.850 LB | |
| CTRNO: ZCSU8929743 SEALCODE1: 5467802 | 1 | 40' HIGH CUBE CONTAINER 25 BALES SAID TO CONTAIN | 39,136.350 KG 86,280.660 LB | |

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION, DURING AIR TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO 10-15 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.3 ON THE REVERSE SIDE). $_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT TO PORT SHIPMENTS, ARRANGEMENT IS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be. | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, the originals are signed. When one original is accomplished, the other (s) will be void. | | | |
| LOS ANGELES | 21-Dec-2012 | | |
| **ISSUED AT** UPS OCEAN FREIGHT SERVICES, INC. CARRIER X | **DATE** | | |

23/OFB101 REV 04/2012

Exhibit F page 112

ID:4120979510  User:eksatogiwa  TIF  SN:7780535026  MAWB:MOSLAX62769975  Print GMT:5/2/2013 12:45:41 AM pg:3

D):4115894858  User:jpestrada  TIF  SN:7780535026  MAWB:MOSLAX62769975  Print GMT:2/15/2013 12:17:30 PM pg:3

**UPS** UPS Supply Chain Solutions™

## UPS OCEAN FREIGHT SERVICES, INC.
OTI License No.018971N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

**Waybill**
☒ *Waybill   ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | B/L NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX121754 | 7780535026 |
| | EXPORT REFERENCES | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| SSANGYOUNG ECOTEC CO LTD<br>SSANGYOONG BLDG 24-1 2 GA<br>GEO DONG JUNG GU ,KOREA<br>SEOUL KR 100748 | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 621058247.265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel/Name or Designation of other means of transportation)<br>ZIM CALIFORNIA 42/W | SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: ZCSU8945868<br>SEALCODE1: 5467804 | 1 | TIRES, USED, N.O.S.<br>40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 38,374.310 KG<br>84,600.850 LB | |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT
ADMINISTRATION REGULATIONS. DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT
FREIGHT PREPAID
SHIPPED ON BOARD: 21-DEC-2012

No EEI FTR 30.37(a)

**NOTE:** THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION, DURING ANY TRANSPORTATION NOT GOVERNED BY THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.02 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one) FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN ITS CAPACITY AS AGENTS AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY INDENTIFIES A UPS CARRIER FOR SUCH ON-CARRIAGE

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and/or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading 0 originals are signed. When one original is accomplished, the other (s) will be void. | | | |

| ISSUED AT<br>LOS ANGELES | DATE<br>21-Dec-2012 | | |
|---|---|---|---|
| UPS OCEAN FREIGHT SERVICES, INC.<br>CARRIER<br>X | | | |

23/OFS101 REV 04/2012

ID:4120976914  User:eksatogiwa  TIF  SN:778038777T  Print GMT:5/2/2013 12:46:30 AM pg:1

UPS Supply Chain Solutions℠

**UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No. 018871N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

Waybill
[X] *Waybill   [ ] *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX121007 | 778038777T |

EXPORT REFERENCES
AWB 778038777T

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>1970t HAMILTON AVENUE<br>TORRANCE CA 90502 US |

POINT AND COUNTRY OF ORIGIN
CALABASAS CA US

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | LOS ANGELES | |

| EXPORTING CARRIER (Vessel Name or Designation of precarrier & means of transportaion) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| ZIM HAIFA 34NV | LOS ANGELES, CA, US | OCEAN PORT TO OCEAN PORT |
| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY |
| BUSAN, KR | BUSAN | |

FCL

PLACE OF RECEIPT BY PRE-CARRIER

**PARTICULARS FURNISHED BY SHIPPER**

| MARKS AND NUMBERS | NO. OF PKGS | DESCRIPTION OF PACKAGES AND GOODS (If dangerous, see clause 6 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: CLHU8810890<br>SEALCODE1: 5467818 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,400.000 KG<br>55,997.400 LB | |
| CTRNO: CRSU9013176<br>SEALCODE1: 5467820 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,400.000 KG<br>55,997.400 LB | |
| CTRNO: CRSU9067017<br>SEALCODE1: 0623401 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,400.000 KG<br>55,997.400 LB | |
| CTRNO: TCNU8394415<br>SEALCODE1: 5467817 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,400.000 KG<br>55,997.400 LB | |
| CTRNO: TGHU8405975<br>SEALCODE1: 5467821 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,400.000 KG<br>55,997.400 LB | |
| CTRNO: ZCSU8183567<br>SEALCODE1: 0459029 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,400.000 KG<br>55,997.400 LB | |
| CTRNO: ZCSU8237067 | 1 | 40' HIGH CUBE CONTAINER 25 BALES | 25,400.000 KG | |

NOTE:  THE CARRIER'S LIABILITY SHALL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION COVERED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $2.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 3.2 ON THE REVERSE SIDE). PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE. TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IS CARRIER AND ON-CARRIAGE ARE MADE IN CAPACITY AS AGENT AND

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be. | | | |

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request if this document is a Bill of Lading. Copies of originals are signed. When one original is accomplished, the other (s) will be void.

| LOS ANGELES | 07-Dec-2012 |
|---|---|
| ISSUED AT | DATE |
| UPS OCEAN FREIGHT SERVICES, INC.<br>carrier | |

23UOFS101 REV 04/2012

ID:4120976914  User:eksatogiwa  TIF  SN:778038777T  Print GMT:5/2/2013 12:46:30 AM pg:2

UPS Supply Chain Solutions℠     **UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No. 016471N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

Waybill
[X] *Waybill    [ ] *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX121007 | 778038777T |

EXPORT REFERENCES
AWB 778038777T

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |

POINT AND COUNTRY OF ORIGIN
CALABASAS CA US

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

PLACE OF RECEIPT
LOS ANGELES                              FCL

| EXPORTING CARRIER (Vessel Name or Designation of other means of Transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| ZIM HAIFA 34/W | LOS ANGELES, CA, US | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

## PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| SEALCODE1: 0459022 | | SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 55,997.400 LB | |
| CTRNO: ZCSU8473150<br>SEALCODE1: 0647198 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,690.000 KG<br>56,636.740 LB | |
| CTRNO: ZCSU8699240<br>SEALCODE1: 0647163 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,690.000 KG<br>56,636.740 LB | |
| CTRNO: ZCSU8788060<br>SEALCODE1: 5467815 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,690.000 KG<br>56,636.740 LB | |
| CTRNO: ZCSU8938977<br>SEALCODE1: 414654 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,690.000 KG<br>56,636.740 LB | |
| CTRNO: ZCSU8947032<br>SEALCODE1: 0647156 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,690.000 KG<br>56,636.740 LB | |
| CTRNO: ZCSU8967492<br>SEALCODE1: 5487819 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN | 25,690.000 KG<br>56,636.740 LB | |

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND, AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

RECEIVED at the Place of Receipt (or (where this is a Port to Port shipment)) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.

CHARGES | PREPAID | COLLECT

The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, 0 originals are signed. When one original is accomplished, the other (s) will be void.

LOS ANGELES                    07-Dec-2012

PLACE                          DATE

ISSUED AT
UPS OCEAN FREIGHT SERVICES, INC.
Carrier
K

Z2UOFS101 REV 04/2012

UPS Supply Chain Solutions℠

**UPS OCEAN FREIGHT SERVICES, INC.**
OTI License No. 018871N
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

Waybill
[X] *Waybill    [ ] *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX121007 | 778038777T |

EXPORT REFERENCES
AWB 778038777T

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321 FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |

POINT AND COUNTRY OF ORIGIN
CALABASAS CA US

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 5-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of Ship Means of Transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| ZIM HAIFA 34/W | LOS ANGELES, CA, US | OCEAN PORT To OCEAN PORT |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN | | |

PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: ZCSU8970095<br>SEALCODE1: 5467816 | 1 | TIRES, USED, N.O.S.<br>40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,690.000 KG<br>56,636.740 LB | |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT ADMINISTRATION REGULATIONS. DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
SHIPPER'S LOAD, STOW, AND COUNT
FREIGHT COLLECT
SHIPPED ON BOARD: 09-DEC-2012

No EEI FTR 30.37(a)

NOTE: THE CARRIER'S LIABILITY SHALL BE LIMITED AS FOLLOWS. DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION COVERED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE) ... PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt (or (where this is a Port-to-Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and the goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be. | | | |
| The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, 0 originals are signed. When one original is accomplished, the other(s) shall be void. | | | |

| ISSUED AT | DATE |
|---|---|
| LOS ANGELES | 07-Dec-2012 |
| UPS OCEAN FREIGHT SERVICES, INC.<br>carrier | |

Z1UOT5101 REV 04/2012

ID:4115633421  User:eksatogiwa  TIF  SN:7780353625  MAWB:MOSMIA62744560  Print GMT:5/2/2013 12:48:03 AM pg:1

| UPS Supply Chain Solutions™ | **UPS OCEAN FREIGHT SERVICES, INC.**<br>GTI License No.058871N<br>MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | **Waybill** | |
|---|---|---|---|
| | | ☒ *Waybill | ☐ *Bill of Lading |

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTERNATIONAL RECYCLING LLC<br>24520 DR COUNTY COLD CREEK RD<br>STE 100<br>CALABASAS, CA 91302 USA | NAM1472993 | 7780353625 |
| | EXPORT REFERENCES<br>AWB 7780353625 | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 82112847265<br>SEOUL KR 100748 | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>3400 NW 74TH AVE<br>MIAMI FL 33172 US |
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ 534, 6-DONG<br>EMAIL: JWASAN@CHOL.COM<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| MIAMI | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of Transportation)<br>CMA CGM VIRGINIA PG772W | SEA/AIR PORT OF LOADING<br>MIAMI, FL, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: CMAU4189237<br>SEALCODE1: 0040090 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES N.O.S. | 25,242.000 KG<br>55,649.070 LB | 50.639 M3<br>1,788.063 F3 |
| | | HS3 4004000000 | | |
| CTRNO: UESU4766836<br>SEALCODE1: 0040091 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES N.O.S. | 25,397.000 KG<br>55,990.780 LB | 50.639 M3<br>1,788.063 F3 |

THESE COMMODITIES, TECHNOLOGY, OR SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN ACCORDANCE WITH THE EXPORT
ADMINISTRATION REGULATIONS. DIVERSION CONTRARY TO U.S. LAW PROHIBITED.
EXPRESS BILL OF LADING/NO ORIGINALS ISSUED
FREIGHT PREPAID

No EEI FTR 30.37(a)

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $500 PER KG. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
$_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND
TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be. | ISPS NVO OCEAN FREIGHT | 26.00 USD | |
| | OCEAN 40' HC | 2,300.00 USD | |
| | BILL OF LADING | 50.00 USD | |
| The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, _0_ originals are signed. When one original is accomplished, the other (s) will be void. | TERMINAL SECURITY FEE - ORIG | 12.00 USD | |
| | TOTAL | 2,388.00 USD | |
| MIAMI TEMP MIA      12-Nov-2012 | TLI - 4012213284.9699 | | |
| ISSUED AT      DATE<br>UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | | | |

23/OFS101 REV 04/2012

ID:4122832276  User:eksatogiwa  TIF  SN:716620002T  MAWB:MOSGUM06187872  Print GMT:5/14/2013 8:21:55 PM pg:1

UPS Supply Chain Solutions™    **UPS ASIA GROUP PTE. LTD.**
MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT

☐ *Waybill    ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTERNATIONAL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200 CALABASAS<br>GUAM GU 96913 | 6187672 | 716620002T |

EXPORT REFERENCES
NVOSA .

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GAMGIN ENR CO LTD<br>90 SADORI GUNBUK-MYUN HAMAN-GUN<br>GEONGNAM, KOREA KR | BAKER INTERNATIONAL INC.<br>131 JL BAKER ST HARMON INDUSTRIAL PARK 19<br>HARMON GU 96913 |

POINT AND COUNTRY OF ORIGIN
GUAM  GU

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| GAMGIN ENR CO LTD<br>90 SADORI GUNBUK-MYUN HAMAN-GUN<br>GEONGNAM, KOREA KR | UPS SCS KOREA LIMITED .<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | | |
|---|---|---|
| | GUAM, GU | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of transportation) | SEA/AIR PORT OF LOADING | FINAL DESTINATION |
|---|---|---|
| MANULANI 058W | GUAM, GU | CY To CY |

| SEA/AIR PORT OF DISCHARGE | PLACE OF DELIVERY | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |
|---|---|---|---|
| BUSAN, KR | BUSAN, KR | | |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 16-18 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: MATU2516753<br>SEALCODE1: 004310 | 1 | 40' HIGH CUBE CONTAINER 25 FREIGHT<br>SAID TO CONTAIN<br>2 X 40' HC STC: USED SCRAP TIRE IN BALES | 24,947.580 KG<br>54,999.980 LB | 28.317 M3<br>999.873 F3 |
| CTRNO: MATU2517533<br>SEALCODE1: 004316 | 1 | 40' HIGH CUBE CONTAINER 25 FREIGHT<br>SAID TO CONTAIN<br>2 X 40' HC STC: USED SCRAP TIRE IN BALES | 24,947.580 KG<br>54,999.980 LB | 28.317 M3<br>999.873 F3 |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND.  THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).  $____0____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one).  FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be. | | | |
| The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ____0____ originals are signed. When one original is accomplished, the other (s) will be void. | | | |

| | | |
|---|---|---|
| GUAM | 11-Jan-2013 | |
| ISSUED AT<br>UPS ASIA GROUP PTE. LTD.<br>carrier | DATE | Exhibit F page 118 |

# EXHIBIT  G

# UPS Supply Chain Solutions

QST REG. NO. 1023002724   EIN 94-3083515
FMC LICENCE NO. 275F   QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911   BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF



### DEBTOR CHANGE                    COPY

Shipment Nbr.: 7780162390        Ship.Date:23-Oct-2012        **INVOICE NUMBER : 2664111583**
Origin : USLAX   Dest : KRPUS    Rate Scale:   OFN             INVOICE DATE :   04-Apr-2013
Payer Acct :  707695227          Payment Type: PPD             Statement Number:  R163886548
Received At  :  SERVICE CENTER   HAPU:  N   File Nbr:          Entry:
Rated Weight :   223,134 LB      101,213.0KG   Rate / KG:  0.00
Service : OCEAN FCL                           Station :        GBS/USI:

**Shipper**                      **Payer**                    **REMITTANCE ADDRESS:**
DDR RECYCLING USA                DDR RECYCLING USA            UPS / UPS SCS Chicago
24520 DRY CANYON COLD CREEK      24520 DRY CANYON COLD CREEK  28013 Network Place
CALABASAS  CA  91302  US         CALABASAS  CA  91302  US     Chicago, IL 60673-1280
                                                              BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. : 7780162390
Contact  :                       Ref. Nbr.  : 7780162390
Assmbly. Nbr. :                  PO Nbr.     :
                                 Tax ID      : GB938383290
**Consignee**                    Importer    :
GANGIM ENR CO LTD                Description :PER BILL OF LADING
90 SADORI GUNBUK MYUN HAMAN GUN  Declared Value..........
GYEONGNAM                        Customs Value..........        400.00   USD
SEOUL    KR                      MAWB....................ZIMULAX081679
                                 Ports...............................        USLAX         KRPUS
Ref.Nbr. :                       Container Nbr............ TCNU8543967
Contact  :                       Vessel Name............ ZIM BARCELONA
Dstr. Nbr. :                     Voyage Nbr............... 38/W
Actual Weight :  223,134LB   01,213.0 KG    Est. Departure Date... 26-Oct-2012
Dim Weight  :               0.0 KG          Est. Arrival Date........ 17-Nov-2012
Rev Note:                        Term.Ref...................
                                 UPS Package Acct #..  Not Provided

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 902 | BAF | 2,824.00 | 2,824.00 | USD |
| 561 | FORWARDING FEE | 95.00 | 95.00 | USD |
| D75 | ISPS NVO OCEAN FREIGHT | 52.00 | 52.00 | USD |
| 44 | BILL OF LADING | 50.00 | 50.00 | USD |
| 16 | DOCUMENT PREPARATION | 35.00 | 35.00 | USD |
| OFK | OCEAN 40' HC | 436.00 | 436.00 | USD |
| | **Total Charges :** | **3,492.00 USD** | | |

Comments:   LEFT PORT 26/10/12, 4 X 40'HC              Also Notify:

Dimensions
  Total Pieces :          100

Delivery Date/Time:                    Broker Notified Date/Time :
Received by  :            Delivery Route :              Nbr :

DMC*DMC*AIMEE FINAN              CDBTR   SCSCPY   1      **COPY**      Page    1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**DEBTOR CHANGE**                    COPY

| | |
|---|---|
| Shipment Nbr. : 7780172235 | Ship.Date:18-Oct-2012 |
| Origin : USMIA   Dest : KRPUS | Rate Scale:   OFN |
| **Payer Acct** :  707695227 | Payment Type:  PPD |
| Received At  :  SERVICE CENTER | HAPU :  N   File Nbr: |
| Rated Weight : 117,042 LB  53,090.0KG | Rate / KG:   0.00 |

Service : OCEAN FCL                    Station :

**INVOICE NUMBER : 2664111582**

INVOICE DATE :    04-Apr-2013
Statement Number:    R163886547
Entry:

GBS/USI:

| | |
|---|---|
| **Shipper** | **Payer** |
| DDR RECYCLING USA | DDR RECYCLING USA |
| 24520 DRY CANYON COLD CREEK | 24520 DRY CANYON COLD CREEK |
| CALABASAS  CA  91302  US | CALABASAS  CA  91302  US |

**REMITTANCE ADDRESS:**
UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. : 7780172235
Contact    :
Assmbly. Nbr. :

**Consignee**
GANGIM ENR CO LTD
90 SADORI GUNBUK MYUN HAMAN GUN
GYEONGNAM
SEOUL  100748  KR

Ref.Nbr.  :
Contact    :
Dstr. Nbr.  :
Actual Weight :  117,042LB   53,090.0 KG
Dim Weight   :
Rev Note:

| | |
|---|---|
| Ref. Nbr.   : 7780172235 | |
| PO Nbr.     : | |
| Tax ID       : GB938383290 | |
| Importer    : | |
| Description :PER BILL OF LADING | |
| Declared Value.......... | |
| Customs Value.......... | 200.00   USD |
| MAWB...................... | NAM147292992 |
| Ports........................... | USMIA        KRPUS |
| Container Nbr............ | ECMU9450536 |
| Vessel Name............. | CMA CGM WHITE SHARK |
| Voyage Nbr............... | PG766W |
| Est. Departure Date... | 27-Oct-2012 |
| Est. Arrival Date........ | 18-Dec-2012 |
| Term.Ref.................... | |
| UPS Package Acct #.. | Not Provided |

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 902 | BAF | 2,234.00 | 2,234.00 | USD |
| 896 | TERMINAL SECURITY FEE - ORIG | 12.00 | 12.00 | USD |
| 561 | FORWARDING FEE | 95.00 | 95.00 | USD |
| OFK | OCEAN 40' HC | 750.00 | 750.00 | USD |
| D75 | ISPS NVO OCEAN FREIGHT | 26.01 | 26.01 | USD |
| 44 | BILL OF LADING | 50.00 | 50.00 | USD |
| 16 | DOCUMENT PREPARATION | 35.00 | 35.00 | USD |
| | **Total Charges :** | **3,202.01 USD** | | |

Comments:    LEFT PORT 27/10/12,  2 X 40'HC                    Also Notify:

Dimensions
  Total Pieces :             50

Delivery Date/Time:                    Broker Notified Date/Time :
Received by   :                    Delivery Route :                    Nbr :

DMC*DMC*AIMEE FINAN                    CDBTR   SCSCPV   1        **COPY**        Page    1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**                    COPY

| | | |
|---|---|---|
| Shipment Nbr.: 7780298768 | Ship.Date: 14-Nov-2012 | **INVOICE NUMBER : 2599115869** |
| Origin : USLAX   Dest : KRPUS | Rate Scale:    OFN | INVOICE DATE :    17-Dec-2012 |
| Payer Acct :   707830626 | Payment Type: PPD | Statement Number:    2114881158 |
| Received At   :   SERVICE CENTER | HAPU:  N   File Nbr: | Entry: |
| Rated Weight :    915,841 LB    415,423.0 KG | Rate / KG:  0.00 | |

Service : OCEAN FCL                         Station :                    GBS/USI:

| Shipper | Payer | **REMITTANCE ADDRESS:** |
|---|---|---|
| DDR INTL RECYCLING LLC | DDR INTL RECYCLING LLC | UPS / UPS SCS Chicago |
| 24520 DRY CANYON COLD CREEK | 24520 DRY CANYON COLD CREEK | 28013 Network Place |
| STE 200 | STE 200 | Chicago, IL 60673-1280 |
| CALABASAS  CA  91302  US | CALABASAS  CA  91302  US | BILLING INQUIRY CALL: 1-800-328-780 |

Ref. Nbr. : 7780298768
Contact   : GERRY GALLAHER  8183034748
Assmbly. Nbr. :

Ref. Nbr.   : 7780298768
PO Nbr.     :
Tax ID      :
Importer    :

**Consignee**
GANGIM ENR CO LTD
90 SADORI GUNBUK MYUN HAMAN GUN
GYEONGNAM
SEOUL     KR

Description : PER BILL OF LADING
Declared Value..........
Customs Value..........            1,700.00   USD
MAWB.....................   ZIMULAX082424
Ports...........................            USLAX          KRPUS

Ref.Nbr.  :
Contact   :
Dstr. Nbr.  :
Actual Weight :  915,841LB  l15,423.0 KG
Dim Weight   :
Rev Note:

Container Nbr............  BMOU4519296
Vessel Name............  CSCL PUSAN
Voyage Nbr..............  84/W
Est. Departure Date....  20-Nov-2012
Est. Arrival Date........  15-Dec-2012
Term.Ref.................
UPS Package Acct #..  Not Provided

| Charges | | Billed | | Entered | |
|---|---|---|---|---|---|
| 44 | BILL OF LADING | 50.00 | | 50.00 | USD |
| 561 | FORWARDING FEE | 95.00 | | 95.00 | USD |
| 16 | DOCUMENT PREPARATION | 35.00 | | 35.00 | USD |
| OFK | SUNDRY - OCEAN 40' HC | 10,370.00 | | 10,370.00 | USD |
| | **Total Charges :** | **10,550.00 USD** | | | |

Comments:                                        Also Notify:

Dimensions
  Total Pieces :           425

Delivery Date/Time:                    Broker Notified Date/Time :
Received by  :              Delivery Route :                    Nbr :

DMC*DMC*AIMEE FINAN                    ORIG   SCSCPY   l        **COPY**      Page    1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724  EIN 94-3083515
FMC LICENCE NO. 275F  QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911  BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF



**ORIGINAL**                    COPY

| | | |
|---|---|---|
| Shipment Nbr.: 7780298779 | Ship.Date:27-Oct-2012 | **INVOICE NUMBER : 2599115877** |
| Origin : USLAX   Dest : KRPUS | Rate Scale:   OFN | INVOICE DATE :   17-Dec-2012 |
| **Payer Acct** :   707830626 | Payment Type: PPD | Statement Number:   2114881168 |
| Received At   :   SERVICE CENTER | HAPU :  N   File Nbr: | Entry: |
| Rated Weight  :   1,365,974 LB    619,602.0KG   Rate / KG:   0.00 | | |

Service : OCEAN FCL                    Station :                GBS/USI:

| **Shipper** | **Payer** | **REMITTANCE ADDRESS:** |
|---|---|---|
| DDR INTL RECYCLING LLC | DDR INTL RECYCLING LLC | UPS / UPS SCS Chicago |
| 24520 DRY CANYON COLD CREEK | 24520 DRY CANYON COLD CREEK | 28013 Network Place |
| STE 200 | STE 200 | Chicago, IL 60673-1280 |
| CALABASAS  CA  91302  US | CALABASAS  CA  91302  US | BILLING INQUIRY CALL: 1-800-328-780 |

Ref. Nbr. : 7780298779
Contact   : GERRY GALLAGHER  8183034748       Ref. Nbr.   : 7780298779
Assmbly. Nbr. :                               PO Nbr.      :
                                              Tax ID       :
**Consignee**                                 Importer     :
GANGIM ENR CO LTD                             Description :PER BILL OF LADING
90 SADORI GUNBUK MYUN HAMAN GUN               Declared Value..........
GYEONGNAM                                     Customs Value.........      2,700.00  USD
SEOUL    KR                                   MAWB..................... ZIMULAX082698
                                              Ports...........................        USLAX      KRPUS
Ref.Nbr.  :                                   Container Nbr............ CRSU9052608
Contact   :                                   Vessel Name............. ZIM MEDITERRANEAN
Dstr. Nbr.  :                                 Voyage Nbr............... 44/W
Actual Weight : 1,365,974LB  619,602.0 KG     Est. Departure Date.... 01-Dec-2012
Dim Weight  :                                 Est. Arrival Date........ 22-Dec-2012
Rev Note:                                     Term.Ref...................
                                              UPS Package Acct #..  Not Provided

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 561 | FORWARDING FEE | 95.00 | 95.00 | USD |
| 53 | EXPORT DECLARATION (US SHPPRS) | 35.00 | 35.00 | USD |
| 44 | BILL OF LADING | 50.00 | 50.00 | USD |
| OFK | SUNDRY - OCEAN 40' HC | 16,470.00 | 16,470.00 | USD |
| | **Total Charges :** | **16,650.00 USD** | | |

Comments:                                     Also Notify:

Dimensions
  Total Pieces :          675

Delivery Date/Time:                  Broker Notified Date/Time :
Received by   :            Delivery Route :              Nbr :

DMC*DMC*AIMEE FINAN           ORIG   SCSCPY   I      **COPY**      Page    1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724   EIN 94-3083515
FMC LICENCE NO. 275F   QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911   BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF



**ORIGINAL**                    COPY

| | |
|---|---|
| Shipment Nbr.: 7780340898 | Ship.Date:08-Nov-2012 |

**INVOICE NUMBER : 2615114691**

Shipment Nbr.: 7780340898   Ship.Date:08-Nov-2012
Origin : PRSJU  Dest : KRPUS   Rate Scale:   OFN     INVOICE DATE :  15-Jan-2013
**Payer Acct** :  707830626   Payment Type: OTHCON   Statement Number:  2126882170
Received At  :  OTHER CARRIER T HAPU :  N   File Nbr:     Entry:
Rated Weight :   811,980 LB   368,312.0KG   Rate / KG:  0.00
Service : OCEAN FCL          Station :         GBS/USI:

**Shipper**         **Payer**         **REMITTANCE ADDRESS:**
DDR RECYCLING USA   DDR INTERNATIONAL RECYCLING   UPS / UPS SCS Chicago
24520 DRY CANYON COLD CREEK  24520 DRY CANYON COLD CREEK  28013 Network Place
CALABASAS, CA 91302 SJU BOOK  STE 200      Chicago, IL 60673-1280
CAROLINA  PR  00979  US   CALABASAS  CA  91302  US   BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. :
Contact  : GERRY GALAGAR  818 591-1471   Ref. Nbr.  : 7780340898
Assmbly. Nbr. :             PO Nbr.   :
                       Tax ID   : 36-4745407
**Consignee**           Importer  :
SSANGYOUNG ECOTEC CO LTD   Description : PER BILL OF LADING
SSANGYOONG BLDG 24-1 2 GA ,   Declared Value..........
GEO DONG JUNG GU ,KOREA   Customs Value..........    1,300.00  USD
SEOUL  100748  KR       MAWB....................  26005084049
                       Ports.........................        PRSJU     KRPUS
Ref.Nbr. :            Container Nbr............  CAJU8645630
Contact  :          Vessel Name.............  CONTI ELEKTRA
Dstr. Nbr. :          Voyage Nbr...............  030
Actual Weight : 811,980LB  368,312.0 KG  Est. Departure Date....  09-Nov-2012
Dim Weight  :  5,144LB   2,333.3 KG  Est. Arrival Date........  21-Dec-2012
Rev Note:               Term.Ref...................
                       UPS Package Acct #..  Not Provided

| Charges | Billed | Entered |
|---|---|---|
| OFK  SUNDRY - OCEAN 40' HC | 22,050.00 | 22,050.00 USD |
| 913  EXPORT HANDLING CHARGE | 100.00 | 100.00 USD |
| **Total Charges :** | **22,150.00 USD** | |

Comments:                Also Notify:

**Dimensions**
Total Volume:    14.000000  M3
Total Pieces :     350
Delivery Date/Time: 26-Dec-2012 /   09:00:00AM  Broker Notified Date/Time :  21-Dec-2012  12:00:00AM
Received by  :  SSANGYONG      Delivery Route :           Nbr :

DMC*DMC*AIMEE FINAN        ORIG  SCSCPY  1    **COPY**    Page   1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151)
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**                    COPY

| | | |
|---|---|---|
| Shipment Nbr.: 7780387813 | Ship.Date:05-Dec-2012 | **INVOICE NUMBER : 2616113098** |
| Origin : USLAX   Dest : KRPUS | Rate Scale:    OFN | INVOICE DATE :   16-Jan-2013 |
| **Payer Acct** :    707830626 | Payment Type: PPD | Statement Number:    2126888968 |
| Received At   :   SERVICE CENTER | HAPU:  N   File Nbr: | Entry: |
| Rated Weight  :   1,433,195 LB   650,093.0 KG | Rate / KG:   0.00 | |
| Service : OCEAN FCL | Station : | GBS/USI: |

**Shipper**

DDR INTERNATIONAL RECYCLINC
24520 DRY CANYON COLD CREEK
STE 200
CALABASAS  CA  91302  US

**Payer**

DDR INTERNATIONAL RECYCLINC
24520 DRY CANYON COLD CREEK
STE 200
CALABASAS  CA  91302  US

**REMITTANCE ADDRESS:**

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. : 7780387813
Contact   : GERRY GALLAGHER  8183034748
Assmbly. Nbr. :

**Consignee**
GANGIM ENR CO LTD
90 SADORI GUNBUK MYUN HAMAN GUN
GYEONGNAM
SEOUL    KR

Ref.Nbr. :
Contact  :
Dstr. Nbr. :
Actual Weight : 1,433,195LB   i50,093.0 KG
Dim Weight   :
Rev Note:

Ref. Nbr.   : 7780387813
PO Nbr.     :
Tax ID      : 36-4745407
Importer    :
Description : PER BILL OF LADING
Declared Value..........
Customs Value..........          2,500.00   USD
MAWB.....................  ZIMULAX083030
Ports...........................                USLAX        KRPUS
Container Nbr............  FSCU9191170
Vessel Name............  ZIM SHENZHEN
Voyage Nbr...............  35/W
Est. Departure Date...  14-Dec-2012
Est. Arrival Date........  30-Dec-2012
Term.Ref...................
UPS Package Acct #..  Not Provided

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 99 | MISCELLANEOUS - ORIG | 75.00 | 75.00 | USD |
| 561 | FORWARDING FEE | 95.00 | 95.00 | USD |
| 53 | EXPORT DECLARATION (US SHPPRS) | 35.00 | 35.00 | USD |
| 44 | BILL OF LADING | 50.00 | 50.00 | USD |
| OFK | SUNDRY - OCEAN 40' HC | 15,250.00 | 15,250.00 | USD |
| | **Total Charges :** | **15,505.00 USD** | | |

Comments:                                        Also Notify:

Dimensions
   Total Pieces :          625

Delivery Date/Time:                   Broker Notified Date/Time : 31-Dec-2012  12:00:00AM
Received by   :                   Delivery Route :                   Nbr :

DMC*DMC*AIMEE FINAN                   ORIG   SCSCPY   I      **COPY**      Page   I

Exhibit G page 124

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



### DEBTOR CHANGE                                       COPY

Shipment Nbr.: 7780412486
Origin : USOAK   Dest : KRPUS
Payer Acct : 707750394
Received At : SHIPPERS DOOR
Rated Weight : 556,485 LB    252,420.0 KG
Service : OCEAN FCL

Ship.Date: 16-Nov-2012
Rate Scale:   OFN
Payment Type:  PPD
HAPU :  N    File Nbr:
Rate / KG:  0.00
Station :

**INVOICE NUMBER : 2664111725**
INVOICE DATE :   04-Apr-2013
Statement Number:   R163886952
Entry:

GBS/USI:

**Shipper**
SOLA
24520 DR COUNTY COLD CREEK R
STE 100
CALABASAS  CA  91302  US

**Payer**
SOLA
24520 DR COUNTY COLD CREEK RJ
STE 100
CALABASAS  CA  91302  US

**REMITTANCE ADDRESS:**
UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. :
Contact :
Assmbly. Nbr. :

**Consignee**
SSANGYOUNG ECOTEC CO LTD
SSANGYOUNG BLDG. 24-1,2-GA JEO DONG J
SEOUL  100748    KR

Ref.Nbr. :
Contact :
Dstr. Nbr. :
Actual Weight :   556,485LB   !52,420.0 KG
Dim Weight :          0.0 KG
Rev Note:

Ref. Nbr.   :
PO Nbr.    :
Tax ID     : GB938383290
Importer   :
Description : PER BILL OF LADING
Declared Value..........
Customs Value..........          5,000.00   USD
MAWB......................  NAM1490113
Ports............................                       USOAK        KRPUS
Container Nbr............  BSIU9032623
Vessel Name............  MSC ANGELA
Voyage Nbr..............  UN268W
Est. Departure Date...  22-Nov-2012
Est. Arrival Date........  11-Dec-2012
Term.Ref....................
UPS Package Acct #..  Not Provided

| Charges | | Billed | Entered |
|---|---|---|---|
| 561 | FORWARDING FEE | 95.00 | 95.00   USD |
| 53 | EXPORT DECLARATION (US SHPPRS) | 35.00 | 35.00   USD |
| 44 | BILL OF LADING | 50.00 | 50.00   USD |
| OFK | OCEAN 40' HC | 6,750.00 | 6,750.00   USD |
| | **Total Charges :** | **6,930.00 USD** | |

Comments:     LEFT PORT 22/11/12,  9 X 40'HC                Also Notify:

Dimensions
Total Pieces :          280

Delivery Date/Time:                              Broker Notified Date/Time :
Received by   :                          Delivery Route :                      Nbr :

DMC*DMC*AIMEE FINAN                    CDBTR    SCSCPY   1        **COPY**       Page    1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**                                        COPY

| | | |
|---|---|---|
| Shipment Nbr.: 7780544772 | Ship.Date:04-Dec-2012 | **INVOICE NUMBER : 2620112166** |
| Origin : PRSJU   Dest : KRPUS | Rate Scale:   OFN | INVOICE DATE :   23-Jan-2013 |
| **Payer Acct** :   707830626 | Payment Type:   OTHCON | Statement Number:   2129889027 |
| Received At   :   OTHER CARRIER T HAPU :   N   File Nbr: | | Entry: |

Rated Weight :   2,609,754 LB   1,183,777.0 KG   Rate / KG :   0.00

Service : OCEAN FCL                 Station :                 GBS/USI:

| **Shipper** | **Payer** | **REMITTANCE ADDRESS:** |
|---|---|---|
| DDR RECYCLING USA | DDR INTERNATIONAL RECYCLINC | UPS / UPS SCS Chicago |
| 24520 DRY CANYON COLD CREEK | 24520 DRY CANYON COLD CREEK | 28013 Network Place |
| CALABASAS, CA 91302 SJU BOOK | STE 200 | Chicago, IL 60673-1280 |
| CAROLINA  PR  00979  US | CALABASAS  CA  91302  US | BILLING INQUIRY CALL: 1-800-328-780 |

Ref. Nbr. :
Contact   : GERRY GALAGER  8185911471
Assmbly. Nbr. :

**Consignee**
SSANGYOUNG ECOTEC CO LTD
SSANGYOONG BLDG 24-1 2 GA ,
GEO DONG JUNG GU ,KOREA
SEOUL  100748  KR

Ref.Nbr. :
Contact   :
Dstr. Nbr. :
Actual Weight : 2,609,754LB   83,777.0 KG
Dim Weight   :   587,893LB   !66,666.7 KG
Rev Note:

Ref. Nbr.   : 7780544772
PO Nbr.     :
Tax ID      : 36-4745407
Importer    :
Description : PER BILL OF LADING
Declared Value..........
Customs Value..........              0.01   USD
MAWB......................  MAEU865334382
Ports.....................                PRSJU         KRPUS
Container Nbr............  APMU8054249
Vessel Name.............  MAERSKWALVIS BAY
Voyage Nbr...............  1238
Est. Departure Date...  06-Dec-2012
Est. Arrival Date........  20-Jan-2013
Term.Ref...................
UPS Package Acct #..  Not Provided

| Charges | Billed | Entered |
|---|---|---|
| OFK   OCEAN 40' HC | 63,000.00 | 63,000.00   USD |
| **Total Charges :** | **63,000.00 USD** | |

Comments:                                        Also Notify:

Dimensions
  Total Volume:     1600.000000  M3
  Total Pieces :          1,120
Delivery Date/Time:                 Broker Notified Date/Time :  21-Jan-2013  12:00:00AM
Received by   :              Delivery Route :                          Nbr :

DMC*DMC*AIMEE FINAN                          ORIG   SCSCPY   1      **COPY**         Page   1

# UPS Supply Chain Solutions

QST REG. NO.  1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**                COPY

| | |
|---|---|
| Shipment Nbr.: 7780701863 | Ship.Date:12-Dec-2012 |
| Origin : USLAX  Dest : KRPUS | Rate Scale:    OFN |
| **Payer Acct  :** 707830626 | Payment Type: PPD |
| Received At  :  SERVICE CENTER | HAPU : N   File Nbr: |
| Rated Weight  :   1,246,485 LB   565,402.0KG | Rate / KG:  0.00 |
| Service : OCEAN FCL | Station : |

**INVOICE NUMBER : 2617111123**
INVOICE DATE :     17-Jan-2013
Statement Number:    2127885307
Entry:

GBS/USI:

**REMITTANCE ADDRESS:**
UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280
BILLING INQUIRY CALL: 1-800-328-780

| **Shipper** | **Payer** |
|---|---|
| DDR INTERNATIONAL RECYCLINC | DDR INTERNATIONAL RECYCLINC |
| 24520 DRY CANYON COLD CREEK | 24520 DRY CANYON COLD CREEK |
| STE 200 | STE 200 |
| CALABASAS  CA  91302  US | CALABASAS  CA  91302  US |

Ref. Nbr. : 7780701863
Contact   : GERRY GALLAGHER  8183034748
Assmbly. Nbr. :

**Consignee**
GANGIM ENR CO LTD
90 SADORI GUNBUK MYUN HAMAN GUN
GYEONGNAM
SEOUL    KR

Ref.Nbr.  :
Contact   :
Dstr. Nbr. :
Actual Weight : 1,246,485 LB  565,402.0 KG
Dim Weight  :
Rev Note:

Ref. Nbr.     : 7780701863
PO Nbr.       :
Tax ID        : 36-4745407
Importer      :
Description  : PER BILL OF LADING
Declared Value..........
Customs Value..........      2,200.00  USD
MAWB..................... ZIMULAX083384
Ports........................            USLAX        KRPUS
Container Nbr............. BSIU9118347
Vessel Name............. ZIM CALIFORNIA
Voyage Nbr............... 42W
Est. Departure Date... 21-Dec-2012
Est. Arrival Date........ 10-Jan-2013
Term.Ref....................
UPS Package Acct #..  Not Provided

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 99 | MISCELLANEOUS - ORIG | 75.00 | 75.00 | USD |
| 561 | FORWARDING FEE | 95.00 | 95.00 | USD |
| 44 | BILL OF LADING | 50.00 | 50.00 | USD |
| 16 | DOCUMENT PREPARATION | 35.00 | 35.00 | USD |
| OFK | SUNDRY - OCEAN 40' HC | 13,420.00 | 13,420.00 | USD |
| | **Total Charges :** | **13,675.00 USD** | | |

Comments:                                              Also Notify:

Dimensions
  Total Pieces :         550

Delivery Date/Time:                           Broker Notified Date/Time :  10-Jan-2013  12:00:00AM
Received by   :                      Delivery Route :                      Nbr :

DMC*DMC*AIMEE FINAN                        ORIG    SCSCPY   2        **COPY**        Page    1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**                    COPY

| | | |
|---|---|---|
| Shipment Nbr.: 7780713534 | Ship.Date:19-Dec-2012 | **INVOICE NUMBER : 2620114542** |
| Origin : USLAX  Dest : KRPUS | Rate Scale:  OFN | INVOICE DATE :  23-Jan-2013 |
| **Payer Acct** :  707830626 | Payment Type:  PPD | Statement Number:  2130881485 |
| Received At  :  SERVICE CENTER  HAPU:  N  File Nbr: | | Entry: |
| Rated Weight :  426,997 LB  193,685.0 KG  Rate / KG:  0.00 | | |
| Service : OCEAN FCL | Station : | GBS/USI: |

**Shipper**

DDR INTERNATIONAL RECYCLINC
24520 DRY CANYON COLD CREEK
STE 200
CALABASAS  CA  91302  US

**Payer**

DDR INTERNATIONAL RECYCLINC
24520 DRY CANYON COLD CREEK
STE 200
CALABASAS  CA  91302  US

**REMITTANCE ADDRESS:**

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. : 7780713534
Contact   : GERRY GALLAGHER  8183034748
Assmbly. Nbr. :

Ref. Nbr.   : 7780713534
PO Nbr.     :
Tax ID      : 36-4745407
Importer    :
Description : PER BILL OF LADING
Declared Value..........
Customs Value..............          500.00  USD
MAWB......................  ZIMULAX083431
Ports............................                 USLAX          KRPUS
Container Nbr............  DFSU6257073
Vessel Name..............  ZIM BEIJING
Voyage Nbr...............  34W
Est. Departure Date...  28-Dec-2012
Est. Arrival Date........  20-Jan-2013
Term.Ref....................
UPS Package Acct #..  Not Provided

**Consignee**
GANGIM ENR CO LTD
90 SADORI GUNBUK MYUN HAMAN GUN
GYEONGNAM
SEOUL     KR

Ref.Nbr.  :
Contact   :
Dstr. Nbr. :
Actual Weight :  426,997LB  .93,684.9 KG
Dim Weight    :               0.0 KG
Rev Note:

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 44 | BILL OF LADING | 50.00 | 50.00 | USD |
| 16 | DOCUMENT PREPARATION | 35.00 | 35.00 | USD |
| OFK | OCEAN 40' HC | 3,050.00 | 3,050.00 | USD |
| 561 | FORWARDING FEE | 95.00 | 95.00 | USD |
| A46 | LATE DOCUMENT CHARGES | 1,000.00 | 1,000.00 | USD |
| | **Total Charges :** | **4,230.00 USD** | | |

Comments:                                              Also Notify:

Dimensions
  Total Pieces :          125

Delivery Date/Time:
Received by  :

Broker Notified Date/Time :  21-Jan-2013  12:00:00AM
Delivery Route :                                Nbr :

DMC*DMC*AIMEE FINAN                    ORIG   SCSCPY   1      **COPY**      Page    1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**                    COPY

| | |
|---|---|
| Shipment Nbr.: 778024334T | Ship.Date:30-Oct-2012 |
| Origin : PRSJU   Dest : KRPUS | Rate Scale:   OFN |
| Payer Acct : 707830626 | Payment Type:  OTHCON |
| Received At  :  OTHER CARRIER T | HAPU :  N    File Nbr: |
| Rated Weight :    870,029 LB    394,643.0 KG | Rate / KG:   0:00 |
| Service : OCEAN FCL | Station : |

**INVOICE NUMBER : 2625114843**
INVOICE DATE :   31-Jan-2013
Statement Number:   2133888755
Entry:

GBS/USI:

**Shipper**
DDR RECYCLING USA
24520 DRY CANYON COLD CREEK
CALABASAS, CA 91302 SJU BOOK
CAROLINA  PR  00979  US

**Payer**
DDR INTERNATIONAL RECYCLINC
24520 DRY CANYON COLD CREEK
STE 200
CALABASAS  CA  91302  US

**REMITTANCE ADDRESS:**
UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. :
Contact  : GERRY GALAGAR  818 591-1471
Assmbly. Nbr. :

Ref. Nbr.   : 778024334T
PO Nbr.       :
Tax ID        : 36-4745407
Importer       :
Description : PER BILL OF LADING
Declared Value..........
Customs Value..........                    NCV
MAWB.....................  MOLU26005060303
Ports.......................                PRSJU        KRPUS
Container Nbr............
Vessel Name............  ZENIT
Voyage Nbr..............  029
Est. Departure Date....  08-Nov-2012
Est. Arrival Date........  12-Dec-2012
Term.Ref...................
UPS Package Acct #..  Not Provided

**Consignee**
SSANGYOUNG ECOTEC CO LTD
SSANGYOONG BLDG 24-1 2 GA ,
GEO DONG JUNG GU ,KOREA
SEOUL   100748  KR

Ref.Nbr. :
Contact  :
Dstr. Nbr. :
Actual Weight : 870,029LB  394,643.0 KG
Dim Weight  :   14,697LB   6,666.7 KG
Rev Note:

| Charges | Billed | Entered |
|---|---|---|
| 913   EXPORT HANDLING CHARGE | 100.00 | 100.00   USD |
| OFK   OCEAN 40' HC | 23,625.00 | 23,625.00   USD |
| **Total Charges :** | **23,725.00 USD** | |

Comments:                                           Also Notify:

**Dimensions**
Total Volume:     40.000000  M3
Total Pieces :          420
Delivery Date/Time: 20-Dec-2012  /     09:00:00AM   Broker Notified Date/Time : 12-Dec-2012 12:00:00AM
Received by  :  SSANGYONG                 Delivery Route :                        Nbr :

# EXHIBIT  H



## Worldwide Services Bill

Date  1/25/2013

### Billed to

Invoice No , 50448

DDR INTERNATIONAL RECYCLING
24520 DRY CANYON COLD CREEK RD
STE 200 , CALABASAS
CA 91302 USA
e-mail by ann to ups

| Shipment No. | No. of Pieces | Billing Options | Service Level | Terms |
|---|---|---|---|---|
| MOS 7101138 | 50 PCS | Export P/P | OF22 | Due on receipt |

| Reference Number 1 | Reference Number 2 |
|---|---|
| MATU253373-0 | MATU255330-9 |

| Description | Actual Weight | Dimensional Weight |
|---|---|---|
| HBL 7166200030 | 52,314.0 KGS | |

| Shipper | Ultimate Consignee |
|---|---|
| DDR INT'L RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>CALABASAS CA 91302<br>USA | |

### Shipping Charges

| Billed Weight | Description | Charges | Total |
|---|---|---|---|
| OC | OCEAN FREIGHT CHARGES | 4,980.00 | 4,980.00 |
| OC-561 | FORWARDING FEE | 95.00 | 95.00 |
| OC-831 | CONTAINER CRANE SURCHARGE | 250.00 | 250.00 |
| OC-16 | ODC DOCUMENTATION FEE | 25.00 | 25.00 |
| OC-TC | TERMINAL HANDLING CHARGE | 728.00 | 728.00 |
| OC-07 | CUSTOMS CLEARANCE | 35.00 | 35.00 |

For question about this bill,
call
(671) 649-2877 (2UPS)
(670) 649-4877 (4UPS)
Thank you for using UPS

Fast, low cost services is available to more than
215 countries and territories worldwide via
**UPS Worldwide Services.**

Total Charges  (U.S. $)

This invoice is payable on                 $6,113.00

Payment Advise:
Please make your payment payable to:
**JL Baker & Sons**                 $6,113.00
**P.O. BOX 7510**
**TAMUNING, GUAM 96931**

| Delivered on: | Delivered by: | Received by: | Payment Received |
|---|---|---|---|
| | | | ☐ CASH    ☐ CREDIT CARD<br>☐ CHECK NO. _____ |

Exhibit H page 130

ID:4125678969 User:eksatogiwa TIF SN:7166200030 MAWB:MOSGUM07101138 Print GMT:5/14/2013 8:37:37 PM pg:1

# UPS Supply Chain Solutions



QST REG. NO. 1023602724    EIN 94-30R3515
FMC LICENCE NO. 275F    QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911    BDI/GST REG. NO. 871436135RT0001
SCAC-UPSF

| STATEMENT NBR | Nbr of Items | AMOUNT DUE | AMOUNT PAID |
|---|---|---|---|
| 2181886624 | 1 | 6,759.00 USD | |

2687116704000000000000000006759005218188662420DDR* I NTE

## REMITTANCE ADVICE - PAYMENT DUE: 13-May-2013

DDR INTERNATIONAL RECYCLING LLC
24520 DRY CANYON COLD CREEK RD
STE 200
CALABASAS CA 91302

**PLEASE MAIL REMITTANCE TO:**

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-7808

(Please detach and return above remittance advice with your payment.)

## SUMMARY OF CHARGES

STATEMENT NBR : 2181886624

| Shipment Nbr | Invoice Nbr | Ship Date | Orig | Dest | Total Charges | Curr |
|---|---|---|---|---|---|---|
| 7166200030 | 2687116704 | 29-Dec-2012 | GUM | PUS | 6,759.00 | USD |

TOTAL DUE :      6,759.00 USD

ORIG    SCSINV    1        Page    1

ID:4125678965  User:eksatogiwa  TIF  SN:7166200030  GINVNUM:2687116704  Print GMT:5/14/2013 8:38:55 PM pg:1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724   EIN 94-30K3515
FMC LICENCE NO. 275F   QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911   BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF



## ORIGINAL

| | | |
|---|---|---|
| Shipment Nbr. : 7166200030 | Ship Date : 29-Dec-2012 | **INVOICE NUMBER :  2687116704** |
| Origin :GUGUM Dest : KRPUS | Rate Scale:   OFN | INVOICE DATE :   13-May-2013 |
| Payer Acct  : 707830626 | Payment Type: OTHSHP | Statement Number:  2181886624 |
| Received At   : SHIPPERS DOOR | HAPU: N   File Nbr: | Entry: |
| Rated Weight   : 115,331 LB   52,314.0 KG | Rate / KG:  0.00 | |
| Service : OCEAN FCL | Station : | GBS/USI: |

**Shipper**

B2
DDR INTL RECYCLING INC
24520 DRY CANYON COLD CREEK
C/O JL BAKER
BARRIGADA  96913  GU

**Payer**
DDR INTERNATIONAL RECYCLING
24520 DRY CANYON COLD CREEK
STE 200
CALABASAS  CA 91302 US

**REMITTANCE ADDRESS:**
UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280
BILLING INQUIRY CALL: 1-800-328-7808

Ref. Nbr. :
Contact   :GERRY GALLAGHER  8185911471
Assmbly. Nbr. :

**Consignee**
GAMGIN ENR CO LTD
90 SADORI GUNBUK-MYUN HAMAN-GUN
GYEONGNAM, KIREA  KR   KR

Ref. Nbr.       :
Contact          :
Dstr. Nbr.       :
Actual Weight  : 115,331 LB    52,314.0 KG
Dim Weight    : 14,697 LB    6,666.7 KG
Rev Note :

Ref. Nbr.    :7166200030
PO Nbr.    :
Tax ID    :36-4745407
Importer    :
Description :PER BILL OF LADING
Declared Value.........
Customs Value.......... 1,000.00  USD
MBL/MAWB.......... 7101138
Ports.....................   GUGUM     KRPUS
Container Nbr...........
Vessel/Carrier Name..   MAUNAWILI
Voyage/Flight Nbr.....  108W
Est. Departure Date...  17-Jan-2013
Est. Arrival Date........  26-Jan-2013
Term.Ref...................
UPS Package Acct #..  Not Provided

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 561 | FORWARDING FEE | 95.00 | 95.00 | USD |
| 912 | TERMINAL HANDLING CHARGE-ORIG | 728.00 | 728.00 | USD |
| 831 | PORT SERVICE CHARGES | 250.00 | 250.00 | USD |
| 16 | DOCUMENT PREPARATION | 25.00 | 25.00 | USD |
| 121 | OTHER ADVANCES | 646.00 | 660,329.14 | KRW |
| 07 | CUSTOMS BROKERAGE CHARGE - DEST | 35.00 | 35.00 | USD |
| OFK. | OCEAN 40' HC | 4,980.00 | 4,980.00 | USD |
| | **Total Charges :** | **6,759.00 USD** | | |

Exchange Rate: 1KRW = 0.0009783USD

Comments:                                                                        Also Notify:

Dimensions
Total Volume:      40.000000   M3
Total Pieces  :          50

Delivery Date/Time: 02-May-2013 / 09:00:00AM    Broker Notified Date/Time :  26-Jan-2013  12:00:00AM
Received by  : GANGIN                              Delivery Route :                          Nbr :

Exhibit H page 132



## Worldwide Services Bill

**Date** 1/19/2013

### Billed to

**Invoice No** 50349

DDR INTERNATIONAL RECYCLING
24520 DRY CANYON COLD CREEK RD
STE 200 , CALABASAS
CA 91302 USA

| Shipment No. | No. of Pieces | Billing Options | Service Level | Terms |
|---|---|---|---|---|
| MOS6187672 | 50 PCS | EXPORT PREPAID | OF22 | Due on receipt |

| Reference Number 1 | Reference Number 2 |
|---|---|
| MATU2S1675-3 | MATU25175-3 |

| Description | Actual Weight | Dimensional Weight |
|---|---|---|
| HBL 716620002T | | 49,895.16KGS |

| Shipper | Ultimate Consignee |
|---|---|

DDR INT'L RECYCLING LLC
24520 DRY CANYON COLD CREEK RD
CALABASAS CA 91302
USA

### Shipping Charges

| Billed Weight | Description | Charges | Total |
|---|---|---|---|
| OC | OCEAN FREIGHT CHARGES | 4,980.00 | 4,980.00 |
| OC-561 | FORWARDING FEE | 95.00 | 95.00 |
| OC-831 | CONTAINER CRANE SURCHARGE | 250.00 | 250.00 |
| OC-16 | ODC DOCUMENTATION FEE | 25.00 | 25.00 |
| OC-TC | TERMINAL HANDLING CHARGE | 728.00 | 728.00 |
| OC-07 | CUSTOMS CLEARANCE | 35.00 | 35.00 |

For question about this bill, call
(671) 649-2877 (2UPS)
(670) 649-4877 (4UPS)
Thank you for using UPS

Fast, low cost services is available to more than
215 countries and territories worldwide via
**UPS Worldwide Services.**

**Total Charges  (U.S. $)**

This invoice is payable on

$6,113.00

Payment Advise:
Please make your payment payable to:
**JL Baker & Sons**
**P.O. BOX 7510**
**TAMUNING, GUAM 96931**

$6,113.00

| Delivered on: | Delivered by: | Received by: | Payment Received |
|---|---|---|---|
| | | | ☐ CASH   ☐ CREDIT CARD<br>☐ CHECK NO. |

ID:4125669391  User:eksatogiwa  TIF  SN:716620002T  MAWB:MOSGUM06187872  Print GMT:5/14/2013 8:38:27 PM pg:1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724        EIN 94-3083515
FMC LICENCE NO. 275F          QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911              BN/QST REG. NO. 871436135RT0001
SCAC-UPSF



| STATEMENT NBR | Nbr of Items | AMOUNT DUE | AMOUNT PAID |
|---|---|---|---|
| 2181886534 | 1 | 6,623.29 USD | |

26871166299000000000000006623292218188653430DDR* I NTE

## REMITTANCE ADVICE - PAYMENT DUE:   13-May-2013

DDR INTERNATIONAL RECYCLING LLC
24520 DRY CANYON COLD CREEK RD
STE 200
CALABASAS  CA  91302

**PLEASE MAIL REMITTANCE TO:**

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

**BILLING INQUIRY CALL: 1-800-328-7808**

(Please detach and return above remittance advice with your payment.)

## SUMMARY OF CHARGES

STATEMENT NBR : 2181886534

| Shipment Nbr | Invoice Nbr | Ship Date | Orig | Dest | Total Charges | Curr |
|---|---|---|---|---|---|---|
| 716620002T | 2687116629 | 25-Dec-2012 | GUM | PUS | 6,623.29 | USD |

TOTAL DUE :            6,623.29 USD

ORIG    SCSDIV        I                    Page        I

Exhibit H page 134

ID:4125669392  User:eksatogiwa  TIF  SN:716620002T  GINVNUM:2687116629  Print GMT:5/14/2013 8:38:12 PM pg:1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724   EIN 94-3083515
FMC LICENCE NO. 275F   QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911   BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF



## ORIGINAL

| | | |
|---|---|---|
| Shipment Nbr. : 716620002T | Ship.Date : 25-Dec-2012 | **INVOICE NUMBER :** 2687116629 |
| Origin :GUGUM  Dest : KRPUS | Rate Scale : OFN | INVOICE DATE : 13-May-2013 |
| **Payer Acct** : 707830626 | Payment Type: OTHSHP | Statement Number: 2181886534 |
| Received At : SHIPPERS DOOR | HAPU: N  File Nbr: | Entry: |
| Rated Weight : 109,999 LB | 49,895.5 KG  Rate / KG: 0.00 | |
| Service : OCEAN FCL | Station : | GBS/USI: |

**Shipper**

|  | B2 | **Payer** | **REMITTANCE ADDRESS:** |
|---|---|---|---|
| | DDR INTERNATIONAL RECYCLINC | DDR INTERNATIONAL RECYCLING | UPS / UPS SCS Chicago |
| | 24520 DRY CANYON COLD CREEK | 24520 DRY CANYON COLD CREEK | 28013 Network Place |
| | C/O JL BAKER | STE 200 | Chicago, IL 60673-1280 |
| | BARRIGADA  96913 GU | CALABASAS CA 91302 US | BILLING INQUIRY CALL: 1-800-328-7808 |

Ref. Nbr. :
Contact : GERRY GALLAGHER  8185911471
Assmbly. Nbr. :

**Consignee**
GAMGIN ENR CO LTD
90 SADORI GUNBUK-MYUN HAMAN-GUN
GEONGNAM, KOREA  KR   KR

| | | |
|---|---|---|
| Ref.Nbr. : | Ref. Nbr. :716620002T | |
| Contact : | PO Nbr. : | |
| Dstr. Nbr. : | Tax ID :36-4745407 | |
| Actual Weight : 109,998 LB  49,895.2 KG | Importer | |
| Dim Weight : 20,809 LB  9,439.0 KG | Description :PER BILL OF LADING | |
| Rev Note : | Declared Value.......... | |
| | Customs Value.......... 1,000.00 USD | |
| | MBL/MAWB............ 12 | |
| | Ports........................ GUGUM   KRPUS | |
| | Container Nbr............ | |
| | Vessel/Carrier Name. MANULANI | |
| | Voyage/Flight Nbr..... 088W | |
| | Est. Departure Date... 11-Jan-2013 | |
| | Est. Arrival Date........ 25-Jan-2013 | |
| | Term.Ref.................... | |
| | UPS Package Acct #.. Not Provided | |

| **Charges** | | **Billed** | **Entered** | |
|---|---|---|---|---|
| 561 | FORWARDING FEE | 95.00 | 95.00 | USD |
| 912 | TERMINAL HANDLING CHARGE-ORIG | 728.00 | 728.00 | USD |
| 831 | PORT SERVICE CHARGES | 250.00 | 250.00 | USD |
| 16 | DOCUMENT PREPARATION | 25.00 | 25.00 | USD |
| 121 | OTHER ADVANCES | 510.29 | 522,196.07 | KRW |
| 07 | CUSTOMS BROKERAGE CHARGE - DEST | 35.00 | 35.00 | USD |
| OF | OCEANFREIGHT | 4,980.00 | 4,980.00 | USD |
| | **Total Charges :** | **6,623.29 USD** | | |

Exchange Rate: 1KRW = 0.0009772USD

Comments:                                                     Also Notify:
     MATU 251675-3  SEAL# 004310
     MATU 251753-3  SEAL# 004316

Dimensions
  Total Volume: 56.634000  M3
  Total Pieces : 50

Delivery Date/Time: 02-May-2013 / 09:00:00AM    Broker Notified Date/Time : 25-Jan-2013 12:00:00AM
Received by : GANGIN              Delivery Route :                        Nbr :

Exhibit H page 135



## Worldwide Services Bill

**Date** 1/18/2013

### Billed to

**Invoice No** 50348

DDR INTERNATIONAL RECYCLING
24520 DRY CANYON COLD CREEK RD
STE 200 , CALABASAS
CA 91302 USA

| Shipment No. | No. of Pieces | Billing Options | Service Level | Terms |
|---|---|---|---|---|
| MOS 6423871 | 50 PCS | IMPORT COLLECT | OF22 | Due on receipt |

| Reference Number 1 | | Reference Number 2 | |
|---|---|---|---|
| MATU258297-1 | | MATU258439-9 | |

| Description | Actual Weight | Dimensional Weight |
|---|---|---|
| HBL 7166200019 | 50, 659.0 KGS | |

| Shipper | Ultimate Consignee |
|---|---|
| DDR INT'L RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>CALABASAS CA 91302<br>USA | GAMGIN ENR CO. LTD<br>90 SADORI GUNBUK-MYUN<br>HAMNA-GUN, GYEONGMAN,KOREA |

### Shipping Charges

| Billed Weight | Description | Charges | Total |
|---|---|---|---|
| OC-OF | OCEAN FREIGHT CHARGES | 4,980.00 | 4,980.00 ✓ |
| OC-561 | FORWARDING FEE | 95.00 | 95.00 ✓ |
| OC-831 | CONTAINER CRANE SURCHARGE | 250.00 | 250.00 ✓ |
| OC-16 | ODC DOCUMENTATION FEE | 25.00 | 25.00 ✓ |
| OC-TC | TERMINAL HANDLING CHARGE | 728.00 | 728.00 ✓ |
| OC-07 | CUSTOMS CLEARANCE | 35.00 | 35.00 |

For question about this bill, call
(671) 649-2877 (2UPS)
(670) 649-4877 (4UPS)
Thank you for using UPS

Fast, low cost services is available to more than 215 countries and territories worldwide via **UPS Worldwide Services.**

**Total Charges (U.S. $)**

This invoice is payable on                    $6,113.00

Payment Advise:
Please make your payment payable to:
**JL Baker & Sons**                          $6,113.00
**P.O. BOX 7510**
**TAMUNING, GUAM 96931**

| Delivered on: | Delivered by: | Received by: | Payment Received |
|---|---|---|---|
| | | | ☐ CASH    ☐ CREDIT CARD<br>☐ CHECK NO. _____ |

ID:4125668964  User:eksatogiwa  TIF  SN:7166200019  Print GMT:5/14/2013 8:39:25 PM pg:1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724    EIN 94-3083515
FMC LICENCE NO. 275F    QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911    BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF



| STATEMENT NBR | Nbr of Items | AMOUNT DUE | AMOUNT PAID |
|---|---|---|---|
| 2181886533 | 1 | 6,752.06 USD |  |

2687116628100000000000000006752067218188653354DDR*I NTE

## REMITTANCE ADVICE - PAYMENT DUE:   13-May-2013

PLEASE MAIL REMITTANCE TO:

DDR INTERNATIONAL RECYCLING LLC
24520 DRY CANYON COLD CREEK RD
STE 200
CALABASAS  CA  91302

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-7808

(Please detach and return above remittance advice with your payment.)

## SUMMARY OF CHARGES

STATEMENT NBR :  2181886533

| Shipment Nbr | Invoice Nbr | Ship Date | Orig | Dest | Total Charges | Curr |
|---|---|---|---|---|---|---|
| 7166200019 | 2687116628 | 24-Dec-2012 | GUM | PUS | 6,752.06 | USD |

TOTAL DUE :         6,752.06 USD

ORIG   SCSINV         1                    Page         1

Exhibit H page 137

ID:4125668965  User:eksatogiwa TIF SN:7166200019 GINVNUM:2687116628  Print GMT:5/14/2013 8:39:41 PM pg:1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724   EIN 94-3083515
FMC LICENCE NO. 275F   QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911   BIN/QST REG. NO. 871436135RT0001
SCAC-UPSF



### ORIGINAL

Shipment Nbr. : 7166200019    Ship Date : 24-Dec-2012    **INVOICE NUMBER :**    **2687116628**
Origin :GUGUM Dest : KRPUS    Rate Scale : OFN     INVOICE DATE :   13-May-2013
Payer Acct : 707830626    Payment Type : OTHSHP    Statement Number :   2181886533
Received At : SHIPPERS DOOR    HAPU : N   File Nbr:    Entry:
Rated Weight : 111,682 LB   50,659.0 KG   Rate / KG: 0.00
Service : OCEAN FCL      Station :    GBS/USI:
**Shipper**

    B2            **Payer**            **REMITTANCE ADDRESS:**
DDR INTERNATIONAL RECYCLING DDR INTERNATIONAL RECYCLING   UPS / UPS SCS Chicago
24520 DRY CANYON COLD CREEK 24520 DRY CANYON COLD CREEK   28013 Network Place
C/O JL BAKER & SONS       STE 200            Chicago, IL 60673-1280
BARRIGADA  96913 GU      CALABASAS  CA 91302 US   BILLING INQUIRY CALL: 1-800-328-7808

Ref. Nbr. :
Contact : GERRY GALLAGHER  8185911471    Ref. Nbr. : 7166200019
Assmbly. Nbr. :                       PO Nbr. :
                            Tax ID : 36-4745407
**Consignee**                      Importer
GAMGIN ENR CO LTD            Description :PER BILL OF LADING
90 SADORI GUNBUK-MYUN HAMAN-GUN   Declared Value:
BUSAN   KR                    Customs Value..........     1,000.00 USD
                            MBL/MAWB............ 6243871
Ref. Nbr. :                    Ports.......................           GUGUM     KRPUS
Contact :                     Container Nbr.............
Dstr. Nbr. :                    Vessel/Carrier Name.   MAUNALEI
Actual Weight : 111,682 LB   50,659.0 KG   Voyage/Flight Nbr.....   068W
Dim Weight :          0.0 KG    Est. Departure Date...   26-Dec-2012
Rev Note :                   Est. Arrival Date........   30-Jan-2013
                            Term Ref.....................
                            UPS Package Acct #..   Not Provided

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 561 | FORWARDING FEE | 95.00 | 95.00 | USD |
| 912 | TERMINAL HANDLING CHARGE-ORIG | 728.00 | 728.00 | USD |
| 831 | PORT SERVICE CHARGES | 250.00 | 250.00 | USD |
| 16 | DOCUMENT PREPARATION | 25.00 | 25.00 | USD |
| 121 | OTHER ADVANCES | 639.06 | 654,238.33 | KRW |
| 07 | CUSTOMS BROKERAGE CHARGE - DEST | 35.00 | 35.00 | USD |
| OFK | OCEAN 40' HC | 4,980.00 | 4,980.00 | USD |

                  **Total Charges :**    **6,752.06 USD**

Exchange Rate: 1KRW = 0.0009768USD

Comments:                            Also Notify:

Dimensions
  Total Pieces :        50

Delivery Date/Time: 02-May-2013 / 09:00:00AM    Broker Notified Date/Time : 30-Jan-2013  12:00:00AM
Received by : GANGIM          Delivery Route :               Nbr :

ORIG    SCSINV     1            Page     1

# UPS Supply Chain Solutions

QST REG. NO.  1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**                                                    COPY

| | | |
|---|---|---|
| Shipment Nbr.   :   7780422727 | Ship.Date: 19-Nov-2012 | **INVOICE NUMBER : 2624116664** |
| Origin : PRSJU  Dest : KRPUS | Rate Scale:        OFN | INVOICE DATE :        30-Jan-2013 |
| **Payer Acct**     :    707830626 | Payment Type:    OTHCON | Statement Number:     2133882463 |
| Received At    :    OTHER CARRIER TRI HAPU :    N | File Nbr: | Entry: |
| Rated Weight   :     1,855,955 LB    841,856.0 KG | Rate / KG:   0.00 | |
| Service : OCEAN FCL | Station : | GBS/USI: |

| | | |
|---|---|---|
| **Shipper** | **Payer** | **REMITTANCE ADDRESS:** |
| DDR INTERNATIONAL RECYCLING LL | DDR INTERNATIONAL RECYCLING LL | UPS / UPS SCS Chicago |
| CALABASA, CA SJU BOOKING | 24520 DRY CANYON COLD CREEK RD | 28013 Network Place |
| STE 200 | STE 200 | Chicago, IL 60673-1280 |
| CAROLINA PR  00979  US | CALABASAS  CA  91302  US | |
| | | BILLING INQUIRY CALL: 1-800-328-7808 |

Ref. Nbr.   :
Contact     : GERRY GALAGHER  8185911471           Ref. Nbr.    : 7780422727
Assmbly. Nbr.  :                                    PO Nbr.       :
                                                    Tax ID        : 36-4745407
**Consignee**                                        Importer      :
SSANGYOUNG ECOTEC CO LTD                             Description  : PER BILL OF LADING
SSANGYOONG BLDG 24-1 2 GA ,                          Declared Value..........
GEO DONG JUNG GU ,KOREA                              Customs Value..........              NCV
SEOUL   100748  KR                                   MAWB....................        .
                                                    Ports......................              PRSJU              KRPUS
Ref.Nbr.   :                                         Container Nbr............   CLHU8652033
Contact    :                                         Vessel Name.............   MAERSK WALVIS BAY
Dstr. Nbr.  :                                        Voyage Nbr..............   1236
Actual Weight  :  1,855,955 LB   841,856.0 KG        Est. Departure Date...   23-Nov-2012
Dim Weight     :       14,697 LB     6,666.7 KG      Est. Arrival Date........   10-Jan-2013
Rev Note:                                            Term.Ref...................
                                                    UPS Package Acct #..    Not Provided

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| OFK | OCEAN 40' HC | 51,975.00 | 51,975.00 | USD |
| 913 | EXPORT HANDLING CHARGE | 100.00 | 100.00 | USD |
| | **Total Charges :** | **52,075.00 USD** | | |

Comments:                                            Also Notify:

Dimensions
    Total Volume:          40.000000   M3
    Total Pieces  :             960
Delivery Date/Time:                       Broker Notified Date/Time :    10-Jan-2013  12:00:00AM
Received by   :             Delivery Route :                            Nbr :

ORIG    SCSCPY    2         **COPY**          Page      1

Exhibit H page 139

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



ORIGINAL                                          COPY

| | | |
|---|---|---|
| Shipment Nbr. : 7780498858 | Ship.Date: 28-Nov-2012 | **INVOICE NUMBER : 2613110114** |
| Origin : USOAK   Dest : KRPUS | Rate Scale : OFN | INVOICE DATE :        10-Jan-2013 |
| **Payer Acct** :   707830626 | Payment Type:   PPD | Statement Number:   2124883332 |
| Received At   :   SHIPPERS DOOR | HAPU :   N   File Nbr: | Entry: |
| Rated Weight   :   1,112,970 LB | 504,840.0 KG   Rate / KG:   0.00 | |
| Service : OCEAN FCL | Station : | GBS/USI: |

**Shipper**
DDR INTERNATIONAL RECYCLING LL
24520 DRY CANYON COLD CREEK RD
STE 200
CALABASAS  CA  91302  US

**Payer**
DDR INTERNATIONAL RECYCLING LL
24520 DRY CANYON COLD CREEK RD
STE 200
CALABASAS  CA  91302  US

**REMITTANCE ADDRESS:**
UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280
BILLING INQUIRY CALL: 1-800-328-7808

Ref. Nbr.   : 7780498858
Contact    : ROY HOUSEMAN  6506352667
Assmbly. Nbr.   :

Ref. Nbr.      : 7780498858
PO Nbr.       :
Tax ID       : 36-4745407
Importer      :

**Consignee**
SSANGYOUNG ECOTEC LTD
SSANGYOUNG BLDG 24-1,2-GA JEO DONG J
SEOUL   100748  KR

Description   : PER BILL OF LADING
Declared Value..........
Customs Value..........        9,780.00   USD
MAWB......................   NAM1500273
Ports......................                USOAK        KRPUS

Ref.Nbr.   :
Contact    :
Dstr. Nbr.   :
Actual Weight   : 1,112,970 LB   504,840.0 KG
Dim Weight   :              0.0 KG
Rev Note:

Container Nbr............   CAXU9232567
Vessel Name............   SEA-LAND COMET
Voyage Nbr.............   VUN270W
Est. Departure Date...   08-Dec-2012
Est. Arrival Date........   15-Jan-2013
Term.Ref.....................
UPS Package Acct #..   Not Provided

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| OFK | SUNDRY - OCEAN 40' HC | 13,500.00 | 13,500.00 | USD |
| 44 | BILL OF LADING | 50.00 | 50.00 | USD |
| 53 | EXPORT DECLARATION (US SHPPRS) | 35.00 | 35.00 | USD |
| 561 | FORWARDING FEE | 95.00 | 95.00 | USD |
| | **Total Charges :** | **13,680.00 USD** | | |

Comments:                                           Also Notify:

Dimensions
  Total Pieces :              560

Delivery Date/Time:                     Broker Notified Date/Time :
Received by   :               Delivery Route :                          Nbr :

ORIG      SCSCPY   1          COPY          Page      1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**                COPY

Shipment Nbr. : 7780353625
Origin : USMIA   Dest : KRPUS
**Payer Acct** :  707830626
Received At  :  SERVICE CENTER
Rated Weight :     104,264 LB
Service : OCEAN FCL

Ship Date: 09-Nov-2012
Rate Scale:    OFN
Payment Type: PPD
HAPU:  N   File Nbr:
47,294.0 KG   Rate / KG:  0.00
Station :

**INVOICE NUMBER : 2612112275**
INVOICE DATE :   09-Jan-2013
Statement Number:    2123887338
Entry:

GBS/USI:

**Shipper**
DDR INTERNATIONAL RECYCLINC
24520 DRY CANYON COLD CREEK
STE 200
CALABASAS CA 91302 US

**Payer**
DDR INTERNATIONAL RECYCLINC
24520 DRY CANYON COLD CREEK
STE 200
CALABASAS CA 91302 US

**REMITTANCE ADDRESS:**
UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. : 7780353625
Contact   : GERRY GALLAGHER 5845321
Assmbly. Nbr. :

Ref. Nbr.   : 7780353625
PO Nbr.     :
Tax ID      : 36-4745407
Importer    :

**Consignee**
GANGIM ENR CO LTD
90 SADORI GUNBUK MYUN HAMAN GUN
GYEONGNAM
SEOUL   100748 KR

Description : PER BILL OF LADING
Declared Value..........
Customs Value..........            300.00   USD
MAWB......................   NAM1472993
Ports............................           USMIA      KRPUS
Container Nbr............   CMAU4189237
Vessel Name............   CMA CGM VIRGINIA
Voyage Nbr...............   PG772W
Est. Departure Date...   12-Nov-2012
Est. Arrival Date........   03-Jan-2013
Term.Ref...................
UPS Package Acct #..   Not Provided

Ref.Nbr.   :
Contact   : GERRY GALLGHER 5845321
Dstr. Nbr. :
Actual Weight :   104,264 LB    47,294.0 KG
Dim Weight   :                0.0 KG
Rev Note:

| Charges | | Billed | | Entered | |
|---|---|---|---|---|---|
| 44 | BILL OF LADING | 50.00 | | 50.00 | USD |
| OFK | SUNDRY - OCEAN 40' HC | 2,300.00 | | 2,300.00 | USD |
| D75 | ISPS NVO OCEAN FREIGHT | 26.00 | | 26.00 | USD |
| 561 | FORWARDING FEE | 95.00 | | 95.00 | USD |
| 896 | TERMINAL SECURITY FEE - ORIG | 12.00 | | 12.00 | USD |
| A85 | CONTAINER DETENTION 40' - ORIGIN | 2,720.00 | | 2,720.00 | USD |
| | **Total Charges :** | **5,203.00 USD** | | | |

Comments:                                    Also Notify:

Dimensions
  Total Pieces :          50

Delivery Date/Time:                Broker Notified Date/Time :  03-Jan-2013  12:00:00AM
Received by   :            Delivery Route :                    Nbr :

DMC*DMC*AIMEE FINAN            ORIG   SCSCPY   2     **COPY**        Page     1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



| **ORIGINAL** | | COPY |
|---|---|---|

| | | |
|---|---|---|
| Shipment Nbr.: 7780387835 | Ship.Date: 18-Dec-2012 | **INVOICE NUMBER : 2616113115** |
| Origin : USMIA   Dest : KRPUS | Rate Scale:   OFN | INVOICE DATE :   16-Jan-2013 |
| **Payer Acct** :   707830626 | Payment Type:  PPD | Statement Number:   2126888994 |
| Received At   :   SERVICE CENTER | HAPU:  N   File Nbr: | Entry: |
| Rated Weight   :   241,406 LB | 109,501.5 KG   Rate / KG:  0.00 | |
| Service : OCEAN FCL | Station : | GBS/USI: |

| **Shipper** | **Payer** | **REMITTANCE ADDRESS:** |
|---|---|---|
| DDR INTERNATIONAL RECYCLING | DDR INTERNATIONAL RECYCLING | UPS / UPS SCS Chicago |
| 24520 DRY CANYON COLD CREEK | 24520 DRY CANYON COLD CREEK | 28013 Network Place |
| STE 200 | STE 200 | Chicago, IL 60673-1280 |
| CALABASAS CA 91302 US | CALABASAS CA 91302 US | BILLING INQUIRY CALL: 1-800-328-780 |

Ref. Nbr. : 7780387835
Contact   : GERRY GALLAGHER 8183034748
Assmbly. Nbr. :

**Consignee**
GANGIM ENR CO LTD
90 SADORI GUNBUK MYUN HAMAN GUN
GYEONGNAM
SEOUL     KR

Ref.Nbr. :
Contact   : GERRY GALLAGHER 8183034748
Dstr. Nbr. :
Actual Weight :   241,406LB  .09,501.5 KG
Dim Weight   :             0.0 KG
Rev Note:

Ref. Nbr.   : 7780387835
PO Nbr.   :
Tax ID   : 36-4745407
Importer   :
Description : PER BILL OF LADING
Declared Value..........
Customs Value..........     500.00   USD
MAWB...................... NAM1472993B
Ports...........................     USMIA        KRPUS
Container Nbr............. CMAU5257995
Vessel Name............. CMA CGM TARPON
Voyage Nbr............... PG780W
Est. Departure Date... 21-Dec-2012
Est. Arrival Date........ 03-Feb-2013
Term.Ref...................
UPS Package Acct #..  Not Provided

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 905 | DEMURRAGE | 2,080.00 | 2,080.00 | USD |
| 896 | TERMINAL SECURITY FEE - ORIG | 6.00 | 6.00 | USD |
| 561 | FORWARDING FEE | 95.00 | 95.00 | USD |
| 44 | BILL OF LADING | 50.00 | 50.00 | USD |
| OFK | SUNDRY - OCEAN 40' HC | 5,750.00 | 5,750.00 | USD |
| D75 | ISPS NVO OCEAN FREIGHT | 13.00 | 13.00 | USD |
| | **Total Charges :** | **7,994.00 USD** | | |

Comments:                                                                    Also Notify:

            CONTAINER # CMAU4189237 ( 9 DAYS ) CONTAINER #
Dimensions  UESU4766836 ( 8 DAYS )

   Total Pieces :            145

Delivery Date/Time:                          Broker Notified Date/Time :
Received by   :                       Delivery Route :                          Nbr :

DMC*DMC*AIMEE FINAN                    ORIG    SCSCPY    I    **COPY**    Page    1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724    EIN 94-3083515
FMC LICENCE NO. 275F    QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911    BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF



**ORIGINAL**       COPY

| | | |
|---|---|---|
| Shipment Nbr.: 7780387857 | Ship.Date:26-Dec-2012 | **INVOICE NUMBER : 2620114539** |
| Origin : USLAX  Dest : KRPUS | Rate Scale:  OFN | INVOICE DATE :  23-Jan-2013 |
| **Payer Acct** :  707830626 | Payment Type: PPD | Statement Number:  2130881482 |
| Received At  :  SERVICE CENTER | HAPU :  N  File Nbr: | Entry: |
| Rated Weight  :  1,005,440 LB  456,065.0KG | Rate / KG: 0.00 | |
| Service : OCEAN FCL | Station : | GBS/USI: |

**Shipper**      **Payer**      **REMITTANCE ADDRESS:**

DDR INTERNATIONAL RECYCLINC    DDR INTERNATIONAL RECYCLINC    UPS / UPS SCS Chicago
24520 DRY CANYON COLD CREEK    24520 DRY CANYON COLD CREEK    28013 Network Place
STE 200    STE 200    Chicago, IL 60673-1280
CALABASAS CA 91302 US    CALABASAS CA 91302 US    BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. : 7780387857
Contact  : GERRY GALLAGHER  8183034748      Ref. Nbr.  : 7780387857
Assmbly. Nbr. :      PO Nbr.  :
     Tax ID  : 36-4745407
**Consignee**      Importer  :
SSANGYOUNG ECOTEC CO LTD      Description : PER BILL OF LADING
SSANGYOONG BLDG 24-1 2 GA ,      Declared Value..........
GEO DONG JUNG GU ,KOREA      Customs Value...........  1,200.00  USD
SEOUL  100748  KR      MAWB...................... ZIMULAX083780
     Ports..........................  USLAX  KRPUS
Ref.Nbr. :      Container Nbr............ AMFU8657058
Contact  :      Vessel Name............ ZIM BARCELONA
Dstr. Nbr. :      Voyage Nbr.............. 39W
Actual Weight : 1,005,440LB  156,064.6 KG      Est. Departure Date... 08-Jan-2013
Dim Weight  :  0.0 KG      Est. Arrival Date........ 26-Jan-2013
Rev Note:      Term.Ref...................
     UPS Package Acct #.. Not Provided

| Charges | | Billed | Entered |
|---|---|---|---|
| 561 | FORWARDING FEE | 95.00 | 95.00  USD |
| 44 | BILL OF LADING | 50.00 | 50.00  USD |
| 16 | DOCUMENT PREPARATION | 35.00 | 35.00  USD |
| OFK | OCEAN 40' HC | 7,320.00 | 7,320.00  USD |
| | **Total Charges :** | **7,500.00 USD** | |

Comments:      Also Notify:

Dimensions
   Total Pieces :  300

Delivery Date/Time:      Broker Notified Date/Time :
Received by  :      Delivery Route :      Nbr :

DMC*DMC*AIMEE FINAN      ORIG  SCSCPY  1      **COPY**      Page  1

Exhibit H page 143

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**                    COPY

| | | |
|---|---|---|
| Shipment Nbr.: 7780444452 | Ship.Date:21-Nov-2012 | **INVOICE NUMBER : 2615114690** |
| Origin : PRSJU   Dest : KRPUS | Rate Scale:   OFN | INVOICE DATE :   15-Jan-2013 |
| Payer Acct   707830626 | Payment Type:  OTHCON | Statement Number:   2126882169 |
| Received At  :  OTHER CARRIER T HAPU :  N | File Nbr: | Entry: |
| Rated Weight        869,961 LB    394,612.0 KG | Rate / KG:  0.00 | |
| Service : OCEAN FCL | Station : | GBS/USI: |

| **Shipper** | **Payer** | **REMITTANCE ADDRESS:** |
|---|---|---|
| DDR RECYCLING USA | DDR INTERNATIONAL RECYCLINC | UPS / UPS SCS Chicago |
| 24520 DRY CANYON COLD CREEK | 24520 DRY CANYON COLD CREEK | 28013 Network Place |
| CALABASAS, CA 91302 SJU BOOK | STE 200 | Chicago, IL 60673-1280 |
| CAROLINA  PR  00979  US | CALABASAS  CA  91302  US | BILLING INQUIRY CALL: 1-800-328-780 |

Ref. Nbr. :
Contact   : GERRY GALAGAR  818 591-1471
Assmbly. Nbr. :

Ref. Nbr.   : 7780444452
PO Nbr.      :
Tax ID       : 36-4745407
Importer     :

**Consignee**
SSANGYOUNG ECOTEC CO LTD
SSANGYOONG BLDG 24-1 2 GA ,
GEO DONG JUNG GU ,KOREA
SEOUL   100748  KR

Description : PER BILL OF LADING
Declared Value..........
Customs Value..........                   NCV
MAWB...................... 26005157973

Ref.Nbr. :
Contact   :
Dstr. Nbr. :
Actual Weight :  869,961LB  194,612.0 KG
Dim Weight   :   14,697LB    6,666.7 KG
Rev Note:

Ports.......................          PRSJU          KRPUS
Container Nbr............ CAIU8116262
Vessel Name............. CONTI ELEKTRA
Voyage Nbr...............  031
Est. Departure Date... 23-Nov-2012
Est. Arrival Date........ 23-Dec-2012
Term.Ref...................
UPS Package Acct #..  Not Provided

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| OFK  SUNDRY - OCEAN 40' HC | | 23,625.00 | 23,625.00 | USD |
| 913   EXPORT HANDLING CHARGE | | 100.00 | 100.00 | USD |
| **Total Charges :** | | **23,725.00 USD** | | |

Comments:                                                    Also Notify:

Dimensions
  Total Volume:      40.000000  M3
  Total Pieces :          450
Delivery Date/Time:                        Broker Notified Date/Time : 24-Dec-2012  12:00:00AM
Received by   :                     Delivery Route :                    Nbr :

DMC*DMC*AIMEE FINAN                      ORIG    SCSCPY    J         **COPY**          Page      1

# UPS Supply Chain Solutions



QST REG. NO. 1023002724          EIN 94-3083515
FMC LICENCE NO. 275F              QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911                  BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF

**ORIGINAL**                          COPY

| | | |
|---|---|---|
| Shipment Nbr.: 7780535026 | Ship.Date: 12-Dec-2012 | **INVOICE NUMBER : 2617119786** |
| Origin : USLAX  Dest : KRPUS | Rate Scale:   OFN | INVOICE DATE :   18-Jan-2013 |
| **Payer Acct** :  707830626 | Payment Type: PPD | Statement Number:   2128882116 |
| Received At   :   SERVICE CENTER | HAPU :  N   File Nbr: | Entry: |
| Rated Weight  :   1,199,720 LB   544,189.5 KG | Rate / KG:  0.00 | |
| Service : OCEAN FCL | Station : | GBS/USI: |

**Shipper**                    **Payer**                         **REMITTANCE ADDRESS:**
DDR INTERNATIONAL RECYCLINC  DDR INTERNATIONAL RECYCLINC   UPS / UPS SCS Chicago
24520 DRY CANYON COLD CREEK  24520 DRY CANYON COLD CREEK   28013 Network Place
STE 200                      STE 200                       Chicago, IL 60673-1280
CALABASAS  CA  91302  US     CALABASAS  CA  91302  US
                                                           BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. : 7780535026
Contact   : GERRY GALLAGHER  8183034748       Ref. Nbr.   : 7780535026
Assmbly. Nbr. :                               PO Nbr.     :
                                              Tax ID      : 36-4745407
**Consignee**                                 Importer    :
SSANGYOUNG ECOTEC CO LTD                      Description : PER BILL OF LADING
SSANGYOONG BLDG 24-1 2 GA ,                   Declared Value..........
GEO DONG JUNG GU ,KOREA                       Customs Value..........        1,400.00   USD
SEOUL  100748  KR                             MAWB...................... ZIMULAX083277
                                              Ports.....................          USLAX        KRPUS
Ref.Nbr. :                                    Container Nbr............ BMOU4522113
Contact   :                                   Vessel Name............. ZIM CALIFORNIA
Dstr. Nbr. :                                  Voyage Nbr............... 42/W
Actual Weight : 1,199,720LB   44,189.4 KG     Est. Departure Date... 21-Dec-2012
Dim Weight        :           0.0 KG          Est. Arrival Date........ 10-Jan-2013
Rev Note:                                     Term.Ref...................
                                              UPS Package Acct #..  Not Provided

| Charges | | Billed | Entered | |
|---|---|---:|---:|---|
| 561 | FORWARDING FEE | 95.00 | 95.00 | USD |
| 44 | BILL OF LADING | 50.00 | 50.00 | USD |
| 16 | DOCUMENT PREPARATION | 35.00 | 35.00 | USD |
| OFK | SUNDRY - OCEAN 40' HC | 8,540.00 | 8,540.00 | USD |
| A46 | LATE DOCUMENT CHARGES | 1,000.00 | 1,000.00 | USD |
| | **Total Charges :** | **9,720.00 USD** | | |

Comments:                                     Also Notify:

Dimensions
  Total Pieces :        350

Delivery Date/Time:                           Broker Notified Date/Time :  10-Jan-2013  12:00:00AM
Received by  :                     Delivery Route :                     Nbr :

DMC*DMC*AIMEE FINAN                 ORIG   SCSCPY   I      **COPY**      Page    I

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**                    COPY

| | |
|---|---|
| Shipment Nbr.: 7780628218 | Ship.Date: 13-Dec-2012 |
| Origin : USOAK   Dest : KRPUS | Rate Scale:     OFN |
| Payer Acct  : 707830626 | Payment Type: PPD |
| Received At  : SHIPPERS DOOR | HAPU : N   File Nbr: |
| Rated Weight   166,945 LB   75,726.0 KG | Rate / KG:  0.00 |
| Service : OCEAN FCL | Station : |

**INVOICE NUMBER : 2613110163**
INVOICE DATE :   10-Jan-2013
Statement Number:   2124883392
Entry:

GBS/USI:

**Shipper**
DDR INTERNATIONAL RECYCLING
24520 DRY CANYON COLD CREEK
STE 200
CALABASAS CA 91302 US

**Payer**
DDR INTERNATIONAL RECYCLING
24520 DRY CANYON COLD CREEK
STE 200
CALABASAS CA 91302 US

**REMITTANCE ADDRESS:**
UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. : 7780628218
Contact   : ROY HOUSEMAN  6506352667
Assmbly. Nbr. :

Ref. Nbr.   : 7780628218
PO Nbr.     :
Tax ID      : 36-4745407
Importer    :
Description : PER BILL OF LADING

**Consignee**
SSANGYOUNG ECOTEC CO LTD
SSANGYOONG BLDG 24-1 2 GA ,
GEO DONG JUNG GU ,KOREA
SEOUL  100748 KR

Declared Value..........
Customs Value..........           2,500.00   USD
MAWB.....................   2310703
Ports.......................              USOAK      KRPUS
Container Nbr............   CRXU9873040
Vessel Name...............   SEA-LAND CHARGER
Voyage Nbr...............   UN276W
Est. Departure Date...   20-Dec-2012
Est. Arrival Date........   10-Jan-2013
Term.Ref...................
UPS Package Acct #..   Not Provided

Ref.Nbr. :
Contact   :
Dstr. Nbr. :
Actual Weight :   166,945LB   75,726.0 KG
Dim Weight   :               0.0 KG
Rev Note:

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 561 | FORWARDING FEE | 50.00 | 50.00 | USD |
| 53 | EXPORT DECLARATION (US SHPPRS) | 35.00 | 35.00 | USD |
| 44 | BILL OF LADING | 50.00 | 50.00 | USD |
| OFK | SUNDRY - OCEAN 40' HC | 2,025.00 | 2,025.00 | USD |
| | **Total Charges :** | **2,160.00 USD** | | |

Comments:                                    Also Notify:

Dimensions
Total Pieces :         84

Delivery Date/Time:
Received by   :

Broker Notified Date/Time :  10-Jan-2013  12:00:00AM
Delivery Route :                        Nbr :

DMC*DMC*AIMEE FINAN              ORIG   SCSCPY   1      **COPY**      Page   1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**                    COPY

| | |
|---|---|
| Shipment Nbr.: 7780687794 | Ship.Date:20-Dec-2012 |
| Origin : USSFO   Dest : KRPUS | Rate Scale:   OFN |
| Payer Acct :   707830626 | Payment Type: PPD |
| Received At  :   SHIPPERS DOOR | HAPU :  N   File Nbr: |
| Rated Weight  :    55,648 LB    25,242.0KG | Rate / KG:  0.00 |
| Service : OCEAN FCL | Station : |

**INVOICE NUMBER : 2613110278**

INVOICE DATE :    10-Jan-2013
Statement Number:   2124883761
Entry:

GBS/USI:

**Shipper**
DDR INTERNATIONAL RECYCLINC
24520 DRY CANYON COLD CREEK
STE 200
CALABASAS  CA  91302  US

**Payer**
DDR INTERNATIONAL RECYCLINC
24520 DRY CANYON COLD CREEK
STE 200
CALABASAS  CA  91302  US

**REMITTANCE ADDRESS:**
UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280
BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. : 7780687794
Contact   : ROY HOUSEMAN  6506352665
Assmbly. Nbr. :

Ref. Nbr.  : 7780687794
PO Nbr.   :
Tax ID     : 36-4745407
Importer   :

**Consignee**
SSANGYOUNG ECOTEC CO LTD
SSANGYONG BLDG 24--1,2-GA JEO DONG J
50 WELLINGTON STREET
SEOUL    KR

Description : PER BILL OF LADING
Declared Value..........
Customs Value..........         1,500.00   USD
MAWB....................    11
Ports......................              USSFO        KRPUS
Container Nbr............  TRLU7193531
Vessel Name..............  SL CHARGER
Voyage Nbr..............  UN276W
Est. Departure Date...  21-Dec-2012
Est. Arrival Date........  10-Jan-2013
Term.Ref...................
UPS Package Acct #..  Not Provided

Ref.Nbr. :
Contact  :
Dstr. Nbr. :
Actual Weight :    55,648LB   25,242.0 KG
Dim Weight  :     8,450LB    3,833.3 KG
Rev Note:

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 561 | FORWARDING FEE | 50.00 | 50.00 | USD |
| 53 | EXPORT DECLARATION (US SHPPRS) | 35.00 | 35.00 | USD |
| 44 | BILL OF LADING | 50.00 | 50.00 | USD |
| OFK | SUNDRY - OCEAN 40' HC | 675.00 | 675.00 | USD |
| | **Total Charges :** | **810.00 USD** | | |

Comments:                              Also Notify:

Dimensions
Total Volume :    23.000000  M3
Total Pieces :        28
Delivery Date/Time:                      Broker Notified Date/Time :  10-Jan-2013  12:00:00AM
Received by  :             Delivery Route :                      Nbr :

DMC*DMC*AIMEE FINAN                 ORIG    SCSCPY   1      **COPY**      Page    1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724      EIN 94-3083515
FMC LICENCE NO. 275F         QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911             BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF



**ORIGINAL**                                    COPY

| | |
|---|---|
| Shipment Nbr.: 7780713468 | Ship.Date:02-Jan-2013 |

**INVOICE NUMBER : 2617111113**

| | |
|---|---|
| Origin : USLAX   Dest : KRPUS | Rate Scale:    OFN |

INVOICE DATE :   17-Jan-2013

| | | |
|---|---|---|
| **Payer Acct**   707830626 | Payment Type: PPD | Statement Number:   2127885292 |
| Received At   :   SERVICE CENTER | HAPU :  N   File Nbr: | Entry: |
| Rated Weight      884,977 LB      401,423.0 KG | Rate / KG:  0.00 | |
| Service : OCEAN FCL | Station : | GBS/USI: |

**Shipper**                    **Payer**                      **REMITTANCE ADDRESS:**
DDR INTERNATIONAL RECYCLING    DDR INTERNATIONAL RECYCLING    UPS / UPS SCS Chicago
24520 DRY CANYON COLD CREEK    24520 DRY CANYON COLD CREEK    28013 Network Place
STE 200                        STE 200                        Chicago, IL 60673-1280
CALABASAS  CA  91302  US       CALABASAS  CA  91302  US
                                                              BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. : 7780713468
Contact   : GERRY GALLAGHER  8183034748      Ref. Nbr.   : 7780713468
Assmbly. Nbr. :                              PO Nbr.     :
                                             Tax ID      : 36-4745407
**Consignee**                                Importer    :
GANGIM ENR CO LTD                            Description : PER BILL OF LADING
90 SADORI GUNBUK MYUN HAMAN GUN              Declared Value..........
GYEONGNAM                                    Customs Value..........        1,800.00   USD
SEOUL     KR                                 MAWB...................... ZIMULAX083912
                                             Ports......................        USLAX        KRPUS
Ref.Nbr. :                                   Container Nbr............ DFSU6486608
Contact   :                                  Vessel Name.............. ZIM PUSAN
Dstr. Nbr. :                                 Voyage Nbr............... 35W
Actual Weight :   884,977LB   401,423.0 KG   Est. Departure Date...  12-Jan-2013
Dim Weight   :              0.0 KG           Est. Arrival Date........  02-Feb-2013
Rev Note:                                    Term.Ref...................
                                             UPS Package Acct #..  Not Provided

| Charges | | Billed | Entered |
|---|---|---|---|
| 561 | FORWARDING FEE | 95.00 | 95.00   USD |
| 44 | BILL OF LADING | 50.00 | 50.00   USD |
| 16 | DOCUMENT PREPARATION | 35.00 | 35.00   USD |
| OFK | SUNDRY - OCEAN 40' HC | 9,760.00 | 9,760.00   USD |
| | **Total Charges :** | **9,940.00 USD** | |

Comments:                                              Also Notify:

Dimensions
  Total Pieces :         400

Delivery Date/Time:                    Broker Notified Date/Time :
Received by  :              Delivery Route :                    Nbr :

DMC*DMC*AIMEE FINAN                ORIG    SCSCPY   2      **COPY**      Page    1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724   EIN 94-3083515
FMC LICENCE NO. 275F   QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911   BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF



**ORIGINAL**                    COPY

| | | |
|---|---|---|
| Shipment Nbr.: 7780751418 | Ship.Date:28-Dec-2012 | **INVOICE NUMBER : 2619116085** |
| Origin : PRSJU | Dest : KRPUS | INVOICE DATE : 22-Jan-2013 |
| Payer Acct   707830626 | Payment Type:  OTHCON | Statement Number:   2129885017 |
| Received At  : OTHER CARRIER T HAPU:  N | File Nbr: | Entry: |
| Rated Weight : 2,379,314 LB   1,079,250.0 KG | Rate / KG:  0.00 | |
| Service : OCEAN FCL | Station : | GBS/USI: |

| **Shipper** | **Payer** | **REMITTANCE ADDRESS:** |
|---|---|---|
| DDR RECYCLING USA | DDR INTERNATIONAL RECYCLINC | UPS / UPS SCS Chicago |
| 24520DR | 24520 DRY CANYON COLD CREEK | 28013 Network Place |
| CAROLINA  PR  00979  US | STE 200 | Chicago, IL 60673-1280 |
| | CALABASAS  CA  91302  US | BILLING INQUIRY CALL: 1-800-328-780 |

Ref. Nbr. : W/E12/28
Contact   : GERRY GALLAGER  8185911471      Ref. Nbr.   : 7780751418
Assmbly. Nbr. :                              PO Nbr.     :
                                             Tax ID      : 36-4745407
**Consignee**                                Importer    :
SSANGYOUNG ECOTEC CO LTD                     Description : PER BILL OF LADING
SSANGYOONG BLDG 24-1 2 GA ,                  Declared Value..........
GEO DONG JUNG GU ,KOREA                      Customs Value...........        0.01   USD
SEOUL  100748  KR                            MAWB.....................  865715565
                                             Ports......................        PRSJU        KRPUS
Ref.Nbr. :                                   Container Nbr............  CAIU8335229
Contact  :                                   Vessel Name.............  MAERSK WISMAR
Dstr. Nbr. :                                 Voyage Nbr..............  1304
Actual Weight : 2,379,314LB  )79,250.0 KG    Est. Departure Date...  14-Jan-2013
Dim Weight   :  514,406LB  !33,333.3 KG      Est. Arrival Date........  01-Mar-2013
Rev Note:                                    Term.Ref...................
                                             UPS Package Acct #..  Not Provided

| Charges | | Billed | | Entered |
|---|---|---|---|---|
| 913   EXPORT HANDLING CHARGE | | 100.00 | 100.00 | USD |
| OFK   OCEAN 40' HC | | 55,125.00 | 55,125.00 | USD |
| | **Total Charges :** | **55,225.00 USD** | | |

Comments:                                    Also Notify:

**Dimensions**
   Total Volume:   1400.000000  M3
   Total Pieces :        980
Delivery Date/Time:                          Broker Notified Date/Time :
Received by   :                  Delivery Route :                    Nbr :

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**                                    COPY

| | |
|---|---|
| Shipment Nbr.: 7780752210 | Ship.Date: 02-Jan-2013 |
| Origin : USLAX   Dest : KRPUS | Rate Scale:    OFN |
| Payer Acct :   707830626 | Payment Type:  PPD |
| Received At   :   SERVICE CENTER | HAPU:  N   File Nbr: |

**INVOICE NUMBER : 2617111006**
INVOICE DATE :    17-Jan-2013
Statement Number:   2127885081
Entry:

Rated Weight     517,600 LB     234,782.0 KG     Rate / KG:  0.00
Service : OCEAN FCL                  Station :

GBS/USI:

| **Shipper** | **Payer** | **REMITTANCE ADDRESS:** |
|---|---|---|
| DDR INTERNATIONAL RECYCLINC | DDR INTERNATIONAL RECYCLINC | UPS / UPS SCS Chicago |
| 24520 DRY CANYON COLD CREEK | 24520 DRY CANYON COLD CREEK | 28013 Network Place |
| STE 200 | STE 200 | Chicago, IL 60673-1280 |
| CALABASAS  CA  91302  US | CALABASAS  CA  91302  US | BILLING INQUIRY CALL: 1-800-328-780 |

Ref. Nbr. : 7780752210
Contact   : GERRY GALLAGHER  8183034748
Assmbly. Nbr. :

Ref. Nbr.   : 7780752210
PO Nbr.     :
Tax ID      : 36-4745407
Importer    :

**Consignee**
SSANGYOUNG ECOTEC CO LTD
SSANGYOONG BLDG 24-1 2 GA ,
GEO DONG JUNG GU ,KOREA
SEOUL  100748  KR

Description : PER BILL OF LADING
Declared Value..........
Customs Value..........           600.00   USD
MAWB......................  ZIMULAX083916
Ports.......................                        USLAX          KRPUS
Container Nbr............  CRSU9032751
Vessel Name.............  ZIM PUSAN
Voyage Nbr...............  35W
Est. Departure Date....  12-Jan-2013
Est. Arrival Date........  02-Feb-2013
Term.Ref...................
UPS Package Acct #..  Not Provided

Ref.Nbr. :
Contact  :
Dstr. Nbr. :
Actual Weight :   517,600LB  :34,782.0 KG
Dim Weight  :
Rev Note:

| Charges | | Billed | Entered |
|---|---|---|---|
| 561 | FORWARDING FEE | 95.00 | 95.00   USD |
| 44 | BILL OF LADING | 50.00 | 50.00   USD |
| 16 | DOCUMENT PREPARATION | 35.00 | 35.00   USD |
| OFK | SUNDRY - OCEAN 40' HC | 3,660.00 | 3,660.00   USD |
| | **Total Charges :** | **3,840.00 USD** | |

Comments:                                                Also Notify:

Dimensions
  Total Pieces :           150

Delivery Date/Time:                      Broker Notified Date/Time :
Received by   :              Delivery Route :                          Nbr :

# UPS Supply Chain Solutions

QST REG. NO. 1023002724    EIN 94-3083515
FMC LICENCE NO. 275F    QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911    BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF



**ORIGINAL**           COPY

| | | |
|---|---|---|
| Shipment Nbr.: 7780773957 | Ship.Date: 14-Jan-2013 | **INVOICE NUMBER : 2629111943** |
| Origin : PRSJU | Dest : KRPUS | Rate Scale: OFN | INVOICE DATE : 06-Feb-2013 |

Shipment Nbr.: 7780773957    Ship.Date: 14-Jan-2013      **INVOICE NUMBER : 2629111943**
Origin : PRSJU   Dest : KRPUS    Rate Scale:   OFN      INVOICE DATE :   06-Feb-2013
**Payer Acct** :   707695227     Payment Type: OTHCON     Statement Number:   2136887994
Received At :   OTHER CARRIER T HAPU :   N   File Nbr:      Entry:
Rated Weight :     463,988 LB    210,464.0KG   Rate / KG:   0.00
Service : OCEAN FCL          Station :            GBS/USI:

**Shipper**            **Payer**              **REMITTANCE ADDRESS:**
DDR RECYCLING USA      DDR RECYCLING USA      UPS / UPS SCS Chicago
24520 DRY CANYON COLD CREEK   24520 DRY CANYON COLD CREEK   28013 Network Place
CALABASAS, CA 91302 SJU BOOK   CALABASAS CA 91302 US     Chicago, IL 60673-1280
CAROLINA PR 00979 US

                                                BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. :
Contact : GERRY GALAGAR 818 591-1471      Ref. Nbr.   : 7780773957
Assmbly. Nbr. :                             PO Nbr.    :
                                         Tax ID     :
**Consignee**                              Importer   :
SSANGYOUNG ECOTEC CO LTD       Description : PER BILL OF LADING
SSANGYOONG BLDG 24-1 2 GA ,       Declared Value..........
GEO DONG JUNG GU ,KOREA        Customs Value..........     0.01   USD
SEOUL   100748 KR             MAWB..................... MAEU558916624
                                        Ports.......................          PRSJU      KRPUS
Ref.Nbr. :                              Container Nbr............ GESU5936717
Contact :                              Vessel Name............. MAERSK KENDAL
Dstr. Nbr. :                          Voyage Nbr.............. 1302
Actual Weight :   463,988LB   :10,464.0 KG   Est. Departure Date... 14-Jan-2013
Dim Weight   :   117,578LB   53,333.3 KG   Est. Arrival Date........ 18-Jan-2013
Rev Note:                             Term.Ref.................
                                        UPS Package Acct #..   Not Provided

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 913 | EXPORT HANDLING CHARGE | 100.00 | 100.00 | USD |
| OFK | OCEAN 40' HC | 12,600.00 | 12,600.00 | USD |
| | **Total Charges :** | **12,700.00 USD** | | |

Comments:                                      Also Notify:

Dimensions
   Total Volume:     320.000000   M3
   Total Pieces :        240
Delivery Date/Time:            Broker Notified Date/Time :   18-Jan-2013   12:00:00AM
Received by   :               Delivery Route :               Nbr :

# UPS Supply Chain Solutions

QST REG. NO. 1023002724     EIN 94-3083515
FMC LICENCE NO. 275F     QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911     BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF



**ORIGINAL**                  COPY

| | | |
|---|---|---|
| Shipment Nbr.: 7780785584 | Ship.Date: 10-Jan-2013 | **INVOICE NUMBER : 2627115094** |
| Origin : USOAK  Dest : KRPUS | Rate Scale:   OFN | INVOICE DATE :   04-Feb-2013 |
| Payer Acct :   707695227 | Payment Type:  OTHSHP | Statement Number:   2135885324 |
| Received At  :   SHIPPERS DOOR | HAPU :  N   File Nbr: | Entry: |
| Rated Weight     239,729 LB    108,740.5KG    Rate / KG:  0.00 | | |
| Service : OCEAN FCL | Station : | GBS/USI: |

| **Shipper**     B1 | **Payer** | **REMITTANCE ADDRESS:** |
|---|---|---|
| SUNSET WASTE PAPER | DDR RECYCLING USA | UPS / UPS SCS Chicago |
| 2721 S. ELM | 24520 DRY CANYON COLD CREEK | 28013 Network Place |
| FRESNO  CA  93706  US | CALABASAS  CA  91302  US | Chicago, IL 60673-1280 |
| | | BILLING INQUIRY CALL: 1-800-328-780 |

Ref. Nbr. :
Contact   : ROY HOUSEMAN 6506352667
Assmbly. Nbr. :

**Consignee**
SSANGYOUNG ECOTEC CO LTD
SSANGYOUNG BLDG 24-1,2-GA JEO DONG J
50 WELLINGTON STREET
SEOUL  100748  KR

Ref.Nbr. :
Contact   :
Dstr. Nbr. :
Actual Weight :   239,729LB   08,740.5 KG
Dim Weight   :       367LB     166.7 KG
Rev Note:

Ref. Nbr.   : 7780785584
PO Nbr. :
Tax ID
Importer
Description : PER BILL OF LADING
Declared Value..........
Customs Value..........       15,000.00   USD
MAWB.....................  NA2318202
Ports...........................                      USOAK      KRPUS
Container Nbr............  CAXU9881340
Vessel Name............  SL COMET
Voyage Nbr...............  UN282W
Est. Departure Date....  11-Jan-2013
Est. Arrival Date........  30-Jan-2013
Term.Ref...................
UPS Package Acct #..  Not Provided

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 561 | FORWARDING FEE | 95.00 | 95.00 | USD |
| 53 | EXPORT DECLARATION (US SHPPRS) | 35.00 | 35.00 | USD |
| 44 | BILL OF LADING | 50.00 | 50.00 | USD |
| | **Total Charges :** | **180.00 USD** | | |

Comments:                                      Also Notify:

Dimensions
   Total Volume:       1.000000  M3
   Total Pieces :           101
Delivery Date/Time:                        Broker Notified Date/Time :  30-Jan-2013  12:00:00AM
Received by   :                    Delivery Route :                          Nbr :

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**                           COPY

| | | |
|---|---|---|
| Shipment Nbr.: 7780785584 | Ship.Date: 10-Jan-2013 | **INVOICE NUMBER : 2627115093** |
| Origin : USOAK  Dest : KRPUS | Rate Scale:  OFN | INVOICE DATE :  04-Feb-2013 |
| **Payer Acct** : 707695227 | Payment Type: OTHSHP | Statement Number:  2135885323 |
| Received At  :  SHIPPERS DOOR | HAPU :  N  File Nbr: | Entry: |
| Rated Weight :  239,729 LB  108,740.5KG  Rate / KG:  0.00 | | |
| Service : OCEAN FCL | Station : | GBS/USI: |

**Shipper**   B1
SUNSET WASTE PAPER
2721 S. ELM
FRESNO  CA  93706  US

**Payer**
DDR RECYCLING USA
24520 DRY CANYON COLD CREEK
CALABASAS  CA  91302  US

**REMITTANCE ADDRESS:**
UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. :
Contact  : ROY HOUSEMAN  6506352667
Assmbly. Nbr. :

Ref. Nbr.  : 7780785584
PO Nbr.  :
Tax ID  :
Importer  :

**Consignee**
SSANGYOUNG ECOTEC CO LTD
SSANGYOUNG BLDG 24-1,2-GA JEO DONG J
50 WELLINGTON STREET
SEOUL  100748  KR

Description : PER BILL OF LADING
Declared Value..........
Customs Value..........         15,000.00   USD
MAWB.....................  NA2318202
Ports............................            USOAK      KRPUS
Container Nbr............  CAXU9881340
Vessel Name............  SL COMET
Voyage Nbr..............  UN282W
Est. Departure Date...  11-Jan-2013
Est. Arrival Date........  30-Jan-2013
Term.Ref......................
UPS Package Acct #..  Not Provided

Ref.Nbr. :
Contact  :
Dstr. Nbr. :
Actual Weight : 239,729LB  .08,740.5 KG
Dim Weight  :      367LB    166.7 KG
Rev Note:

| Charges | Billed | Entered | |
|---|---|---|---|
| OFK  OCEAN 40' HC | 3,375.00 | 3,375.00 | USD |
| 410   DEMURAGE / DETENTION REBILL | 480.00 | 480.00 | USD |
| **Total Charges :** | **3,855.00 USD** | | |

Comments:                                                    Also Notify:

**Dimensions**
Total Volume:     1.000000  M3
Total Pieces :         101
Delivery Date/Time:                        Broker Notified Date/Time :  30-Jan-2013  12:00:00AM
Received by  :                         Delivery Route :                        Nbr :

DMC*DMC*AIMEE FINAN                      ORIG    SCSCPY   **2**    **COPY**      Page    1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**                                          COPY

| | | |
|---|---|---|
| Shipment Nbr.: 7780827890 | Ship.Date: 31-Dec-2012 | **INVOICE NUMBER : 2630119482** |
| Origin : USMIA   Dest : KRPUS | Rate Scale:   OFN | INVOICE DATE :   08-Feb-2013 |
| **Payer Acct** :   707830626 | Payment Type: PPD | Statement Number:   2138881311 |
| Received At   : OTHER CARRIER T HAPU :  N   File Nbr: | | Entry: |
| Rated Weight :     58,446 LB    26,511.0KG   Rate / KG:  0.00 | | |
| Service : OCEAN FCL | Station : | GBS/USI: |

| | | |
|---|---|---|
| **Shipper** | **Payer** | **REMITTANCE ADDRESS:** |
| DDR INTERNATIONAL RECYCLINC | DDR INTERNATIONAL RECYCLINC | UPS / UPS SCS Chicago |
| 24520 DRY CANYON COLD CREEK | 24520 DRY CANYON COLD CREEK | 28013 Network Place |
| STE 200 | STE 200 | Chicago, IL 60673-1280 |
| CALABASAS  CA  91302  US | CALABASAS  CA  91302  US | |
| | | BILLING INQUIRY CALL: 1-800-328-780 |

Ref. Nbr. : 7780827890
Contact   : GERRY GALLAGHER  8183034748
Assmbly. Nbr. :

Ref. Nbr.    : 7780827890
PO Nbr.    :
Tax ID     : 36-4745407
Importer    :

**Consignee**
GANGIM ENR CO LTD
90 SADORI GUNBUK MYUN HAMAN GUN
GYEONGNAM
SEOUL    KR

Description  : PER BILL OF LADING
Declared Value..........
Customs Value..........        100.00  USD
MAWB...................... NAM1495049
Ports.......................                USMIA        KRPUS

Ref.Nbr.  :
Contact   : GERRY GALLAGHER  8183034748
Dstr. Nbr. :
Actual Weight :   58,446 LB   26,511.0 KG
Dim Weight   :           0.0 KG
Rev Note:

Container Nbr..............  GESU6930550
Vessel Name.............. WHITE SHARK
Voyage Nbr.............. PG790W
Est. Departure Date.. 14-Jan-2013
Est. Arrival Date....... 04-Mar-2013
Term.Ref.................
UPS Package Acct #.. Not Provided

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 905 | DEMURRAGE | 5,600.00 | 5,600.00 | USD |
| 896 | TERMINAL SECURITY FEE - ORIG | 6.00 | 6.00 | USD |
| A19 | BOOKING FEE | 270.00 | 270.00 | USD |
| 561 | FORWARDING FEE | 95.00 | 95.00 | USD |
| 44 | BILL OF LADING | 50.00 | 50.00 | USD |
| OFK | OCEAN 40' HC | 1,150.00 | 1,150.00 | USD |
| D75 | ISPS NVO OCEAN FREIGHT | 13.00 | 13.00 | USD |
| | **Total Charges :** | **7,184.00 USD** | | |

Comments:                                          Also Notify:

**Dimensions**
  Total Pieces :           29

Delivery Date/Time:                     Broker Notified Date/Time :
Received by   :            Delivery Route :                          Nbr :

DMC*DMC*AIMEE FINAN                    ORIG   SCSCPY  I      **COPY**        Page   1

# UPS Supply Chain Solutions

QST REG. NO. 1025002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**                    COPY

| | |
|---|---|
| Shipment Nbr. : 7780931554 | Ship.Date:21-Jan-2013 |
| Origin : PRSJU   Dest : KRPUS | Rate Scale:    OFN |
| Payer Acct  :    707695227 | Payment Type: OTHCON |
| Received At  :  OTHER CARRIER T HAPU :  N   File Nbr: | |
| Rated Weight  :  5,800,052 LB   2,630,886.5 KG   Rate / KG:  0.00 | |
| Service : OCEAN FCL | Station : |

**INVOICE NUMBER : 2629111942**

INVOICE DATE :   06-Feb-2013
Statement Number:   2136887993
Entry:

GBS/USI:

**Shipper**
DDR RECYCLING USA
24520 DRY CANYON COLD CREEK
CALABASAS, CA 91302 SJU BOOK
CAROLINA  PR  00979  US

**Payer**
DDR RECYCLING USA
24520 DRY CANYON COLD CREEK
CALABASAS  CA  91302 US

**REMITTANCE ADDRESS:**
UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. : BOOKING REF: 865099462
Contact   : GERRY GALAGER  8185911471
Assmbly. Nbr. :

Ref. Nbr.   : 7780931554
PO Nbr.     :
Tax ID      :
Importer    :
Description :PER BILL OF LADING
Declared Value..........
Customs Value..........          0.01  USD
MAWB......................  865099462
Ports.........................              PRSJU         KRPUS
Container Nbr...........  MIEU0031406
Vessel Name...........  MEARSK WALVIS BAY
Voyage Nbr..............  1304
Est. Departure Date...  25-Jan-2013
Est. Arrival Date........  29-Mar-2013
Term.Ref...................
UPS Package Acct #..  Not Provided

**Consignee**
SSANGYOUNG ECOTEC CO LTD
SSANGYOONG BLDG 24-1 2 GA ,
GEO DONG JUNG GU ,KOREA
SEOUL  100748 KR

Ref.Nbr.  : BOOKING REF: 865099462
Contact   :
Dstr. Nbr. :
Actual Weight : 5,800,051LB  530,886.3 KG
Dim Weight  :  146,973LB  66,666.7 KG
Rev Note:

| Charges | Billed | Entered |
|---|---|---|
| 913  EXPORT HANDLING CHARGE | 100.00 | 100.00  USD |
| OFK  OCEAN 40' HC | 15,750.00 | 15,750.00  USD |
| **Total Charges :** | **15,850.00 USD** | |

Comments:                                Also Notify:

Dimensions
  Total Volume:      400.000000  M3
  Total Pieces :         280
Delivery Date/Time:                    Broker Notified Date/Time :
Received by  :                Delivery Route :                    Nbr :

DMC*DMC*AIMEE FINAN              ORIG   SCSCPY   2      **COPY**      Page    1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**                                    COPY

Shipment Nbr.: 778038777T          Ship.Date: 28-Nov-2012          **INVOICE NUMBER : 2661118006**
Origin : USLAX   Dest : KRPUS      Rate Scale:    OFN                    INVOICE DATE :   01-Apr-2013
**Payer Acct** :   707830626        Payment Type:  PPD                   Statement Number:   2161888996
Received At :   SERVICE CENTER    HAPU :  N   File Nbr:                  Entry:
Rated Weight :    788,431 LB    357,630.0 KG   Rate / KG:  0.00
Service : OCEAN FCL                            Station :                GBS/USI:

**Shipper**                        **Payer**                           **REMITTANCE ADDRESS:**
DDR INTERNATIONAL RECYCLINC  DDR INTERNATIONAL RECYCLINC  UPS / UPS SCS Chicago
24520 DRY CANYON COLD CREEK  24520 DRY CANYON COLD CREEK  28013 Network Place
STE 200                     STE 200                       Chicago, IL 60673-1280
CALABASAS  CA  91302  US    CALABASAS  CA  91302  US
                                                          BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. : 778038777T
Contact   : GERRY GALLAGHER  8183034748        Ref. Nbr.    : 778038777T
Assmbly. Nbr. :                                PO Nbr.      :
                                               Tax ID       : 36-4745407
                                               Importer     :
**Consignee**                                  Description  : PER BILL OF LADING
GANGIM ENR CO LTD                              Declared Value :
90 SADORI GUNBUK MYUN HAMAN GUN                Customs Value.......       1,400.00   USD
GYEONGNAM                                      MAWB.................  ZIMULAX082915
SEOUL    KR                                    Ports.................                USLAX       KRPUS
                                               Container Nbr...........
Ref.Nbr. :                                     Vessel Name............  ZIM HAIFA
Contact  :                                     Voyage Nbr.............  34/W
Dstr. Nbr. :                                   Est. Departure Date...  07-Dec-2012
Actual Weight :   788,431LB  357,630.0 KG      Est. Arrival Date.......  04-Jan-2013
Dim Weight  :             0.0 KG               Term.Ref................
Rev Note:                                      UPS Package Acct #..  Not Provided

| Charges | Billed | Entered |
|---|---|---|
| 913   EXPORT HANDLING CHARGE | 100.00 | 100.00   USD |

                        **Total Charges :**          **100.00 USD**

Comments:                                      Also Notify:

Dimensions
   Total Pieces :        350

Delivery Date/Time:                    Broker Notified Date/Time :  04-Jan-2013  12:00:00AM
Received by  :                 Delivery Route :                Nbr :

DMC*DMC*AIMEE FINAN                ORIG   SCSCPY   1      **COPY**      Page    1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**                                    COPY

| | |
|---|---|
| Shipment Nbr.: 778038777T | Ship.Date:28-Nov-2012 |
| Origin : USLAX   Dest : KRPUS | Rate Scale:   OFN |
| Payer Acct :  707830626 | Payment Type: PPD |
| Received At :  SERVICE CENTER | HAPU : N   File Nbr: |
| Rated Weight :   788,431 LB   357,630.0 KG | Rate / KG:  0.00 |
| Service : OCEAN FCL | Station : |

**INVOICE NUMBER : 2616113094**
INVOICE DATE :   16-Jan-2013
Statement Number:   2126888963
Entry:

GBS/USI:

**Shipper**
DDR INTERNATIONAL RECYCLINC
24520 DRY CANYON COLD CREEK
STE 200
CALABASAS  CA  91302  US

**Payer**
DDR INTERNATIONAL RECYCLINC
24520 DRY CANYON COLD CREEK
STE 200
CALABASAS  CA  91302  US

**REMITTANCE ADDRESS:**
UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280
BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. : 778038777T
Contact   : GERRY GALLAGHER  8183034748
Assmbly. Nbr. :

Ref. Nbr.   : 778038777T
PO Nbr.     :
Tax ID      : 36-4745407
Importer    :
Description : PER BILL OF LADING
Declared Value..........
Customs Value..........        1,400.00   USD
MAWB......................  ZIMULAX082915
Ports.........................          USLAX       KRPUS
Container Nbr............  CLHU8810890
Vessel Name............  ZIM HAIFA
Voyage Nbr...............  34/W
Est. Departure Date...  07-Dec-2012
Est. Arrival Date........  04-Jan-2013
Term.Ref...................
UPS Package Acct #..  Not Provided

**Consignee**
GANGIM ENR CO LTD
90 SADORI GUNBUK MYUN HAMAN GUN
GYEONGNAM
SEOUL      KR

Ref.Nbr.  :
Contact   :
Dstr. Nbr. :
Actual Weight :  788,431LB  357,630.0 KG
Dim Weight   :              0.0 KG
Rev Note:

## Charges

| | | Billed | | Entered | |
|---|---|---|---|---|---|
| 16 | DOCUMENT PREPARATION | 35.00 | | 35.00 | USD |
| OFK | SUNDRY - OCEAN 40' HC | 8,540.00 | | 8,540.00 | USD |
| 44 | BILL OF LADING | 50.00 | | 50.00 | USD |
| 561 | FORWARDING FEE | 95.00 | | 95.00 | USD |
| | **Total Charges :** | **8,720.00 USD** | | | |

Comments:                                          Also Notify:

Dimensions
  Total Pieces :          350

Delivery Date/Time:
Received by  :

Broker Notified Date/Time :  04-Jan-2013  12:00:00AM
Delivery Route :                        Nbr :

DMC*DMC*AIMEE FINAN                          ORIG    SCSCPY   3       COPY          Page    1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**                    COPY

| | |
|---|---|
| Shipment Nbr.: 778071348T | Ship.Date:07-Jan-2013 |

**INVOICE NUMBER : 2616113103**

Origin : USLAX  Dest : KRPUS      Rate Scale:    OFN       INVOICE DATE :   16-Jan-2013
**Payer Acct** :   707830626        Payment Type: PPD        Statement Number:   2126888979
Received At   :   SHIPPERS DOOR    HAPU :  N   File Nbr:    Entry:
Rated Weight  :     212,082 LB    96,200.0 KG  Rate / KG:  0.00
Service : OCEAN FCL                Station :                GBS/USI:

**Shipper**                        **Payer**                **REMITTANCE ADDRESS:**
DDR INTERNATIONAL RECYCLINC DDR INTERNATIONAL RECYCLINC  UPS / UPS SCS Chicago
24520 DRY CANYON COLD CREEK 24520 DRY CANYON COLD CREEK  28013 Network Place
STE 200                     STE 200                       Chicago, IL 60673-1280
CALABASAS  CA  91302  US    CALABASAS  CA  91302  US       BILLING INQUIRY CALL: 1-800-328-780

Ref. Nbr. : 778071348T
Contact   : GERRY GALLAGHER  8185911471      Ref. Nbr.   : 778071348T
Assmbly. Nbr. :                              PO Nbr.     :
                                             Tax ID      : 36-4745407
**Consignee**                                Importer    :
GANGIM ENR CO LTD                            Description : PER BILL OF LADING
90 SADORI GUNBUK MYUN HAMAN GUN              Declared Value..........
GYEONGNAM                                    Customs Value..........        400.00   USD
SEOUL    KR                                  MAWB...................... MOLU26005393433
                                             Ports.....................               USLAX        KRPUS
Ref.Nbr.  :                                  Container Nbr............ CAIU8023412
Contact   :                                  Vessel Name.............. HYUNDAI HONGKONG
Dstr. Nbr. :                                 Voyage Nbr............... 057W
Actual Weight :   212,082LB   96,200.0 KG    Est. Departure Date... 13-Jan-2013
Dim Weight    :            0.0 KG            Est. Arrival Date........ 26-Jan-2013
Rev Note:                                    Term.Ref...................
                                             UPS Package Acct #.. Not Provided

| Charges | | Billed | Entered | |
|---|---|---:|---:|---|
| 561 | FORWARDING FEE | 95.00 | 95.00 | USD |
| 44 | BILL OF LADING | 50.00 | 50.00 | USD |
| 16 | DOCUMENT PREPARATION | 35.00 | 35.00 | USD |
| OFK | SUNDRY - OCEAN 40' HC | 2,440.00 | 2,440.00 | USD |
| | **Total Charges :** | **2,620.00 USD** | | |

Comments:                                    Also Notify:

Dimensions
  Total Pieces :        100

Delivery Date/Time:                    Broker Notified Date/Time :
Received by  :            Delivery Route :                    Nbr :

# EXHBIT I

| | |
|---|---|
| **From:** | gerrymci@pacbell.net |
| **Sent:** | Thursday, January 17, 2013 1:18 AM |
| **To:** | roy.houseman@ups.com; morrisonc@ddrrecycling.com |
| **Cc:** | manny.suarez@ups.com; julie.byrd@ups.com; ed.satogiwa@ups.com |
| **Subject:** | Re: Shipment of 10x40HC from Oakland,Ca. to Pusan, Kr : MBL and HBL with invoice |

Thank you Roy,

The invoices/documents below have been sent with instructions to forward MBL for payment from Korea and alternatively we will pay your invoice. This may take a few days but processing is normally quite quick once we have all the documentation to process.

Thanks,

Gerry

**From:** "roy.houseman@ups.com" <roy.houseman@ups.com>
**To:** morrisonc@ddrrecycling.com; gerrymci@pacbell.net
**Cc:** manny.suarez@ups.com; julie.byrd@ups.com; ed.satogiwa@ups.com
**Sent:** Thursday, January 10, 2013 3:27 PM
**Subject:** Shipment of 10x40HC from Oakland,Ca. to Pusan, Kr : MBL and HBL with invoice
Good Morning Morrison and Gerry

Attached is our Shipment for the 10 x 40HC that sailed on Nov 22,2012

1. MBL
2. HBL
3. Invoice from UPS

To pay the invoice here is the information you will need:

Via wire transfer from the UK . Below is wire transfer information in the UK .

| Account Number | 71307762 – Sterling only |
|---|---|
| Bank | HSBC |
| Sort Code | 40 02 50 |
| IBAN number | GB46MIDL40025071307762 |
| Swift Code | MIDLGB22 |
| Remit Email | sscscsukar@ups.com |

Thanks

Roy

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Roy E. Houseman
UPS SUPPLY CHAIN SOLUTIONS
OCEAN EXPORT DEPARTMENT
UPS SUPPLY CHAIN SOLUTIONS INC. FMC#275F
UPS OCEAN FREIGHT SERVICES, INC. FMC #16871N
550-3 ECCLES AVENUE
SOUTH SAN FRANCISCO,CA. 94080 USA
TEL: (650)635-2667
FAX: (650)877-4521
roy.houseman@ups.com
http://www.ups.com/
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **From:** | gerrymci@pacbell.net |
| **Sent:** | Thursday, January 17, 2013 1:19 AM |
| **To:** | roy.houseman@ups.com |
| **Cc:** | manny.suarez@ups.com; julie.byrd@ups.com; ed.satogiwa@ups.com |
| **Subject:** | Re: : Other Shipment  from Oakland,Ca. to Pusan, Kr : MBL and HBL with invoice |

Thank you Roy,

The invoices/documents below have been sent with instructions to forward MBL for payment from Korea and alternatively we will pay your invoice. This may take a few days but processing is normally quite quick once we have all the documentation to process.

Thanks,

Gerry

**From:** "roy.houseman@ups.com" <roy.houseman@ups.com>
**To:** gerrymci@pacbell.net
**Cc:** manny.suarez@ups.com; julie.byrd@ups.com; ed.satogiwa@ups.com
**Sent:** Thursday, January 10, 2013 3:34 PM
**Subject:** : Other Shipment from Oakland,Ca. to Pusan, Kr : MBL and HBL with invoice
Hi Gerry

Here are the rest of the shipments that we have don e for you going to Pusan , Korea

7780687794 for 1x 40HC
7780628218 for 3x 40HC
7780498858 for 20 x 40HC

1.  MBL
2.  HBL
3.  Invoice from UPS

To pay the invoice here is the information you will need:

via wire transfer to below.

| Account Number | 731201737 – USD only |
|---|---|
| Routing for ACH | 071000013 |

1

Exhibit I page 161

| Routing for Wire | 021000021 |
|---|---|
| Swift Code | CHASUS33 |
| Remit Email | paymentremit@ups.com |

Thanks
Roy

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Roy E. Houseman
UPS SUPPLY CHAIN SOLUTIONS
OCEAN EXPORT DEPARTMENT
UPS SUPPLY CHAIN SOLUTIONS INC. FMC#275F
UPS OCEAN FREIGHT SERVICES, INC. FMC #16871N
550-3 ECCLES AVENUE
SOUTH SAN FRANCISCO,CA. 94080 USA
TEL: (650)635-2667
FAX: (650)877-4521
roy.houseman@ups.com
http://www.ups.com/

| | |
|---|---|
| **From:** | gerryg@ddrrecycling.com |
| **Sent:** | Thursday, January 17, 2013 1:22 AM |
| **To:** | ed.satogiwa@ups.com |
| **Subject:** | Re: Correction for 778038777T |

Thank you Ed,

The invoices/documents below have been sent with instructions to forward MBL for payment from Korea and alternatively we will pay your invoice. This may take a few days but processing is normally quite quick once we have all the documentation to process.


Thanks,


Gerry

----- Original Message -----
From: ed.satogiwa@ups.com
To: gerryg@ddrrecycling.com
Sent: Wednesday, January 16, 2013 4:55 PM
Subject: Correction for 778038777T

Hi Gerry,

Attached is correction for 77803877T.


Thanks

Ed Satogiwa
UPS Supply Chain Solutions FMC# 275F
UPS Ocean Freight Services FMC# 16871N
19701 Hamilton Avenue, Suite 250
Torrance, Ca.  90502
Phone: 310-404-2652
Email: ed.satogiwa@ups.com

| | |
|---|---|
| **From:** | gerryg@ddrrecycling.com |
| **Sent:** | Thursday, January 17, 2013 1:22 AM |
| **To:** | ed.satogiwa@ups.com |
| **Subject:** | Re: Correction for 7780298768, 7780387813 |

Thank you Ed,

The invoices/documents below have been sent with instructions to forward MBL for payment from Korea and alternatively we will pay your invoice. This may take a few days but processing is normally quite quick once we have all the documentation to process.

Thanks,

Gerry

----- Original Message -----
**From:** ed.satogiwa@ups.com
**To:** gerryg@ddrrecycling.com
**Sent:** Wednesday, January 16, 2013 4:58 PM
**Subject:** Correction for 7780298768, 7780387813

Hi Gerry,

Attached correction for 7780298768 and 7780387813.

Thanks

Ed Satogiwa
UPS Supply Chain Solutions FMC# 275F
UPS Ocean Freight Services FMC# 16871N
19701 Hamilton Avenue, Suite 250
Torrance, Ca. 90502
Phone: 310-404-2652
Email: ed.satogiwa@ups.com

| | |
|---|---|
| **From:** | gerryg@ddrrecycling.com |
| **Sent:** | Thursday, January 17, 2013 1:51 AM |
| **To:** | ed.satogiwa@ups.com |
| **Cc:** | DDRVictoria@aol.com; russelljackson@ups.com; sam.baniqued@ups.com; susan.sinfield@ups.com |
| **Subject:** | Re: DDR Shipments to BUS |

Hi Ed,

I have passed on the various HBL and MBL and Invoices sent for processing through Korea and we will get the payments back to you ASAP.

However, I do not have HBL or MBL or invoices for the following:

7780353625, 7780172235 (UK Payments), 7780412486 (UK Payments),

also, 7780628218 on the list below is incorrect by my calculations and should be $2160, 7780535026 should also be $810 instead of $725.

I have also received and passed on HBL/MBL/invoices for 7780387813, 77802998768, 778038777T, 7780444452.

Can you advise of the corrections noted and send the paperwork for the 3 noted shipments where corrected paperwork is still outstanding?

Thanks,

Gerry


----- Original Message -----
**From:** ed.satogiwa@ups.com
**To:** gerryg@ddrrecycling.com
**Cc:** susan.sinfield@ups.com ; sam.baniqued@ups.com ; russelljackson@ups.com ; DDRVictoria@aol.com
**Sent:** Tuesday, January 15, 2013 6:04 PM
**Subject:** DDR Shipments to BUS

Hi Gerry,


Below are a list shipments where documentation has been completed. Please advise payment status.
There are 2 shipments where the invoice was released billed to DDR Glasgow.

| DDR RECYCLING | | | | | | |
|---|---|---|---|---|---|---|
| Shipment Number | Shipment Date | Currency | Invoice Total | Orig | Dest | Comments |
| 7780353625 | 9-Nov-12 | USD | 3417 | FLL | SEL | Document sent 1/15 |
| 7780172235 | 18-Oct-12 | GBP | 2106.72 | FLL | SEL | Documents sent 1/8  Need payment in UK |
| 7780498858 | 28-Nov-12 | USD | 13550 | SFO | SEL | Documents sent 1/10 |
| 7780340898 | 8-Nov-12 | USD | 14451.28 | SJU | SEL | Document sent 1/15 |

| 7780412486 | 16-Nov-12 | GBP | 4637.21 | LAX | SEL | Documents sent 1/8 Need payment in UK |
| 7780628218 | 13-Dec-12 | USD | 725 | SFO | SEL | Documents sent 1/10 |
| 7780687794 | 20-Dec-12 | USD | 725 | SFO | SEL | Documents sent 1/10 |
| 7780535026 | 21-Dec-12 | USD | 8720 | LAX | SEL | Documents sent 1/10 |

Thank You

Ed Satogiwa
UPS Supply Chain Solutions FMC# 275F
UPS Ocean Freight Services FMC# 16871N
19701 Hamilton Avenue, Suite 250
Torrance, Ca.  90502
Phone: 310-404-2652
Email: ed.satogiwa@ups.com

**From:** gerryg@ddrrecycling.com
**Sent:** Thursday, January 17, 2013 9:11 PM
**To:** ed.satogiwa@ups.com
**Subject:** Fw: Documents for 7780701863
**Attachments:** 7780701863.pdf


Thanks Ed,

I will pass this on for processing.

Gerry
----- Original Message -----
From: ed.satogiwa@ups.com
To: gerryg@ddrrecycling.com
Sent: Thursday, January 17, 2013 6:03 PM
Subject: Documents for 7780701863

Hi Gerry,

Attached documents for 7780701863



Thanks


Ed Satogiwa
UPS Supply Chain Solutions FMC# 275F
UPS Ocean Freight Services FMC# 16871N
19701 Hamilton Avenue, Suite 250
Torrance, Ca.  90502
Phone: 310-404-2652
Email: ed.satogiwa@ups.com

ID:4115202317   User:eksatogiwa  TIF  SN:7780701863  MAWB:MOSLAX62794493  Print GMT:1/17/2013 8:23:33 PM pg:1

| UPS Supply Chain Solutions™ | **UPS OCEAN FREIGHT SERVICES, INC.**<br>OTI License No. 018871N<br>MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | **Waybill**<br>☒ *Waybill   ☐ *Bill of Lading |
|---|---|---|

| SHIPPER/EXPORTER<br>DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | DOCUMENT NO.<br>LAX122248 | BILL NUMBER<br>7780701863 |
|---|---|---|
| | EXPORT REFERENCES | |

| CONSIGNEE<br>GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | FORWARDING AGENT-REFERENCES<br>UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |
|---|---|
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |

| NOTIFY PARTY<br>JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | DELIVERY AGENT<br>UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |
|---|---|

| PLACE OF RECEIPT<br>        LOS ANGELES | FCL |
|---|---|

| EXPORTING CARRIER (Vessel Name or Designation of other means of Transportation)<br>ZIM CALIFORNIA 42W | SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| CTRNO: BSIU9118347<br>SEALCODE1: 623414 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 24,964.000 KG<br>55,036.180 LB | |
| CTRNO: CLHU8547589<br>SEALCODE1: 0447245 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,000.000 KG<br>55,115.550 LB | |
| CTRNO: DFSU6257793<br>SEALCODE1: 8557865 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,200.000 KG<br>55,556.470 LB | |
| CTRNO: DFSU6298180<br>SEALCODE1: 0000924 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,230.000 KG<br>55,622.610 LB | |
| CTRNO: TCLU5188943<br>SEALCODE1: 0647164 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 31,920.000 KG<br>70,371.530 LB | |
| CTRNO: TCLU5257999<br>SEALCODE1: 623417 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 24,977.000 KG<br>55,064.840 LB | |
| CTRNO: TCNU8543859 | 1 | 40' HIGH CUBE CONTAINER 25 BALES | 25,310.000 KG | |

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
$_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, _0_ originals are signed. When one original is accomplished, the other (s) will be void. | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| | | | |

**LOS ANGELES**          **21-Dec-2012**
ISSUED AT          DATE
UPS OCEAN FREIGHT SERVICES, INC.
carrier
X _____

Exhibit I page 168

ID:4115202317   User:eksatogiwa TIF  SN:7780701863  MAWB:MOSLAX62794493   Print GMT:1/17/2013 8:23:33 PM pg:2

UPS Supply Chain Solutions℠   UPS

## UPS OCEAN FREIGHT SERVICES, INC.
OTI License No.018971N
**MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT**

Waybill
☒ *Waybill    ☐ *Bill of Lading

| SHIPPER/EXPORTER | DOCUMENT NO. | BILL NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX122246 | 7780701863 |
| | EXPORT REFERENCES | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of other means of Transportation)<br>ZIM CALIFORNIA 42W | SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| SEALCODE1: 8557880 | | SAID TO CONTAIN | 55,798.980 LB | |
| CTRNO: TCNU8935490<br>SEALCODE1: 191732 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>TIRES, USED, N.O.S. | 25,000.000 KG<br>55,115.550 LB | |
| CTRNO: TCNU9598218<br>SEALCODE1: 623415 | 1 | SAID TO CONTAIN<br>40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,046.000 KG<br>55,216.960 LB | |
| CTRNO: UESU5198427<br>SEALCODE1: 0647165 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 31,420.000 KG<br>69,269.220 LB | |
| CTRNO: UESU5210878<br>SEALCODE1: 623420 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,200.000 KG<br>55,556.470 LB | |
| CTRNO: ZCSU7007136<br>SEALCODE1: 0447244 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,000.000 KG<br>55,115.550 LB | |
| CTRNO: ZCSU8291957<br>SEALCODE1: 0447242 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN | 25,340.000 KG<br>55,865.120 LB | |

NOTE: THE CARRIERS LIABILITY WILL BE LIMITED AS FOLLOWS: DURING INTERNATIONAL AIR TRANSPORTATION AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT SEE CLAUSE 7.2 ON THE REVERSE SIDE).
$ ___0___ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A UPS COMPANY IS LISTED ABOVE AS CARRIER AND IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request if this document is a Bill of Lading, ___0___ originals are signed. When one original is accomplished, the other (s) will be void. | | | |

LOS ANGELES
ISSUED AT
UPS OCEAN FREIGHT SERVICES, INC.
carrier
X

21-Dec-2012
DATE

23/OFS101 REV 04/2012

Exhibit I page 169

ID:4115202317  User:eksatogiwa  TIF  SN:7780701863  MAWB:MOSLAX62794493  Print GMT:1/17/2013 8:23:33 PM pg:3

| UPS Supply Chain Solutions™ | **UPS OCEAN FREIGHT SERVICES, INC.**<br>OTI License No. 015871N<br>MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | Waybill |  |
|---|---|---|---|
| | | ☒ *Waybill | ☐ *Bill of Lading |

| SHIPPER/EXPORTER | DOCUMENT NO. | B/L NUMBER |
|---|---|---|
| DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | LAX122246 | 7780701863 |
| | EXPORT REFERENCES | |

| CONSIGNEE | FORWARDING AGENT-REFERENCES |
|---|---|
| GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US |
| | POINT AND COUNTRY OF ORIGIN |
| | CALABASAS CA US |

| NOTIFY PARTY | DELIVERY AGENT |
|---|---|
| JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 |

| PLACE OF RECEIPT | |
|---|---|
| LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel Name or Designation of<br>other means of transportation)<br>ZIM CALIFORNIA 42W | SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT | |
|---|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

### PARTICULARS FURNISHED BY SHIPPER

| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 15-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| | | TIRES, USED, N.O.S. | | |
| CTRNO: ZCSU8360580<br>SEALCODE: 8557862 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN | 25,000.000 KG<br>55,115.550 LB | |
| | | TIRES, USED, N.O.S. | | |
| CTRNO: ZCSU8407733<br>SEALCODE: 623485 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN | 24,972.000 KG<br>55,053.820 LB | |
| | | TIRES, USED, N.O.S. | | |
| CTRNO: ZCSU8414780<br>SEALCODE: 623412 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN | 24,968.000 KG<br>55,045.000 LB | |
| | | TIRES, USED, N.O.S. | | |
| CTRNO: ZCSU8447612<br>SEALCODE: 0447241 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN | 25,120.000 KG<br>55,380.100 LB | |
| | | TIRES, USED, N.O.S. | | |
| CTRNO: ZCSU8456996<br>SEALCODE: 0047240 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN | 25,200.000 KG<br>55,556.470 LB | |
| | | TIRES, USED, N.O.S. | | |
| CTRNO: ZCSU8543977<br>SEALCODE: 0000923 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN | 25,000.000 KG<br>55,115.550 LB | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE) $____0____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| RECEIVED at the Place of Receipt or (where this is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods (or, if the goods are in containers, the containers) described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, ____0____ originals are signed. When one original is accomplished, the other (s) will be void. | | | |

| ISSUED AT | DATE |
|---|---|
| LOS ANGELES | 21-Dec-2012 |

ISSUED BY
UPS OCEAN FREIGHT SERVICES, INC.
carrier
X

*For the Bill of Lading to be a check sat, "BOL" if contained "*G Order", this document will constitute a negotiable bill of lading, which must be surrendered before the Goods may be released. If only the Waybill box is checked, this document will constitute a non-negotiable waybill and if neither box or both boxes are checked, this document will be a non-negotiable waybill, which, in Carrier's sole discretion, may not be required to be surrendered to obtain release of the Goods.

23UOFS101 REV 04/2012

Exhibit I page 170

ID:4115202317  User:eksatogiwa TIF  SN:7780701863  MAWB:MOSLAX62794493  Print GMT:1/17/2013 8:23:33 PM pg:4

| UPS Supply Chain Solutions™ | **UPS OCEAN FREIGHT SERVICES, INC.**<br>OTI License No.018571 N<br>MULTIMODAL TRANSPORT OR PORT TO PORT SHIPMENT | **Waybill**<br>☒ *Waybill  ☐ *Bill of Lading |
|---|---|---|

| SHIPPER/EXPORTER<br>DDR INTL RECYCLING LLC<br>24520 DRY CANYON COLD CREEK RD<br>STE 200<br>CALABASAS CA 91302 US | DOCUMENT NO.<br>LAX122246 | BILL NUMBER<br>7780701863 |
|---|---|---|
| | EXPORT REFERENCES | |
| CONSIGNEE<br>GANGIM ENR CO LTD<br>90 SADORI GUNBUK MYUN HAMAN GUN<br>GYEONGNAM<br>TEL 0555845321  FAX 0555845320<br>SEOUL KR | FORWARDING AGENT-REFERENCES<br>UPS SUPPLY CHAIN SOLUTIONS, INC. FMC #275F<br>19701 HAMILTON AVENUE<br>TORRANCE CA 90502 US | |
| | POINT AND COUNTRY OF ORIGIN<br>CALABASAS CA US | |
| NOTIFY PARTY<br>JWASAN INTL INC<br>2010 CJ, 534, 6-DONG<br>TEL: 821058247265<br>ANYANG KR | DELIVERY AGENT<br>UPS SCS KOREA LIMITED<br>1-5F HANYOUNG BLDG<br>77-66 MULLAE-DONG 3 GA<br>SEOUL KR 158 070 | |
| PLACE OF RECEIPT | | |
| | LOS ANGELES | FCL |

| EXPORTING CARRIER (Vessel) Name or Designation of other means of transportation)<br>ZIM CALIFORNIA 42W | SEA/AIR PORT OF LOADING<br>LOS ANGELES, CA, US | FINAL DESTINATION<br>OCEAN PORT To OCEAN PORT |
|---|---|---|
| SEA/AIR PORT OF DISCHARGE<br>BUSAN, KR | PLACE OF DELIVERY<br>BUSAN | PRE-CARRIAGE BY | PLACE OF RECEIPT BY PRE-CARRIER |

| PARTICULARS FURNISHED BY SHIPPER | | | | |
|---|---|---|---|---|
| MARKS AND NUMBERS | NO. OF PKGS. | DESCRIPTION OF PACKAGES AND GOODS (see Paragraphs 16-16 on reverse side) | GROSS WEIGHT | MEASUREMENT |
| CTRNO: ZCSU8617051<br>SEALCODE1: 623416 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S.S. | 25,241.000 KG<br>55,646.860 LB | |
| CTRNO: ZCSU8636658<br>SEALCODE1: 623466 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 24,994.000 KG<br>55,102.320 LB | |
| CTRNO: ZCSU8775524<br>SEALCODE1: 623413 | 1 | 40' HIGH CUBE CONTAINER 25 BALES<br>SAID TO CONTAIN<br>TIRES, USED, N.O.S. | 25,180.000 KG<br>55,512.380 LB | |
| SHIPPED ON BOARD: 21 DEC-2012 | | | | |
| No EEI FTR 30.37(a) | | | | |

NOTE: THE CARRIER'S LIABILITY WILL BE LIMITED AS FOLLOWS: DURING ANY INTERNATIONAL AIR TRANSPORTATION, AS PROVIDED BY APPLICABLE INTERNATIONAL CONVENTION; DURING ANY TRANSPORTATION GOVERNED WITH THE FORCE OF LAW BY THE U.S. CARRIAGE OF GOODS BY SEA ACT, TO $500 PER PACKAGE OR FOR CARGO NOT PACKAGED $500 PER CUSTOMARY FREIGHT UNIT; DURING TRANSPORTATION WITHIN MEXICO, TO $0.10 PER POUND; AND DURING ALL OTHER TRANSPORTATION, EXCEPT WHERE OTHERWISE PROVIDED BY APPLICABLE LAWS, TO $0.50 PER POUND. THESE LIMITS MAY BE INCREASED BY DECLARING A HIGHER VALUE PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT OR SHIPMENT IN THE FOLLOWING SPACE AND PAYING A HIGHER FREIGHT (SEE CLAUSE 7.2 ON THE REVERSE SIDE).
_____0_____ PER KG, PACKAGE, CUSTOMARY FREIGHT UNIT, OR ENTIRE SHIPMENT (Circle one). FOR PORT-TO-PORT SHIPMENTS, ARRANGEMENTS FOR ON-CARRIAGE MADE BY A UPS COMPANY ARE MADE IN CAPACITY AS AGENT AND TRANSPORTATION BROKER, UNLESS A BILL OF LADING ISSUED BY A UPS COMPANY IDENTIFIES A UPS COMPANY AS CARRIER FOR SUCH ON-CARRIAGE.

| RECEIVED at the Place of Receipt or (where there is a Port to Port shipment) at the Sea/Air Port of Loading in apparent external good order and condition, except as otherwise noted, the packages and /or goods for, if the goods are in containers, the containers described above for transportation to the Place of Delivery of the Sea/Air Port of Discharge, as the case may be.<br><br>The contract of carriage evidenced by this document is subject to all the terms and conditions set forth on this side and the reverse side. It is also subject to all laws and other provisions incorporated by reference into this document. Copies of all terms and conditions are available on request. If this document is a Bill of Lading, _____0_____ originals are issued. When one original is accomplished, the other (s) will be void. | CHARGES | PREPAID | COLLECT |
|---|---|---|---|
| LOS ANGELES             21-Dec-2012 | | | |
| ISSUED AT<br>UPS OCEAN FREIGHT SERVICES, INC.<br>carrier<br>X | | | |

Exhibit I page 171

23UOFS101 REV 04/2012

ID:4115891262  User:eksatogiwa  TIF  SN:7780701863  MAWB:MOSLAX62794493  Print GMT:1/17/2013 8:19:18 PM pg:1

## SEA WAYBILL OF LADING FOR PORT TO PORT OR COMBINED TRANSPORT

**ZIM** Integrated Shipping Services Ltd

| SHIPPER / EXPORTER (NAME & ADDRESS) | BOOKING No. | WAYBILL No. |
|---|---|---|
| UPS OCEAN FREIGHT SERVICES, INC.<br>OTI# 016871N<br>19701 HAMILTON AVENUE<br>TORRANCE, CA 90502 US<br>PHONE: 3106737661 FAX: 3104121489 | LAX122246/1 | ZIMULAX083384 |

SPECIAL AGREEMENT: This Waybill is not a bill of lading and no bill of lading will be issued. The contract of carriage evidenced by this Waybill is deemed to be a contract of carriage as defined in Article 1(b) of the Hague Rules and Hague-Visby Rules (as applicable) and for shipments of to from or through the U.S.A., the Waybill shall be subject to U.S. COGSA which Act shall by this contract also apply to this Waybill as if this Waybill were a non-negotiable, straight bill of lading, however this Waybill is not a document of title to the Goods. Delivery pursuant to the non-negotiable waybill will be made to the Consignee named, or his agent, on PRESENTATION OF PROOF OF IDENTITY at Destination or Final Destination (if contractor) as whichever applicable, without surrender of delivery of this waybill.

**SEAWAYBILL**

| CONSIGNEE (NAME & ADDRESS) | FORWARDING AGENT F.M.C. No. |
|---|---|
| UPS SCS KOREA LTD/ PUSAN<br>11FL, JUNGSUK-BLDG. 89-14<br>JUNGANG-DONG, JUNG-GU 4KA<br>BUSAN KR PHONE: 82 51 463 4931<br>FAX: 82 51 463 4930 | |
| (NON-NEGOTIABLE) | POINT AND COUNTRY OF ORIGIN (FOR SHIPPER'S REFERENCE ONLY) |
| NOTIFY (NAME & ADDRESS) | LOS ANGELES, US |
| UPS SCS KOREA LTD/ PUSAN<br>11FL, JUNGSUK-BLDG. 89-14<br>JUNGANG-DONG, JUNG-GU 4KA<br>BUSAN KR PHONE: 82 51 463 4931<br>FAX: 82 51 463 4930 | REMARKS / EXPORT OR OTHER INSTRUCTIONS<br>SHIPPED ON BOARD 12/21/12<br>MOSLAX62794493<br>HBL: 7780701863<br>NO EEI FTR 30.37 (A)<br>FREIGHT PREPAID |

| INITIAL CARRIAGE | PLACE OF RECEIPT OF GOODS *<br>(IF CONTRACTED FOR) | |
|---|---|---|
| VESSEL *<br>ZIM CALIFORNIA | VOY.<br>42W | PORT OF LOADING *<br>LOS ANGELES, CA |
| PORT OF DESTINATION *<br>BUSAN | FINAL DESTINATION *<br>(IF CONTRACTED FOR) | FURTHER ROUTING (AT SHIPPER'S EXPENSE, RISK AND RESPONSIBILITY) |

### PARTICULARS AS FURNISHED BY SHIPPER

| MKS & NOS. / CONT. NOS. | DESCRIPTION OF GOODS | WEIGHT | MEASUREMENT |
|---|---|---|---|
| | | KGS | M3 |
| | AS PER ATTACHED LIST | | |
| | NOT NEGOTIABLE | | |
| 22  CONT TOT. TARE : 85,740 | | CARGO W : TOTAL  565,282.000 | |

| DETAILS | RATE | | FREIGHT | |
|---|---|---|---|---|
| | PER | AMOUNT | PREPAID | COLLECT |
| CLAUSES AS PER ATT.LIST | | | | |
| | AD VALOREM FREIGHT | | | |

SHIPPER'S DECLARED VALUE OF GOODS: If shipper enters a value, Carriers "package" limitation of liability shall not apply and ad valorem freight will be charged (See Clause 21)

| | TOTAL | |
|---|---|---|

NOTE : Received in apparent good order and condition, unless otherwise stated herein, the Goods or packages or Containers said to contain the units and amount of Goods specified herein for carriage subject to the terms and conditions hereof  ( including the terms and conditions of the reverse side hereof and the terms and conditions of the Carrier's tariff Ruled from the Place of Receipt or the Port of Loading (whichever is applicable) to the Port of Discharge or the Place of Delivery (whichever is applicable). The Shipper agrees and acknowledges that the weight, measure, marks, numbers, quality, contents and(or) number and value of the Goods as declared are unknown to and not admitted by the Carrier, but that the Carrier has relied upon the Shipper's representation as to the number of packages stated herein. If the acknowledgement tally is of Containers, the indicates that the Carrier has been packed and sealed by the Shipper at his premises without the Carrier being represented and able to check or verify the tally of Goods or the stowage, which are consequently unknown to him. In accepting this Waybill the Shipper expressly accepts and agrees to be bound by all the terms, appliances, exceptions, limitations, liberties and conditions stated herein, whether written, printed, stamped or otherwise incorporated on the front and/or reverse side hereof as well as the provisions of the Carrier's Tariff Rates, Regulations and Schedules without exception, as fully as if they were all signed by the Shipper, and the Carrier's undertaking to carry the Goods is made on the basis of the Shipper's acceptance and agreement as aforesaid.

Without prejudice to the generality of the foregoing, the Shipper's attention is drawn to the fact that the terms of the Bill of Lading are contained on reverse side hereof and include limitations of liability in respect of loss or damage to the goods and delay.

In addition, attention is drawn, inter alia, to Clauses 7 (Notice of Loss. Time Bar), 13 (Shipper Declarations), 19 (Lien), 14 (Dangerous and Hazardous Goods) and 22 (Law and Jurisdiction). The Package limitation mentioned in Clause 21 will not be applicable in the event that contents are carefully declared, itemized, valued by the Merchant prior to loading and Ad Valorem Freight is paid or contracted for.

IN WITNESS of the contract contained herein this Waybill has been signed by or on behalf of Zim Integrated Shipping Services Ltd. (as Carrier).

FREIGHT PAYABLE AT
LOS ANGELES (CA)

PLACE AND DATE OF ISSUE
LOS ANGELES (CA) on 12/21/12

Exhibit I page 172

Page 2 of 5

ATTACHED LIST FOR B/L :   ZIMULAX083384

VESSEL:ZIM CALIFORNIA                          VOYAGE: 42/W
LOAD PORT:   LOS ANGELES, CA

DISCHARGE PORT: BUSAN                          DESTINATION:

| MKS & NOS/SEAL.NO | DESCRIPTION OF GOODS | WEIGHT KGS | MEASUR. M3 |
|---|---|---|---|
| CONT:ZCSU8414780 1 CNT SEAL: 623412 /HC40 (CY/CY) N/M | 25 BALES TIRE, USED, N.O.S. | 24,968.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT CONT TARE WEIGHT:      3950 | | |
| CONT:ZCSU8456996 1 CNT SEAL: 0047240 /HC40 (CY/CY) N/M | 25 BALES TIRE, USED, N.O.S. | 25,200.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT CONT TARE WEIGHT:      3890 | | |
| CONT:ZCSU8407733 1 CNT SEAL: 623486 /HC40 (CY/CY) N/M | 25 BALES TIRE, USED, N.O.S. | 24,972.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT CONT TARE WEIGHT:      3950 | | |
| CONT:ZCSU8636658 1 CNT SEAL: 623486 /HC40 (CY/CY) N/M | 25 BALES TIRE, USED, N.O.S. | 24,994.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT CONT TARE WEIGHT:      3900 | | |
| CONT:ZCSU8775524 1 CNT SEAL: 623413 /HC40 (CY/CY) N/M | 25 BALES TIRE, USED, N.O.S. | 25,180.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT CONT TARE WEIGHT:      3900 | | |
| CONT:TCNU8935490 1 CNT SEAL: 191732 /HC40 (CY/CY) N/M | 25 BALES TIRE, USED, N.O.S. | 25,000.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT CONT TARE WEIGHT:      3900 | | |
| CONT:ZCSU8291957 1 CNT SEAL: 0447242 /HC40 (CY/CY) N/M | 25 BALES TIRE, USED, N.O.S. | 25,340.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT CONT TARE WEIGHT:      3890 | | |

Exhibit I page 173

ATTACHED LIST FOR B/L :   ZIMULAX083384

VESSEL:ZIM CALIFORNIA                          VOYAGE: 42/W
LOAD PORT:   LOS ANGELES, CA

DISCHARGE PORT: BUSAN                     DESTINATION:

| MKS & NOS/SEAL.NO | DESCRIPTION OF GOODS | WEIGHT | MEASUR. |
|---|---|---|---|
| CONT:ZCSU8447612<br>1 CNT<br>SEAL: 0447241<br>/HC40  (CY/CY)<br>N/M | 25 BALES<br>TIRE, USED, N.O.S. | 25,120.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT<br>CONT TARE  WEIGHT:     3900 | | |
| CONT:ZCSU7007136<br>1 CNT<br>SEAL: 0447244<br>/HC40  (CY/CY)<br>N/M | 25 BALES<br>TIRE, USED, N.O.S. | 25,000.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT<br>CONT TARE  WEIGHT:     3900 | | |
| CONT:BSIU9118347<br>1 CNT<br>SEAL: 623414<br>/HC40  (CY/CY)<br>N/M | 25 BALES<br>TIRE, USED, N.O.S. | 24,964.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT<br>CONT TARE  WEIGHT:     3890 | | |
| CONT:CLHU8547589<br>1 CNT<br>SEAL: 0447245<br>/HC40  (CY/CY)<br>N/M | 25 BALES<br>TIRE, USED, N.O.S. | 25,000.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT<br>CONT TARE  WEIGHT:     4000 | | |
| CONT:ZCSU8617051<br>1 CNT<br>SEAL: 623416<br>/HC40  (CY/CY)<br>N/M | 25 BALES<br>TIRE, USED, N.O.S. | 25,241.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT<br>CONT TARE  WEIGHT:     3860 | | |
| CONT:TCNU9598218<br>1 CNT<br>SEAL: 623415<br>/HC40  (CY/CY)<br>N/M | 25 BALES<br>TIRE, USED, N.O.S. | 25,046.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT<br>CONT TARE  WEIGHT:     3840 | | |
| CONT:UESU5210878<br>1 CNT<br>SEAL: 623420<br>/HC40  (CY/CY)<br>N/M | 25 BALES<br>TIRE, USED, N.O.S. | 25,200.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT<br>CONT TARE  WEIGHT:     3900 | | |

Exhibit I page 174

ID:4115891291   User:eksatogiwa TIF SN:7780701863 MAWB:MOSLAX62794493  Print GMT:1/17/2013 8:19:00 PM pg:3

Page 4 of 5

ATTACHED LIST FOR B/L :    ZIMULAX083384

VESSEL:ZIM CALIFORNIA                              VOYAGE: 42/W
LOAD PORT:   LOS ANGELES, CA

DISCHARGE PORT: BUSAN                     DESTINATION:

| MKS & NOS/SEAL.NO | DESCRIPTION OF GOODS | WEIGHT | MEASUR. |
|---|---|---|---|
| CONT:TCNU8543859<br>1 CNT<br>SEAL: 8557860<br>/HC40 (CY/CY)<br>N/M | 25 BALES<br>TIRE, USED, N.O.S. | 25,310.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT<br>CONT TARE WEIGHT:     3900 | | |
| CONT:UESU5198427<br>1 CNT<br>SEAL: 0647165<br>/HC40 (CY/CY)<br>N/M | 25 BALES<br>TIRE, USED, N.O.S. | 31,420.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT<br>CONT TARE WEIGHT:     3950 | | |
| CONT:TCLU5257999<br>1 CNT<br>SEAL: 623417<br>/HC40 (CY/CY)<br>N/M | 25 BALES<br>TIRE, USED, N.O.S. | 24,977.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT<br>CONT TARE WEIGHT:     3840 | | |
| CONT:DFSU6257793<br>1 CNT<br>SEAL: 8557865<br>/HC40 (CY/CY)<br>N/M | 25 BALES<br>TIRE, USED, N.O.S. | 25,200.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT<br>CONT TARE WEIGHT:     3900 | | |
| CONT:TCLU5188943<br>1 CNT<br>SEAL: 0647164<br>/HC40 (CY/CY)<br>N/M | 25 BALES<br>TIRE, USED, N.O.S. | 31,920.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT<br>CONT TARE WEIGHT:     3840 | | |
| CONT:ZCSU8360580<br>1 CNT<br>SEAL: 8557862<br>/HC40 (CY/CY)<br>N/M | 25 BALES<br>TIRE, USED, N.O.S. | 25,000.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT<br>CONT TARE WEIGHT:     3900 | | |
| CONT:DFSU6298180<br>1 CNT<br>SEAL: 0447217<br>/HC40 (CY/CY)<br>N/M | 25 BALES<br>TIRE, USED, N.O.S. | 25,230.000 | 0.000 |
| | SHIPPER'S LOAD STOWAGE & COUNT<br>CONT TARE WEIGHT:     3840 | | |

Exhibit I page 175

ID:4115891291   User:eksatogiwa  TIF  SN:7780701863  MAWB:MOSLAX62794493  Print GMT:1/17/2013 8:19:00 PM pg:4

Page 5 of 5

ATTACHED LIST FOR B/L :     ZIMULAX083384

VESSEL: ZIM CALIFORNIA                              VOYAGE: 42/W
LOAD PORT:   LOS ANGELES, CA

DISCHARGE PORT: BUSAN                        DESTINATION:

| MKS & NOS/SEAL.NO | DESCRIPTION OF GOODS | WEIGHT | MEASUR. |
|---|---|---|---|
| CONT:ZCSU8543977<br>1 CNT<br>SEAL: 0447216<br>/HC40  (CY/CY)<br>N/M | 25 BALES<br>TIRE, USED, N.O.S. | 25,000.000 | 0.000 |

SHIPPER'S LOAD STOWAGE & COUNT
CONT TARE WEIGHT:     3900

22    CONT TOT. TARE : 85,740          CARGO W :      565,282.000

CLAUSES:

SEAWAY B/L - NO ORIGINAL ISSUED
SHIPPER'S REMARK: THESE COMMODITIES, TECHNOLOGY OR
SOFTWARE WERE EXPORTED FROM THE UNITED STATES IN
ACCORDANCE WITH THE EXPORT ADMINISTRATION
REGULATIONS.
DIVERSION CONTRARY TO U.S. LAW IS PROHIBITED.

Exhibit I page 176

ID:4115892346   User:eksatoglwa  TIF  SN:7780701863  MAWB:MOSLAX62794493  Print GMT:1/17/2013 8:18:10 PM pg:1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724   EIN 94-3083515
FMC LICENCE NO. 275F   QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911   BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF



| STATEMENT NBR | Nbr of Items | AMOUNT DUE | AMOUNT PAID |
|---|---|---|---|
| 2127885307 | 1 | 13,675.00 USD | _____ |

26171111235000000000000013675004212788530788DDR* I NTE

## REMITTANCE ADVICE - PAYMENT DUE:   27-Jan-2013

**PLEASE MAIL REMITTANCE TO:**

DDR INTERNATIONAL RECYCLING LLC
24520 DRY CANYON COLD CREEK RD
STE 200
CALABASAS CA 91302

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

**BILLING INQUIRY CALL: 1-800-328-7808**

(Please detach and return above remittance advice with your payment.)

## SUMMARY OF CHARGES

STATEMENT NBR : 2127885307

| Shipment Nbr | Invoice Nbr | Ship Date | Orig | Dest | Total Charges | Curr |
|---|---|---|---|---|---|---|
| 7780701863 | 2617111123 | 12-Dec-2012 | LAX | SEL | 13,675.00 | USD |

TOTAL DUE :          13,675.00 USD

ORIG     SCSINV          1              Page          1

Exhibit I page 177

ID:4115892343  User:eksatoglwa  TIF  SN:7780701863 GINVNUM:2617111123   Print GMT:1/17/2013 8:19:50 PM pg:1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724   EIN 94-3083515
FMC LICENCE NO. 275F   QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911   BN/QST REG. NO. 871436135RT0001
SCAC-UPSF



## ORIGINAL

Shipment Nbr. : 7780701863      Ship.Date : 12-Dec-2012      **INVOICE NUMBER : 2617111123**
Origin :USLAX   Dest : KRPUS      Rate Scale :   OFN      INVOICE DATE :   17-Jan-2013
**Payer Acct** :   707830626      Payment Type : PPD      Statement Number:  2127885307
Received At :   SERVICE CENTER   HAPU : N   File Nbr:      Entry:
Rated Weight :   1,246,485 LB   565,402.0 KG   Rate / KG:  0.00
Service :  OCEAN FCL      Station :      GBS/USI:
**Shipper**

                                    **Payer**      **REMITTANCE ADDRESS:**

DDR INTERNATIONAL RECYCLING   DDR INTERNATIONAL RECYCLING   UPS / UPS SCS Chicago
24520 DRY CANYON COLD CREEK   24520 DRY CANYON COLD CREEK   28013 Network Place
STE 200      STE 200      Chicago, IL 60673-1280
CALABASAS  CA  91302  US   CALABASAS  CA  91302  US   BILLING INQUIRY CALL: 1-800-328-7808

Ref. Nbr. : 7780701863      Ref. Nbr.   : 7780701863
Contact   : GERRY GALLAGHER  8183034748   PO Nbr.    :
Assmbly. Nbr. :      Tax ID     : 36-4745407
                        Importer
**Consignee**      Description :PER BILL OF LADING
GANGIM ENR CO LTD      Declared Value........
90 SADORI GUNBUK MYUN HAMAN GUN   Customs Value.........      2,200.00  USD
GYEONGNAM      MBL/MAWB.........   ZIMULAX083384
SEOUL     KR      Ports.........................      USLAX      KRPUS
                        Container Nbr..........  BSIU9118347
Ref.Nbr.   :      Vessel/Carrier Name.  ZIM ISRAEL NAVIGATION CO LTD
Contact    :      Voyage/Flight Nbr.....  42W
Dstr. Nbr.  :      Est. Departure Date...  21-Dec-2012
Actual Weight  1,246,485 LB   i65,402.0 KG   Est. Arrival Date........  10-Jan-2013
Dim Weight :      Term.Ref..................
Rev Note :      UPS Package Acct #...   Not Provided

| Charges | | Billed | | Entered | |
|---|---|---|---|---|---|
| 99 | MISCELLANEOUS - ORIG | 75.00 | | 75.00 | USD |
| 561 | FORWARDING FEE | 95.00 | | 95.00 | USD |
| 44 . | BILL OF LADING | 50.00 | | 50.00 | USD |
| 16 | DOCUMENT PREPARATION | 35.00 | | 35.00 | USD |
| OFK | SUNDRY - OCEAN 40' HC | 13,420.00 | | 13,420.00 | USD |
| | **Total Charges :** | **13,675.00 USD** | | | |

Comments:                  Also Notify:

Dimensions
Total Pieces :      550

Delivery Date/Time:      Broker Notified Date/Time :  10-Jan-2013  12:00:00AM
Received by  :      Delivery Route :      Nbr :

Exhibit I page 178

# EXHIBIT J

# UPS Supply Chain Solutions

QST REG. NO. 1023002724       EIN 94-3083515
FMC LICENCE NO. 275F          QUEBEC ENTERPRISE NO. 1149992151
DUNS 17-946-2911              BIN/GST REG. NO. 871436135ET0001
SCAC-UPSF



| STATEMENT NBR | Nbr of Items | AMOUNT DUE | AMOUNT PAID |
|---|---|---|---|
| R205888997 | 1 | 7,313.72  USD |  |

2687116704000000000000000007313729R2058886997 96DDR*INTE

### REMITTANCE ADVICE - PAYMENT DUE:     02-Jul-2013

PLEASE MAIL REMITTANCE TO:

DDR INTERNATIONAL RECYCLING LLC
24520 DRY CANYON COLD CREEK RD
STE 200
CALABASAS  CA  91302

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-7808

(Please detach and return above remittance advice with your payment.)

## SUMMARY OF CHARGES

STATEMENT NBR :     R205888997

| Shipment Nbr | Invoice Nbr | Ship Date | Orig | Dest | Total Charges | Curr |
|---|---|---|---|---|---|---|
| 7166200030 | 2687116704 | 29-Dec-2012 | GUM | PUS | 7,313.72 | USD |

TOTAL DUE :     7,313.72 USD

RPL     SCSRIV     1          Page     1

Exhibit J page 179

# UPS Supply Chain Solutions



QST REG. NO. 1023002724          EIN 94-3083515
FMC LICENCE NO. 275F          QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911          BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF

### UPS SUPPLY CHAIN SOLUTIONS, INC. TERMS AND CONDITIONS OF SERVICE
Based on the model terms and conditions of service promulgated by the NATIONAL CUSTOMS BROKERS AND FORWARDERS ASSOCIATION OF AMERICA, INC.

These terms and conditions of service constitute a legally binding contract between the "Company" and the "Customer". In the event the Company renders services and issues a document containing Terms and Conditions governing such services, the Terms and Conditions set forth in such other document shall govern those services.

1. **Definitions.** (a) "Company" shall mean UPS Supply Chain Solutions, Inc., its sub sidiaries, successors or assigns, related companies, agents and/or representatives. (b) "Customer" shall mean the person for which the Company is rendering service, as well as his agents and/or representatives, including, but not limited to, shippers, importers, exporters, carriers, secured parties, warehousemen, buyers and/or sellers, shipper's agents, insurers and underwriters, break-bulk agents, consignees, etc. It is the responsibility of the Customer to provide notice and copy(s) of these terms and conditions of service to all such agents or representatives; (c) "Documentation" shall mean all information received directly or indirectly from Customer, whatever, to make or assist in the making of entry, export declaration, amendment thereto, or other activity; (d) "Third parties" shall include, but not be limited to, the following: "carriers, truckers, cartmen, lightermen, forwarders, OTI's, customs brokers, agents, warehousemen and others to which the goods are entrusted for transportation, cartage, handling and/or delivery and/or storage or otherwise."

2. **Company As Agent.** The Company acts as the "agent" of the Customer for the purpose of performing duties in connection with importer security filing services, the entry and release of goods, post entry services, the tendering of export licenses, the filing of export documentation on behalf of the Customer and other dealings with Government Agencies; as to all other services, Company acts as an independent contractor.

3. **Limitation of Actions.** (a) Unless subject to a specific statute or international convention, all claims against the Company for a potential or actual loss, must be made in writing and received by the Company, within ninety (90) days of the event giving rise to claim; the failure to give the Company timely notice shall be a complete defense to any suit or action commenced by Customer. (b) All suits against Company must be filed and properly served on Company as follows: (i) For claims arising out of ocean transportation, within one (1) year from the date of loss; (ii) For those claims arising from air transportation, within two (2) years from the date of the loss; (iii) For claims arising out of the preparation and/or submission of an import entry(s), within seventy-five (75) days from the date of liquidation of the entry(s); (iv) For claims arising out of the preparation and/or submission of an import/export security filing, within two (2) years from the date of the loss.

4. **No Liability For The Selection or Services of Third Parties and/or Routes.** Unless services are performed by persons or firms engaged pursuant to express written instructions from the Customer, Company shall use reasonable care in its selection of third parties, or in selecting the means, route and procedure to be followed in the handling, transportation, clearance and delivery of the shipment; advice by the Company that a particular person or firm has been selected to render services with respect to the goods, shall not be construed to mean that the Company warrants or represents that such person or firm will render such services nor does Company assume responsibility or liability for any action(s) and/or inaction(s) of such third parties and/or their sub-contractors, and shall not be liable for any delay or loss of any kind, which occurs while a shipment is in the custody or control of a third party or the agent of a third party; all claims in connection with the Act of a third party shall be brought solely against such party and/or its agents; in connection with any such claim, the Company shall reasonably cooperate with the Customer, which must agree to pay any charges or costs incurred by the Company.

5. **Quotations Not Binding.** Quotations as to fees, rates of duty, freight charges, insurance premiums or other charges given by the Company to the Customer are for informational purposes only and are subject to change without notice; no quotation shall be binding upon the Company unless the Company in writing agrees to undertake the handling or transportation of the shipment at a specific rate or amount set forth in the quotation and payment arrangements are agreed to between the Company and the Customer.

6. **Reliance On Information Furnished.** (a) Customer acknowledges that it is required to review all documents and declarations prepared and/or filed with U.S. Customs and Border Protection, other Government Agency and/or third parties, and will immediately advise the Company of any errors, discrepancies, incorrect statements, or omissions on any declaration filed on Customers behalf. (b) In preparing and submitting importer security filings, Customs entries, export declarations, applications, documentation and/or export data to the United States and/or a third party, the Company relies on the correctness and completeness of all documentation, whether in written or electronic format, and all information furnished by Customer; Customer shall use reasonable care to insure the correctness and completeness of all such information and shall indemnify and hold the Company harmless from any and all claims asserted and/or liability or losses suffered by reason of any incorrect, incomplete or false statement upon which the Company reasonably relied. The Customer agrees that the Customer has an affirmative non-delegable duty to disclose any and all information required to submit an importer security filing, import, export or enter the goods.

7. **Declaring Higher Value To Third Parties.** Third parties to whom the goods are entrusted may limit liability for loss or damage; the Company will request errors valuation coverage only upon specific written instructions from the Customer, which must agree to pay any charges therefore; in the absence of written instructions or the refusal of the third party to agree to a higher declared value, as Company's discretion, the goods may be tendered to the third party, subject to the terms of the third party's limitations of liability and/or terms and conditions of service.

8. **Insurance.** Unless requested to do so in writing in sufficient time prior to shipment from point of origin and confirmed to Customer in writing, Company is under no obligation to procure insurance on Customer's behalf. In all cases, Customer shall bear all risk of physical loss or damage to his goods while in the custody or control of third parties, and Company shall not undertake or warrant that such insurance can or will be placed. Unless the insurance coverage policy and instructs the Company to effect insurance under such policy, Insurance is to be effected with one or more insurance companies or other underwriters to be selected by the Company. Any insurance placed shall be governed by the certificate or policy issues and will only be effective when accepted by such insurance companies or underwriters. In all cases, Customer shall pay all premiums and costs in connection with procuring requested insurance. Should an insurer dispute its liability for any reason, the insured shall have recourse against the insurer only and the Company shall not be under any responsibility or liability in relation thereto, notwithstanding that the premium upon the policy may not be at the same rates as that charged or paid to the Company by the Customer or that the shipment was insured under a policy in the name of the Company. If for any reason the goods are held in warehouse, or elsewhere, the same will not be covered by insurance, unless the Company receives specific written instructions from the Customer and the Company confirms in writing. Unless specifically agreed in writing, the Company assumes no responsibility to effect insurance on any export or import shipment that it does not handle.

9. **Disclaimer; Limitation of Liability.** (a) Except as specifically set forth herein, Company makes no express or implied warranties in connection with its services; (b) Subject to (c) below, Customer agrees that in connection with any and all services performed by the Company, the Company shall only be liable for its negligent acts, which are the direct and proximate cause of any injury to Customer, including loss or damage to Customer's goods, and the Company shall in no event be liable for the acts of third parties; (c) In connection with all services performed by the Company, an importer security filing coverage, up to the actual ordered value of the shipment or transaction, by requesting such coverage and agreeing to make payment therefore, which payment must be confirmed in writing by the Customer, and/or tendering services for the covered transaction(s). (d) In the absence of additional coverage under (c) above, the Company's liability shall be limited to the following: (i) where the claim arises from activities other than those covered by importer security filing services or other activities that do not relate to "Customs business," and except as set forth in paragraph 9(d)(ii), $50.00 per importer security filing or transaction, or the amount of fees paid to the Company for the importer security filing or transaction, whichever is less; (ii) where the claim arises from the Company's undertaking, fulfillment, and/or consolidation services occurring in the Company's facilities or premises, including an end or leased property, $50 per parcel of goods lost or damaged; or (iii) where the claim arises from activities relating to "Customs business," $50.00 per entry or the amount of brokerage fees paid to Company for the entry, whichever is less; (e) In no event shall Company be liable or responsible for consequential, indirect, incidental, statutory or punitive damages even if it has been advised of the possibility of such damages, including any and all loss or damages arising from delay of services.

10. **Advancing Money.** All charges must be paid by Customer in advance unless the Company agrees in writing to extend credit to customer; the granting of credit to a Customer in connection with a particular transaction shall not be considered a waiver of this provision by the Company.

11. **Indemnification/Hold Harmless.** The Customer agrees to indemnify, defend, and hold the Company harmless from any claim and/or liability arising from importer security filing services, the importation or exportation of Customer's merchandise and/or any conduct of the Customer, which violates any Federal, State and/or other laws, and further agrees to indemnify and hold the Company harmless against any and all liability, loss, damages, costs, claims and/or expenses, including but not limited to reasonable attorney's fees, which the Company may hereafter incur, suffer or be required to pay by reason of such claims, including any claims by any Third party for freight or other charges, duties, fines, penalties, liquidated damages or other money due arising from services provided to or on behalf of the Customer. The confiscation or detention of the goods by any governmental authority shall not affect or diminish the liability of the Customer to the Company to pay all charges or other money due promptly on demand. In the event that any claim, suit or proceeding is brought against the Company, it shall give notice in writing to the Customer by mail at its address on file with the Company.

12. **C.O.D. or Cash Collect Shipments.** Company shall use reasonable care regarding written instructions relating to "Cash/Collect" on "Other or (C.O.D.)" shipments, bank drafts, cashier's and/or certified checks, letter(s) of credit and other similar payment documents and/or instructions regarding collection of monies but shall have no liability if the bank or consignee refuses to pay for the shipment. Company will not be liable for the correctness of payments to shippers, consignees, and/or other parties due to fraud or error; Company assumes no responsibility for checking the authenticity of instructions or signatures regarding the C.O.D. and/or collection of monies, including but not limited to, risk of non-payment, insufficient funds, and forgery, and the Company shall not be liable upon any such instrument. The Company will not be responsible for any delay in remittance lost in exchange, or during transmission or while in the course of collection.

13. **Costs of Collection.** In any dispute involving monies owed to Company, the Company shall be entitled to all costs of collection, including reasonable attorney's fees and interest at 15% per annum or the highest rate permitted by law, whichever is less.

14. **General Lien And Right To Sell Customer's Property.** (a) Company shall have a general and continuing lien on any and all property of Customer coming into Company's actual or constructive possession or control for monies owed to Company with regard to the shipment on which the lien is claimed, a prior shipment(s) and/or both; (b) Company shall provide written notice to Customer of its intent to exercise such lien, the exact amount of monies due and owing, as well as any on-going storage or other charges; Customer shall notify all parties having an interest in its shipment(s) of Company's rights and/or the exercise of such lien. (c) Unless, within thirty days of receiving notice of lien, Customer pays cash or tender of credit in sight, or, If the amounts due is in dispute, an acceptable bond equal to 220% of the value of the total amount due, in favor of Company, guaranteeing payment of the monies owed, plus all storage charges accrued or to be accrued, Company shall have the right to sell such property at public or private sale or auction and any net proceeds remaining thereafter shall be returned to Customer.

15. **No Duty To Maintain Records For Customer.** Customer acknowledges that pursuant to Sections 508 and 509 of the Tariff Act, as amended, (19 USC §1508 and §1509) it has the duty and is solely liable for maintaining all records required under the Customs and/or other Laws and Regulations of the United States; unless otherwise agreed to in writing, the Company shall only keep such records that it is required to maintain by Statute(s) and/or Regulation(s), but not act as a "recordkeeper" or "recordkeeping agent" for Customer.

16. **Obtaining Binding Rulings, Filing Protests, etc.** Unless requested by Customer in writing and agreed to by Company in writing, Company shall be under no obligation to undertake any pre- or post- importer security filing service or Customs release action, including, but not limited to, obtaining binding rulings, advising of liquidations, filing of protests, etc.

17. **Preparation and Issuance of Bills of Lading.** Where Company prepares and/or issues a bill of lading, Company shall be under no obligation to specify thereon the number of pieces, packages and/or cartons, etc; unless specifically requested to do so in writing by Customer or its agent and Customer agrees to pay for same, Company shall rely on the weight supplied by Customer.

18. **No Modification or Amendment Unless Written.** These terms and conditions of service may only be modified, altered or amended in writing signed by both Customer and Company; any attempts to unilaterally modify, alter or amend same shall be null and void.

19. **Compensation of Company.** The compensation of the Company for its services shall be included with and is in addition to the rates and charges of all carriers and other agencies selected by the Company to transport and deal with the goods and such compensation shall be exclusive of any brokerage, commissions, dividends, or other revenue received by the Company from carriers, insurers and other in connection with the shipment. On ocean exports, and upon request, the Company shall provide a detailed breakout of the components of all charges assessed and a true copy of each pertinent document relating to these charges. In any referral for collection or action against the Customer for the monies due the Company, upon recovery by the Company, the Customer shall pay the expenses of collection and/or litigation, including a reasonable attorney fee.

20. **Severability.** In the event any Paragraph(s) and/or portion(s) hereof is found to be invalid under applicable law, such invalidity shall not affect the remainder hereof which shall remain in full force and effect.

21. **Governing Law; Consent to Jurisdiction and Venue.** These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of Georgia, without giving consideration to principals of conflicts of law. Customer and Company (c) irrevocably consents to the jurisdiction of the United States District Court and the State courts of Georgia; (b) agree that any action relating to the services performed by Company, shall only be brought in said courts; (c) consent to the exercise of in personam jurisdiction by said courts or site, and (d) further agree that any action to enforce a judgment may be instituted in any jurisdiction.

For air and ocean freight services, the applicable terms and conditions, which include limitations of liability, are available upon request and on the SCS web site at ups-scs.com.

Exhibit J page 180

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3063515
QUEBEC ENTERPRISE NO. 1140992151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**

| | | | |
|---|---|---|---|
| Shipment Nbr.  : 7166200030 | Ship.Date : 29-Dec-2012 | **INVOICE NUMBER :** | **2687116704** |
| Origin : GUGUM  Dest : KRPUS | Rate Scale : OFN | INVOICE DATE : | 02-Jul-2013 |
| Payer Acct :  707830626 | Payment Type:  OTHSHP | Statement Number: | R205888997 |
| Received At :  : SHIPPERS DOOR | HAPU : N  File Nbr: | Entry: | |
| Rated Weight :  115,331 LB | 52,314.0 KG  Rate / KG:  0.00 | | |
| Service :  OCEAN FCL | Station : | GBS/USI: | |

**Shipper**

| | | |
|---|---|---|
| B2 | **Payer** | **REMITTANCE ADDRESS:** |
| DDR INTL RECYCLING INC | DDR INTERNATIONAL RECYCLING LL( | UPS / UPS SCS Chicago |
| 24520 DRY CANYON COLD CREEK ROA | 24520 DRY CANYON COLD CREEK RD | 28013 Network Place |
| C/O JL BAKER | STE 200 | Chicago, IL 60673-1280 |
| BARRIGADA  96913 GU | CALABASAS CA 91302 US | BILLING INQUIRY CALL: 1-800-328-7808 |

Ref. Nbr.  :
Contact  : GERRY GALLAGHER 8185911471
Assmbly. Nbr.  :

Ref. Nbr.  : 7166200030
PO Nbr.  :
Tax ID  : 36-4745407
Importer  :
Description  : PER BILL OF LADING

**Consignee**
GAMGIN ENR CO LTD
90 SADORI GUNBUK-MYUN HAMAN-GUN
GYEONGNAM, KIREA KR  KR

| | | |
|---|---|---|
| Declared Value.......... | | |
| Customs Value.......... | 1,000.00  USD | |
| MBL/MAWB............ | 7101138 | |
| Ports...................... | | GUGUM  KRPUS |

| | | | |
|---|---|---|---|
| Ref.Nbr.  : | Container Nbr......... | | |
| Contact  : | Vessel/Carrier Name. | MAUNAWILI | |
| Dstr. Nbr.  : | Voyage/Flight Nbr..... | 108W | |
| Actual Weight  : 115,331 LB  52,314.0 KG | Est. Departure Date... | 17-Jan-2013 | |
| Dim Weight  : 14,697 LB  6,666.7 KG | Est. Arrival Date........ | 26-Jan-2013 | |
| Rev Note  : | Term.Ref.................... | | |
| | UPS Package Acct #.. | Not Provided | |

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 561 | FORWARDING FEE | 95.00 | 95.00 | USD |
| 912 | TERMINAL HANDLING CHARGE-ORIG | 728.00 | 728.00 | USD |
| 831 | PORT SERVICE CHARGES | 250.00 | 250.00 | USD |
| 16 | DOCUMENT PREPARATION | 25.00 | 25.00 | USD |
| 121 | OTHER ADVANCES | 1,200.72 | 1,227,353.57 | KRW |
| 07 | CUSTOMS BROKERAGE CHARGE - DEST | 35.00 | 35.00 | USD |
| OFK | OCEAN 40' HC | 4,980.00 | 4,980.00 | USD |
| | **Total Charges :** | **7,313.72 USD** | | |

Exchange Rate:  1KRW = 0.0009783USD

Comments:

Also Notify:

**Dimensions**
Total Volume:  40.000000  M3
Total Pieces :  50

| | | |
|---|---|---|
| Delivery Date/Time:  02-May-2013  / 09:00:00AM | Broker Notified Date/Time : | 26-Jan-2013 12:00:00AM |
| Received by  :  GANGIN | Delivery Route : | Nbr : |

RPL    SCSINV        1                    Page        3

Exhibit J page 181

# UPS Supply Chain Solutions

QST REG. NO. 1023002724  EIN 94-3083515
FMC LICENCE NO. 275F  QUEBEC ENTERPRISE NO. 1149892151
DUNS 37-946-2911  BIN/GST REG. NO. 671436135RT0001
SCAC-UPSF



| STATEMENT NBR | Nbr of Items | AMOUNT DUE | AMOUNT PAID |
|---|---|---|---|
| R205888995 | 1 | 7,302.52  USD | _____ |

2687116628100000000000000007302524R205888995532DDR*INTE

## REMITTANCE ADVICE - PAYMENT DUE:    02-Jul-2013

_____

DDR INTERNATIONAL RECYCLING LLC
24520 DRY CANYON COLD CREEK RD
STE 200
CALABASAS  CA  91302

**PLEASE MAIL REMITTANCE TO:**

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-7808

(Please detach and return above remittance advice with your payment.)

SUMMARY OF CHARGES

STATEMENT NBR :    R205888995

| Shipment Nbr | Invoice Nbr | Ship Date | Orig | Dest | Total Charges | Curr |
|---|---|---|---|---|---|---|
| 7166200019 | 2687116628 | 24-Dec-2012 | GUM | PUS | 7,302.52 | USD |

TOTAL DUE :    7,302.52 USD

RPL   SCSINV       1              Page       1

Exhibit J page 182

# UPS Supply Chain Solutions

| | |
|---|---|
| QST REG. NO. 1023002724 | EIN 94-3083515 |
| FMC LICENCE NO. 275F | QUEBEC ENTERPRISE NO. 1149892151 |
| DUNS 17-946-2911 | BIN/QST REG. NO. 871436135RT0001 |
| SCAC-UPSF | |



**UPS SUPPLY CHAIN SOLUTIONS, INC. TERMS AND CONDITIONS OF SERVICE**
Based on the model terms and conditions of service promulgated by the NATIONAL CUSTOMS BROKERS AND FORWARDERS ASSOCIATION OF AMERICA, INC.

These terms and conditions of service constitute a legally binding contract between the "Company" and the "Customer". In the event the Company renders services and issues a document containing Terms and Conditions governing such services, the Terms and Conditions set forth in such other document(s) shall govern those services.

1. **Definitions.** (a) "Company" shall mean UPS Supply Chain Solutions, Inc., its subsidiaries, successors or assigns, related companies, agents and/or representatives; (b) "Customer" shall mean the person for which the Company is rendering service, as well as its agents and/or representatives, including, but not limited to, shippers, importers, exporters, carriers, secured parties, warehousemen, buyers and/or sellers, shipper's agents, insurers and underwriters, break-bulk agents, consignees, etc. It is the responsibility of the Customer to provide notice and copy(s) of these terms and conditions of service to all such agents or representatives; (c) "Documentation" shall mean all information used or directly or indirectly from Customer, whether in paper or electronic form; (d) Ocean Transportation Intermediaries" ("OTI") shall include an "ocean freight forwarder" and a "non-vessel operating common carrier;" (e) "Third parties" shall include, but not be limited to, the following: "carriers, truckmen, cartmen, lightermen, forwarders, OTI's, customs brokers, agents, warehousemen and others to which the goods are entrusted for transportation, cartage, handling and/or delivery and/or storage or otherwise."

2. **Company As Agent.** The Company acts as the "agent" of the Customer for the purpose of performing duties in connection with importer security filing services, the entry and release of goods, post entry services, the securing of export licenses, the filing of export documentation on behalf of the Customer and other dealings with Government Agencies, as to all other services, Company acts as an independent contractor.

3. **Limitation of Actions.** (a) Unless subject to a specific statute or international convention, all claims against the Company for a potential or actual loss, must be made in writing and received by the Company, within ninety (90) days of the event giving rise to claim; the failure to give the Company timely notice shall be a complete defense to any suit or action commenced by Customer. (b) All suits against Company must be filed and properly served on Company as follows: (i) For claims arising out of ocean transportation, within one (1) year from the date of the loss; (ii) For those claims arising from air transportation, within two (2) years from the date of the loss; (iii) For claims arising out of the preparation and/or submission of an import entry(s), within seventy five (75) days from the date of liquidation of the entry(s); (iv) For claims arising out of the preparation and/or submission of an importer security filing, within one (1) year from the date of loss (v) For any and all other claims of any other type, within two (2) years from the date of the loss.

4. No Liability For The Selection or Services of Third Parties and/or Routes. Unless services are performed by persons or firms engaged pursuant to express written instructions from the Customer, Company shall use reasonable care in its selection of third parties, or in selecting the means, route and procedure to be followed in the handling, transportation, clearance and delivery of the shipment; advice by the Company that a particular person or firm has been selected to render services with respect to the goods, shall not be construed to mean that the Company warrants or represents that such person or firm will render such services free; Company assumes responsibility for liability for any action(s) and/or inaction(s) of such third parties and/or its agents, and shall not be liable for any delay or loss of any kind, which occurs while a shipment is in the custody or control of a third party or the agent of a third party; all claims in connection with the Act of a third party shall be brought solely against such party and/or its agents; in connection with any such claim, the Company shall reasonably cooperate with the Customer, which shall be liable for any charges or costs incurred by the Company.

5. **Quotations Not Binding.** Quotations as to fees, rates of duty, freight charges, insurance premiums or other charges given by the Company to the Customer are for informational purposes only and are subject to change without notice; no quotation shall be binding upon the Company unless the Company in writing agrees to undertake the handling or transportation of the shipment at a specific rate or amount set forth in the quotation and payment arrangements are agreed to between the Company and the Customer.

6. **Reliance On Information Furnished.** (a) Customer acknowledges that it is required to review all documents and declarations prepared and/or filed with U.S. Customs and Border Protection, other Government Agency and/or third parties, and will immediately advise the Company of any errors, discrepancies, incorrect statements, or omissions on any declaration filed on Customers behalf; (b) In preparing and submitting importer security filings, Customs entries, export declarations, applications, documentation and/or export data to third party, the Company relies on the correctness and completeness of all documentation, whether in written or electronic format, and all information furnished by Customer; Customer shall use reasonable care to insure the correctness and completeness of all such information, and shall indemnify and hold the Company harmless from any and all claims asserted and/or liability or losses suffered by reason of any incorrect, incomplete or false statement upon which the Company reasonably relied. The Customer agrees that the Customer has an affirmative non-delegable duty to disclose any and all information required to submit an importer security filing, import, export or enter the goods.

7. **Declaring Higher Value To Third Parties.** Third parties to whom the goods are entrusted may limit liability for loss or damage; the Company will request excess valuation coverage only upon specific written instructions from the Customer, which must agree to pay any charges therefore; in the absence of written instructions or the refusal of the third party to agree to a higher declared value, at Company's discretion, the goods may be tendered to the third party, subject to the terms of the third party's limitations of liability and/or terms and conditions of service.

8. **Insurance.** Unless requested to do so in writing by the Customer, the Company is under no obligation to procure insurance on Customer's behalf. The Company does not undertake or warrant that such insurance can or will be placed. Claims the Customer has its own insurance coverage such as open policy, insurance is to be effected with one or more insurance companies or other underwriters to be selected by the Company. Any insurance placed shall be governed by the certificate or policy issues and will only be effective when accepted by such insurance companies or underwriters. In all cases, Customer shall pay all premiums and costs in connection with procuring requested insurance. Should an insurer dispute its liability for any reason, the Insured shall have recourse against the insurer only and the Company shall not be under any responsibility or liability in relation thereto, notwithstanding that the premium upon the policy may not be at the same rates as that charged or paid to the Company by the Customer or that the shipment was insured under a policy in the name of the Company. If for any reason the goods are held in warehouse, or elsewhere, the same will not be covered by insurance, unless the Company receives specific written instructions from the Customer and the Company confirms in writing. Unless specifically agreed in writing, the Company assumes no responsibility to effect insurance on any export or import shipment that it does not handle.

9. **Disclaimer; Limitation of Liability.** (a) Except as specifically set forth herein, Company makes no express or implied warranties in connection with its services; (b) Subject to (d) below, Customer agrees that in connection with any and all services performed by the Company, the Company shall only be liable for its negligent acts, which are the direct and proximate cause of any injury to Customer, including loss or damage to Customer's goods, and the Company shall in no event be liable for acts of third parties; (c) In connection with all services performed by the Company, Customer may obtain additional liability coverage, up to the actual or declared value of the shipment or transaction, by requesting such coverage and agreeing to make payment therefore, which request must be confirmed in writing by the Company prior to rendering services for the covered transaction(s); (d) In the absence of additional coverage under (c) above, the Company's liability shall be limited to the following: (i) where the claim arises from importer security filing services or other activities that do not relate to "Customs business," and except as set forth in paragraph 9(d)(ii), $50.00 per shipment or transaction, or the amount of fees paid to the Company for the importer security filing or transaction, whichever is less; (ii) where the claim arises from the Company's undertaking, fulfillment, and/or consolidation services occurring in the Company's facilities or premises, including owned or leased property, $50 per pound of goods lost or damaged; or (iii) where the claim arises from activities relating to "Customs business," $50.00 per entry or the amount of brokerage fees paid to Company for the entry, whichever is less; (e) In no event shall Company be liable or responsible for consequential, indirect, incidental, statutory or punitive damages even if it has been put on notice of the possibility of such damages, including any and all loss or damages arising from delay of services.

10. **Advancing Money.** All charges must be paid by Customer in advance unless the Company agrees in writing to extend credit to customer; the granting of credit to a Customer in connection with a particular transaction shall not be considered a waiver of this provision by the Company.

11. **Indemnification/Hold Harmless.** The Customer agrees to indemnify, defend, and hold the Company harmless from any claims and/or liability arising from importer security filing services, the importation or exportation of Customer's merchandise and/or any conduct of the Customer, which violates any Federal, State and/or other laws, and further agrees to indemnify and hold the Company harmless against any and all liability, loss, damages, costs, claims and/or expenses, including but not limited to reasonable attorney's fees, which the Company may hereafter incur, suffer or be required to pay by reason of such claims, including any claims by any Third party for freight or other charges, duties, fines, penalties, liquidated damages or other money due arising from services provided to or on behalf of the Customer. The confiscation or detention of the goods by any governmental authority shall not affect or diminish the liability of the Customer to the Company to pay all charges or other money due promptly on demand. In the event that any claim, suit or proceeding is brought against the Company, it shall give notice in writing to the Customer by mail at its address on file with the Company.

12. **C.O.D. or Cash Collect Shipments.** Company shall use reasonable care regarding written instructions relating to "Cash/Collect" on "Delivery (C.O.D.)" shipments, bank drafts, cashier's and/or certified checks, letter(s) of credit and other similar payment documents and/or instructions regarding collection of monies but shall have no liability if the bank or consignee or other recipient refuses to pay for the shipment. All payment documents entrusted to payment of C.O.D.s will be accepted based solely upon the Customer's assuming all risks relating thereto including, but not limited to, risk of non-payment, insufficient funds, and forgery, and the Company shall not be liable upon any such instrument. The Company will not be responsible for any delay in remittance lost in exchange, or during transmission or while in the course of collection.

13. **Costs of Collection.** In any dispute involving monies owed to Company, the Company shall be entitled to all costs of collection, including reasonable attorney's fees and interest at 15% per month if not prohibited by the outstanding balance due, or the highest rate permitted by applicable law.

14. **General Lien And Right To Sell Customer's Property.** (a) Company shall have a general and continuing lien on any and all property of Customer coming into Company's actual or constructive possession or control for monies owed to Company with regard to the shipment on which the lien is claimed, a prior shipment(s) and/or both; (b) Company shall provide written notice to Customer of its intent to exercise such lien, the exact amount of monies due and owing, as well as any on-going storage or other charges; Customer shall notify all parties having an interest in its shipment(s) of Company's rights and/or the exercise of such lien; (c) Unless, within thirty days of receiving notice of lien, Customer posts cash or letter of credit at sight, or, if the amount due is in dispute, an acceptable bond equal to 110% of the value of the total amount due, in favor of Company, guaranteeing payment of the monies owed, plus all storage charges accrued or to be accrued, Company shall have the right to sell such shipment(s) at public or private sale or auction and any net proceeds remaining thereafter shall be refunded to Customer.

15. **No Duty To Maintain Records For Customer.** Customer acknowledges that pursuant to Sections 508 and 509 of the Tariff Act, as amended, (19 USC §1508 and §1509) it has the duty and is solely liable for maintaining all records required under the Customs and/or other Laws and Regulations of the United States; unless otherwise agreed to in writing, the Company shall only keep such records that it is required to maintain by Statute(s) and/or Regulation(s), but not act as a "recordkeeper" or "recordkeeping agent" for Customer.

16. **Obtaining Binding Rulings, Filing Protests, etc.** Unless requested by Customer in writing and agreed to by Company in writing, Company shall be under no obligation to undertake any pre- or post- importer security filing service or Customs release action, including, but not limited to, obtaining binding rulings, advising of liquidations, filing of petition(s) and/or protests, etc.

17. **Preparation and Issuance of Bills of Lading.** Where Company prepared and/or issues a bill of lading, Company shall be under no obligation to specify thereon the number of pieces, packages and/or cartons, etc.; unless specifically requested to do so in writing by Customer or its agent and Customer agrees to pay for same, Company shall insert the weight supplied by Customer.

18. **No Modification or Amendment Unless Written.** These terms and conditions of service may only be modified, altered or amended in writing signed by both Customer and Company; any attempt to unilaterally modify, alter or amend same shall be null and void.

19. **Compensation of Company.** The compensation of the Company for its services shall be included with and is in addition to the rates and charges of all carriers and other agencies selected by the Company to transport and deal with the goods and such compensation shall be exclusive of any brokerage, commissions, dividends, or other revenue received by the Company from carriers, insurers and other in connection with the shipment. On ocean exports, and upon request, the Company shall provide a detailed breakout of the components of all charges assessed and a true copy of each pertinent document relating to these charges. In any referral for collection or action against the Customer for the monies due the Company, upon recovery by the Company, the Customer shall pay the expenses of collection and/or litigation, including a reasonable attorney fee.

20. **Severability.** In the event any Paragraph(s) and/or portion(s) hereof is found to be invalid and/or unenforceable, it shall in such event not effect the remainder hereof which shall remain in full force and effect.

21. **Governing Law; Consent to Jurisdiction and Venue.** These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of Georgia, without giving consideration to principals of conflict of law. Customer and Company (a) irrevocably consents to the jurisdiction of the United States District Court and the State courts of Georgia; (b) agrees that any action relating to the services performed by Company, shall only be brought in said courts; (c) consents to the exercise of in personam jurisdiction by said courts over it, and (d) further agrees that any action to enforce a judgment may be instituted in any jurisdiction.

For air and ocean freight services, the applicable terms and conditions, which include limitations of liability, are available upon request and on the SCS website at ups-scs.com

| RPL | SCSDIV | 1 | | Page | 2 |
|---|---|---|---|---|---|

# UPS Supply Chain Solutions

QST REG. NO. 1023002724    EIN 94-3083515
FMC LICENSE NO. 275F    QUEBEC ENTERPRISE NO. 1149992151
DUNS 17-946-2911    EIN/GST REG. NO. 891436135ET0001
SCAC-UPSF



### ORIGINAL

| | | |
|---|---|---|
| Shipment Nbr. : 7166200019 | Ship.Date : 24-Dec-2012 | **INVOICE NUMBER :**   **2687116628** |
| Origin : GUGUM   Dest : KRPUS | Rate Scale :   OFN | INVOICE DATE :   02-Jul-2013 |
| **Payer Acct** :   707830626 | Payment Type:   OTHSHP | Statement Number:   R205888995 |
| Received At :   SHIPPERS DOOR | HAPU :   N    File Nbr: | Entry: |
| Rated Weight    111,682 LB | 50,659.0 KG   Rate / KG:   0.00 | |
| Service :   OCEAN FCL |   Station : | GBS/USI: |

**Shipper**

B2

Payer

**REMITTANCE ADDRESS:**

DDR INTERNATIONAL RECYCLING LL   DDR INTERNATIONAL RECYCLING LL(
24520 DRY CANYON COLD CREEK RD   24520 DRY CANYON COLD CREEK RD
C/O JL BAKER & SONS    STE 200
BARRIGADA   96913 GU    CALABASAS CA 91302 US

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280
BILLING INQUIRY CALL: 1-800-328-7808

Ref. Nbr.   :
Contact   : GERRY GALLAGHER 8185911471
Assmbly. Nbr.   :

| | |
|---|---|
| Ref. Nbr.   : 7166200019 | |
| PO Nbr.   : | |
| Tax ID   : 36-4745407 | |
| Importer   : | |
| Description   : PER BILL OF LADING | |

**Consignee**
GAMGIN ENR CO LTD
90 SADORI GUNBUK-MYUN HAMAN-GUN
BUSAN   KR

| | |
|---|---|
| Declared Value........... | |
| Customs Value..........   1,000.00   USD | |
| MBL/MAWB............   6243871 | |
| Ports............................    GUGUM     KRPUS | |
| Container Nbr............. | |

| | | |
|---|---|---|
| Ref.Nbr.   : | Vessel/Carrier Name.   MAUNALEI | |
| Contact   : | Voyage/Flight Nbr.....   068W | |
| Dstr. Nbr.   : | Est. Departure Date...   26-Dec-2012 | |
| Actual Weight   : 111,682 LB    50,659.0 KG | Est. Arrival Date.......   30-Jan-2013 | |
| Dim Weight   :    0.0 KG | Term.Ref..................... | |
| Rev Note   : | UPS Package Acct #...   Not Provided | |

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 561 | FORWARDING FEE | 95.00 | 95.00 | USD |
| 912 | TERMINAL HANDLING CHARGE-ORIG | 728.00 | 728.00 | USD |
| 831 | PORT SERVICE CHARGES | 250.00 | 250.00 | USD |
| 16 | DOCUMENT PREPARATION | 25.00 | 25.00 | USD |
| 121 | OTHER ADVANCES | 1,189.52 | 1,217,772.32 | KRW |
| 07 | CUSTOMS BROKERAGE CHARGE - DEST | 35.00 | 35.00 | USD |
| OFK | OCEAN 40' HC | 4,980.00 | 4,980.00 | USD |
| | **Total Charges :** | **7,302.52 USD** | | |

Exchange Rate:   1KRW = 0.0009768USD

Comments:                                         Also Notify:

Dimensions
  Total Pieces :          50

| | | |
|---|---|---|
| Delivery Date/Time:   02-May-2013   / 09:00:00AM | Broker Notified Date/Time :   30-Jan-2013 12:00:00AM | |
| Received by :   GANGIM | Delivery Route :             Nbr : | |

Exhibit J page 184

# UPS Supply Chain Solutions



QST REG. NO. 1023002724     EIN 94-3083515
FMC LICENCE NO. 275F        QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911            EIN/QST REG. NO. 871436135RT0001
SCAC-UPSF

| STATEMENT NBR | Nbr of Items | AMOUNT DUE | AMOUNT PAID |
|---|---|---|---|
| R205888992 | 1 | 6,681.82  USD | _____ |

2681115957800000000000000006681829R2058889920 5DDR*INTE

## REMITTANCE ADVICE - PAYMENT DUE:     02-Jul-2013

_____

DDR INTERNATIONAL RECYCLING LLC
24520 DRY CANYON COLD CREEK RD
STE 200
CALABASAS  CA  91302

<u>PLEASE MAIL REMITTANCE TO:</u>

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-7808

(Please detach and return above remittance advice with your payment.)

SUMMARY OF CHARGES

STATEMENT NBR :     R205888992

| Shipment Nbr | Invoice Nbr | Ship Date | Orig | Dest | Total Charges | Curr |
|---|---|---|---|---|---|---|
| 7780387835 | 2681115957 | 18-Dec-2012 | LAX | SEL | 6,681.82 | USD |

TOTAL DUE :          6,681.82 USD

RPL     SCSINV          1                    Page          1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724   EIN 94-3083515
FMC LICENCE NO. 275F   QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911   EIN/QST REG. NO. 871436135RT0001
SCAC-UPSF



### UPS SUPPLY CHAIN SOLUTIONS, INC. TERMS AND CONDITIONS OF SERVICE

Based on the model terms and conditions of service promulgated by the NATIONAL CUSTOMS BROKERS AND FORWARDERS ASSOCIATION OF AMERICA, INC.

These terms and conditions of service constitute a legally binding contract between the "Company" and the "Customer". In the event the Company renders services and issues a document containing Terms and Conditions governing such services, the Terms and Conditions set forth in such other document(s) shall govern those services.

1. **Definitions.** "Company" shall mean UPS Supply Chain Solutions, Inc., its subsidiaries, successors or assigns, related companies, agents and/or representatives. (b) "Customer" shall mean the person for which the Company is rendering service, as well as its agents and/or representatives, including, but not limited to, shippers, importers, exporters, carriers, secured parties, warehousemen, buyers and/or sellers, shipper's agents, insurers and underwriters, break-bulk agents, consignees, etc. It is the responsibility of the Customer to provide notice and copy(s) of these terms and conditions of service to all such agents or representatives; (c) "Documentation" shall mean all information received directly or indirectly from Customer, whether in paper or electronic form; (d) Ocean Transportation Intermediaries ("OTI") shall include an "ocean freight forwarder" and a "non-vessel operating common carrier"; (e) "Third parties" shall include, but not be limited to, the following: "carriers, truckmen, cartmen, lightermen, forwarders, OTI's, customs brokers, agents, warehousemen and others to which the goods are entrusted for transportation, carriage, handling and/or delivery and/or storage or otherwise."

2. **Company As Agent.** The Company acts as the "agent" of the Customer for the purpose of performing duties in connection with importer security filing services, the entry and release of goods, post entry services, the securing of export licenses, the filing of export documents on behalf of the Customer and other dealings with Government Agencies; as to all other services, Company acts as an independent contractor.

3. **Limitation of Actions.** (a) Unless subject to a specific statute or international convention, all claims against the Company for a potential or actual loss, must be made in writing and received by the Company, within ninety (90) days of the event giving rise to claim; the failure to give the Company timely notice shall be a complete defense to any suit or action commenced by Customer. (b) All suits against Company must be filed and properly served on Company as follows: (i) For claims arising out of ocean transportation, within one (1) year from the date of the loss; (ii) For those claims arising from air transportation, within two (2) years from the date of the loss; (iii) For claims arising out of the preparation and/or submission of an import entry(s), within seventy five (75) days from the date of liquidation of the entry(s); (iv) For claims arising out of the preparation and/or submission of an importer security filing, within one (1) year from the date of loss; (v) For any and all other claims of any other kind, within two (2) years from the date of the loss.

4. **No Liability For The Selection or Services of Third Parties and/or Routes.** Unless services are performed by persons or firms engaged pursuant to express written instructions from the Customer, Company shall use reasonable care in its selection of third parties, or in selecting the means, route and procedure to be followed in the handling, transportation, clearance and delivery of the shipment; advice by the Company that a particular person or firm has been selected to render services with respect to the goods, shall not be construed to mean that the Company warrants or represents that such person or firm will render such services nor does Company assume responsibility or liability for any action(s) and/or inaction(s) of such third parties and/or its agents, and shall not be liable for any delay or loss of any kind, which occurs while a shipment is in the custody or control of a third party or the agent of a third party; all claims in connection with the Act of a third party shall be brought solely against such party and/or its agents; in connection with any such claim, the Company shall reasonably cooperate with the Customer, which shall be liable for any charges or costs incurred by the Company.

5. **Quotations Not Binding.** Quotations as to fees, rates of duty, freight charges, insurance premiums or other charges given by the Company to the Customer are for informational purposes only and are subject to change without notice; no quotation shall be binding upon the Company unless the Company in writing agrees to undertake the handling or transportation of the shipment at a specific rate or amount set forth in the quotation and payment arrangements are agreed to between the Company and the Customer.

6. **Reliance On Information Furnished.** (a) Customer acknowledges that it is required to review all documents and declarations prepared and/or filed with U.S. Customs and Border Protection, other Government Agency and/or third parties, and will immediately advise the Company of any errors, discrepancies, incorrect statements, or omissions on any declaration filed on Customer's behalf; (b) In preparing and submitting importer security filings, Customs entries, export declarations, applications, documentation and/or export data to the United States and/or a third party, the Company relies on the correctness and completeness of all documentation, whether in written or electronic format, and all information furnished by Customer; Customer shall use reasonable care to insure the correctness and completeness of all such information and shall indemnify and hold the Company harmless from any and all claims asserted and/or liability or losses suffered by reason of any incorrect, incomplete or false statement upon which the Company reasonably relied. The Customer agrees that the Customer has an affirmative non-delegable duty to disclose any and all information required to submit an importer security filing, import, export or enter the goods.

7. **Declaring Higher Value To Third Parties.** Third parties to whom the goods are entrusted may limit liability for loss or damage; the Company will request excess valuation coverage only upon specific written instructions from the Customer, which must agree to pay any charges therefore; in the absence of written instructions or the refusal of the third party to agree to a higher declared value, in Company's discretion, the goods may be tendered to the third party, subject to the terms of the third party's limitations of liability and/or terms and conditions of service.

8. **Insurance.** Unless requested to do so in writing in sufficient time to be obtained before the goods enter into the custody of the Company, Company is under no obligation to procure insurance on Customer's behalf. The Company does not undertake or warrant that such insurance can or will be placed. Unless the Customer has an open marine policy and instructs the Company to effect insurance under such policy, insurance is to be effected with one or more insurance companies or other underwriters to be selected by the Company. Any insurance placed shall be governed by the certificate or policy issued and will only be effective when accepted by such insurance companies or underwriters. In all cases, Customer shall pay all premiums and costs in connection with procuring required insurance. Should an insurer dispute its liability for any reason, the insured shall have recourse against the insurer only and the Company shall not be under any responsibility or liability in relation thereto, notwithstanding that the premium upon the policy may not be at the same rates as that charged or paid to the Company by the Customer or that the shipment was insured under a policy in the name of the Company. If for any reason the goods are held in a warehouse, or elsewhere, the same will only be covered by insurance, unless the Company receives specific written instructions from the Customer and the Company confirms in writing. Unless specifically agreed in writing, the Company assumes no responsibility to effect insurance on any export or import shipment that it does not handle.

9. **Disclaiming Limitation of Liability.** (a) Except as specifically set forth herein, Company makes no express or implied warranties in connection with its services; (b) Subject to (d) below, Customer agrees that in connection with any and all services performed by the Company, the Company shall only be liable for its negligent acts, which are the direct and proximate cause of any injury to Customer, including loss of damage to Customer's goods, and the Company shall in no event be liable for the acts of third parties; (c) In connection with all services performed by the Company, Customer may obtain additional liability coverage, up to the actual or declared value of the shipment or transaction, by requesting such coverage and agreeing to make payment therefore, which request must be confirmed in writing by the Company prior to rendering services for the covered transaction(s). (d) In the absence of additional coverage under (c) above, the Company's liability shall be limited to the following: (i) where the claim arises from importer security filing services or other activities that do not relate to "Customs business," and except as set forth in paragraph 8(d)(iii), $50.00 per importer security filing or transaction, or the amount of fees paid to the Company for the importer security filing or transaction, whichever is less; (ii) where the claim arises from the Company's warehousing, fulfillment, and/or consolidation services occurring in the Company's facilities or premises, including leased or owned property, $50 per pound of goods lost or damaged; or (iii) where the claim arises from activities relating to "Customs business," $50.00 per entry or the amount of brokerage fees paid to Company for the entry, whichever is less; (e) In no event shall Company be liable or responsible for consequential, indirect, incidental, statutory or punitive damages even if it has been put on notice of the possibility of such damages, including any and all lost or damages arising from delay of services.

10. **Advancing Money.** All charges must be paid by Customer in advance unless the Company agrees in writing to extend credit to customer; the granting of credit to a Customer in connection with a particular transaction shall not be considered a waiver of this provision by the Company.

11. **Indemnification/Hold Harmless.** The Customer agrees to indemnify, defend, and hold the Company harmless from any claims and/or liability arising from importer security filing services, the importation or exportation of Customer's merchandise and/or any conduct of the Customer, which violates any Federal, State and/or other laws, and will hold the Company harmless against any and all liability, loss, damages, costs, claims and/or expenses, including but not limited to reasonable attorney's fees, which the Company may hereafter incur, suffer or be required to pay by reason of such claims, including any claims by any Third party for freight or other charges, duties, fines, penalties, liquidated damages or other money due arising from services provided to or on behalf of the Customer. The confiscation or detention of the goods by any governmental authority shall not affect or diminish the liability of the Customer to the Company to pay all charges or other money due promptly on demand. In the event that any claim, suit or proceeding is brought against the Company, it shall give notice in writing to the Customer by mail at its address on file with the Company.

12. **C.O.D. or Cash Collect Shipments.** Company shall use reasonable care regarding written instructions relating to "Cash/Collect" on "Deliver (C.O.D.)" shipments, bank drafts, cashier's and/or certified checks, letter(s) of credit and other similar payment documents and/or instruments regarding collection of monies but shall have no liability if the bank or consignee or other recipient refuses to pay for the shipment. All payment documents tendered in payment of C.O.D.s will be accepted based solely upon the Customer's assuming all risk relating thereto including, but not limited to, risk of non-payment, insufficient funds, and forgery, and the Company shall not be liable upon any such instrument. The Company will not be responsible for any delay in exchange, or clearing transactions or while in the course of collection.

13. **Costs of Collection.** In any dispute involving monies owed to Company, the Company shall be entitled to all costs of collection, including reasonable attorney's fees and a late payment fee of 1.5% per month of the outstanding balance due, or the highest rate permitted by applicable law.

14. **General Lien And Right To Sell Customer's Property.** (a) Company shall have a general and continuing lien on any and all property of Customer coming into Company's actual or constructive possession or control for monies owed to Company with regard to the shipment on which the lien is claimed, a prior shipment(s) and/or both; (b) Company provides written notice to Customer of its intent to exercise such lien, the exact amount of monies due and owing, as well as any on-going storage or other charges; Customer shall notify all parties having an interest in its shipment(s) of Company's rights and/or the exercise of such lien. (c) Unless, within thirty days of receiving notice of lien, Customer posts cash or letter of credit at, or the amount due is in dispute, an acceptable bond equal to 110% of the value of the total amount due, in favor of Company, guaranteeing payment of the monies owed, plus all storage charges accrued or to be accrued, Company shall have the right to sell such shipment(s) at public or private sale or auction and any net proceeds remaining thereafter shall be refunded to Customer.

15. **No Duty To Maintain Records For Customer.** Customer acknowledges that pursuant to Sections 508 and 509 of the Tariff Act, as amended, (19 USC §1508 and §1509) it has the duty and is solely liable for maintaining all records required under the Customs and/or other Laws and Regulations of the United States; unless otherwise agreed to in writing, the Company shall only keep such records that it is required to maintain by Statute(s) and/or Regulation(s), but not act as a "record keeper" or "recordkeeping agent" for Customer.

16. **Obtaining Binding Rulings, Filing Protests, etc.** Unless requested by Customer in writing and agreed to by Company in writing, Company shall be under no obligation to undertake any pre- or post- importer security filing services or Customs release action, including, but not limited to, obtaining binding rulings, advising of liquidations, filing of petition(s) and/or protests, etc.

17. **Preparation and Issuance of Bills of Lading.** Where Company prepares and/or issues a bill of lading, Company shall be under no obligation to specify thereon the number of pieces, packages and/or cartons, etc; unless specifically requested to do so in writing by Customer or its agent and Customer agrees to pay for same, Company shall use the weight supplied by Customer.

18. **No Modification or Amendment Unless Written.** These terms and conditions of service may only be modified, altered or amended in writing signed by both Customer and Company; any attempt to unilaterally modify, alter or amend same shall be null and void.

19. **Compensation of Company.** The compensation of the Company for its services shall be included with and is in addition to the rates and charges of all carriers and other agencies selected by the Company to transport and deal with the goods and such compensation shall be exclusive of any brokerage, commissions, dividends, or other revenue received by the Company from any carriers, insurers and others in connection with the shipment. On ocean exports, and upon request, the Company shall provide a detailed breakout of the components of all charges assessed and a true copy of each pertinent document relating to these charges. In any referral for collection or action against the Customer for monies due the Company, upon recovery by the Company, the Customer shall pay the expenses of collection, including a reasonable attorney fee.

20. **Severability.** In the event any Paragraph(s) and/or portion(s) hereof is found to be invalid and/or unenforceable, then in such event the remainder hereof shall remain in full force and effect.

21. **Governing Law; Consent to Jurisdiction and Venue.** These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of Georgia, without giving consideration to principles of conflict of law. Customer and Company (1) irrevocably consent to the jurisdiction of the United States District Court and the State courts of Georgia; (b) agree that any action relating to the services performed by Company, shall only be brought in said courts; (c) consent to the exercise of in personam jurisdiction by said courts over it, and (d) further agree that any action to enforce a judgment may be instituted in any jurisdiction.

For air and ocean freight services, the applicable terms and conditions, which include limitations of liability, are available upon request and on the SCS website at ups-scs.com

Exhibit J page 186

# UPS Supply Chain Solutions

QST REG. NO. 1023002724 EIN NO. 94-3083515
FMC LICENCE NO 275F QUEBEC ENTERPRISE NO. 1149692151
DUNS 17-946-2911 EINQST REG. NO. 871436135ET0001
SCAC-UPSF



ORIGINAL

| | |
|---|---|
| Shipment Nbr. : 7780387835 | Ship.Date : 18-Dec-2012 |
| Origin : USMIA Dest : KRPUS | Rate Scale : OFN |
| **Payer Acct** : 707830626 | Payment Type: PPD |
| Received At : SERVICE CENTER | HAPU : N File Nbr: |
| Rated Weight : 241,406 LB 109,501.5 KG | Rate / KG: 0.00 |
| Service : OCEAN FCL | Station : |

**INVOICE NUMBER : 2681115957**
INVOICE DATE : 02-Jul-2013
Statement Number: R205888992
Entry:

GBS/USI:

**Shipper**

**Payer**

DDR INTERNATIONAL RECYCLING LL DDR INTERNATIONAL RECYCLING LL(
24520 DRY CANYON COLD CREEK RD 24520 DRY CANYON COLD CREEK RD
STE 200 STE 200
CALABASAS CA 91302 US CALABASAS CA 91302 US

**REMITTANCE ADDRESS:**

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280
BILLING INQUIRY CALL: 1-800-328-7808

Ref. Nbr. : 7780387835
Contact : GERRY GALLAGHER 8183034748
Assmbly. Nbr. :

**Consignee**
GANGIM ENR CO LTD
90 SADORI GUNBUK MYUN HAMAN GUN
GYEONGNAM
SEOUL KR

Ref.Nbr. :
Contact : GERRY GALLAGHER 8183034748
Dstr. Nbr. :
Actual Weight : 241,406 LB 109,501.5 KG
Dim Weight : 0.0 KG
Rev Note :

Ref. Nbr. : 7780387835
PO Nbr. :
Tax ID : 36-4745407
Importer :
Description : PER BILL OF LADING
Declared Value...........
Customs Value.......... 500.00 USD
MBL/MAWB............ NA2311866
Ports.......................... USMIA KRPUS
Container Nbr..........
Vessel/Carrier Name.. CMA CGM TARPON
Voyage/Flight Nbr..... PG780W
Est. Departure Date... 21-Dec-2012
Est. Arrival Date....... 11-Feb-2013
Term.Ref.....................
UPS Package Acct #.. Not Provided

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 121 | OTHER ADVANCES | 6,681.82 | 6,839,119.75 | KRW |

        **Total Charges : 6,681.82 USD**

Exchange Rate: 1KRW = 0.0009770USD

Comments:             Also Notify:

      CONTAINER # CMAU4189237 ( 9 DAYS ) CONTAINER #
Dimensions UESU4766836 ( 8 DAYS )
 Total Pieces :   145

Delivery Date/Time: 02-May-2013 / 09:00:00AM  Broker Notified Date/Time :  12-Feb-2013  12:00:00AM
Received by : GANGIM       Delivery Route :       Nbr :

Exhibit J page 187

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 37-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BINPOST REG. NO. 871436135RT0001



| STATEMENT NBR | Nbr of Items | AMOUNT DUE | AMOUNT PAID |
|---|---|---|---|
| R205888980 | 1 | 4,081.84  USD |  |

2679110836300000000000000004081840R205888980051DDR*INTE

### REMITTANCE ADVICE - PAYMENT DUE:     02-Jul-2013

<u>PLEASE MAIL REMITTANCE TO:</u>

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

DDR INTERNATIONAL RECYCLING LLC
24520 DRY CANYON COLD CREEK RD
STE 200
CALABASAS  CA  91302

BILLING INQUIRY CALL: 1-800-328-7808

(Please detach and return above remittance advice with your payment.)

### SUMMARY OF CHARGES

STATEMENT NBR :     R205888980

| Shipment Nbr | Invoice Nbr | Ship Date | Orig | Dest | Total Charges | Curr |
|---|---|---|---|---|---|---|
| 7780353625 | 2679110836 | 09-Nov-2012 | LAX | SEL | 4,081.84 | USD |

TOTAL DUE :          4,081.84 USD

RPL     SCSINV          1                    Page          1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724          EIN 94-3083515
FMC LICENCE NO. 275F          QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911          BIN/QST REG. NO. 871436135RT0001
SCAC-UPSF



### UPS SUPPLY CHAIN SOLUTIONS, INC. TERMS AND CONDITIONS OF SERVICE
#### Based on the model terms and conditions of service promulgated by the NATIONAL CUSTOMS BROKERS AND FORWARDERS ASSOCIATION OF AMERICA, INC.

These terms and conditions of service constitute a legally binding contract between the "Company" and the "Customer". In the event the Company renders services and issues a document containing Terms and Conditions governing such services, the Terms and Conditions set forth in such other document shall govern those services.

1. **Definitions.** (a) "Company" shall mean UPS Supply Chain Solutions, Inc., its subsidiaries, related companies, agents and/or representatives. (b) "Customer" shall mean the person for which the Company is rendering service, as well as its agents and/or representatives, including, but not limited to, shippers, importers, exporters, carriers, secured parties, warehousemen, buyers and/or sellers, shipper's agents, insurers and underwriters, break-bulk agents, consignees, etc. It is the responsibility of the Customer to provide notice and copy(s) of these terms and conditions of service to all such agents or representatives. (c) "Documentation" shall mean all information received directly or indirectly from the Customer, whether in paper or electronic form; (d) Ocean Transportation Intermediaries" ("OTI") shall include a "ocean freight forwarder" and a "non-vessel operating common carrier"; (e) "Third parties" shall include, but not be limited to, the following: "carriers, truckmen, cartmen, lightermen, forwarders, OTI's, customs brokers, agents, warehousemen and others to which the goods are entrusted for transportation, cartage, handling and/or delivery and/or storage or otherwise."

2. **Company As Agent.** The Company acts as the "agent" of the Customer for the purpose of performing duties in connection with the entry and release of goods, post entry services, the securing of export licenses, the filing of export documentation on behalf of the Customer and other dealings with Government Agencies; as to all other services, Company acts as an independent contractor.

3. **Limitation of Actions.** (a) Unless subject to a specific statute or international convention, all claims against the Company for a potential or actual loss, must be made in writing and received by the Company, within ninety (90) days of the event giving rise to claim; the failure to give the Company timely notice shall be a complete defense to any suit or action commenced by Customer. (b) All suits against Company must be filed and properly served on the Company within (2) years from the date of the loss. (c) For claims arising out of ocean transportation, within one (1) year from the date of the loss; (ii) For those claims arising from air transportation, within two (2) years from the date of the loss; (iii) For claims arising out of the preparation and/or submission of an import entry(s), within ninety (75) days from the date of liquidation of the entry(s); (iv) For claims arising out of the preparation and/or submission of an import security filing, within one (1) year from the date of loss; (v) For any and all other claims of any other type, within two (2) years from the date of the loss.

4. **No Liability For The Selection or Services of Third Parties and/or Routes.** Unless services are performed by persons or firms engaged pursuant to express written instructions from the Customer, Company shall use reasonable care in its selection of third parties, or in selecting the means, route and procedure to be followed in the handling, transportation, clearance and delivery of the shipment; advice by the Company that a particular person or firm has been selected to render services with respect to the goods, shall not be construed to mean that the Company warrants or represents that such person or firm will render such services nor does Company assume responsibility or liability for any action(s) and/or inaction(s) of such third parties and/or its agents, and shall not be liable for any delay or loss of any kind, which occurs while a shipment is in the custody or control of a third party or the agent of a third party; all claims in connection with the Act of a third party shall be brought solely against such party and/or its agents; in connection with any such claim, the Company shall reasonably cooperate with the Customer, which shall be liable for any charges or costs incurred by the Company.

5. **Quotations Not Binding.** Quotations as to fees, rates of duty, freight charges, insurance premiums or other charges given by the Company are for informational purposes only and are subject to change without notice; no quotation shall be binding upon the Company unless the Company in writing agrees to undertake the handling or transportation of the shipment at a specific rate or amount set forth in the quotation and payment arrangements are agreed to between the Company and the Customer.

6. **Reliance On Information Furnished.** (a) Customer acknowledges that it is required to review all documents and declarations prepared and/or filed with U.S. Customs and Border Protection, other Government Agency and/or third parties, and will immediately advise the Company of any errors, discrepancies, incorrect statements, or omissions on any declaration filed on Customers behalf. (b) In preparing and submitting customs entry filings, Customs entries, export declarations, applications, documentation and/or export data to the United States and/or a third party, the Company relies on the correctness and completeness of all documentation, whether in written or electronic format, and all information furnished by Customer; Customer shall use reasonable care to insure the correctness and completeness of all such information and shall indemnify and hold the Company harmless from any and all claims asserted and/or liability or losses suffered by reason of any incorrect, incomplete or false statement upon which the Company reasonably relied. The Customer agrees that the Customer has an affirmative non-delegable duty to disclose any and all information required to import an importer security filing, import, export or enter the goods.

7. **Declaring Higher Value To Third Parties.** Third parties to whom the goods are entrusted may limit liability for loss or damage; the Company will request excess valuation coverage only upon specific written instructions from the Customer, which must agree to pay any charges therefore; in the absence of written instructions or the refusal of the third party to agree to a higher declared value, the Company's discretion, the goods may be tendered to the third party, subject to the terms of the third party's limitations of liability and/or terms and conditions of service.

8. **Insurance.** Unless requested to do so in writing in sufficient time prior to shipment from point of origin and confirmed to Customer in writing, Company is under no obligation to procure insurance on Customer's behalf. In all cases, Customer shall not maintain a claim for reduced insurance care or will be placed. Unless the Company shall be governed by the certificate or policy issues and will only be effective when accepted by such insurance companies or underwriters. In all cases, Customer shall pay all premiums and costs in connection with procuring requested insurance. Should an insurer dispute its liability for any reason, the insured shall have recourse against the insurer only and the Company shall not be under any responsibility or liability in relation thereto, even notwithstanding that the premium upon the policy may not be at the same rates as that charged or paid to the Company by the Customer or that the shipment was insured under a policy in the name of the Company. If for any reason the goods are held in warehouse, or elsewhere, the same will not be covered by insurance, unless the Company receives specific written instructions from the Customer and the Company confirms in writing. Unless specifically agreed in writing, the Company assumes no responsibility to effect insurance on any export or import shipment that it does not handle.

9. **Disclaimers; Limitation of Liability.** (a) Except as specifically set forth herein, Company makes no express or implied warranties in connection with its services; (b) Subject to (d) below, Customer agrees that in connection with any and all services performed by the Company, the Company shall only be liable for its negligent acts, which are the direct and proximate cause of any injury to Customer, including loss or damage to Customer's goods, and the Company shall in no event be liable for the acts of third parties; (c) In connection with all services performed by the Company, Customer may obtain additional liability coverage, up to the actual or declared value of the shipment or transaction, by requesting such coverage and agreeing to make payment therefore, which request must be confirmed in writing by the Company prior to rendering services for the covered transaction(s). (d) In the absence of additional coverage under (c) above, the Company's liability shall be limited to the following: (i) where the claim arises from activities other than those related to "Customs business," and except as set forth in paragraph 8(d)(i), $50.00 per shipment or transaction, or the amount of fees paid to the Company for the import security filing or transaction, whichever is less; (ii) where the claim arises from activities relating to "Customs business," $50.00 per entry or the amount of brokerage fees paid to Company for the entry, whichever is less; (e) In no event shall Company be liable or responsible for consequential, indirect, incidental, statutory or punitive damages even if it has been put on notice of the possibility of such damages, including any and all loss or damages arising from delay of services.

10. **Advancing Money.** All charges must be paid by Customer in advance unless the Company agrees in writing to extend credit to customer; the granting of credit to a Customer in connection with a particular transaction shall not be considered a waiver of this provision by the Company.

11. **Indemnification/Hold Harmless.** The Customer agrees to indemnify, defend, and hold the Company harmless from any claims and/or liability arising from importer security filing services, the importation or exportation of Customer's merchandise and/or any conduct of the Customer, which violates any Federal, State and/or other laws, and further agrees to indemnify and hold the Company harmless against any and all liability, loss, damages, costs, claims and/or expenses, including but not limited to reasonable attorney's fees, which the Company may hereafter incur, suffer or be required to pay by reason of such claims; including any claims by any Third party for freight or other charges, duties, fines, penalties, liquidated damages or other money due arising from services provided to or on behalf of the Customer. The confiscation or detention of the goods by any governmental authority shall not affect or diminish the liability of the Customer to the Company to pay all charges or other money due. In the event that any claim, suit or proceeding is brought against the Company, it shall give notice in writing to the Customer by mail at its address on file with the Company.

12. **C.O.D. or Cash Collect Shipments.** Company shall use reasonable care regarding written instructions relating to "Cash/Collect" on "Deliver (C.O.D.)" shipments, bank drafts, cashier's and/or certified checks, letter(s) of credit and other similar payment documents and/or instructions regarding collection of monies but shall have no liability if the bank or consignee or other recipient refuses to pay for the shipment. All payment documents and need be payment of C.O.D.s will be accepted based solely upon the Customer's assuming all risk relating thereto including, but not limited to, risk of non-payment, insufficient funds, and forgery, and the Company shall not be liable upon any such instrument. The Company will not be responsible for any delay in remittance lost in exchange, or during transmission or while in the course of collection.

13. **Cost of Collection.** In any dispute involving monies owed to Company, the Company shall be entitled to all costs of collection, including reasonable attorney's fees and a late payment fee of 1.5% per month of the outstanding balance due, or the highest rate permitted by applicable law.

14. **General Lien And Right To Sell Customer's Property.** (a) Company shall have a general and continuing lien on any and all property of Customer coming into Company's actual or constructive possession or control for monies owed to Company with regard to the shipment on which the lien is claimed, a prior shipment(s) and/or both; (b) Company shall provide written notice to Customer of its intent to exercise such lien, the exact amount of monies due and owing, as well as any ongoing storage or other charges; Customer shall notify all parties having an interest in its shipment(s) of Company's rights and/or the exercise of such lien. (c) Unless, within thirty days of receiving notice of lien, Customer posts cash or letter of credit at sight, or, if the amount due is in dispute, an acceptable bond equal to 110% of the value of the total amount due, in favor of Company, guaranteeing payment of the monies owed, plus all storage charges accrued or to be accrued, Company shall have the right to sell such shipment(s) at public or private sale or auction and any net proceeds remaining thereafter shall be refunded to Customer.

15. **No Duty To Maintain Records For Customer.** Customer acknowledges that pursuant to Sections 508 and 509 of the Tariff Act, as amended, (19 USC §1508 and §1509) it has the duty and is solely liable for maintaining all records required under the Customs and/or other Laws and Regulations of the United States; unless otherwise agreed to in writing, the Company shall only keep such records that it is required to maintain by Statute(s) and/or Regulation(s), but not act as a "record keeper" or "record keeping agent" for Customer.

16. **Obtaining Binding Rulings, Filing Protests, etc.** Unless requested by Customer in writing and agreed to by Company in writing, Company shall be under no obligation to undertake any pre- or post- importer security filing service or Customs release action, including, but not limited to, obtaining binding rulings, advising of liquidations, filing of petitions(s) and/or protests, etc.

17. **Preparation and Issuance of Bills of Lading.** Where Company prepares and/or issues a bill of lading, Company shall be under no obligation to specify thereon the number of pieces, packages and/or cartons, etc.; unless specifically requested to do so in writing by Customer or its agent and Customer agrees to pay for same, Company shall insert the weight supplied by Customer.

18. **No Modification or Amendment Unless Written.** These terms and conditions of service may only be modified, altered or amended in writing signed by both Customer and Company; any attempt to unilaterally modify, alter or amend same shall be null and void.

19. **Compensation of Company.** The compensation of the Company for its services shall be included with and is in addition to the rates and charges of all carriers and other agencies selected by the Company to transport and deal with the goods and such compensation shall be exclusive of any brokerage, commissions, dividends, or other revenue received by the Company from carriers, insurers and other in connection with the shipment. On ocean exports, and upon request, the Company shall provide a detailed breakout of the components of all charges assessed and a true copy of each pertinent document relating to these charges. In any referral for collection or action against the Customer for monies due the Company, upon recovery by the Company, the Customer shall pay the expenses of collection and/or litigation, including a reasonable attorney fee.

20. **Severability.** In the event any Paragraph(s) and/or portion(s) hereof is found to be invalid and/or unenforceable, the in such event the remainder hereof shall remain in full force and effect.

21. **Governing Law; Consent to Jurisdiction and Venue.** These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of Georgia, without giving consideration to principals of conflict of law. Customer and Company (i) irrevocably consent to the jurisdiction of the United States District Court and the State courts of Georgia (ii) agree that any action relating to the services performed by Company, shall only be brought in said courts; (c) consent to the exercise of in personam jurisdiction by said courts over it, and (d) further agree that any action to enforce a judgment may be instituted in any jurisdiction.

For air and ocean freight services, the applicable terms and conditions, which include limitations of liability, are available upon request and on the SCS website at ups-scs.com

# UPS Supply Chain Solutions

QST REG. NO. 1023002724      EIN 94-3083515
FMC LICENCE NO 775F          QUEBEC ENTERPRISE NO. 1149882151
DUNS 17-946-2911             RINGST REG. NO. 871436135RT0001
SCAC-UPSF



## ORIGINAL

| | | |
|---|---|---|
| Shipment Nbr. : 7780353625 | Ship.Date : 09-Nov-2012 | **INVOICE NUMBER :** **2679110836** |
| Origin : LAX  Dest : SEL | Rate Scale : OFN | INVOICE DATE : 02-Jul-2013 |
| **Payer Acct** : 707830626 | Payment Type : PPD | Statement Number: R205888980 |
| Received At : SERVICE CENTER | HAPU : N  File Nbr: | Entry: |
| Rated Weight : 111,638 LB | 50,639.0 KG  Rate / KG: 0.00 | |
| Service : OCEAN FCL | Station : | GBS/USI: |
| **Shipper** | | |

**Payer**

REMITTANCE ADDRESS:

DDR INTERNATIONAL RECYCLING LL DDR INTERNATIONAL RECYCLING LL( UPS / UPS SCS Chicago
24520 DRY CANYON COLD CREEK RD 24520 DRY CANYON COLD CREEK RD 28013 Network Place
STE 200                        STE 200                        Chicago, IL 60673-1280
CALABASAS CA 91302 US          CALABASAS CA 91302 US          BILLING INQUIRY CALL: 1-800-328-7808

Ref. Nbr. : 7780353625
Contact : GERRY GALLAGHER 5845321           Ref. Nbr. : 7780353625
Assmbly. Nbr. :                              PO Nbr. :
                                             Tax ID : 36-4745407
**Consignee**                                Importer
GANGIM ENR CO LTD                            Description : PER BILL OF LADING
90 SADORI GUNBUK MYUN HAMAN GUN              Declared Value..........
GYEONGNAM                                    Customs Value..........        300.00   USD
SEOUL   100748 KR                            MBL/MAWB...........
                                             Ports...........................
Ref.Nbr.       :                             Container Nbr...........
Contact        : GERRY GALLGHER 5845321      Vessel/Carrier Name..
Dstr. Nbr.     :                             Voyage/Flight Nbr.....
Actual Weight  : 111,638 LB    50,639.0 KG   Est. Departure Date...
Dim Weight     :  37,212 LB    16,879.7 KG   Est. Arrival Date........
Rev Note :                                   Term.Ref...................
                                             UPS Package Acct #..    Not Provided

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 121 | OTHER ADVANCES | 4,081.84 | 4,219,828.39 | KRW |

**Total Charges :**        **4,081.84 USD**

Exchange Rate:  1KRW = 0.0009673USD

Comments:                                                    Also Notify:

Dimensions
  Total Volume:      101.278000   M3
  Total Pieces :         50

Delivery Date/Time:   29-Apr-2013  / 09:00:00AM   Broker Notified Date/Time :   03-Jan-2013  12:00:00AM
Received by :   GANGIM             Delivery Route :                              Nbr :

RPL      SCSINV         1                    Page      3

# UPS Supply Chain Solutions

QST REG. NO. 1023002724          EIN 94-3083515
FMC LICENCE NO. 275F             QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911                 BIN/QST REG. NO. 871436135RT0001
SCAC-UPSF



| STATEMENT NBR | Nbr of Items | AMOUNT DUE | AMOUNT PAID |
|---|---|---|---|
| R206884976 | 1 | 91,491.64  USD | |

2715117028200000000000009149164 7R206884976 56DDR*INTE

### REMITTANCE ADVICE - PAYMENT DUE:          03-Jul-2013

**PLEASE MAIL REMITTANCE TO:**

DDR INTERNATIONAL RECYCLING LLC
24520 DRY CANYON COLD CREEK RD
STE 200
CALABASAS  CA  91302

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-7808

(Please detach and return above remittance advice with your payment.)

### SUMMARY OF CHARGES

**STATEMENT NBR :**   **R206884976**

| Shipment Nbr | Invoice Nbr | Ship Date | Orig | Dest | Total Charges | Curr |
|---|---|---|---|---|---|---|
| 7780535026 | 2715117028 | 12-Dec-2012 | LAX | SEL | 91,491.64 | USD |

**TOTAL DUE :**          **91,491.64 USD**

# UPS Supply Chain Solutions

QST REG. NO. 1023002724   EIN 94-3083515
FMC LICENCE NO. 275F   QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911   BIN/QST REG. NO. 871436135RT0001
SCAC-UPSF



UPS SUPPLY CHAIN SOLUTIONS, INC. TERMS AND CONDITIONS OF SERVICE
Based on the model terms and conditions of service promulgated by the NATIONAL CUSTOMS BROKERS AND FORWARDERS ASSOCIATION OF AMERICA, INC.

These terms and conditions of service constitute a legally binding contract between the "Company" and the "Customer". In the event the Company renders services and issues a document containing Terms and Conditions governing such services, the Terms and Conditions set forth in such other document(s) shall govern those services.

1. Definitions. As "Company" shall mean UPS Supply Chain Solutions, Inc., its subsidiaries, successors or assigns, related companies, agents and/or representatives. (b) "Customer" shall mean the person for which the Company is rendering service, as well as its agents and/or representatives, including, but not limited to, shippers, importers, exporters, carriers, secured parties, warehousemen, buyers and/or sellers, shipper's agents, insurers and underwriters, break-bulk agents, consignees, etc. It is the responsibility of the Customer to provide notice and copy(s) of these terms and conditions of service to all such agents or representatives; (c) "Documentation" shall mean all information record of directly or indirectly from Customer, whether in paper or electronic form; (d) Ocean Transportation Intermediaries" ("OTI") shall include an "ocean freight forwarder" and a "non-vessel operating common carrier"; (e) "Third parties" shall include, but not be limited to, the following: "carriers, truckmen, cartmen, lightermen, forwarders, OTI's, customs brokers, agents, warehousemen and others to which the goods are entrusted for transportation, cartage, handling and/or delivery and/or storage or otherwise."

2. Company as Agent. The Company acts as the "agent" of the Customer for the purpose of performing duties in connection with the importer security filing services, the entry and release of goods, post entry services, the securing of export licenses, the filing of export documentation on behalf of the Customer and other dealings with Government Agencies, as to all other services. Company acts as an independent contractor.

3. Limitation of Actions. (a) Unless subject to a specific statute or international convention, all claims against the Company for a potential or actual loss, must be made in writing and received by the Company, within ninety (90) days of the event giving rise to claim; the failure to give the Company timely notice shall be a complete defense to any suit or action commenced by Customer. (b) All suits against Company must be filed and properly served on Company as follows: (i) For claims arising out of ocean transportation, within one (1) year from the date of the loss; (ii) For those claims arising from air transportation, within two (2) years from the date of the loss; (iii) For claims arising out of the preparation and/or submission of an import entry(s), within seventy five (75) days from the date of liquidation of the entry(s); (iv) For claims arising out of the preparation and/or submission of an importer security filing, within one (1) year from the date of the loss; (v) For any and all other claims of any other type, within two (2) years from the date of the loss.

4. No Liability For The Selection or Services of Third Parties and/or Routes. Unless services are performed by persons or firms engaged pursuant to express written instructions from the Customer, Company shall use reasonable care in its selection of third parties, or in selecting the means, route and procedure to be followed in the handling, transportation, clearance and delivery of the shipment; advice by the Company that a particular person or firm has been selected to render services with respect to the goods, shall not be construed to mean that the Company warrants or represents that such person or firm will render such services nor does Company assume responsibility or liability for any action(s) and/or inaction(s) of such third parties and/or its agents, and shall not be liable for any delay or loss of any kind, which occurs while a shipment is in the custody or control of a third party or the agent of a third party; all claims in connection with the Act of a third party shall be brought solely against such party and/or its agents; in connection with any such claim, the Company shall reasonably cooperate with the Customer, which shall be liable for any charges or costs incurred by the Company.

5. Quotations Not Binding. Quotations as to fees, rates of duty, freight charges, insurance premiums or other charges given by the Company to the Customer are for informational purposes only and are subject to change without notice; no quotation shall be binding upon the Company unless the Company in writing agrees to undertake the handling or transportation of the shipment at a specific rate or amount set forth in the quotation and payment arrangements are agreed to between the Company and the Customer.

6. Reliance On Information Furnished. (a) Customer acknowledges that it is required to review all documents and declarations prepared and/or filed with U.S. Customs and Border Protection, other Government Agency and/or third parties, and will immediately advise the Company of any errors, discrepancies, incorrect statements, or omissions on any declaration filed on Customers behalf; (b) In preparing and submitting importer security filings, Customs entries, export declarations, applications, documentation and/or export data to the United States and/or a third party, the Company relies on the correctness and completeness of all documentation, whether in written or electronic format, and all information furnished by Customer; Customer shall use reasonable care to insure the correctness and completeness of all such information and shall indemnify and hold the Company harmless from any and all claims asserted and/or liability or losses suffered by reason of any incorrect, incomplete or false statement upon which the Company reasonably relied. The Customer agrees that the Customer has an affirmative non-delegable duty to disclose any and all information required to submit an importer security filing, import, export or enter the goods.

7. Declaring Higher Value To Third Parties. Third parties to whom the goods are entrusted may limit liability for loss or damage; the Company will request excess valuation coverage only upon specific written instructions from the Customer, which must agree to pay any charges therefore; in the absence of written instructions or the refusal of the third party to agree to a higher declared value, at Company's discretion, the goods may be tendered to the third party, subject to the terms of the third party's limitations of liability and/or terms and conditions of service.

8. Insurance. Unless requested to do so in writing in sufficient time prior to shipment from point of origin and confirmed to Customer in writing, Company is under no obligation to procure insurance on Customer's behalf. The Company does not undertake or warrant that such insurance can or will be placed. Unless the Customer has its own open marine policy and such insurance is arranged between the Company to affect insurance under such policy, Insurance is to be effected with one or more insurance companies or other underwriters to be selected by the Company. Any insurance placed will be only be effective when notice arranged by such insurance companies or underwriters. In all cases, Customer shall pay all premiums and costs in connection with procuring requested insurance. Should an insurer dispute its liability for any reason, the insured shall have recourse against the insurer only and the Company shall not be under any responsibility or liability in relation thereto, notwithstanding that the premium upon the policy may not be at the same rates as that charged or paid to the Company by the Customer or that the shipment was insured under a policy in the name of the Company. If for any reason the goods are held in warehouse, or elsewhere, the same will not be covered by insurance, unless the Company receives specific written instructions from the Customer and the Company confirms in writing. Unless specifically agreed in writing, the Company assumes no responsibility or effect insurance on any export or import shipments that it does not handle.

9. Disclaimer; Limitation of Liability. (a) Except as specifically set forth herein, Company makes no express or implied warranties in connection with its services; (b) Subject to (c) below, Customer agrees that in connection with any and all services performed by the Company, the Company shall only be liable for its negligent acts, which are the direct and proximate cause of any injury to Customer, including loss or damage to Customer's goods, and the Company shall in no event be liable for the acts of third parties; (c) In connection with all services performed by the Company, Customer may be obtain a specific inventory and agreeing to make payment therefore, which request must be confirmed in writing by the Company prior to rendering services for the covered transaction(s); (d) In the absence of additional coverage under (c) above, the Company's liability shall be limited to the following: (i) where the claim arises from importer security filing services or other activities that do not relate to "Customs business," and except as set forth in paragraph 9(d)(ii), $50.00 per importer security filing or transaction, or the amount of fees paid to the Company for the importer security filing or transaction, whichever is less; (ii) where the claim arises from the Company's warehousing, fulfillment, and/or consolidation services occurring in the Company's facilities or premises, including any owned or leased property, $0.50 per pound of goods lost or damaged; or (iii) where the claim arises from activities relating to "Customs business," $50.00 per entry or the amount of brokerage fees paid to Company for the entry, whichever is less; (e) In no event shall Company be liable or responsible for consequential, indirect, incidental, statutory or punitive damages even if it has been put on notice of the possibility of such damages, including any and all loss or damages arising from delay of services.

10. Advancing Money. All charges must be paid by Customer in advance unless the Company agrees in writing to extend credit to customers; the granting of credit to a Customer in connection with a particular transaction shall not be considered a waiver of this provision by the Company.

11. Indemnification/Hold Harmless. The Customer agrees to indemnify, defend, and hold the Company harmless from any claims and/or liability arising from importer security filing services, the importation or exportation of Customer's merchandise and/or any conduct of the Customer, which violates any Federal, State and/or other laws, and will indemnify and hold the Company harmless against any and all liability, loss, damages, costs, claims and/or expenses, including, but not limited to reasonable attorney's fees, which the Company may hereafter incur, suffer or be required to pay by reason of such claims, including any claims by any Third party for freight or other charges, duties, fines, penalties, liquidated damages or other money due arising from services provided to or on behalf of the Customer. The confiscation or detention of the goods by any governmental authority shall not effect or diminish the liability of the Customer to the Company to pay all charges or other money due promptly on demand. In the event that any claim, suit or proceeding is brought against the Company, it shall give notice in writing to the Customer by mail at its address on file with the Company.

12. C.O.D. or Cash Collect Shipments. Company shall use reasonable care regarding written instructions relating to "Cash/Collect" on "Deliver (C.O.D.)" shipments, bank drafts, cashier's and/or certified checks, letter(s) of credit and other similar payment documents and/or instructions regarding collection of monies but shall have no liability if the bank or consignee or other recipient refuses to pay for the shipment. Company will not be liable for any non-collection, non-payment and the Company shall not be liable upon any such instrument. The Company will not be responsible for any delay in or in connection with the non-collection of a draft and will use reasonable care in the clearance and collection of drafts.

13. Costs of Collection. In any dispute involving monies owed to Company, the Company shall be entitled to all costs of collection, including reasonable attorney's fees and a late payment fee of 1.5% per month of the outstanding balance due, or the highest rate permitted by applicable law.

14. General Lien And Right To Sell Customer's Property. (a) Company shall have a general and continuing lien on any and all property of Customer coming into Company's actual or constructive possession or control for monies owed to Company with regard to the shipment on which the lien is claimed, a prior shipment(s) and/or both; (b) Company shall provide written notice to Customer of its intent to exercise such lien, the exact amount of monies due and owing, as well as any ongoing storage or other charges; Customer shall notify all parties having an interest in its shipment(s) of Company's rights and/or the exercise of such lien. (c) Unless, within thirty days of receiving notice of lien, Customer posts cash or letter of credit at sight, or, if the amount due is in dispute, an acceptable bond equal to 110% of the value of the total amount due, in favor of Company, guaranteeing payment of the monies owed, plus all storage charges accrued or to be accrued, Company shall have the right to sell such shipment(s) at public or private sale or auction and any net proceeds remaining thereafter shall be refunded to Customer.

15. No Duty To Maintain Records For Customer. Customer acknowledges that pursuant to Sections 508 and 509 of the Tariff Act, as amended, (19 USC §1508 and §1509) it has the duty and is solely liable for maintaining all records required under the Customs and/or other Laws and Regulations of the United States; unless otherwise agreed to in writing, the Company shall only keep such records that it is required to maintain by Statute(s) and/or Regulation(s), but not act as a "record keeper" or "recordkeeping agent" for Customer.

16. Obtaining Binding Rulings, Filing Protests, etc. Unless requested by Customer in writing and agreed to by Company in writing, Company shall be under no obligation to undertake any pre- or post- importer security filing service or Customs related action, including, but not limited to, obtaining binding rulings, advising of liquidations, filing of petition(s) and/or protests, etc.

17. Preparation and Issuance of Bills of Lading. Where Company prepares and/or issues a bill of lading, Company shall be under no obligation to specify thereon the number of pieces, packages and/or cartons, etc; unless specifically requested to do so in writing by Customer or its agent and Customer agrees to pay Company shall use the weight supplied by Customer or.

18. No Modification or Amendment Unless Written. These terms and conditions of service may only be modified, altered or amended in writing signed by both Customer and Company; any attempt to unilaterally modify, alter or amend same shall be null and void.

19. Compensation of Company. The compensation of the Company for its services shall be included with and in addition to the rates and charges of all carriers and other agencies selected by the Company to transport and deal with the goods and such compensation shall be exclusive of any brokerage, commissions, dividends, or other revenue received by the Company from carriers, insurers and other in connection with the shipment. On ocean exports, and upon request, the Company shall provide a detailed breakout of the components of all charges assessed and a true copy of each pertinent document relating to these charges. In any referral for collection or action against the Customer for its monies due the Company, upon recovery by the Company, the Customer shall pay the expenses of collection and/or litigation, including a reasonable attorney fee.

20. Severability. In the event any Paragraph(s) and/or portion(s) hereof is found to be invalid and/or unenforceable, then such invalidity or unenforceability shall not affect the other valid portions hereof which shall remain in full force and effect.

21. Governing Law; Consent to Jurisdiction and Venue. These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of Georgia, without giving consideration to principles of conflict of law. Customer and Company (a) irrevocably consent to the jurisdiction of the United States District Court and the State courts of Georgia; (b) agree that any action relating to the services performed by Company, shall only be brought in said courts; (c) consent to the exercise of in personam jurisdiction by said courts over it, and (d) further agree that any claim for action to enforce a judgment may be instituted in any jurisdiction.

For air and ocean freight services, the applicable terms and conditions, which include limitations of liability, are available upon request and on the SCS website at ups-scs.com

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENSE NO 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**ORIGINAL**

| | | |
|---|---|---|
| Shipment Nbr. : 7780535026 | Ship.Date : 12-Dec-2012 | **INVOICE NUMBER :**    **2715117028** |
| Origin : USLAX   Dest : KRPUS | Rate Scale :    OFN | INVOICE DATE :    03-Jul-2013 |
| **Payer Acct** :    707830626 | Payment Type:    PPD | Statement Number:    R206884976 |
| Received At :   SERVICE CENTER | HAPU :   N    File Nbr: | Entry: |
| Rated Weight :    1,199,720 LB    544,189.5 KG | Rate / KG:    0.00 | |
| Service :   OCEAN FCL | Station : | GBS/USI: |

**Shipper**

| | |
|---|---|
|   | **Payer** |
| DDR INTERNATIONAL RECYCLING LL | DDR INTERNATIONAL RECYCLING LL( |
| 24520 DRY CANYON COLD CREEK RD | 24520 DRY CANYON COLD CREEK RD |
| STE 200 | STE 200 |
| CALABASAS CA 91302 US | CALABASAS CA 91302 US |

**REMITTANCE ADDRESS:**
UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280
BILLING INQUIRY CALL: 1-800-328-7808

Ref. Nbr. : 7780535026
Contact    : GERRY GALLAGHER 8183034748
Assmbly. Nbr.   :

**Consignee**
GS CORPORATION
91-1, GUNJA-DONG, GWANGJIN-GU
SEOUL, KOREA
SEOUL    143838 KR

| | |
|---|---|
| Ref.Nbr.    : | |
| Contact    : | |
| Dstr. Nbr.    : | |
| Actual Weight    :1,199,720 LB    544,189.4 KG | |
| Dim Weight    :    0.0 KG | |
| Rev Note   : | |

| | |
|---|---|
| Ref. Nbr.    : 7780535026 | |
| PO Nbr.    : | |
| Tax ID    : 36-4745407 | |
| Importer    : | |
| Description   :PER BILL OF LADING | |
| Declared Value.......... | |
| Customs Value..........    1,400.00   USD | |
| MBL/MAWB...........    ZIMULAX083277 | |
| Ports...........................    USLAX      KRPUS | |
| Container Nbr........... | |
| Vessel/Carrier Name.    ZIM CALIFORNIA | |
| Voyage/Flight Nbr.....    42/W | |
| Est. Departure Date...    21-Dec-2012 | |
| Est. Arrival Date.......    10-Jan-2013 | |
| Term.Ref.................... | |
| UPS Package Acct #..    Not Provided | |

| Charges | | Billed | Entered |
|---|---|---|---|
| 121    OTHER ADVANCES | | 91,491.64 | 94,040,127.45   KRW |

**Total Charges :**    **91,491.64 USD**

Exchange Rate:   1KRW = 0.0009729USD
Comments:      Also Notify:

Dimensions
   Total Pieces :      350

| | | |
|---|---|---|
| Delivery Date/Time:    24-Jun-2013    / 09:00:00AM | Broker Notified Date/Time :    10-Jan-2013 12:00:00AM | |
| Received by :    GS | Delivery Route : | Nbr : |

Exhibit J page 193

# UPS Supply Chain Solutions

GST REG. NO. 1023002724    EIN 94-3083515
FMC LICENCE NO. 275F    QUEBEC ENTERPRISE NO. 1149882151
DUNS 17-946-2911    BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF



| STATEMENT NBR | Nbr of Items | AMOUNT DUE | AMOUNT PAID |
|---|---|---|---|
| R205888994 | 1 | 2,528.64  USD | _____ |

270511845160000000000000002528644R205888994613DR*INTE

### REMITTANCE ADVICE - PAYMENT DUE:    02-Jul-2013

DDR INTERNATIONAL RECYCLING LLC
24520 DRY CANYON COLD CREEK RD
STE 200
CALABASAS  CA  91302

<u>PLEASE MAIL REMITTANCE TO:</u>

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-7808

(Please detach and return above remittance advice with your payment.)

### SUMMARY OF CHARGES

STATEMENT NBR :   R205888994

| Shipment Nbr | Invoice Nbr | Ship Date | Orig | Dest | Total Charges | Curr |
|---|---|---|---|---|---|---|
| 7780687794 | 2705118451 | 20-Dec-2012 | LAX | SEL | 2.528.64 | USD |

TOTAL DUE :        2,528.64 USD

RPL    SCSINV        1                    Page        1

Exhibit J page 194

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 275F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
BIN/GST REG. NO. 871436135RT0001



**UPS SUPPLY CHAIN SOLUTIONS, INC. TERMS AND CONDITIONS OF SERVICE**

Based on the model terms and conditions of service promulgated by the NATIONAL CUSTOMS BROKERS AND FORWARDERS ASSOCIATION OF AMERICA, INC.

These terms and conditions of service constitute a legally binding contract between the "Company" and the "Customer". In the event the Company renders services and issues a document containing Terms and Conditions governing such services, the Terms and Conditions set forth in such other document only shall govern those services.

1. **Definitions.** (a) "Company" shall mean UPS Supply Chain Solutions, Inc., its subsidiaries, successors or assigns, related companies, agents and/or representatives. (b) "Customer" shall mean the person for which the Company is rendering service, as well as its agents and/or representatives, including, but not limited to, shippers, importers, exporters, carriers, secured parties, warehousemen, buyers and/or sellers, shipper's agents, insurers and underwriters, break-bulk agents, consignees, etc. It is the responsibility of the Customer to provide notice and copy(s) of these terms and conditions of service to all such agents or representatives; (c) "Documentation" shall mean all information received directly or indirectly from the Customer, whether in paper or electronic form; (d) Ocean Transportation Intermediaries ("OTI") shall include a "non-vessel operating common carrier"; (e) "Third parties" shall include, but not be limited to, the following: "carriers, truckmen, cartmen, lightermen, forwarders, OTI's, customs brokers, agents, warehousemen and others to which the goods are entrusted for transportation, cartage, handling and/or delivery and/or storage or otherwise."

2. **Company as Agent.** The Company acts as the "agent" of the Customer for the purpose of performing duties in connection with importer security filing services, the entry and release of goods, post entry services, the securing of export licenses, the filing of export documentation on behalf of the Customer and other dealings with Government Agencies, as to all other services, Company acts as an independent contractor.

3. **Limitation of Actions.** (a) Unless subject to a specific statute or international convention, all claims against the Company for a potential or actual loss, must be made in writing and received by the Company, within ninety (90) days of the event giving rise to claim; the failure to give the Company timely notice shall be a complete defense to any suit or action commenced by Customer. (b) All suits against Company must be filed and properly served on the Company as follows: (i) For claims arising out of ocean transportation, within one (1) year from the date of the loss; (ii) For claims arising from air transportation, within two (2) years from the date of the loss; (iii) For claims arising out of the preparation and/or submission of an import entry(s), within seventy five (75) days from the date of liquidation of the entry(s); (iv) For claims arising out of the preparation and/or submission of an importer security filing, within one (1) year from the date of filing the data; (v) For any and all other claims of any other type, within two (2) years from the date of the loss.

4. **No Liability For The Selection or Services of Third Parties and/or Routes.** Unless services are performed by persons or firms engaged pursuant to express written instructions from the Customer, Company shall use reasonable care in its selection of third parties, or in selecting the means, route and procedure to be followed in the handling, transportation, clearance and delivery of the shipment; advice by the Company that a particular person or firm has been selected to render services with respect to the goods, shall not be construed to mean that the Company warrants or represents that such person or firm will render such services nor does Company assume responsibility or liability for any action(s) and/or inaction(s) of such third parties and/or its agents, and shall not be liable for any delay or loss of any kind, which occurs while a shipment is in the custody or control of a third party or the agent of a third party; all claims in connection with the Act of a third party shall be brought solely against such party and in connection with any such claim, the Company shall reasonably cooperate with the Customer, which shall be liable for any charges or costs incurred by the Company.

5. **Quotations Not Binding.** Quotations as to fees, rates of duty, freight charges, insurance premiums or other charges given by the Company to the Customer are for informational purposes only and are subject to change without notice; no quotation shall be binding upon the Company unless the Company in writing agrees to undertake the handling or transportation of the shipment at a specific rate or amount set forth in the quotation and payment arrangements are agreed to between the Company and the Customer.

6. **Reliance On Information Furnished.** (a) Customer acknowledges that it is required to review all documents and declarations prepared and/or filed with U.S. Customs and Border Protection, other Government Agency and/or third parties, and will immediately advise the Company of any errors, discrepancies, incorrect statements, or omissions on any declaration filed on Customers behalf; (b) In preparing and submitting customs entry filings, Customs entries, export declarations, applications, documentation and/or export data to the United States and/or a third party, the Company relies on the correctness and completeness of all documentation, whether in written or electronic format, and all information furnished by Customer; Customer shall use reasonable care to insure the correctness and completeness of all such information and shall indemnify and hold the Company harmless from any and all claims asserted and/or liability or losses suffered by reason of any incorrect, incomplete or false statement upon which the Company reasonably relied. The Customer agrees that the Customer has an affirmative non-delegable duty to disclose any and all information required to submit an importer security filing import, export or enter the goods.

7. **Declaring Higher Value To Third Parties.** Third parties to whom the goods are entrusted may limit liability for loss or damage; the Company will request excess valuation coverage only upon specific written instructions from the Customer, which must agree to pay any charges therefore; in the absence of written instructions or the refusal of the third party to agree to a higher declared value, Company's discretion, the goods may be tendered to the third party, subject to the terms of the third party's limitations of liability and/or terms and conditions of service.

8. **Insurance.** Unless requested to do so in writing in sufficient time prior to shipment from point of origin and confirmed to Customer in writing, Company is under no obligation to procure insurance on Customer's behalf. The Company does not undertake or warrant that such insurance can or will be placed. Unless the Customer has made specific arrangements in writing with the Company to effect insurance and/or be advised with one or more insurance companies or other underwriters to be selected by the Company. Any insurance placed shall be governed by the certificate or policy issued and will only be effective when accepted by such insurance companies or underwriters. In all cases, Customer shall pay all premiums and costs in connection with procuring requested insurance. Should an insurer dispute its liability for any reason, the insured shall have recourse against the insurer only and the Company shall not be under any responsibility or liability in relation thereto, notwithstanding that the premium upon the policy may not be at the same rate as that charged or paid to the Company by the Customer or that the shipment was insured under a policy in the name of the Company. If for any reason the goods are held in warehouse, or elsewhere, the same will not be covered by insurance, unless the Company receives specific written instructions from the Customer and the Company confirms in writing. Unless specifically agreed in writing, the Company assumes no responsibility to effect insurance on any export or import shipment that it does not handle.

9. **Disclaimers; Limitation of Liability.** (a) Except as specifically set forth herein, Company makes no express or implied warranties in connection with its services; (b) Subject to (c) below, Customer agrees that in connection with any and all services performed by the Company, the Company shall only be liable for its negligent acts, which are the direct and proximate cause of any injury to Customer, including loss or damage to Customer's goods, and the Company shall in no event be liable for the acts of third parties; (c) In connection with all services performed by the Company, Customer may obtain additional liability coverage, up to the actual or declared value of the shipment or transaction, by requesting such coverage and agreeing to make payment therefore, which request must be confirmed in writing by the Company prior to rendering services for the covered transaction(s); (d) In the absence of additional coverage under (c) above, the Company's liability shall be limited to the following: (i) where the claim arises from activities other than those relating to a "Customs business," and except as set forth in paragraph 8(d)(ii), $50.00 per importer security filing or transaction, or the amount of fees paid to the Company for the importer security filing or transaction, whichever is less; (ii) where the claim arises from the Company's servicing, fulfillment, and/or consolidation services occurring in the Company's facilities or premises, including owned or leased property, $50 per parcel of goods lost or damaged; or (iii) where the claim arises from activities relating to "Customs business," $50.00 per entry or the amount of brokerage fees paid to Company for the entry, whichever is less; (e) In no event shall Company be liable or responsible for consequential, indirect, incidental, statutory or punitive damages or cause of action that arise if it has been put on notice of the possibility of such damages, including any and all loss or damages arising from delay of services.

10. **Advancing Money.** All charges must be paid by Customer in advance unless the Company agrees in writing to extend credit to customer; the granting of credit to a Customer in connection with a particular transaction shall not be considered a waiver of this provision by the Company.

11. **Indemnification/Hold Harmless.** The Customer agrees to indemnify, defend, and hold the Company harmless from any claim and/or liability arising from importer security filing services, the importation or exportation of Customer's merchandise and/or any conduct of the Customer, which violates any Federal, State and/or other laws, and further agrees to indemnify and hold the Company harmless against any and all liability, loss, damages, costs, claims and/or expenses, including but not limited to reasonable attorney's fees, which the Company may hereafter incur, suffer or be required to pay by reason of such claims, including any claims by any Third party for freight or other charges, duties, fines, penalties, liquidated damages or other money due arising from services provided to or on behalf of the Customer. The confiscation or detention of the goods by any governmental authority shall not relieve or diminish the liability of the Customer to the Company to pay all charges or other money due promptly on demand. In the event that any claim, suit or proceeding is brought against the Company, it shall give notice in writing to the Customer by mail as manifested on file with the Company.

12. **C.O.D. or Cash Collect Shipments.** Company shall use reasonable care regarding written instructions relating to "Cash/Collect" on "Deliver (C.O.D.)" shipments, bank drafts, cashier's and/or certified checks, letter(s) of credit and other similar payment documents and/or instructions regarding collection of monies but shall have no liability if the bank or consignee or other recipient refuses payment or pay for the shipment. All payment documents received in payment of C.O.D. will be accepted based solely upon the Customer's assuming all risk relating thereto including, but not limited to, risk of non-payment, insufficient funds, and forgery, and the Company shall not be liable upon any such instrument. The Company will not be responsible for any delay in remittance lost in exchange, or during transmission or while in the course of collection.

13. **Costs of Collection.** In any dispute involving monies owed to Company, the Company shall be entitled to all costs of collection, including reasonable attorney's fees and in that payment fee of 1.5% per month of the outstanding balance due, or the highest rate permitted by applicable law.

14. **General Lien And Right To Sell Customer's Property.** (a) Company shall have a general and continuing lien on any and all property of Customer coming into Company's actual or constructive possession or control for monies owed to Company with regard to the shipment on which the lien is claimed, a prior shipment(s) and/or both; (b) Company shall provide written notice to Customer of its intent to exercise such lien, the exact amount of monies due and owing, as well as any on-going storage or other charges; Customer shall notify all parties having an interest in its shipment(s) of Company's rights and/or the exercise of such lien; (c) Unless within thirty days of receiving notice of lien, Customer pays cash or tender of credit in sight, or, if the amount due to be in dispute, an acceptable bond equal to 120% of the value of the total amount due, in favor of Company, guaranteeing payment of the monies owed, plus all storage charges accrued or to be accrued, Company shall have the right to sell such shipment(s) at public or private sale or auction and any net proceeds remaining thereafter shall be refunded to Customer.

15. **No Duty To Maintain Records For Customer.** Customer acknowledges that pursuant to Sections 508 and 509 of the Tariff Act, as amended, (19 USC §1508 and §1509) it has the duty and is solely liable for maintaining all records required under the Customs and/or other Laws and Regulations of the United States; unless otherwise agreed to in writing, the Company shall only keep such records that it is required to maintain by Statute(s) and/or Regulation(s), but not act as a "record keeper" or "recordkeeping agent" for Customer.

16. **Obtaining Binding Rulings, Filing Protests, etc.** Unless requested by Customer in writing and agreed to by Company in writing, Company shall be under no obligation to undertake any pre- or post- importer security filing service or Customs release action, including, but not limited to, obtaining binding rulings, advising of liquidations, filing of protests, and/or other protests, etc.

17. **Preparation and Issuance of Bills of Lading.** Where Company prepares and/or issues a bill of lading, Company shall be under no obligation to specify thereon the number of pieces, packages and/or cartons, etc; unless specifically requested to do so in writing by Customer or its agent and Customer agrees to pay for same, Company shall use the weight supplied by Customer.

18. **No Modification or Amendment Unless Written.** These terms and conditions of service may only be modified, altered or amended in writing signed by both Customer and Company; any attempt to unilaterally modify, alter or amend same shall be null and void.

19. **Compensation of Company.** The compensation of the Company for its services shall be included with and is in addition to the rates and charges of all carriers and other agencies selected by the Company to transport and deal with the goods and such compensation shall be exclusive of any brokerage, commissions, dividends, or other revenue received by the Company from carriers, insurers and other in connection with the shipment. On ocean exports, and upon request, the Company shall provide a detailed breakout of the components of all charges assessed and a true copy of each pertinent document relating to these charges. In any referral for collection or action against the Customer for monies due to the Company, upon recovery by the Customer shall pay the expenses of collection and/or litigation, including a reasonable attorney fee.

20. **Severability.** In the event any Paragraph(s) and/or portion(s) hereof is found to be invalid and/or unenforceable, then in such event the remainder hereof shall remain in full force and effect.

21. **Governing Law; Consent to Jurisdiction and Venue.** These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of Georgia, without giving consideration to principles of conflict of law. Customer and Company (a) irrevocably consent to the jurisdiction of the United States District Courts and the State courts of Georgia; (b) agree that any action relating to the services performed by Company, shall only be brought in said courts; (c) consent to the exercise of in personam jurisdiction by said courts or, in, and (d) further agree that any action to enforce a judgment may be instituted in any jurisdiction.

For air and ocean freight services, the applicable terms and conditions, which include limitations of liability, are available upon request and on the SCS website at ups-scs.com

# UPS Supply Chain Solutions

QST REG. NO. 1023002724   EIN 94-3063515
FMC LICENCE NO 275F   QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911   BIN/GST REG. NO. 871436135RT0001
SCAC OPSF



### ORIGINAL

| | | |
|---|---|---|
| Shipment Nbr. : 7780687794 | Ship.Date : 20-Dec-2012 | **INVOICE NUMBER :** **2705118451** |
| Origin : USSFO   Dest : KRPUS | Rate Scale : OFN | INVOICE DATE : 02-Jul-2013 |
| **Payer Acct :** 707830626 | Payment Type: PPD | Statement Number: R205888994 |
| Received At : SHIPPERS DOOR | HAPU : N   File Nbr: | Entry: |
| Rated Weight : 55,648 LB | 25,242.0 KG   Rate / KG: 0.00 | |
| Service : OCEAN FCL | Station : | GBS/USI: |

**Shipper**

Payer                                         REMITTANCE ADDRESS:

DDR INTERNATIONAL RECYCLING LL DDR INTERNATIONAL RECYCLING LL UPS / UPS SCS Chicago
24520 DRY CANYON COLD CREEK RD 24520 DRY CANYON COLD CREEK RD 28013 Network Place
STE 200                         STE 200                       Chicago, IL 60673-1280
CALABASAS CA 91302 US           CALABASAS CA 91302 US         BILLING INQUIRY CALL: 1-800-328-7808

Ref. Nbr. : 7780687794
Contact : ROY HOUSEMAN 6506352665
Assmbly. Nbr. :

**Consignee**
GS CORPORATION
91-1, GUNJA-DONG, GWANGJIN-GU
SEOUL, KOREA
SEOUL  143838 KR

| | | | | |
|---|---|---|---|---|
| Ref.Nbr. : | Ref. Nbr. : 7780687794 | | | |
| Contact : | PO Nbr. : | | | |
| Dstr. Nbr. : | Tax ID : 36-4745407 | | | |
| Actual Weight : 55,648 LB  25,242.0 KG | Importer : | | | |
| Dim Weight : 0.0 KG | Description : PER BILL OF LADING | | | |
| Rev Note : | Declared Value.......... | | | |
| | Customs Value.......... 1,500.00  USD | | | |
| | MBL/MAWB............ 11 | | | |
| | Ports......................... USSFO  KRPUS | | | |
| | Container Nbr............ | | | |
| | Vessel/Carrier Name. SL CHARGER | | | |
| | Voyage/Flight Nbr..... UN276W | | | |
| | Est. Departure Date... 21-Dec-2012 | | | |
| | Est. Arrival Date........ 15-Jan-2013 | | | |
| | Term.Ref................... | | | |
| | UPS Package Acct #.. Not Provided | | | |

| Charges | | Billed | Entered | |
|---|---|---|---|---|
| 121 | OTHER ADVANCES | 2,528.64 | 2,584,728.61 | KRW |

**Total Charges :** **2,528.64 USD**

Exchange Rate:  1KRW = 0.0009783USD

Comments:                                        Also Notify:

Dimensions
Total Pieces :        28

Delivery Date/Time:   10-Jun-2013   / 09:00:00AM   Broker Notified Date/Time :   10-Jan-2013 12:00:00AM
Received by  :  GS                        Delivery Route :                        Nbr :

RPL   SCS/INV      1                      Page      3

Exhibit J page 196

# UPS Supply Chain Solutions

QST REG. NO. 1023002724     EIN 94-3063515
FMC LICENCE NO 775F          QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911             BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF



| STATEMENT NBR | Nbr of Items | AMOUNT DUE | AMOUNT PAID |
|---|---|---|---|
| R206884972 | 1 | 20,488.64  USD | _____ |

2693114439300000000000002048864R206884972247DDR*INTE

**REMITTANCE ADVICE - PAYMENT DUE:**     03-Jul-2013

PLEASE MAIL REMITTANCE TO:

DDR INTERNATIONAL RECYCLING LLC
24520 DRY CANYON COLD CREEK RD
STE 200
CALABASAS  CA  91302

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-7808

(Please detach and return above remittance advice with your payment.)

SUMMARY OF CHARGES

STATEMENT NBR :   R206884972

| Shipment Nbr | Invoice Nbr | Ship Date | Orig | Dest | Total Charges | Curr |
|---|---|---|---|---|---|---|
| 7780444452 | 2693114439 | 21-Nov-2012 | SJU | SEL | 20,488.64 | USD |

**TOTAL DUE :**          **20,488.64 USD**

RPL     SCSINV          1          Page          1

Exhibit J page 197

# UPS Supply Chain Solutions



QST REG. NO. 1023002724        EIN 94-3083515
F.M.C LICENCE NO. 275F         QUEBEC ENTERPRISE NO. 1149892151
DUNS 13-946-2911               BIN/QST REG. NO. 871436135RT0001
SCAC-UPSF

UPS SUPPLY CHAIN SOLUTIONS, INC. TERMS AND CONDITIONS OF SERVICE
Based on the model terms and conditions of service promulgated by the NATIONAL CUSTOMS BROKERS AND FORWARDERS ASSOCIATION OF AMERICA, INC.

These terms and conditions of service constitute a legally binding contract between the "Company" and the "Customer". In the event the Company renders services and issues a document containing Terms and Conditions governing such services, the Terms and Conditions set forth in such other document(s) shall govern those services.

1. **Definitions.** (a) "Company" shall mean UPS Supply Chain Solutions, Inc., its subsidiaries, successors or assigns, related companies, agents and/or representatives. (b) "Customer" shall mean the person for which the Company is rendering service, as well as its agents and/or representatives, including, but not limited to, shippers, importers, exporters, carriers, secured parties, warehousemen, buyers and/or sellers, shipper's agents, insurers and underwriters, break-bulk agents, consignees, etc. It is the responsibility of the Customer to provide notice and copy(s) of these terms and conditions of service to all such agents or representatives; (c) "Documentation" shall mean all information received directly or indirectly from Customer, whether in paper or electronic form; (d) "Ocean Transportation Intermediaries" ("OTI") shall include an "ocean freight forwarder" and a "non-vessel operating common carrier"; (e) "Third parties" shall include, but not be limited to, the following: "carriers, truckmen, cartmen, lightermen, forwarders, OTI's, customs brokers, agents, warehousemen and others to which the goods are entrusted for transportation, cartage, handling and/or delivery and/or storage or otherwise."

2. **Company As Agent.** The Company acts as the "agent" of the Customer for the purpose of performing duties in connection with the entry and release of goods, post entry services, the securing of export licenses, the filing of export documentation on behalf of the Customer and other dealings with Government Agencies; as to all other services, Company acts as an independent contractor.

3. **Limitation of Actions.** (a) Unless subject to a specific statute or international convention, all claims against the Company for a potential or actual loss, must be made in writing and received by the Company within ninety (90) days of the event giving rise to claim; the failure to give the Company timely notice shall be a complete defense to any suit or action commenced by Customer. (b) All suits against Company must be filed and properly served on Company as follows: (i) For claims arising out of ocean transportation, within one (1) year from the date of the loss; (ii) For those claims arising from air transportation, within two (2) years from the date of the loss; (iii) For claims arising out of the preparation and/or submission of an import entry(s), within seventy-five (75) days from the date of liquidation of the entry(s); (iv) For claims arising out of the preparation and/or submission of an import entry(s), within ninety (90) days from the date of liquidation of the entry(s); (v) For any and all other claims of any other type, within two (2) years from the date of the loss.

4. **No Liability For The Selection or Services of Third Parties and/or Routes.** Unless services are performed by persons or firms engaged pursuant to express written instructions from the Customer, Company shall use reasonable care in its selection of third parties, or in selecting the means, route and procedure to be followed in the handling, transportation, clearance and delivery of the shipment; advice by the Company that a particular person or firm has been selected to render services with respect to the goods, shall not be construed to mean that the Company warrants or represents that such person or firm will render such services nor does Company assume responsibility or liability for any action(s) and/or inaction(s) of such third parties and/or its agents, and shall not be liable for any delay or loss of any kind, which occurs while a shipment is in the custody or control of a third party or the agent of a third party; all claims in connection with the Act of a third party shall be brought solely against such party and/or its agents. In connection with any such claim, the Company shall reasonably cooperate with the Customer, which shall be liable for any charges or costs incurred by the Company.

5. **Quotations Not Binding.** Quotations as to fees, rates of duty, freight charges, insurance premiums or other charges given by the Company to the Customer are for informational purposes only and are subject to change without notice; no quotation shall be binding upon the Company unless the Company in writing agrees to undertake the handling or transportation of the shipment at a specific rate or amount set forth in the quotation and payment arrangements are agreed to between the Company and the Customer.

6. **Reliance On Information Furnished.** (a) Customer acknowledges that it is required to review all documents and declarations prepared and/or filed with U.S. Customs and Border Protection, other Government Agency and/or third parties, and will immediately advise the Company of any errors, discrepancies, incorrect statements, or omissions on any declaration filed on Customers behalf; (b) In preparing and submitting Importer security filings, Customs entries, export declarations, applications, documentation and/or export data to the United States and/or a third party, the Company relies on the correctness and completeness of all documentation, whether in written or electronic format, and all information furnished by Customer; Customer shall use reasonable care to insure the correctness and completeness of all such information and shall indemnify and hold the Company harmless from any and all claims asserted and/or liability or losses suffered by reason of any incorrect, incomplete or false statement upon which the Company reasonably relied. The Customer agrees that the Customer has an affirmative non-delegable duty to disclose any and all information required to obtain an Importer security filing, import, export or enter the goods.

7. **Declaring Higher Value To Third Parties.** Third parties to whom the goods are entrusted may limit liability for loss or damage; the Company will request excess valuation coverage only upon specific written instructions from the Customer, which must agree to pay any charges therefore; in the absence of written instructions or the refusal of the third party to agree to a higher declared value, at Company's discretion, the goods may be tendered to the third party, subject to the terms of the third party's limitations of liability and/or terms and conditions of service.

8. **Insurance.** Unless requested to do so in writing in sufficient time prior to shipment from point of origin and confirmed to Customer in writing, Company is under no obligation to procure insurance on Customer's behalf. The Company does not undertake or warrant that such insurance can or will be placed. Unless the Customer has its own open marine policy and instructs the Company to effect insurance under such policy, insurance is to be effected with one or more insurance companies or other underwriters to be selected by the Company. Any insurance placed shall be governed by the certificate or policy issued and will only be effective when accepted by such insurance companies or underwriters. In all cases, Customer shall pay all premiums and costs in connection with procuring requested insurance. Should an insurer dispute its liability for any reason, the insured shall have recourse against the insurer only and the Company shall not be under any responsibility or liability in relation thereto, notwithstanding that the premiums upon the policy may not be at the same rates as that charged or paid to the Company by the Customer or that the shipment was insured under a policy in the name of the Company. If for any reason the goods are held in a warehouse, or elsewhere, the same will not be covered by insurance, unless the Company renders specific written instructions from the Customer and the Company confirms in writing. Unless specifically agreed in writing, the Company assumes no responsibility to effect insurance on any export or import shipment that it does not handle.

9. **Disclaimers; Limitation of Liability.** (a) Except as specifically set forth herein, Company makes no express or implied warranties in connection with its services; (b) Subject to (c) below, Customer agrees that in connection with any and all services performed by the Company, the Company shall only be liable for its negligent acts, which are the direct and proximate cause of any injury to Customer, including loss or damage to Customer's goods, and the Company shall in no case be liable for acts of third parties; (c) In connection with all services performed by the Company, Customer may obtain additional liability coverage, up to the actual or declared value of the shipment or transaction, by requesting such coverage and agreeing to make payment therefore, which request must be confirmed in writing by the Company prior to rendering services for the covered transaction(s). (d) In the absence of additional coverage under (c) above, the Company's liability shall be limited to the following: (i) where the claim arises from import and/or export activities that do not relate to "Customs business," and except as set forth in paragraph 9(c)(ii), $50.00 per Importer security filing or transaction, or the amount of fees paid to the Company for the Importer security filing or transaction, whichever is less; (ii) where the claim arises from the Company's warehousing, fulfillment, and/or consolidation services occurring in the Company's facilities or premises, including owned or leased property, $.50 per pound of goods lost or damaged; or (iii) where the claim arises from activities relating to "Customs business," $50.00 per entry or the amount of brokerage fees paid to the Company for the entry, whichever is less; (e) In no event shall Company be liable or responsible for consequential, indirect, incidental, statutory or punitive damages even if it has been put on notice of the possibility of such damages, including any and all loss or damages arising from a delay of services.

10. **Advancing Money.** All charges must be paid by Customer in advance unless the Company agrees in writing to extend credit to customer; the granting of credit to a Customer in connection with a particular transaction shall not be considered a waiver of this provision by the Company.

11. **Indemnification/Hold Harmless.** The Customer agrees to indemnify, defend, and hold the Company harmless from any claims and/or liability arising from Importer security filing services, the importation or exportation of Customer's merchandise and/or any conduct of the Customer, which violates any Federal, State and/or other laws, and further agrees to indemnify and hold the Company harmless from and against any and all liability, loss, damages, costs, claims and/or expenses, including but not limited to reasonable attorney's fees, which the Company may hereafter incur, suffer or be required to pay by reason of such claims, including any claims by any Third party for freight or other charges, duties, fines, penalties, liquidated damages or other money due arising from services provided to or on behalf of the Customer. The confiscation or detention of the goods by any governmental authority shall not affect or diminish the liability of the Customer to the Company or other money due promptly on demand. In the event that any claim, suit or proceeding is brought against the Company, it shall give notice in writing to the Customer by mail at its address on file with the Company.

12. **C.O.D. or Cash Collect Shipments.** Company shall use reasonable care regarding written instructions relating to "Cash/Collect" on "Delivery (C.O.D.)" shipments, bank drafts, cashier's and/or certified checks, letter(s) of credit and other similar payment documents and/or instructions regarding collection of monies but shall have no liability if the bank or consignee or other party refuses to pay for the shipment. All payment documents tendered in payment of C.O.D.s will be accepted based solely upon the Customer's assuming all risks relating thereto including, but not limited to, risk of non-payment, insufficient funds, and forgery, and the Company shall not be liable upon any such instrument. The Company will not be responsible for any delay in remittance lost in exchange, or during transmission or while in the course of collection.

13. **Costs of Collection.** In any dispute involving monies owed to Company, the Company shall be entitled to all costs of collection, including reasonable attorney's fees and a late payment fee of 1.5% per month of the outstanding balance due, or the highest rate permitted by applicable law.

14. **General Lien And Right To Sell Customer's Property.** (a) Company shall have a general and continuing lien on any and all property of Customer coming into Company's actual or constructive possession or control for monies owed to Company with regard to the shipment on which the lien is claimed, a prior shipment(s) and/or both; (b) Company shall provide written notice to Customer of its intent to exercise such lien, the exact amount of monies due and owing, as well as any ongoing storage or other charges; Customer shall notify all parties having an interest in its shipment(s) of Company's rights and/or the exercise of such lien; (c) Unless, within thirty days of receiving notice of Customer's intent to exercise such lien, Customer posts cash or letter of credit at sight, or, if the amount due is in dispute, an acceptable bond equal to 220% of the value of the total amount due, in favor of Company, guaranteeing payment of the monies owed, plus all storage charges accrued or to be accrued, Company shall have the right to sell such shipment(s) at public or private sale or auction and any net proceeds remaining thereafter shall be refunded to Customer.

15. **No Duty To Maintain Records For Customer.** Customer acknowledges that pursuant to Sections 508 and 509 of the Tariff Act, as amended, (19 USC §1508 and §1509) it has the duty and is solely liable for maintaining all records required under the Customs and/or other Laws and Regulations of the United States; unless otherwise agreed to in writing, the Company shall only keep such records that it is required to maintain by Statute(s) and/or Regulation(s), but not as a "recordkeeper" or "recordkeeping agent" for Customer.

16. **Obtaining Binding Rulings, Filing Protests, etc.** Unless requested by Customer in writing and agreed to by Company in writing, Company shall be under no obligation to undertake any pre- or post- importer security filing services or Customs release action, including, but not limited to, obtaining binding rulings, advising of liquidations, filing of petition(s) and/or protests, etc.

17. **Preparation and Issuance of Bills of Lading.** Where Company prepares and/or issues a bill of lading, Company shall be under no obligation to specify thereon the number of pieces, packages and/or cartons, etc.; unless specifically requested to do so in writing by Customer or its agent and Customer agrees to pay for same, Company shall insert the weight supplied by Customer.

18. **No Modification or Amendment Unless Written.** These terms and conditions of service may only be modified, altered or amended in writing signed by both Customer and Company; any attempt to unilaterally modify, alter or amend same shall be null and void.

19. **Compensation of Company.** The compensation of the Company for its services shall be included with and in addition to the rates and charges of all carriers and other agencies selected by the Company to transport and deal with the goods and such compensation shall be exclusive of any brokerage, commissions, dividends, or other revenue received by the Company from carriers, insurers and other in connection with the shipment. On ocean exports and upon request, the Company shall provide a detailed breakout of the components of all charges assessed and a true copy of each pertinent document relating to these charges. In any referral for collection or action against the Customer for the monies due the Company, upon recovery by the Company, the Company shall be entitled to seek reimbursement from Customer, including a reasonable attorney fee.

20. **Severability.** In the event any Paragraph(s) and/or portion(s) hereof is found to be invalid and/or unenforceable, then in such event the remainder hereof shall remain in full force and effect.

21. **Governing Law; Consent to Jurisdiction and Venue.** These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of Georgia, without giving consideration to principals of conflict of law. Customer and Company (a) irrevocably consent to the jurisdiction of the United States District Court and the State courts of Georgia; (b) agree that any action relating to the services performed by Company, shall only be brought in said courts; (c) consent to the exercise of in personam jurisdiction by said courts over it, and (d) further agree that any action to enforce a judgment may be instituted in any jurisdiction.

For air and ocean freight services, the applicable terms and conditions, which include limitations of liability, are available upon request and on the SCS website at ups-scs.com

**UPS Supply Chain Solutions**

QST REG. NO. 1023002724    EIN 94-3083515
FMCLICENCE NO 275F    QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911    RIN/GST REG. NO. 871436135ET0001
SCAC-UPSF



### ORIGINAL

| | |
|---|---|
| Shipment Nbr. : 7780444452 | Ship.Date : 21-Nov-2012 |
| Origin : SJU    Dest : SEL | Rate Scale : OFN |
| **Payer Acct** : 707830626 | Payment Type: OTHCON |
| Received At : OTHER CARRIER TRMHAPU : N | File Nbr: |
| Rated Weight : 869,961 LB    394,612.0 KG | Rate / KG: 0.00 |
| Service : OCEAN FCL | Station : |

**INVOICE NUMBER :**    **2693114439**
INVOICE DATE : 03-Jul-2013
Statement Number: R206884972
Entry:

GBS/USI:

**Shipper**

| Shipper | Payer |
|---|---|
| DDR RECYCLING USA | DDR INTERNATIONAL RECYCLING LLC |
| 24520 DRY CANYON COLD CREEK RD | 24520 DRY CANYON COLD CREEK RD |
| CALABASAS, CA 91302 SJU BOOK | STE 200 |
| CAROLINA  PR  00979  US | CALABASAS  CA  91302  US |

**REMITTANCE ADDRESS:**
UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280
BILLING INQUIRY CALL: 1-800-328-7808

Ref. Nbr.    :
Contact    : GERRY GALAGAR  818 591-1471
Assmbly. Nbr.  :

Ref. Nbr.    : 7780444452
PO Nbr.    :
Tax ID    : 36-4745407
Importer    :

**Consignee**
SSANGYOUNG ECOTEC CO LTD
SSANGYOONG BLDG 24-1 2 GA ,
GEO DONG JUNG GU ,KOREA
SEOUL   100748  KR

Description  :PER BILL OF LADING
Declared Value.........
Customs Value.........    NCV
MBL/MAWB...........
Ports.........................

| | |
|---|---|
| Ref.Nbr.    : | Container Nbr............ |
| Contact    : | Vessel/Carrier Name. |
| Dstr. Nbr.    : | Voyage/Flight Nbr..... |
| Actual Weight  :  869,961 LB    394,612.0 KG | Est. Departure Date... |
| Dim Weight    : 14,697 LB    6,666.7 KG | Est. Arrival Date....... |
| Rev Note  : | Term.Ref.................. |
| | UPS Package Acct #..    Not Provided |

| Charges | Billed | Entered | |
|---|---|---|---|
| 121    OTHER ADVANCES | 20,488.64 | 21,211,968.11 | KRW |

**Total Charges :**    **20,488.64 USD**

Exchange Rate:    1KRW ≈ 0.0009659USD
Comments:    Also Notify:

**Dimensions**
Total Volume:    40.000000    M3
Total Pieces :    450

Delivery Date/Time:    20-May-2013  / 09:00:00AM    Broker Notified Date/Time :    24-Dec-2012  12:00:00AM
Received by  :  GS    Delivery Route :    Nbr :

RFL    SCSINV    1    Page    3

# UPS Supply Chain Solutions

QST REG. NO. 1023002724    EIN 94-3083515
FMC LICENCE NO. 275F      QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911          BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF



| STATEMENT NBR | Nbr of Items | AMOUNT DUE | AMOUNT PAID |
|---|---|---|---|
| R206884975 | 1 | 63,814.55  USD | |

2715116924300000000000006381455 2R206884975 78DDR*INTE

## REMITTANCE ADVICE - PAYMENT DUE:      03-Jul-2013

PLEASE MAIL REMITTANCE TO:

DDR INTERNATIONAL RECYCLING LLC
24520 DRY CANYON COLD CREEK RD
STE 200
CALABASAS  CA  91302

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-7808

(Please detach and return above remittance advice with your payment.)

### SUMMARY OF CHARGES

STATEMENT NBR :    R206884975

| Shipment Nbr | Invoice Nbr | Ship Date | Orig | Dest | Total Charges | Curr |
|---|---|---|---|---|---|---|
| 7780387857 | 2715116924 | 26-Dec-2012 | LAX | SEL | 63,814.55 | USD |

TOTAL DUE :          63,814.55 USD

RPL    SCSINV          1                    Page        1

# UPS Supply Chain Solutions

QST REG. NO. 1023002724      EIN 94-3083515
FMC LICENCE NO. 275F          QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911               BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF



## UPS SUPPLY CHAIN SOLUTIONS, INC. TERMS AND CONDITIONS OF SERVICE

Based on the model terms and conditions of service promulgated by the NATIONAL CUSTOMS BROKERS AND FORWARDERS ASSOCIATION OF AMERICA, INC.

These terms and conditions of service constitute a legally binding contract between the "Company" and the "Customer". In the event the Company renders services and issues a document containing Terms and Conditions governing such services, the Terms and Conditions set forth in such other document(s) shall govern those services.

1. **Definitions.** (a) "Company" shall mean UPS Supply Chain Solutions, Inc., its subsidiaries, customers or assigns, related companies, agents and/or representatives; (b) "Customer" shall mean the person for which the Company is rendering service, as well as its agents and/or representatives, including, but not limited to, shippers, importers, exporters, carriers, secured parties, warehousemen, buyers and/or sellers, shipper's agents, insurers and underwriters, break-bulk agents, consignees, etc. It is the responsibility of the Customer to provide notice and copy(s) of these terms and conditions of service to all such agents or representatives; (c) "Documentation" shall mean all information received directly or indirectly from Customer, whether in paper or electronic form; (d) Ocean Transportation Intermediaries" ("OTI") shall include an "ocean freight forwarder" and a "non-vessel operating common carrier"; (e) "Third parties" shall include, but not be limited to, the following: "carriers, truckmen, cartmen, lightermen, forwarders, OTI's, customs brokers, agents, warehousemen and others to which the goods are entrusted for transportation, cartage, handling and/or delivery and/or storage or otherwise."

2. **Company As Agent.** The Company acts as the "agent" of the Customer for the purpose of performing duties in connection with importer security filing services, the entry and release of goods, post entry services, the securing of export licenses, the filing of export documentation on behalf of the Customer and other dealings with Government Agencies; as to all other services, Company acts as an independent contractor.

3. **Limitation of Actions.** (a) Unless subject to a specific statute or international convention, all claims against the Company for a potential or actual loss, must be made in writing and received by the Company, within ninety (90) days of the event giving rise to claim; the failure to give the Company timely notice shall be a complete defense to any suit or action commenced by Customer. (b) All suits against Company must be filed and properly served on Company as follows: (i) For claims arising out of ocean transportation, within one (1) year from the date of the loss; (ii) For those claims arising from air transportation, within two (2) years from the date of the loss; (iii) For claims arising out of the preparation and/or submission of an import entry(s), within seventy five (75) days from the date of liquidation of the entry(s); (iv) For claims arising out of the preparation and/or submission of an import security filing, within one (1) year from the date of the loss; (v) For any and all other claims of any other type, within two (2) years from the date of the loss.

4. **No Liability For The Selection or Service of Third Parties and/or Routes.** Unless services are performed by persons or firms engaged pursuant to express written instructions from the Customer, Company shall use reasonable care in its selection of third parties, or in selecting the means, route and procedure to be followed in the handling, transportation, clearance and delivery of the shipment; advice by the Company that a particular person or firm has been selected to render services with respect to the goods, shall not be construed to mean that the Company warrants or represents that such person or firm will render such services nor does Company assume responsibility or liability for any action(s) and/or inaction(s) of such third parties and/or its agents, and shall not be liable for any delay or loss of any kind, which occurs while a shipment is in the custody or control of a third party or the agent of a third party; all claims in connection with the Act of a third party shall be brought solely against such party and/or its agents; in connection with any such claim, the Company shall reasonably cooperate with the Customer, which shall be liable for any charges or costs incurred by the Company.

5. **Quotations Not Binding.** Quotations as to fees, rates of duty, freight charges, insurance premiums or other charges given by the Company to the Customer are for informational purposes only and are subject to change without notice and shall not be binding upon the Company unless the Company in writing agrees to undertake the handling or transportation of the shipment at a specific rate or amount set forth in the quotation and payment arrangements are agreed to between the Company and the Customer.

6. **Reliance On Information Furnished.** (a) Customer acknowledges that it is required to review all documents and declarations prepared and/or filed with U.S. Customs and Border Protection, other Government Agency and/or third parties, and will immediately advise the Company of any errors, discrepancies, incorrect statements, or omissions on any declaration filed on Customers behalf; (b) In preparing and submitting importer security filings, Customs entries, export declarations, applications, documentation and/or export data to the United States and/or a third party, the Company relies on the correctness and completeness of all documentation, whether in written or electronic format, and all information furnished by Customer; Customer shall use reasonable care to insure the correctness and completeness of all such information and shall indemnify and hold the Company harmless from any and all claims asserted and/or liability or losses suffered by reason of the Customer's failure to disclose information or any incorrect, incomplete or false statement upon which the Company reasonably relied. The Customer agrees that the Customer has an affirmative non-delegable duty to disclose any and all information required to submit an importer security filing, import, export or enter the goods.

7. **Declaring Higher Value To Third Parties.** Third parties to whom the goods are entrusted may limit liability for loss or damage; the Company will request excess valuation coverage only upon specific written instructions from the Customer, which must agree to pay any charges therefore; in the absence of written instructions or the refusal of the third party to agree to a higher declared value, in the Company's discretion, the goods may be tendered to the third party, subject to the terms of the third party's limitations of liability and/or terms and conditions of service.

8. **Insurance.** Unless requested to do so in writing in sufficient time prior to shipment from point of origin and confirmed to Customer in writing, Company is under no obligation to procure insurance on Customer's behalf. The Company does not undertake or warrant that such insurance can or will be placed. Unless the Customer has its own open marine policy and instructs the Company to effect insurance under such policy, insurance is to be effected with one or more insurance companies or other underwriters to be selected by the Company. Any insurance placed shall be pursuant to the certificate or policy terms and will only be effective when accepted by such insurance companies or underwriters. In all cases, Customer shall pay all premiums and costs in connection with procuring requested insurance. Should an insurer dispute its liability for any reason, the Insured shall have recourse against the insurer only and the Company shall not be under any responsibility or liability in relation thereto, notwithstanding that the premium upon the policy may not be at the same rates as that charged or paid to the Company by the Customer or that the shipment was insured under a policy in the name of the Company. If for any reason the goods are held in warehouse, or elsewhere, the same will not be covered by insurance, unless the Company receives specific written instructions from the Customer and the Company confirms in writing. Unless specifically agreed in writing, the Company assumes no responsibility to effect insurance on any export or import shipment that it does not handle.

9. **Disclaimers; Limitation of Liability.** (a) Except as specifically set forth herein, Company makes no express or implied warranties in connection with its services; (b) Subject to (c) below, Customer agrees that in connection with any and all services performed by the Company, the Company shall only be liable for its negligent acts, which are the direct and proximate cause of any injury to Customer, including loss or damage to Customer's goods, and the Company shall in no event be liable for the acts of third parties; (c) In connection with all services performed by the Company, Customer may obtain additional liability coverage, up to the actual or declared value of the shipment or transaction, by requesting such coverage and agreeing to make payment therefore, which request must be confirmed in writing by the Company prior to rendering services for the covered transaction(s); (d) In the absence of additional coverage under (c) above, the Company's liability shall be limited to the following: (i) where the claim arises from import/export related activities the amount of US $50.00 per entry or customs transaction; (ii) where the claim arises from services other than those described in subsection (i) above, the amount of US $50.00 per shipment or transaction, whichever is less; (e) where the claim arises from the Company's warehousing, fulfillment, and/or consolidation services occurring in the Company's facilities or premises, including owned or leased property, $0.50 per pound of goods lost or damaged; or (iii) where the claim arises from web site violations by "Customs brokers," $50.00 per entry or the amount of brokerage fees paid to Company for the entry, whichever is less; (e) In no event shall Company be liable or responsible for consequential, indirect, incidental, statutory or punitive damages even if it has been put on notice of the possibility of such damages, including any and all loss or damages arising from a delay of services.

10. **Advancing Money.** All charges must be paid by Customer in advance unless the Company agrees in writing to extend credit to customer; the granting of credit to a Customer in connection with a particular transaction shall not be considered a waiver of this provision by the Company.

11. **Indemnification/Hold Harmless.** The Customer agrees to indemnify, defend, and hold the Company harmless from any claims and/or liability arising from importer security filing services, the importation or exportation of Customer's merchandise and/or any conduct of the Customer, which violates any Federal, State and/or other laws, and further agrees to indemnify and hold the Company harmless against any and all liability, loss, damages, costs, claims and/or expenses, including but not limited to reasonable attorney's fees, which the Company may hereafter incur, suffer or be required to pay by reason of such claims, including any claims by any Third party for freight or other charges, duties, fines, penalties, liquidated damages or other money due arising from services provided to or on behalf of the Customer. The confiscation or detention of the goods by any governmental authority shall not affect or diminish the liability of the Customer to pay all charges or other money due promptly on demand. In the event that any claim, suit or proceeding is brought against the Company, it shall give notice in writing to the Customer by mail at its address on file with the Company.

12. **C.O.D. or Cash Collect Shipments.** Company shall use reasonable care regarding written instructions relating to "Cash/Collect" on "Delivery (C.O.D.)" shipments, bank drafts, cashier's checks and/or certified checks, letter(s) of credit and other similar payment documents and/or instructions regarding collection of monies but shall have no liability if the bank or consignee or other recipient refuses to pay for the shipment. All payment documents tendered in payment of C.O.D.s will be accepted based solely upon the Customer's assuming all risk relating thereto including, but not limited to, risk of non-payment, insufficient funds, and forgery, and the Company shall not be liable upon any such instrument. The Company will not be responsible for any delay in remittance lost in exchange, or during transmission or while in the course of collection.

13. **Costs of Collection.** In any dispute involving monies owed to Company, the Company shall be entitled to all costs of collection, including reasonable attorney's fees and a late payment fee of 1.5% per month of the outstanding balance due, or the highest rate permitted by applicable law.

14. **General Lien And Right To Sell Customer's Property.** (a) Company shall have a general and continuing lien on any and all property coming into Company's actual or constructive possession or control for monies owed to Company with regard to the shipment on which the lien is claimed, a prior shipment(s) and/or for both; (b) Company shall provide written notice to Customer of its intent to exercise such lien, the exact amount of monies due and owing, as well as any on-going storage or other charges; Customer shall notify all parties having an interest in its shipment(s) of Company's rights and/or the exercise of such lien. (c) Unless, within thirty days of receiving notice of lien, Customer posts cash or letter of credit at sight, or, if the amount due is in dispute, an acceptable bond equal to 110% of the value of the total amount due, in favor of Company, guaranteeing payment of the monies owed, plus all storage charges accrued or to be accrued, Company shall have the right to sell such shipment(s) at public or private sale or auction and any net proceeds remaining thereafter shall be refunded to Customer.

15. **No Duty To Maintain Records For Customer.** Customer acknowledges that pursuant to Sections 508 and 509 of the Tariff Act, as amended, (19 U.S.C. §§1508 and §1509) it has the duty and is solely liable for maintaining all records required under the Customs and/or other Laws and Regulations of the United States; unless otherwise agreed to in writing, the Company shall only keep such records that it is required to maintain by Statute(s) and/or Regulation(s), but not act as a "record keeper" or "record keeping agent" for Customer.

16. **Obtaining Binding Rulings, Filing Protests, etc.** Unless requested by Customer in writing and agreed to by Company in writing, Company shall be under no obligation to undertake any pre- or post- importer security filing services or Customs release action, including, but not limited to, obtaining binding rulings, advising of liquidations, filing of petition(s) and/or protests, etc.

17. **Preparation and Issuance of Bills of Lading.** Where Company prepares and/or issues a bill of lading, Company shall be under no obligation to specify thereon the number of pieces, packages and/or cartons, etc.; unless specifically requested to do so in writing by Customer or its agent and Customer agrees to pay for same, Company shall use the weight supplied by Customer.

18. **No Modification or Amendment Unless Written.** These terms and conditions of service may only be modified, altered or amended in writing signed by both Customer and Company; any attempt to unilaterally modify, alter or amend same shall be null and void.

19. **Compensation of Company.** The compensation of the Company for its services shall be included with and in addition to the rates and charges of all carriers and other agencies selected by the Company to transport and deal with the goods and such compensation shall be exclusive of any brokerage, commissions, dividends, or other revenues received by the Company from carriers, insurers and other in connection with the shipment. On ocean exports, and upon request, the Company shall provide a detailed breakout of the components of all charges assessed and a true copy of each pertinent document relating to those charges. In any referral for collection or action against the Customer for the monies due the Company, upon recovery by the Company, there shall be the right to sell such shipment(s) at public or private sale or auction and any net proceeds including a reasonable attorney fee.

20. **Severability.** In the event any Paragraph(s) and/or portion(s) hereof is found to be invalid and/or unenforceable, then in such event the remainder hereof shall remain in full force and effect.

21. **Governing Law; Consent to Jurisdiction and Venue.** These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of Georgia, without giving consideration to principles of conflicts of law. Customer and Company (a) irrevocably consent to the jurisdiction of the United States District Court and the State courts of Georgia; (b) agree that any action relating to the services performed by Company, shall only be brought in said courts; (c) consent to the exercise of in personam jurisdiction by said courts or it; and (d) further agree that any action to enforce a judgment may be instituted in any jurisdiction.

For air and ocean freight services, the applicable terms and conditions, which include limitations of liability, are available upon request and on the SCS web site at ups-scs.com

Exhibit J page 201

# UPS Supply Chain Solutions



QST REG. NO. 1023002724   EIN 94-3083515
FMC LICENCE NO 275F   QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911   BIN/QST REG. NO. 871436135RT0001
SCAC-UPSF

## ORIGINAL

| | | |
|---|---|---|
| Shipment Nbr. : 7780387857 | Ship.Date : 26-Dec-2012 | **INVOICE NUMBER :** 2715116924 |
| Origin : USLAX Dest : KRPUS | Rate Scale : OFN | INVOICE DATE : 03-Jul-2013 |
| **Payer Acct** : 707830626 | Payment Type: PPD | Statement Number: R206884975 |
| Received At : SERVICE CENTER | HAPU : N   File Nbr: | Entry: |
| Rated Weight : 1,005,440 LB   456,065.0 KG   Rate / KG: 0.00 | | |
| Service : OCEAN FCL | Station : | GBS/USI: |
| **Shipper** | | |

**Payer**                                                        **REMITTANCE ADDRESS:**

DDR INTERNATIONAL RECYCLING LL  DDR INTERNATIONAL RECYCLING LL  UPS / UPS SCS Chicago
24520 DRY CANYON COLD CREEK RD  24520 DRY CANYON COLD CREEK RD  28013 Network Place
STE 200                                        STE 200                                        Chicago, IL 60673-1280
CALABASAS CA 91302 US             CALABASAS CA 91302 US           BILLING INQUIRY CALL: 1-800-328-7808

Ref. Nbr. : 7780387857
Contact    : GERRY GALLAGHER 8183034748
Assmbly. Nbr. :

| | |
|---|---|
| **Consignee** | Ref. Nbr. : 7780387857 |
| GS CORPORATION | PO Nbr. : |
| 91-1, GUNJA-DONG, GWANGJIN-GU | Tax ID : 36-4745407 |
| SEOUL, KOREA | Importer : |
| SEOUL  143838 KR | Description  :PER BILL OF LADING |
| | Customs Value.......... 1,200.00  USD |
| Ref.Nbr. : | MBL/MAWB.......... ZIMULAX083780 |
| Contact : | Ports.......................... USLAX        KRPUS |
| Dstr. Nbr. : | Container Nbr.......... |
| Actual Weight :1,005,440 LB   456,064.6 KG | Vessel/Carrier Name. ZIM ISRAEL NAVIGATION CO LTD |
| Dim Weight : 0.0 KG | Voyage/Flight Nbr..... 39W |
| Rev Note : | Est. Departure Date... 08-Jan-2013 |
| | Est. Arrival Date........ 03-Feb-2013 |
| | Term.Ref.................... |
| | UPS Package Acct #.. Not Provided |

| Charges | | | Billed | Entered | |
|---|---|---|---|---|---|
| 121 | OTHER ADVANCES | | 63,814.55 | 65,303,469.10 | KRW |

**Total Charges :**        **63,814.55 USD**

Exchange Rate:  1KRW = 0.0009772USD

Comments:                                                    Also Notify:

Dimensions
  Total Pieces :           300

Delivery Date/Time:   24-Jun-2013   / 09:00:00AM      Broker Notified Date/Time :   04-Feb-2013 12:00:00AM
Received by  :   GS                                         Delivery Route :                              Nbr :

| RPL | SCSINV | 1 | | Page | 3 |
|---|---|---|---|---|---|

# UPS Supply Chain Solutions

QST REG. NO. 1023002724
FMC LICENCE NO. 273F
DUNS 17-946-2911
SCAC-UPSF

EIN 94-3083515
QUEBEC ENTERPRISE NO. 1149892151
EIN/GST REG. NO. 871436135RT0001



| STATEMENT NBR | Nbr of Items | AMOUNT DUE | AMOUNT PAID |
|---|---|---|---|
| R205889511 | 1 | 8,035.50  USD | |

2706116690900000000000000008035503R205889511779DDR*INTE

### REMITTANCE ADVICE - PAYMENT DUE:    02-Jul-2013

PLEASE MAIL REMITTANCE TO:

DDR INTERNATIONAL RECYCLING LLC
24520 DRY CANYON COLD CREEK RD
STE 200
CALABASAS  CA  91302

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-7808

(Please detach and return above remittance advice with your payment.)

SUMMARY OF CHARGES

STATEMENT NBR :    R205889511

| Shipment Nbr | Invoice Nbr | Ship Date | Orig | Dest | Total Charges | Curr |
|---|---|---|---|---|---|---|
| 7780628218 | 2706116690 | 13-Dec-2012 | LAX | SEL | 8,035.50 | USD |

TOTAL DUE :                8,035.50 USD

RPL    SCSINV           1                    Page          1

# UPS Supply Chain Solutions



QST REG. NO. 1023002724     EIN 94-3083515
FMC LICENCE NO. 275F       QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911           BIN/QST REG. NO. 871436135RT0001
SCAC-UPSF

UPS SUPPLY CHAIN SOLUTIONS, INC. TERMS AND CONDITIONS OF SERVICE
Based on the model terms and conditions of service promulgated by the NATIONAL CUSTOMS BROKERS AND FORWARDERS ASSOCIATION OF AMERICA, INC.

These terms and conditions of service constitute a legally binding contract between the "Company" and the "Customer". In the event the Company renders services and issues a document containing Terms and Conditions governing such services, the Terms and Conditions set forth in such other document shall govern those services.

1. Definitions. (a) "Company" shall mean UPS Supply Chain Solutions, Inc., its subsidiaries, related companies, agents and/or representatives. (b) "Customer" shall mean the person for which the Company is rendering service, as well as its agents and/or representatives, including, but not limited to, shippers, importers, exporters, carriers, secured parties, warehousemen, buyers and/or sellers, shipper's agents, insurers and underwriters, break-bulk agents, consignees, etc. It is the responsibility of the Customer to provide notice and copy(s) of these terms and conditions of service to all such agents or representatives; (c) "Documentation" shall mean all information received directly or indirectly from the Customer, whether in paper or electronic form; (d) "Ocean Transportation Intermediaries" ("OTI") shall include an "ocean freight forwarder" and a "non-vessel operating common carrier"; (e) "Third parties" shall include, but not be limited to, the following: "carriers, truckmen, cartmen, lightermen, forwarders, OTI's, customs brokers, agents, warehousemen and others to which the goods are entrusted for transportation, cartage, handling and/or delivery and/or storage or otherwise."

2. Company As Agent. The Company acts as the "agent" of the Customer for the purpose of performing duties in connection with the entry and release of goods, post entry services, the securing of export licenses, the filing of export documentation on behalf of the Customer and other dealings with Government Agencies as to all other services, Company acts as an independent contractor.

3. Limitation of Actions. (a) Unless subject to a specific statute or international convention, all claims against the Company for a potential or actual loss, must be made in writing and received by the Company, within ninety (90) days of the event giving rise to claim; the failure to give the Company timely notice shall be a complete defense to any suit or action commenced by Customer. (b) All suits against Company must be filed and properly served on Company as follows: (i) For claims arising out of ocean transportation, within one (1) year from the date of the loss; (ii) For those claims arising from air transportation, within two (2) years from the date of the loss; (iii) For claims arising out of the preparation and/or submission of an import entry(s), within seventy five (75) days from the date of liquidation of the entry(s); (iv) For any other claims of whatever nature, within two (2) years from the date of the loss.

4. No Liability For The Selection or Services of Third Parties and/or Routes. Unless services are performed by persons or firms engaged pursuant to express written instructions from the Customer, Company shall use reasonable care in its selection of third parties, or in selecting the means, route and procedure to be followed in the handling, transportation, clearance and delivery of the shipment; advice by the Company that a particular person or firm has been selected to render services with respect to the goods, shall not be construed to mean that the Company warrants or represents that such person or firm will render such services nor does Company assume responsibility or liability for any action(s) and/or inaction(s) of such third parties and/or such parties and/or its agents, and shall not be liable for any delay or loss of any kind, which occurs while a shipment is in the custody or control of a third party or the agent of a third party; all claims in connection with the Act of a third party shall be brought solely against such party and/or its agents; in connection with any such claim, the Company shall reasonably cooperate with the Customer, which shall be liable for any charges or costs incurred by the Company.

5. Quotations Not Binding. Quotations as to fees, rates of duty, freight charges, insurance premiums or other charges given by the Company to the Customer are for informational purposes only and are subject to change without notice; no quotation shall be binding upon the Company unless the Company in writing agrees to undertake the handling or transportation of the shipment at a specific rate or amount set forth in the quotation and payment arrangements are agreed to between the Company and the Customer.

6. Reliance On Information Furnished. (a) Customer acknowledges that it is required to review all documents and declarations prepared and/or filed with U.S. Customs and Border Protection, other Government Agency and/or third parties, and will immediately advise the Company of any errors, discrepancies, incorrect statements, or omissions on any declaration filed on Customers behalf; (b) In preparing and submitting customs entry filings, Customs entries, export declarations, applications, documentation and/or export data to the United States and/or a third party, the Company relies on the correctness and completeness of all documentation, whether in written or electronic format, and all information furnished by Customer; Customer shall use reasonable care to insure the correctness and completeness of all such information and shall indemnify and hold the Company harmless from any and all claims asserted and/or liability or losses suffered by reason of any incorrect, incomplete or false statement upon which the Company reasonably relied. The Customer agrees that the Customer has an affirmative non-delegable duty to disclose any and all information required to submit an importer security filing, import, export or entire the goods.

7. Declaring Higher Value To Third Parties. Third parties to whom the goods are entrusted may limit liability for loss or damage; the Company will request excess valuation coverage only upon specific written instructions from the Customer, which must agree to pay any charges therefore; in the absence of written instructions or the refusal of the third party to agree to a higher declared value, at Company's discretion, the goods may be tendered to the third party, subject to the terms of the third party's limitations of liability and/or terms and conditions of service.

8. Insurance. Unless requested to do so in writing in sufficient time prior to shipment from point of origin and confirmed to Customer in writing, Company is under no obligation to procure insurance on Customer's behalf. The Company does not undertake or warrant that such insurance can or will be placed. Unless the Customer has its own open marine policy and instructs the Company to effect insurance under such policy, insurance is to be effected with one or more insurance companies or other underwriters to be selected by the Company. Any insurance placed shall be governed by the certificate or policy issued and will only be effective when accepted by such insurance companies or underwriters. In all cases, Customer shall pay all premiums and costs in connection with procuring requested insurance. Should an insurer dispute its liability for any reason, the insured shall have recourse against the insurer only and the Company shall not be under any responsibility or liability in relation thereto, notwithstanding that the premium upon the policy may not be at the same rates as that charged or paid to the Company by the Customer or that the shipment was insured under a policy in the name of the Company. If for any reason the goods are held in warehouse, or elsewhere, the same will not be covered by insurance, unless the Company receives specific written instructions from the Customer and the Company confirms in writing. Unless specifically agreed in writing, the Company assumes no responsibility to effect insurance on any export or import shipment that it does not handle.

9. Disclaimers; Limitation of Liability. (a) Except as specifically set forth herein, Company makes no express or implied warranties in connection with its services; (b) Subject to (c) below, Customer agrees that in connection with any and all services performed by the Company, the Company shall only be liable for its negligent acts, which are the direct and proximate cause of any injury to Customer, including loss or damage to Customer's goods, and the Company shall in no event be liable for the acts of third parties; (c) In connection with all services performed by the Company, Customer may obtain additional liability coverage, up to the actual or declared value of the shipment or transaction, by requesting such coverage and agreeing to make payment therefore, which request must be confirmed in writing by the Company rendering services for the covered transaction(s). (d) In the absence of additional coverage under (c) above, the Company's liability shall be limited to the following: (i) where the claim arises from activities other than those related to "Customs business," and except as set forth in paragraph 9(d)(ii), $50.00 per importer security filing or transaction, or the amount of fees paid to the Company for the importer security filing or transaction, whichever is less; (ii) where the claim arises from the Company's warehousing, fulfillment, and/or consolidation services occurring in the Company's facilities or premises, including owned or leased property, $0.50 per pound of goods lost or damaged; or (iii) where the claim arises from activities relating to "Customs business," $50.00 per entry or the amount of brokerage fees paid to Company for the entry, whichever is less. (e) In no event shall Company be liable or responsible for consequential, indirect, incidental, statutory or punitive damages even if it has been put on notice of the possibility of such damages, including any and all loss or damages arising from a delay of services.

10. Advancing Money. All charges must be paid by Customer in advance unless the Company agrees in writing to extend credit to customers; the granting of credit to a Customer in connection with a particular transaction shall not be considered a waiver of this provision by the Company.

11. Indemnification/Hold Harmless. The Customer agrees to indemnify, defend, and hold the Company harmless from any claims and/or liability arising from importer security filing services, the importation or exportation of Customer's merchandise and/or any conduct of the Customer, which violates any Federal, State and/or other laws, and further agrees to indemnify and hold the Company harmless against any and all liability, loss, damages, costs, claims and/or expenses, including but not limited to reasonable attorney's fees, which the Company may hereafter incur, suffer or be required to pay by reason of such claims, including any claims by any Third party for freight or other charges, duties, fines, penalties, liquidated damages or other money due arising from services provided to or on behalf of the Customer. The confiscation or detention of the goods by any governmental authority shall not affect or diminish the liability of the Customer to the Company to pay all charges or other money due promptly on demand. In the event that any claim, suit or proceeding is brought against the Company, it shall give notice in writing to the Customer by mail at its address on file with the Company.

12. C.O.D. or Cash Collect Shipments. Company shall use reasonable care regarding written instructions relating to "Collect/Collect" on "Deliver (C.O.D.)" shipments, bank drafts, cashier's and/or certified checks, letter(s) of credit and other similar payment documents and/or instructions regarding collection of monies but shall have no liability if the bank or consignee or other recipient refuses to pay for the shipment. All payment documents received in payment of C.O.D.s will be accepted based solely upon the Customer's assuming all risk relating thereto including, but not limited to, risk of non-payment, insufficient funds, and forgery, and the Company shall be liable upon any such instrument. The Company will not be responsible for any delay in remittance lost in exchange, or during transmission or while in the course of collection.

13. Costs of Collection. In any dispute involving monies owed to Company, the Company shall be entitled to all costs of collection, including reasonable attorney's fees and a late payment fee of 1.5% per month of the outstanding balance due, or the highest rate permitted by applicable law.

14. General Lien And Right To Sell Customer's Property. (a) Company shall have a general and continuing lien on any and all property of Customer coming into Company's actual or constructive possession or control for monies owed to Company with regard to the shipment on which the lien is claimed, a prior shipment(s) and/or both; (b) Company shall provide written notice to Customer of its intent to exercise such lien, the exact amount of monies due and owing, as well as any on-going storage or other charges; Company shall notify all parties of having an interest in the shipment(s) of Company's rights and/or the exercise of such lien. (c) Unless, within thirty days of receiving notice of lien, Customer posts cash or letter of credit at sight, or, if the amount due is in dispute, an acceptable bond equal to 110% of the value of the total amount due, in favor of Company, guaranteeing payment of the monies owed, plus all storage charges and/or to be accrued, Company shall have the right to sell such shipment(s) at public or private sale or auction and any net proceeds remaining thereafter shall be refunded to Customer.

15. No Duty To Maintain Records For Customer. Customer acknowledges that pursuant to Sections 508 and 509 of the Tariff Act, as amended, (19 USC §1508 and §1509) it has the duty and is solely liable for maintaining all records required under the Customs and/or other laws and Regulations of the United States; unless otherwise agreed to in writing, the Company shall only keep such records that it is required to maintain by Statute(s) and/or Regulation(s), but not act as a "record keeper" or "recordkeeping agent" for Customer.

16. Obtaining Binding Rulings, Filing Protests, etc. Unless requested by Customer in writing and agreed to by Company in writing, Company shall be under no obligation to undertake any pre- or post- importer security filing services or Customs relation action, including, but not limited to, obtaining binding rulings, advising of liquidations, filing of protests, and/or other protests, etc.

17. Preparation and Issuance of Bills of Lading. Where Company prepares and/or issues a bill of lading, Company shall be under no obligation to specify thereon the number of pieces, packages and/or cartons, etc; unless specifically requested to do so in writing by Customer or its agent and Customer agrees to pay for same, Company shall state the weight supplied by Customer.

18. No Modification or Amendment Unless Written. These terms and conditions of service may only be modified, altered or amended in writing signed by both Customer and Company; any attempt to unilaterally modify, alter or amend same shall be null and void.

19. Compensation of Company. The compensation of the Company for its services shall be included with and is in addition to the rates and charges of all carriers and other agencies selected by the Company to transport and deal with the goods and such compensation shall be exclusive of any brokerage, commissions, dividends, or other revenue received by the Company from carriers, insurers and other in connection with the shipment. On ocean exports, and upon request, the Company shall provide a detailed breakout of the components of all charges assessed and a true copy of each pertinent document relating to these charges. In any referral for collection or action against the Customer for monies due the Company, upon receipt by the Company of payment for the expenses of collection and/or litigation, including a reasonable attorney fee.

20. Severability. In the event any Paragraph(s) and/or portion(s) hereof is found to be invalid and/or unenforceable, then in such event the remainder hereof shall remain in full force and effect.

21. Governing Law; Consent to Jurisdiction and Venue. These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of Georgia, without giving consideration to principals of conflict of law. Customer and Company (a) irrevocably consent to the jurisdiction of the United States District Court and the State courts of Georgia; (b) agree that any action relating to the services performed by Company, shall only be brought in said courts; (c) consent to the exercise of in personam jurisdiction by said courts over it, and (d) further agree that any action to enforce a judgment may be instituted in any jurisdiction.

For air and ocean freight services, the applicable terms and conditions, which include limitations of liability, are available upon request and on the SCS website at ups-scs.com

RPL     SCSINV          1                                 Page          2

Exhibit J page 204

# UPS Supply Chain Solutions

QST REG. NO. 1023002724  EIN 94-3063515
FMC LICENCE NO. 275F  QUEBEC ENTERPRISE NO. 1149692151
DUNS 17-946-2911  RIN/GST REG. NO. 871436135RT0001
SCAC-UPSF



ORIGINAL

| | | |
|---|---|---|
| Shipment Nbr. : 7780628218 | Ship.Date : 13-Dec-2012 | **INVOICE NUMBER : 2706116690** |
| Origin : USOAK  Dest: KRPUS | Rate Scale : OFN | INVOICE DATE : 02-Jul-2013 |
| **Payer Acct** : 707830626 | Payment Type: PPD | Statement Number: R205889511 |
| Received At : SHIPPERS DOOR | HAPU : N  File Nbr: | Entry: |
| Rated Weight : 166,945 LB | 75,726.0 KG  Rate / KG: 0.00 | |
| Service : OCEAN FCL | Station : | GBS/USI: |

**Shipper**

|  | **Payer** | **REMITTANCE ADDRESS:** |
|---|---|---|
| DDR INTERNATIONAL RECYCLING LL | DDR INTERNATIONAL RECYCLING LLC | UPS / UPS SCS Chicago |
| 24520 DRY CANYON COLD CREEK RD | 24520 DRY CANYON COLD CREEK RD | 28013 Network Place |
| STE 200 | STE 200 | Chicago, IL 60673-1280 |
| CALABASAS CA 91302 US | CALABASAS CA 91302 US | BILLING INQUIRY CALL: 1-800-328-7808 |

Ref. Nbr. : 7780628218
Contact : ROY HOUSEMAN 6506352667
Assmbly. Nbr. :

**Consignee**
GS CORPORATION
91-1, GUNJA-DONG, GWANGJIN-GU
SEOUL, KOREA
SEOUL  143838  KR

| | |
|---|---|
| Ref.Nbr. : | |
| Contact : | |
| Dstr. Nbr. : | |
| Actual Weight : 166,945 LB  75,726.0 KG | |
| Dim Weight : 0.0 KG | |
| Rev Note : | |

| | |
|---|---|
| Ref. Nbr. : 7780628218 | |
| PO Nbr. : | |
| Tax ID : 36-4745407 | |
| Importer : | |
| Description : PER BILL OF LADING | |
| Declared Value.......... | |
| Customs Value.......... 2,500.00  USD | |
| MBL/MAWB........... 2310703 | |
| Ports......................... USOAK  KRPUS | |
| Container Nbr........... | |
| Vessel/Carrier Name. SEA-LAND CHARGER | |
| Voyage/Flight Nbr..... UN276W | |
| Est. Departure Date... 20-Dec-2012 | |
| Est. Arrival Date....... 10-Jan-2013 | |
| Term.Ref.................... | |
| UPS Package Acct #.. Not Provided | |

| Charges | | Billed | Entered |
|---|---|---|---|
| 121 | OTHER ADVANCES | 8,035.50 | 8,240,693.26  KRW |

**Total Charges : 8,035.50 USD**

Exchange Rate: 1KRW = 0.0009751USD

Comments:                                                      Also Notify:

Dimensions
  Total Pieces : 84

Delivery Date/Time: 12-Jun-2013  / 09:00:00AM   Broker Notified Date/Time : 10-Jan-2013 12:00:00AM
Received by : GS                    Delivery Route :                      Nbr :

RFL   SCSINV        1              Page        3

Exhibit J page 205

# UPS Supply Chain Solutions

QST REG. NO. 1023002724      EIN 94-3063515
FMC LICENCE NO 275F          QUEBEC ENTERPRISE NO. 1146992151
DUNS 17-946-2911             BIN/GST REG. NO. 871436135RT0001
SCAC-UPSF



| STATEMENT NBR | Nbr of Items | AMOUNT DUE | AMOUNT PAID |
|---|---|---|---|
| R206884966 | 1 | 178,836.36  USD | |

2675113391400000000000000178836367R206884966DDR*INTE

### REMITTANCE ADVICE - PAYMENT DUE:      03-Jul-2013

DDR INTERNATIONAL RECYCLING LLC
24520 DRY CANYON COLD CREEK RD
STE 200
CALABASAS  CA  91302

PLEASE MAIL REMITTANCE TO:

UPS / UPS SCS Chicago
28013 Network Place
Chicago, IL 60673-1280

BILLING INQUIRY CALL: 1-800-328-7808

(Please detach and return above remittance advice with your payment.)

### SUMMARY OF CHARGES

STATEMENT NBR :   R206884966

| Shipment Nbr | Invoice Nbr | Ship Date | Orig | Dest | Total Charges | Curr |
|---|---|---|---|---|---|---|
| 7780422727 | 2675113391 | 19-Nov-2012 | SJU | SEL | 178,836.36 | USD |

TOTAL DUE :            178,836.36 USD

RPL     SCSINV          1                    Page          1

Exhibit J page 206

# UPS Supply Chain Solutions



QST REG. NO. 1023002724    EIN 94-3083515
FMC LICENCE NO. 275F    QUEBEC ENTERPRISE NO. 1149892151
DUNS 17-946-2911    BIN/QST REG. NO. 871436135RT0001
SCAC-UPSF

UPS SUPPLY CHAIN SOLUTIONS, INC. TERMS AND CONDITIONS OF SERVICE

Based on the model terms and conditions of service promulgated by the NATIONAL CUSTOMS BROKERS AND FORWARDERS ASSOCIATION OF AMERICA, INC.

These terms and conditions of service constitute a legally binding contract between the "Company" and the "Customer". In the event the Company renders services and issues a document containing Terms and Conditions governing such services, the Terms and Conditions set forth in such other document(s) shall govern those services.

1. **Definitions.** (a) "Company" shall mean UPS Supply Chain Solutions, Inc., its subsidiaries, related companies, agents and/or representatives; (b) "Customer" shall mean the person for which the Company is rendering service, as well as its agents and/or representatives, including, but not limited to, shippers, importers, exporters, carriers, secured parties, warehousemen, buyers and/or sellers, shipper's agents, insurers and underwriters, break-bulk agents, consignees, etc. It is the responsibility of the Customer to provide notice and copy(s) of these terms and conditions of service to all such agents or representatives; (c) "Documentation" shall mean all information received directly or indirectly from Customer, whether in paper or electronic form; (d) Ocean Transportation Intermediaries" ("OTI") shall include an "ocean freight forwarder" and a "non-vessel operating common carrier;" (e) "Third parties" shall include, but not be limited to, the following: "carriers, truckmen, cartmen, lightermen, forwarders, OTI's, customs brokers, agents, warehousemen and others to which the goods are entrusted for transportation, cartage, handling and/or delivery and/or storage or otherwise."

2. **Company As Agent.** The Company acts as the "agent" of the Customer for the purpose of performing duties in connection with the entry and release of goods, post entry services, the securing of export clearances, the filing of export documentation on behalf of the Customer and other dealings with Government Agencies; as to all other services, Company acts as an independent contractor.

3. **Limitation of Actions.** (a) Unless subject to a specific statute or international convention, all claims against the Company for a potential or actual loss, must be made in writing and received by the Company, within ninety (90) days of the event giving rise to claim; the failure to give the Company timely notice shall be a complete defense to any suit or action commenced by Customer. (b) All suits against Company must be filed and properly served on Company as follows: (i) For claims arising out of ocean transportation, within one (1) year from the date of the loss; (ii) For those claims arising from air transportation, within two (2) years from the date of the loss; (iii) For claims arising out of the preparation and/or submission of an import entry(s), within seventy five (75) days from the date of liquidation of the entry(s); (iv) For claims arising out of the preparation and/or submission of an importer security filing, within one (1) year from the date of filing; (v) For any and all other claims of any other type, within two (2) years from the date of the loss.

4. **No Liability For The Selection or Services of Third Parties and/or Routes.** Unless services are performed by persons or firms engaged pursuant to express written instructions from the Customer, Company shall use reasonable care in the selection of third parties, or in selecting the means, route and procedure to be followed in the handling, transportation, clearance and delivery of the shipment; advice by the Company that a particular person or firm has been selected to render services with respect to the goods, shall not be construed to mean that the Company warrants or represents that such person or firm will render such services nor does Company assume responsibility or liability for any action(s) and/or inaction(s) of such third parties and/or its agents, and shall not be liable for any delay or loss of any kind, which occurs while a shipment is in the custody or control of a third party or the agent of a third party; all claims in connection with the Act of a third party shall be brought solely against such party and/or its agents; in connection with any such claim, the Company shall reasonably cooperate with the Customer, which shall be liable for any charges or costs incurred by the Company.

5. **Quotations Not Binding.** Quotations as to fees, rates of duty, freight charges, insurance premiums or other charges given by the Company to the Customer are for informational purposes only and are subject to change without notice; no quotation shall be binding upon the Company unless the Company in writing agrees to undertake the handling or transportation of the shipment at a specific rate or amount set forth in the quotation and payment arrangements are agreed to between the Company and the Customer.

6. **Reliance On Information Furnished.** (a) Customer acknowledges that it is required to review all documents and declarations prepared and/or filed with U.S. Customs and Border Protection, other Government Agency and/or third parties, and will immediately advise the Company of any errors, discrepancies, incorrect statements, or omissions on any declaration filed on Customers behalf; (b) In preparing and submitting importer security filings, Customs entries, export declarations, applications, documentation and/or export data to the United States and/or a third party, the Company relies on the correctness and completeness of all documentation, whether in written or electronic format, and all information furnished by Customer; Customer shall use reasonable care to insure the correctness and completeness of all such information and shall indemnify and hold the Company harmless from any and all claims asserted and/or liability or losses suffered by reason of any incorrect, incomplete or false statement upon which the Company reasonably relied. The Customer agrees that the Customer has an affirmative non-delegable duty to disclose any and all information required to import or export security filing, import, export or enter the goods.

7. **Declaring Higher Value To Third Parties.** Third parties to whom the goods are entrusted may limit liability for loss or damage; the Company will request excess valuation coverage only upon specific written instructions from the Customer, which must agree to pay any charges therefore; in the absence of written instructions or the refusal of the third party to agree to a higher declared value, the Company's discretion, the goods may be tendered to the third party, subject to the terms of the third party's limitations of liability and/or terms and conditions of service.

8. **Insurance.** Unless requested to do so in writing in sufficient time prior to shipment from point of origin and confirmed to Customer in writing, Company is under no obligation to procure insurance on Customer's behalf. The Company does not undertake or warrant that such insurance can or will be placed. Unless the Customer has in hand a non-waiver policy and instructs the Company to effect Insurance under such policy, insurance is to be effected with one or more insurance companies or other underwriters to be selected by the Company. Any insurance placed shall be governed by the certificate or policy issues and will only be effective when accepted by such insurance companies or underwriters. In all cases, Customer shall pay all premiums and costs in connection with procuring requested insurance. Should an insurer dispute its liability for any reason, the insured shall have recourse against the insurer only and the Company shall not be under any responsibility or liability in relation thereto, notwithstanding that the premium upon the policy may not be at the same rate as that charged or paid to the Company by the Customer or that the shipment was insured under a policy in the name of the Company. If for any reason the goods are held in warehouse, or elsewhere, the same will not be covered by insurance, unless the Company receives specific written instructions from the Customer and the Company confirms in writing. Unless specifically agreed in writing, the Company assumes no responsibility in effect insurance on any export or import shipment that it does not handle.

9. **Disclosures; Limitation of Liability.** (a) Except as specifically set forth herein, Company makes no express or implied warranties in connection with its services; (b) Subject to (c) below, Customer agrees that in connection with any and all services performed by the Company, the Company shall only be liable for its negligent acts, which are the direct and proximate cause of any Injury to Customer, including loss or damage to Customer's goods, and the Company shall in no event be liable for the acts of third parties; (c) In connection with all services performed by the Company, Customer may obtain additional liability coverage, up to the actual or declared value of the shipment or transaction, by requesting such coverage and agreeing to make payment therefore, which request must be confirmed in writing by the Company prior to rendering services for the covered transaction(s). (d) In the absence of additional coverage under (c) above, the Company's liability shall be limited to the following: (i) where the claim arises from activities other than those related to "Customs business," and except as set forth in paragraph 9(d)(ii), $50.00 per importer security filing or transaction, or the amount of fees paid to the Company for the importer security filing or transaction, whichever is less; (ii) where the claim arises from the Company's rendering, fulfillment, and/or consolidation services occurring in the Company's facilities or premises, including owned or leased property, $50 per pound of goods lost or damaged; or (iii) where the claim arises from activities relating to "Customs business," $50.00 per entry or the amount of brokerage fees paid to Company for the entry, whichever is less; (e) In no event shall Company be liable for consequential, indirect, incidental, statutory or punitive damages even if it has been put on notice of the possibility of such damages, including any and all loss or damages arising from delay of services.

10. **Advancing Money.** All charges must be paid by Customer in advance unless the Company agrees in writing to extend credit to customer; the granting of credit to a Customer in connection with a particular transaction shall not be considered a waiver of this provision by the Company.

11. **Indemnification/Hold Harmless.** The Customer agrees to indemnify, defend, and hold the Company harmless from any claims and/or liability arising from importer security filing services, the importation or exportation of Customer's merchandise and/or any conduct of the Customer, which violates any Federal, State and/or other laws, and further agrees to indemnify and hold the Company harmless against any and all liability, loss, damages, costs, claims and/or expenses, including, but not limited to reasonable attorney's fees, which the Company may hereafter incur, suffer or be required to pay by reason of such claims, including any claims by any Third party for freight or other charges, duties, fines, penalties, liquidated damages or other money due arising from services provided to or on behalf of the Customer. The confiscation or detention of the goods by any governmental authority shall not affect or diminish the liability of the Customer to the Company to pay all money due promptly on demand. In the event that any claim, suit or proceeding is brought against the Company, it shall give notice in writing to the Customer by mail at the address on file with the Company.

12. **C.O.D. or Cash Collect Shipments.** Company shall use reasonable care regarding written instructions relating to "Cash/Collect" on "Deliver (C.O.D.)" shipments, bank drafts, cashier's and/or certified checks, letter(s) of credit and other similar payment documents and/or instructions regarding collection of monies but shall have no liability if the bank or consignee or other recipient refuses to pay for the shipment. All payment documents rendered in payment of C.O.D.'s will be accepted based solely upon the Customer's assuming all risks relating thereto including, but not limited to, risk of non-payment, insufficient funds, and forgery, and the Company shall not be liable up on any such instrument. The Company will not be responsible for any delay in remittance lost in exchange, or during transmission or while in the course of collection.

13. **Costs of Collection.** In any dispute involving monies owed to Company, the Company shall be entitled to all costs of collection, including reasonable attorney's fees and a late payment fee of 1.5% per month of the outstanding balance due, or the highest rate permitted by applicable law.

14. **General Lien And Right To Sell Customer's Property.** (a) Company shall have a general and continuing lien on any and all property of Customer coming into Company's actual or constructive possession or control for monies owed to Company with regard to the shipment on which the lien is claimed, a prior shipment(s) and/or both; (b) Company shall provide written notice to Customer of its intent to exercise such lien, the exact amount of monies due and owing, as well as any on-going storage or other charges; Customer shall notify all parties having an interest in its shipment(s) of Company's rights and/or the exercise of such lien. (c) Unless, within thirty days of receiving notice of the lien, Customer posts cash or letter of credit at its option, or if the amount due is in dispute, an acceptable bond equal to 110% of the value of the total amount due, in favor of Company, guaranteeing payment of the monies owed, plus all storage charges accrued or to be accrued, Company shall have the right to sell such shipment(s) at public or private sale or auction and any net proceeds remaining thereafter shall be refunded to Customer.

15. **No Duty To Maintain Records For Customer.** Customer acknowledges that pursuant to Sections 508 and 509 of the Tariff Act, as amended, (19 USC §1508 and §1509) it has the duty and is solely liable for maintaining all records required under the Customs and/or other Laws and Regulations of the United States; unless otherwise agreed to in writing, the Company shall only keep such records that it is required to maintain by Statute(s) and/or Regulation(s), but not as a "record keeper" or "record keeping agent" for Customer.

16. **Obtaining Binding Rulings, Filing Protests, etc.** Unless requested by Customer in writing and agreed to by Company in writing, Company shall be under no obligation to undertake any pre- or post- importer security filing service or Customs release action, including, but not limited to, obtaining binding rulings, advising of liquidations, filing of petition(s) and/or protests, etc.

17. **Preparation and Issuance of Bills of Lading.** Where Company prepares and/or issues a bill of lading, Company shall be under no obligation to specify thereon the number of pieces, packages and/or cartons, etc; unless specifically requested to do so in writing by Customer or its agent and Customer agrees to pay for same, Company shall note the weight supplied by Customer.

18. **No Modification or Amendment Unless Written.** These terms and conditions of service may only be modified, altered or amended in writing signed by both Customer and Company; any attempt to unilaterally modify, alter or amend same shall be null and void.

19. **Compensation of Company.** The compensation of the Company for its services shall be included with and is in addition to the rates and charges of all carriers and other agencies selected by the Company to transport and deal with the goods and such compensation shall be exclusive of any brokerage, commissions, dividends, or other revenue received by the Company from carriers, insurers and other in connection with the shipment. On ocean exports, and upon request, the Company shall provide a detailed breakout of the components of all charges assessed and a true copy of each pertinent document relating to these charges. In any referral for collection or action against the Customer for the monies due the Company, upon recovery by the Company, the Customer shall pay the expenses of collection and/or litigation, including a reasonable attorney fee.

20. **Severability.** In the event any Paragraph(s) and/or portion(s) hereof is found to be invalid and/or unenforceable, then in such event the remainder hereof shall remain in full force and effect.

21. **Governing Law; Consent to Jurisdiction and Venue.** These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of Georgia, without giving consideration to principals of conflict of law. Customer and Company (a) irrevocably consent to the jurisdiction of the United States District Court and the State courts of Georgia; (b) agree that any action relating to the services performed by Company, shall only be brought in said courts; (c) consent to the exercise of in personam jurisdiction by said courts or or it, and (d) further agree that any action to enforce a judgment may be instituted in any jurisdiction.

For air and ocean freight services, the applicable terms and conditions, which include limitations of liability, are available upon request and on the SCS website at ups-scs.com

Exhibit J page 207